Christine J. Haw (SBN 289351)
e-mail: chaw@slpattorney.com
Matthew Pardo (SBN 315879)
e-mail: mpardo@slpattorney.com
**STRATEGIC LEGAL PRACTICES**
**A PROFESSIONAL CORPORATION**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-383

Attorneys for Plaintiff,
JOSEPH GAMATY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GAMATY,<br><br>Plaintiff,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC;<br>and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 2:21-CV-01063<br><br>Hon. R. Gary Klausner<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 5**<br><br>**NOTICE OF MOTION AND MOTION IN LIMINE TO PROHIBIT EVIDENCE OR ARGUMENT THAT COMPONENTS REPAIRED AFTER A SINGLE ATTEMPT ARE NOT COUNTED UNDER**<br><br>Action Filed: February 5, 2021<br>Pretrial Conference: February 21, 2022<br>Trial:  March 8, 2022 |

i

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiffs JOSEPH GAMATY will and hereby does move this Court for an order in limine to prohibit the parties from offering evidence or argument that the entire Subject Vehicle was conformed to warranty within a reasonable number of repair attempts simply because a particular component was repaired.

Plaintiff further moves the Court to instruct all parties and their counsel, as well as require counsel to advise all witnesses of the following:

1.    Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this motion without first obtaining permission from the Court outside the presence and hearing of the jury;

2.    Not to make any reference to the fact that this motion has been filed; and,

3.    To warn and caution all witnesses to strictly follow the same instructions.

This motion *in limine* is made on the grounds that evidence or argument suggesting the entire Subject Vehicle was conformed to warranty within a reasonable number of repair attempts simply because a particular component was repaired is unduly prejudicial and carries a high risk of jury confusion.

This motion is based upon the supporting Memorandum of Points and Authorities, the Declaration of Matthew Pardo attached hereto, the papers and pleadings on file in this action, and upon such further matters that may be presented at the hearing.

///
///
///
///
///

Plaintiff advised opposing counsel of their intent to file this motion and attempted to meet and confer in good faith with regards to the subject matter of this motion, commencing on February 21, 2022.

Dated: January 21, 2022

STRATEGIC LEGAL PRACTICES APC

By: _____

Matthew Pardo
Attorneys for Plaintiff

JOSEPH GAMATY

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This action was brought by the purchaser, of a new automobile against both the automobile's distributor and authorized repair facility for breach of warranty. The underlying action involves various issues Plaintiff JOSEPH GAMATY("Plaintiff") experienced with his 2018 BMW 750i (the "Subject Vehicle"), reflected in various repair presentations made to Defendant BMW OF NORTH AMERICA, LLC's ("BMW") authorized repair facility, Beverly Hills BMW and claims that the Subject Vehicle was defective, and that Defendant was unable to repair the vehicle to match the written warranty within a reasonable number of repair presentations.

Plaintiff anticipates that Defendant may argue defects and/or particular components allegedly repaired on a single attempt during the warranty period do not count against them when considering whether they were given a reasonable number of repair attempts to conform the vehicle to warranty. This argument is misleading, speculative, and in conflict with the Song-Beverly Consumer Warranty Act ("Song-Beverly Act" or the "Act").  Accordingly, this motion seeks to prohibit Defendant from offering arguing that defects and/or particular components purportedly repaired after a single attempt do not count towards Song-Beverly Act liability.

## II.    BRIEF STATEMENT OF FACTS

On April 11, 2018, Plaintiff leased a 2018 BMW 750i vehicle identification number  WBA7F0C56JGM22557,  with  4,914  miles  on  the  odometer,  and subsequently purchased the Subject Vehicle at the end of the lease term. The Subject Vehicle was manufactured and or distributed by Defendant BMW and was leased and sold with BMW's express warranties. Defendant undertook to preserve or  maintain  the  utility  or  performance  of  the  Subject  Vehicle  or  to  provide compensation if there is a failure in utility or performance for a specified period of

time. The warranty provided, in relevant part, that in the event a defect developed with the Subject Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Subject Vehicle would be repaired.

Plaintiff routinely presented the Subject Vehicle to Defendant's facilities for repair of the underlying defects. Prior to filing this lawsuit, BMW failed to promptly offer restitution as required by the Song Beverly Act. In light of Defendant's failure to conform the Subject Vehicle to warranty during ownership, as well as BMW's subsequent failure to provide relief under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act" or the "Act"), Plaintiff was forced to initiate this action on February 5, 2021.

## III.    STATEMENT OF LAW

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action. Fed. R. Evid. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403

The Song-Beverly Act applies a two-part test to the question of whether a *vehicle* qualifies for repurchase: (1) the *vehicle* has a nonconformity to warranty; and (2) the manufacturer or its representative is unable to properly repair it after "a reasonable number of attempts." (Civ. Code, § 1793.2 [*emphasis added*].)  If these elements are met, Defendant should be found liable for their violation.

Only two repair opportunities are necessary to meet the "reasonable number of repairs" standard. *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 799 (2006) ("The reasonableness of the number of repair attempts is a question of fact to be determined in light of the circumstances, but at

a minimum there must be more than one opportunity to fix the nonconformity.").

Courts look to whether the **entire vehicle** was conformed to warranty. "The statute requires the manufacturer to afford the specified remedies of restitution or replacement if that manufacturer is unable to repair *the vehicle* 'after a reasonable number of attempts.'" *Silvio v. Ford Motor Company*, 109 Cal.App.4th 1205, 1208 (2003) (emphasis added); "[T]he only affirmative step the Act imposes on consumers is to permit the manufacturer a reasonable opportunity to repair *the vehicle*. Whether or not the manufacturer's agents choose to take advantage of the opportunity, or are unable despite that opportunity to isolate and make an effort to repair the problem, are matters for which the consumer is not responsible." *Oregel v. American Isuzu Motors, Inc.*, 90 Cal.App.4th 1094, 1103-1104 (2001) (internal citations and quotations omitted, emphasis added); a successful repair under the SBA "restores "full functionality, not a "MacGyver" half measure that simply swaps defects." *Santana v. FCA US, LLC*, 56 Cal. App. 5th 334, 346 (2020). *See also Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal.App.4th 785, 800-03 (2006) (affirming jury verdict where no repair attempts were made to certain defects because other defects had been subject to repair more than a reasonable number of repair attempts). "[T]he critical question of whether a reasonable number of attempts were provided, thereby allowing the consumer to forego further repair attempts and pursue a 'replace-or-repurchase' remedy, depends upon the facts and circumstances of each case." *Id* at 803.

*Santana v. FCA US, LLC*, 56 Cal. App. 5th 334 (2020) illustrates this point. There a car developed additional, different problems after repair attempts. Affirming liability, the Court reasoned that a successful repair restores "*full functionality*, not a "MacGyver" half measure that simply *swaps defects*." *Santana* at 346 (emphasis added). The Court found a violation of 1793.2(d)(2) regardless of whether the defects were the same, because the car was not repaired.

///

This focus on the conformity of the vehicle to warranty, rather than of any given component, is consistent with the absence of a requirement under the Song Beverly Act to prove a mechanical cause of nonconformity.

Indeed, a plaintiff does not need to prove the cause of any defect or component failure to establish Cal. Civ. Code 1793.2(d) liability. See: *Schreidel v. American Honda Motor Co.*, 34 Cal. App. 4th 1242, 1253 (1995) ("it was not necessary to pinpoint the exact mechanical detail within the slave cylinder of the clutch system to prove Schreidel's case"); *Oregel*, 90 Cal. App. 4th at 1102, n. 8 (2001) ("[The manufacturer] also argues it was incumbent on [the plaintiff] to prove not only that the car leaked oil but also to show the cause of the leak, and that he failed to meet this burden because he produced no expert testimony proving the cause of the leak. . . . [P]roof that there was a persistent leak that [the dealer] could not locate or repair suffices. We do not interpret the statute as depriving a consumer of a remedy if he cannot do what the manufacturer, with its presumably greater expertise, was incapable of doing, i.e. identify the source of the leak.") (internal citations and quotations omitted).

To establish liability, a plaintiff only needs to submit evidence showing that their car persisted - despite repair opportunities - in failing to operate the way a person in their position would ordinarily expect. *Lundy v. Ford Motor Co.*, 87 Cal. App. 4th 472, 478, 104 Cal. Rptr. 2d 545, 548–49 (2001) ("what a reasonable person would understand to be a defect....within the specific circumstances of the buyer" – internal citations omitted).

This focus on the vehicle, rather than individual components, is also consistent with the Act's remedial purpose, which abjures interpretations that would limit its protections. *Kwan v. Mercedes-Benz of North America, Inc.* (1994) 23 Cal.App.4th 174, 184 ("[T]he Act is manifestly a remedial measure, intended for the protection of the consumer; it should be given a construction calculated to

bring its benefits into action…Any interpretation that would significantly vitiate the incentive to comply should be avoided."); *Murillo v. Fleetwood Enterprises, Inc.*, 17 Cal. 4th 985, 990 (1998) (same).

## IV.    **ARGUMENT**

Contrary the above, Defendant often argues that Cal. Civ. Code 1793.2(d) requires that the *exact same component* have been subject to a "reasonable number" of repair attempts before finding liability. Section 1793.2(d) contains no language requiring that each component be the subject of multiple repairs. Rather, section 1793.2(d) only requires that the product not conform to the warranty after a reasonable number of opportunities to repair.

Defendant should not be permitted to contend that individual repairs which purport to resolve an underlying defect or repair a particular component are to be disregarded when considering 'reasonable number of repair attempts', as this argument misstates the law. The entire vehicle is warranted and Defendant's obligation is to conform the *vehicle* to warranty, not just each part individually and separately. If Defendant were permitted to interpret the Act in this manner, they could conceivably perform 100 different warranty repairs to the vehicle for 100 different problems within warranty and assert compliance with the Act since 'repairs to each single component were successful after just one attempt'. This interpretation flies in the face of the remedial, consumer protection principles upon which the Act was created.

The Song-Beverly Act was created for the purposes of consumer protection and should be viewed from that perspective. It should not be interpreted to permit Defendant to claim they met their obligations to conform the *vehicle* to warranty by repairing a particular *component* only one time. Such an interpretation "would significantly vitiate the incentive to comply." An engine has thousands of components that must work properly for the engine to run. The Act is toothless if it allows Defendant thousands of opportunities to repair each component

individually to claim satisfaction of their affirmative duties. Consumers do not care which individual component is defective when the defect substantially impairs the use, value, or safety of their vehicle: they expect their vehicle to work defect-free, as intended.

Once Plaintiff provided the Subject Vehicle for repair a reasonable number of times, and once Defendant failed to conform the vehicle to warranty within those attempts, Defendant's liability was triggered. Defendant should be precluded from offering argument or testimony suggesting otherwise, as this carries a substantial danger of confusing the jury about issues Plaintiff must prove. The sheer volume of presentations within the warranty period [coupled with warranty repairs] negates any good faith argument by Defendant that Plaintiff failed to present the Subject Vehicle 'a reasonable number of times', regardless of whether a particular component was ever revisited on subsequent presentations.

Further, highlighting the lack of a subsequent repair to a component is not itself conclusive proof that the component was fixed. Such a conclusion is highly speculative. The absence of a subsequent repair is not evidence that the underlying component was fixed – there are numerous possibilities for a subsequent presentation, from the defective nature of numerous defects to a lack of trust that the Subject Vehicle will ever be fixed. An argument that a component was fixed after a single repair visit is irrelevant, lacks evidentiary support, and should be excluded.

Therefore, the prejudicial effect of such evidence which would confuse and distract the jury from the issues at bar, would greatly outweigh the probative value of such information which would be relatively minimal given the larger question at hand. As such, the evidence would run afoul of FRE 403 and should be excluded.

## V.    **CONCLUSION**

Accordingly, Plaintiff respectfully requests an order prohibiting the parties from offering testimony or argument that defects and/or specific components

allegedly repaired after a single repair attempt do not count under the Song-Beverly Act.

Dated: January 21, 2022                    **STRATEGIC LEGAL PRACTICES**

By: _____
                    Matthew Pardo
                    Attorneys for Plaintiff
                    JOSEPH GAMATY

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Los Angeles, California; my business address is Strategic Legal Practices, A Professional Corporation at 1888 Century Park East, 19TH Floor, Los Angeles, California 90067.

On the date below, I served a copy of the foregoing document entitled:

**PLAINTIFF'S MOTION IN LIMINE NO. 5**

**NOTICE OF MOTION AND MOTION IN LIMINE TO PROHIBIT EVIDENCE OR ARGUMENT THAT COMPONENTS REPAIRED AFTER A SINGLE ATTEMPT ARE NOT COUNTED UNDER**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Los Angeles, California on January 21, 2022.

_____
Nicole Basilio

CERTIFICATE OF SERVICE