Payam Shahian (SBN 228406)
pshahian@slpattorney.com
Christine J. Haw (SBN 289351)
chaw@slpattorney.com
Matthew Pardo (SBN 315879)
mpardo@slpattorney.com
Eliana Amirian (SBN 341094)
eamirian@slpattorney.com
**STRATEGIC LEGAL PRACTICES,**
**A PROFESSIONAL CORPORATION**
1888 Century Park East, Floor 19
Los Angeles, CA 90067
Telephone:   (310) 929-4900
Facsimile:   (310) 943-3838

Attorneys for Plaintiff,
JOSEPH GAMATY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GAMATY,<br><br>           Plaintiff,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC; and DOES 1 through 10, inclusive,<br><br>           Defendants. | Case No.: 2:21-cv-01063-RGK-AFMx<br><br>*Case Initiated: February 5, 2021*<br><br>Hon. R. Gary Klausner<br><br>**DECLARATION OF MATTHEW PARDO IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**<br><br>Date:    June 6, 2022<br>Time:    9:00 a.m. |

## DECLARATION OF MATTHEW PARDO

I, Matthew Pardo, declare as follows:

1.      I am an attorney admitted to the Bar of the State of California. I am an attorney with Strategic Legal Practices, APC ("SLP"), counsel of record for JOSEPH GAMATY ("Plaintiff") in the above-entitled action. My knowledge of the information and events described therein derives from a combination of my personal knowledge and a careful review of relevant court records and communications with other attorneys, and if called as a witness, I could and would competently testify to the information contain herein.

2.      I submit this declaration in support of the Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses.

### *Background Facts Underlying the Litigation*

3.      On or about April 11, 2018, Plaintiff leased a 2018 BMW 750i vehicle identification number WBA7F0C56JGM22557, (hereafter "Vehicle"), which was manufactured and or distributed by Defendant BMW. The total lease price of the Subject Vehicle was approximately $38,758.20. The Vehicle was leased or used primarily for personal, family, or household purposes. Attached here as **Exhibit 1** is a true and correct copy of Plaintiff's Lease Agreement.

4.      In connection with the lease, Plaintiff received various warranties, including but not limited to a 4 year/50,000 miles new vehicle warranty. Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

5.      Plaintiff alleged that during the warranty period, the Vehicle contained or developed defects, including but not limited to, defects relating to the engine;

defects requiring the performance of Recalls B122417, B122418, and/or B111418; defects causing a rough idle; defects causing shaking and/or rumbling; defects causing fault code 152F08, 8029CA, 80337E, and/or D42C67; defects causing a weird smell from vent when air conditioner ("A/C") is on; defects causing the steering wheel to not be straight; defects causing the failure and/or replacement of the oil feed lines; defects causing a ticking and/or clicking noise from the engine; defects causing the illumination of the chassis stabilization warning message; defects requiring the recalibration of the acceleration sensor and/or steering angle sensor; defects causing the Vehicle seats to fail to move; defects requiring the adjustment of the driver side seat and/or passenger side seat; defects causing the illumination of the low coolant warning; defects causing a coolant leak; defects causing the failure and/or replacement of the engine thermostat housing, bolts, and/or turbocharger coolant lines; defects requiring the reprogramming of a key FOB;  defects requiring the performance of SIB 72 04 17; defects causing the seats to ding spontaneously; defects requiring the installation of new zip ties; defects causing the illumination of the tire pressure warning; defects causing a squeak noise; defects requiring the rotors to be cut; defects causing the failure and/or replacement of brake pads and/or sensors; defects causing the Vehicle to stall; defects causing a failure to start; defects requiring the battery to be charged; defects causing the Vehicle to shake and/or vibrate while idling; defects causing the failure and/or replacement of the 12V battery; defects causing a whistling noise;  and/or all other defects as delineated in the repair orders. Plaintiff alleged that the defects in the Vehicle substantially impaired its safety, use and value.

6.    According to the repair orders, Plaintiff presented the Subject Vehicle to Defendant on multiple occasions with concerns relating to Vehicle defects.

7.    On or about July 9, 2018, with 6,502 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility with various concerns, including performance of Recall B122417 (updating DME

software), a rough idle and shaking when starting the Vehicle, a rumble upon deceleration, a weird smell from the vent upon activating the air conditioner ("A/C"), and the steering wheel not being straight. Defendant's technicians performed the Recall and performed a MOC A/C treatment.

8.      On or about January 24, 2019, with 9,989 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility with various concerns, performance of Recalls B111418 (engine N63R check) and B122418 (program DME control units), shaking and rumbling, ticking noise from the engine, chassis stabilization warning comes on, and the seats don't move to the programmed setting. Defendant's technicians performed the Recalls, re-calibration the driving dynamic sensors and EPS steering angle sensor, and performed a driver seat and passenger seat adjustment.

9.      On or about June 12, 2019, with 12,202 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility with various concerns, including a rough idle when stopped, the seats won't move, and the low coolant warning came on, key FOB malfunction, and a coolant leak. Defendant's technicians replaced the engine thermostat housing, turbocharger coolant lines, brackets and bolts.

10.     On or about July 25, 2019, with 12,555 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility with various concerns, including the seatbelt warning to keep dinging even when no objects are on the seat. Defendant's technicians installed new zip ties, and concluded that the Vehicle was not in need of further repair.

11.     On or about January 21, 2020, with 15,300 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility with various concerns, including the Vehicle stalling and the Vehicle shaking while idling. Defendant's technicians recharged the Vehicle battery.

DECLARATION OF MATTHEW PARDO IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

12.     On or about April 21, 2020, with 16,883 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility with a complaint of the Vehicle stalling. Defendant's technicians replaced the 12V battery.

13.     On or about August 22, 2020, with 18,414 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility with various concerns, including a whistling noise from the engine area, the Vehicle stalling, and a rough idle. Defendant's technicians added in high quality fuel and concluded that the Vehicle was not in need of further repair.

14.     Plaintiff alleged that on or about September 30, 2020, he contacted Defendant BMW directly seeking lemon law relief, and that Defendant BMW failed to offer relief in compliance with the Song-Beverly Consumer Warranty Act.

### *Litigation Efforts Resulting in Outstanding Settlement for Plaintiff*

15.     On February 5, 2021, Plaintiff filed his Complaint alleging various Song-Beverly claims against BMW, seeking relief for, among other things, BMW's failure to repair the Subject Vehicle; BMW's willful failure to conform to the applicable warranties within 30 days; BMW's willful failure to provide its repair facility with sufficient literature to complete repairs; BMW's breach of express written warranty; BMW's breach of the implied warranty of merchantability, Fraudulent Inducement, and BMW's violation of the Magnuson-Moss Warranty Act.

16.     On March 10, 2021, Defendant filed an Answer with a Jury Demand.

17.     On June 11, 2021, the parties filed a Joint Report Rule 26(f) Discovery plan.

18.     On June 11, 2021, both parties served their Initial Disclosures.

4

19.    On June 21, 2021, the Court released an Order for Jury Trial and Order/Referral to Mediation. Attached as **Exhibit 2** is a true and correct copy of the Order.

20.    On October 7, 2021, Defendant propounded discovery requests from Plaintiff, including Interrogatories Set One, Requests for Production Set One, Request for Admissions Set One, and Notice of Taking Deposition of Plaintiff Joseph Gamaty and Demand for Production of Documents and Things.

21.    On October 25, 2021, Plaintiff served on Defendant an Objection to the Deposition of Plaintiff Joseph Gamaty.

22.    On November 8, 2021, Plaintiff served discovery responses on Defendant, including responses to Interrogatories Set One, Requests for Production Set One, and Request for Admissions Set One.

23.    On December 7, 2021, Plaintiff served on Defendant a Notice of Deposition of BMW under Federal Rule of Civil Procedure ("FRCP") 30(b)(6) and Request for Production of Documents under FRCP 30(b)(2).

24.    On December 8, 2021, Plaintiff served on Defendant a Designation of Expert Witness and Expert Report of Randall Bounds.

25.    On December 8, 2021, Plaintiff served on Beverly Hills BMW and Shelly BMW, two Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection.

26.    On December 9, 2021, Defendant served on Plaintiff an untimely Expert Report.

27.    On December 13, 2021, the parties filed a Joint Stipulation to Continue Trial.

28.    On December 16, 2021, the Court released an Order granting the Joint Stipulation to Continue Trial.

29. On December 30, 2021, Plaintiff served on Defendant an Amended Notice of Deposition of BMW under Federal Rule of Civil Procedure ("FRCP") 30(b)(6) and Request for Production of Documents under FRCP 30(b)(2).

30. On January 6, 2022, Plaintiff defended the Deposition of Plaintiff Joseph Gamaty.

31. On January 12, 2022, Defendant served on Defendant a Notice of Taking Videotaped Deposition of Plaintiff's Expert Randall Bounds and Demand for Production of Documents.

32. On January 14, 2022, the parties filed a Joint Report Following ADR Deadline Regarding the Progress of Settlement Discussions.

33. On January 20, 2022, Plaintiff served an Objection to Defendant's Notice of Taking Videotaped Deposition of Plaintiff's Expert Randall Bounds and Demand for Production of Documents.

34. On January 21, 2022, Plaintiff filed eight Motions in *Limine*.

35. On January 22, 2022, Defendant filed four Motions in *Limine*.

36. On January 24, 2022, the Court released an Order setting a Settlement Conference for February 2, 2022.

37. On January 24, 2022, Defendant served on Plaintiff a Witness List, Proposed Exhibit List, and Memorandum of Contentions of Fact and Law.

38. On January 25, 2022, Plaintiff served on Defendant a Second Amended Notice of Deposition of BMW under Federal Rule of Civil Procedure ("FRCP") 30(b)(6) and Request for Production of Documents under FRCP 30(b)(2).

39. On January 28, 2022, Plaintiff filed a Confidential Settlement Conference Statement.

40. On January 28, 2022, Plaintiff served Second Amended Initial Disclosures on Defendant.

41. On January 31, 2022, Plaintiff served on Defendant a Proposed Witness List, Proposed Exhibit List, and Trial Brief.

42.    On January 31, 2022, the Court released a Minute Order indicating that Defendant had not yet made a good faith effort to settle the case as required by the settlement conference order. Attached as **Exhibit 3** is a true and correct copy of the Court's Minute Order.

43.    On February 3, 2022, Defendant served on Plaintiff a First Amended Notice of Taking Videotaped Deposition of Plaintiff's Expert Randall Bounds and Demand for Production of Documents.

44.    On February 8, 2022, Defendant served an Objection to Plaintiff's Amended Notice of Taking Deposition of Defendant's Person Most Qualified ("PMQ").

45.    On February 9, 2022, the parties filed a Joint Pretrial Conference Order.

46.    On February 9, 2022, Plaintiff served on Defendant a Statement of Expect Qualifications and Expected Testimony and Notice of Lodging.

47.    On February 9, 2022, Defendant served on Plaintiff a Statement of Qualifications and Opinions of Defendants Expert Anthony Randazzo.

48.    On February 9, 2022, Plaintiff Deposed Defendant's PMQ Mark Nicastro.

49.    On February 10, 2022, the Court released a minute order regarding Plaintiff's Motions in *Limine*. The Court also ordered each party to file a Motion for Summary Adjudication on the issue of whether Plaintiff may aggregate unrelated repair attempts to his vehicle to satisfy the "reasonable number of repair attempts" element of a Cal. Civ. Code 1793.2(d)(2) claim under the Song Beverly Act.

50.    On February 11, 2022, Defendant served an Opposition to each of Plaintiff's seven remaining Motions in *Limine*.

51.    On February 11, 2022, Plaintiff served an Opposition to each of Defendant's three remaining Motions in *Limine*.

52.    On February 11, 2022, Plaintiff filed a Witness List.

53. On February 15, 2022, the Court ordered the parties to submit separate briefings to the Court regarding: 1) The applicability of law with respect to Plaintiff's Motion in *Limine* No. 5; and 2) Fraud issue as discussed on the record.

54. On February 16, 2022, Defendant filed a Statement of Uncontroverted Facts and Conclusions of Law and a Motion for Summary Adjudication as to Aggregate Unrelated Repair Attempts to Satisfy The "Reasonable Number of Repair Attempts".

55. On February 16, 2022, Plaintiff filed a Stipulation to amend the Complaint.

56. On February 16, 2022, Plaintiff filed a Motion for Partial Summary Adjudication as to Aggregation of Repair Attempts.

57. On February 16, 2022, Defendant filed a Motion for Summary Adjudication as to Aggregation of Repair Attempts.

58. On February 16, 2022, Plaintiff prepared a First Amended Complaint.

59. On February 17, 2022, the Court granted Plaintiff's Stipulation to Amend Complaint.

60. On February 18, 2022, Plaintiff filed an Opposition to Defendant's Motion for Summary Adjudication as to Aggregate Unrelated Repair Attempts to Satisfy the "Reasonable Number of Repair Attempts".

61. On February 25, 2022, Defendant filed an *Ex Parte* Application to Compel Completion of the Deposition of Plaintiffs Expert Witness, or in the alternative, to Exclude Plaintiffs Expert Witness from Testifying at Trial.

62. On February 25, 2022, Defendant Replied to Plaintiff's Opposition to Defendant's three Motions in *Limine*.

63. On February 28, 2022, Plaintiff filed an Opposition to Defendant's *Ex Parte* Application to Exclude to Compel Completion of the Deposition of Plaintiffs Expert Witness, or in the alternative, to Exclude Plaintiffs Expert Witness from Testifying at Trial.

64. On February 28, 2022, Defendant filed a Notice of Withdrawal of Counsel.

65. On March 1, 2022, Defendant served on Plaintiff an untimely Rule 68 offer of judgment. Defendant offered Plaintiff $25,000 to dismiss the case with prejudice. Additionally, Defendant offered $25,000 for attorneys' fees, costs, and expenses. Attached as **Exhibit 4** is a true and correct copy of the Rule 68 offer.

66. On March 1, 2022, Plaintiff Deposed Defendant's Expert Anthony Randazzo.

67. On March 2, 2022, the Court released an Order regarding Plaintiff's Motion for Partial Summary Judgment and Defendant's motion for Summary Adjudication. The Court granted in part and denied in part Defendant's Motion. Attached as **Exhibit 5** is a true and correct copy of the Order.

68. On March 2, 2022, the Court denied Defendant's *Ex Parte* Application to Compel Completion of the Deposition of Plaintiff's Expert Witness. Attached as **Exhibit 6** is a true and correct copy of the order.

69. On March 3, 2022, Plaintiff's expert Randall Bounds was produced again to complete his deposition.

70. On March 3, 2022, Plaintiff filed a Statement of the Case.

71. On March 4, 2022, Defendant filed Proposed Voir Dire Questions.

72. On March 4, 2022, Plaintiff served on Defendant a Reply in Support of Motion in Limine #6.

73. On March 7, 2022, both parties each filed a Proposed Special Jury Verdicts.

74. On March 8, 2022, Defendant filed a Proposed Special (Express Warranty) Jury Verdict.

75. On March 8, 2022, Jury Trial began.

9

76.     On March 8, 2022, Plaintiff filed two Motions in *Limine*, respectively, to exclude Defendant's undisclosed surprise witness and to exclude untimely expert opinion withheld by Defendant.

77.     On March 9, 2022, the Court granted Plaintiff's Motion in *Limine* to exclude untimely expert opinion withheld by Defendant, and denied Plaintiff's Motion in *Limine* to exclude Defendant's undisclosed surprise witness.

78.     On April 8, 2022, following completion of trial and a Plaintiff verdict, the Court entered Judgment by Jury Verdict in favor of Plaintiff. Plaintiff was awarded $37,660.02 in damages with attorneys' fees and costs to be determined by Court via post-trial motion. Attached as **Exhibit 7** is a true and correct copy of the Court's verdict form.

### ***Plaintiff's Counsel Obtained an Excellent Outcome***

79.     Through Plaintiff's counsels' vigilance and efforts, Plaintiff received the damages to which he was entitled. Plaintiff's counsel demonstrated professionalism, preparedness, and determination throughout litigation to obtain a proper repurchase for Plaintiff. This effort resulted in Plaintiff's counsel securing a jury verdict in favor of Plaintiff in the amount of $37,660.02.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: April 22, 2022                                    /s/ Matthew Pardo
                                                                              Matthew Pardo

DECLARATION OF MATTHEW PARDO IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

# EXHIBIT 1

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE

| Dealer Number 38020 | Contract Number 55450131 | R.O.S. Number | Stock Number 13008 |
|---|---|---|---|

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| JOSEPH GAMALI 8359 ROSEWOOD AVE APT 6 LOS ANGELES CA 90048 LOS ANGELES (310) 866-9213 | | MAJOR MOTOR CARS 2932 SANTA MONICA BLVD SANTA MONICA CA, 90404 (310) 829-1300 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2013 | 7 SERIES | 33568 | WBAKA8C59CDX01061 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 7000.00 is |
|---|---|---|---|---|
| 5.240 % | $ 8817.37 (e) | $ 35484.95 | $ 45102.32 (e) | $ 53102.32 (e) |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| One Payment of | 0.00 | |
| 71 | 639.31 | Monthly beginning 02/21/15 |
| | | |
| One final payment | 640.31 | 1/21/21 |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**ITEMIZATION OF THE AMOUNT FINANCED** (Seller may keep part of the amounts paid to others.)

1. **Total Cash Price**
   A. Cash Price of Motor Vehicle and Accessories ............ $ 42000.00 (A)
      1. Cash Price Vehicle ............ $ 42000.00
      2. Cash Price Accessories ............ $ N/A
      3. Other (Nontaxable)
         Describe ............ $ N/A
         Describe ............ $ N/A
   B. Document Processing Charge (not a governmental fee) ............ $ 55.00 (B)
   C. Emissions Testing Charge (not a governmental fee) ............ $ N/A (C)
   D. (Optional) Theft Deterrent Device (to whom paid) ............ $ N/A (D)
   E. (Optional) Theft Deterrent Device (to whom paid) ............ $ N/A (E)
   F. (Optional) Theft Deterrent Device (to whom paid) ............ $ N/A (F)
   G. (Optional) Surface Protection Product (to whom paid) ............ $ N/A (G)
   H. (Optional) Surface Protection Product (to whom paid) ............ $ N/A (H)
   I. EV Charging Station (to whom paid) ............ $ N/A (I)
   J. Sales Tax (on taxable items in A through I) ............ $ 3784.95 (J)
   K. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) (to whom paid) ............ $ N/A (K)
   L. (Optional) Service Contract (to whom paid) ............ $ N/A (L)
   M. (Optional) Service Contract (to whom paid) ............ $ N/A (M)

### STATEMENT OF INSURANCE
**NOTICE.** No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

#### Vehicle Insurance

| | | Term | Premium |
|---|---|---|---|
| $ ____ Ded. Comp., Fire & Theft | | ____ Mos. | $ N/I |
| $ ____ Ded. Collision | | ____ Mos. | $ N/I |
| Bodily Injury $ ____ Limits | | ____ Mos. | $ N/I |
| Property Damage $ ____ Limits | | ____ Mos. | $ N/I |
| Medical N/A | | ____ Mos. | $ N/I |
| N/A | | ____ Mos. | $ N/I |
| Total Vehicle Insurance Premiums | | | $ N/I (a) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X
Co-Buyer X
Seller X _(signature)_

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

#### Application for Optional Credit Insurance
☐ Credit Life:   ☐ Buyer  ☐ Co-Buyer   ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | ____ Mos. | ____ | $ N/A |
| Credit Disability | ____ Mos. | ____ | $ N/A |
| Total Credit Insurance Premiums | | $ | N/A (b) |

Insurance Company Name N/A
Home Office Address N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective

(not a governmental fee) (to whom paid) _____ $ _____ N/A (K)

L. (Optional) Service Contract (to whom paid) _____ $ _____ N/A (L)

M. (Optional) Service Contract (to whom paid) _____ $ _____ N/A (M)

N. (Optional) Service Contract (to whom paid) _____ $ _____ N/A (N)

O. (Optional) Service Contract (to whom paid) _____ $ _____ N/A (O)

P. (Optional) Service Contract (to whom paid) _____ $ _____ N/A (P)

Q. Prior Credit or Lease Balance paid by Seller to
_____ N/A _____ (e) $ _____ N/A (Q)

(see downpayment and trade-in calculation)

R. (Optional) Gap Contract (to whom paid) _____ $ _____ N/A (R)

S. (Optional) Used Vehicle Contract Cancellation Option Agreement $ _____ N/A (S)

T. Other (to whom paid) _____

For _____ $ _____ N/A (T)

**Total Cash Price (A through T)** $ 45839 95 (1)

2. **Amounts Paid to Public Officials**

A. Vehicle License Fees _____ Estimate $ 630 00 (A)

B. Registration/Transfer/Titling Fees _____ $ 15 00 (B)

C. California Tire Fees _____ $ N/A (C)

D. Other _____ Smog Abatement/Transfer Fee _____ $ N/A (D)

**Total Official Fees (A through D)** $ 645 00 (2)

3. **Amount Paid to Insurance Companies**

(Total premiums from Statement of Insurance column a + b) $ _____ N/A (3)

4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee $ _____ N/A (4)

5. **Subtotal (1 through 4)** $ 46484 95 (5)

6. **Total Downpayment**

A. Agreed Trade-In Value  Yr _____ Make _____ $ _____ N/A (A)

Model _____ Odom _____

VIN _____

B. Less Prior Credit or Lease Balance (e) _____ $ _____ N/A (B)

C. Net Trade-In (A less B) (indicate if a negative number) $ _____ N/A (C)

D. Deferred Downpayment _____ $ _____ N/A (D)

E. Manufacturer's Rebate _____ $ _____ N/A (E)

F. Other _____ $ _____ N/A (F)

G. Cash _____ $ 7000 00 (G)

**Total Downpayment (C through G)** $ 7000 00 (6)

(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1Q above)

7. **Amount Financed (5 less 6)** $ 39484 95 (7)

---

**SELLER ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: _____ N/A

Amount $ _____ N/A  Finance Charge $ _____ N/A

Total $ _____ N/A  Payable in _____ N/A

Installments of $ _____ N/A  $ _____ N/A

from this Loan is shown in item 6D.

---

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ **Name of autobroker receiving fee, if applicable:**

---

that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).
You want to buy the credit insurance.

01/22/2015 X _____

Date    Buyer Signature    Age

01/22/2015 X _____

Date    Co-Buyer Signature    Age

**OPTIONAL GAP CONTRACT** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1R of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ N/A Mos. _____ N/A
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _____

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1L, 1M, 1N, 1O, and/or 1P.

1L Company _____

Term _____ N/A Mos. or _____ N/A Miles

1M Company _____

Term _____ N/A Mos. or _____ N/A Miles

1N Company _____

Term _____ N/A Mos. or _____ N/A Miles

1O Company _____

Term _____ N/A Mos. or _____ N/A Miles

1P Company _____

Term _____ N/A Mos. or _____ N/A Miles

Buyer X _____

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _____

Co-Buyer Signs X _____

---

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

X _____    X _____

Buyer    Co-Buyer

---

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____, Year _____. SELLER'S INITIALS _____

---

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X _____    X _____

---

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund.

Buyer Signature X _____    Co-Buyer Signature X _____

Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund.

Buyer Signature X _____    Co-Buyer Signature X _____

Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller. Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____    Co-Buyer Signature X _____

## The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

**YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.**

Buyer Signature X _____ Date _____    Co-Buyer Signature X _____ Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____    Address _____

GUARANTY: To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.
Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____ Date _____    Guarantor X _____ Date _____
Address _____    Address _____

Seller Signs _____ Date _____ By X _____ Title _____

**LAW** FORM NO. 553-CA (REV. 7/13) U.S. PATENT NO. D460,782
©2013 The Reynolds and Reynolds Company  TO ORDER: www.reyrey.com, 1-800-344-0996, fax 1-800-C01-0056
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

CUSTOMER/TRUTH IN LENDING COPY

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JOSEPH GAMATY

Plaintiff(s),

v.

BMW OF NORTH AMERICA, LLC , et al.

Defendant(s).

CASE NUMBER:

2:21−cv−01063−RGK−AFM

**ORDER/REFERRAL TO ADR**

The Court, having reviewed the parties' Request: ADR Procedure Selection (Form ADR-01), the Notice to Parties of Court-Directed ADR Program, or the report submitted by the parties pursuant to Fed. R. Civ. P. 26(f) and L.R. 26-1, hereby:

**ORDERS** this case referred to:

☐ **ADR PROCEDURE NO. 1**: This case is referred to ☐ the magistrate judge assigned to the case *or* ☐ the magistrate judge in Santa Barbara for such settlement proceedings as the judge may conduct or direct. Counsel are directed to contact the magistrate judge's courtroom deputy to arrange a date and time for the ADR proceeding.

☐ **ADR PROCEDURE NO. 2**: This case is referred to the Court Mediation Panel. Within twenty-one (21) days, plaintiff shall obtain the consent of a neutral on the Court Mediation Panel who will conduct the mediation and shall file Form ADR-2, Stipulation Regarding Selection of Panel Mediator. If the parties have not selected and obtained the consent of a Panel Mediator within twenty-one (21) days, the ADR Program (213-894-2993) will assign one. Forms and a list of the Panel Mediators are available on the Court website, www.cacd.uscourts.gov. Absent extraordinary circumstances, parties cannot request a continuance within three (3) business days of a scheduled mediation.

☑ **ADR PROCEDURE NO. 3**: This case is referred to private mediation. Counsel are directed to contact the private mediator of their choice to arrange a date and time for the mediation.

**IT IS FURTHER ORDERED:**

The ADR proceeding is to be completed by:  January 7, 2021  .

The parties shall file a joint report no later than seven (7) days after the ADR proceeding regarding the progress of the settlement discussions.

The Court sets a further status conference for: _____.

Dated: June 21, 2021

_____
United States District Judge/Magistrate Judge

ADR−12 (04/18)                         −ORDER/REFERRAL TO ADR−                         Page 1 of 1

# EXHIBIT 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:21-cv-01063-RGK-AFMx                              Date:  January 31, 2022

Title      Joseph Gamaty v. BMW of North America, LLC et al

Present:  The Honorable:     ALEXANDER F. MacKINNON, U.S. Magistrate Judge

|                     |                          |
|---------------------|--------------------------|
| Ilene Bernal        | N/A                      |
| Deputy Clerk        | Court Reporter / Recorder |

|                                        |                                        |
|----------------------------------------|----------------------------------------|
| Attorneys Present for Plaintiff:       | Attorneys Present for Defendant:       |
| N/A                                    | N/A                                    |

**Proceedings (In Chambers):**

      The Court has received the parties' confidential settlement statements.  The Court notes that defendant's statement was submitted late without explanation.  In addition, defendant's statement reflects that it has not yet a made good faith effort to settle the case prior to the settlement conference, as required by the settlement conference order.  Defendant shall promptly respond to plaintiff's settlement demand, and the parties shall continue their communications to resolve the case via settlement in advance of the conference.  Each side shall submit an update to its settlement conference statement by 5 p.m. on February 1, 2022, reflecting the status of their efforts to settle the case.  Failure to comply with this order or the settlement conference order may result in sanctions against the party and/or its counsel.

      IT IS SO ORDERED.

|                          |        |
|--------------------------|--------|
|                          | :      |
| **Initials of Preparer** | ib     |

# EXHIBIT 4

KATE S. LEHRMAN [Bar No. 123050]
klehrman@lehrmanlawgroup.com
DANIEL R. VILLEGAS [Bar No. 159935]
dvillegas@lehrmanlawgroup.com
ASHLEY E. OAKS [Bar No. 285797]
aoaks@lehrmanlawgroup.com
LEHRMAN LAW GROUP
12121 Wilshire Boulevard
Suite 1300
Los Angeles, CA  90025
(310) 917-4500
(310) 917-5677 (FAX)

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GAMATY, | ) Case No. 2:21-cv-01063 RGK (AFMx) |
| | ) [Filed:  February 05, 2021] |
| Plaintiff, | ) |
| | ) Hon. R. Gary Klausner |
| v. | ) Courtroom 850 |
| | ) |
| BMW OF NORTH AMERICA, LLC; | ) |
| and DOES 1 to 10, inclusive, | ) |
| | ) **DEFENDANT'S OFFER OF** |
| Defendants. | ) **JUDGMENT** |
| | ) |
| | ) |
| | ) |
| | ) DISCOVERY CUT-OFF:  12/14/21 |
| | ) MOTION CUT-OFF:       12/21/21 |
| | ) TRIAL DATE:               03/08/22 |

55.788.DRV - 00679098.DOCX                    1                    2:21-cv-01063 RGK (AFMx)

**DEFENDANT'S OFFER OF JUDGMENT**

**TO PLAINTIFF JOSEPH GAMATY AND HIS COUNSEL OF RECORD:**

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant BMW of North America, LLC offers to have judgment taken against itself, and for Plaintiff Joseph Gamaty, as follows:

1.    Judgment in favor of Plaintiff Joseph Gamaty, and against BMW of North America, LLC, in the amount of Twenty-Five Thousand Dollars and Zero Cents. ($25,000.00.)

2.    BMW of North America, LLC will pay Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) for Plaintiff's costs, expenses and attorney fees in accordance with California Civil Code section 1794(d),

3.    Upon receipt of the payments described in paragraphs 1 and 2, Plaintiff shall dismiss this entire action with prejudice.

If you accept this offer, please date and sign the accompanying notice of acceptance, and serve it on counsel for BMW of North America, LLC.  If the offer is not accepted, it will be deemed withdrawn.

DATED:  March 1, 2022                              LEHRMAN LAW GROUP
                                                                    KATE S. LEHRMAN
                                                                    DANIEL R. VILLEGAS
                                                                    ASHLEY E. OAKS


                                                   By:   /s/ Daniel R. Villegas
                                                                    Daniel R. Villegas
                                                                    Attorneys for Defendant
                                                                    BMW OF NORTH AMERICA, LLC

## <u>ACCEPTANCE OF OFFER</u>

Plaintiff Joseph Gamaty accepts Defendant's Offer of judgment.

DATED: _____

_____

Name of Party or Attorney for Party Accepting Offer

_____

Signature of Party or Attorney for Party Accepting Offer

55.788.DRV - 00679098.DOCX                    3                2:21-cv-01063 RGK (AFMx)

**DEFENDANT'S OFFER OF JUDGMENT**

## PROOF OF SERVICE

**STATE OF CALIFORNIA**      )
                                ) **ss.**

**COUNTY OF LOS ANGELES**     )

      I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is 12121 Wilshire Blvd., Suite 1300, Los Angeles, CA 90025.

      On March 1, 2022, I served true copies indicated below in the manner as provided in FRCivP 5(b), the foregoing document described as: **DEFENDANT'S OFFER OF JUDGMENT** on the interested parties in this action at Los Angeles, California addressed as follows:

### SEE SERVICE LIST

[]     **BY MAIL**: I caused to be delivered by US mail by placing a true copy thereof enclosed in sealed envelopes.  I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

[]     **BY GSO OVERNIGHT:**  I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees.

[ ]     **BY PERSONAL SERVICE:**  I caused the such envelopes to be delivered by hand to the offices of the addressees delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b).

[X]     **BY ELECTRONIC MAIL**:  I transmitted such document from Los Angeles, California, to the electronic mail address maintained by the person(s) on the SERVICE LIST as last indicated by that person on a document that he or she has filed in the above-entitled cause and served on this party. Per state and local stay at home Orders re COVID19

[]     I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

[X]     I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

      I hereby certify under the penalty of perjury that the foregoing is true and correct. Executed on March 1, 2022, at Los Angeles, California.

                 */s/ Karen Rosales*
                 Karen Rosales

55.788.DRV - 00679098.DOCX           1          2:21-cv-01063 RGK (AFMx)

**DEFENDANT'S OFFER OF JUDGMENT**

**PROOF OF SERVICE LIST**
**BMW OF NORTH AMERICA, LLC/GAMATY, JOSEPH 2**
**(B137-788)(55.788)**
**Case No. 2:21-cv-01063 RGK (AFMx)**
**Page 1**

| | |
|---|---|
| Tionna Dolin, Esq. | Attorneys for Plaintiff |
| Tina Abdolhosseini, Esq. | JOSEPH GAMATY |
| Christine J. Haw, Esq. | |
| Matthew J. Pardo, Esq. | |
| Karen Kuemerle, Esq. | |
| Kareem Shereef Aref, Esq. | |

STRATEGIC LEGAL PRACTICES, APC
1888 Century Park East, 19th Floor
Los Angeles, CA  90067
(310) 929-4900
(310) 943-3838 (FAX)
tdolin@slpattorney.com
tabdolhosseini@slpattorney.com
chaw@slpattorney.com
mpardo@slpattorney.com
kkuemerle@slpattorney.com
karef@slpattorney.com
emailservices@slpattorney.com

**DEFENDANT'S OFFER OF JUDGMENT**

# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01063-RGK (AFMx) | Date | March 2, 2022 |
|---|---|---|---|
| Title | *Joseph Gamaty v. BMW of North America, LLC, et al.* | | |

Present: The Honorable    R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:                Attorneys Present for Defendant:

Not Present                                        Not Present

**Proceedings:**     **(IN CHAMBERS) Order Re: Plaintiff's Motion for Partial Summary Judgment [DE 76] and Defendant's Motion for Summary Adjudication [DE 72]**

## I.    INTRODUCTION

On February 5, 2021, Joseph Gamaty ("Plaintiff") filed a complaint against BMW of North America, LLC ("Defendant"), alleging violations of California's Song-Berberly Consumer Warranty Act (the "SBA"), Cal. Civ. Code §§ 1793.2, 1794, 1795.5. (*See* ECF No. 1.) On February 10, 2022, the Court ordered the parties to brief the issue of whether a plaintiff in an SBA action is permitted to aggregate unrelated vehicle repair attempts in order to satisfy the "reasonable number of repair attempts" element of an SBA claim. (*See* Order Re: Pl.'s Mot. in Limine #5 & Def.'s Mot. in Limine #3, ECF No. 57.)

Presently before the Court are: (1) Defendant's Motion for Summary Adjudication as to Aggregation; and (2) Plaintiff's Motion for Partial Summary Judgment as to Aggregation. (ECF Nos. 72, 76.) For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion, and **DENIES** Plaintiff's Motion **as moot**.

## II.    FACTUAL BACKGROUND

The following facts are alleged in the Complaint, unless otherwise noted:

In early 2018, Plaintiff leased a 2018 BMW 750i (the "Vehicle"), a vehicle manufactured and distributed by Defendant. The Vehicle was covered by various warranties, including a 4 year/50,000 mile "bumper to bumper warranty" and a 4 year/50,000 mile powertrain warranty covering the engine and transmission. During the warranty period, Plaintiff brought the Vehicle in for repairs on eight separate occasions. The primary issues presented by Plaintiff involved the car's engine, including:

---

CV-90 (06/04)                    **CIVIL MINUTES - GENERAL**                    Page 1 of 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01063-RGK (AFMx) | | Date | March 2, 2022 |
|---|---|---|---|---|
| Title | *Joseph Gamaty v. BMW of North America, LLC, et al.* | | | |

- A rough idle and shake when turning on the vehicle;
- Shaking and rumbling when coming to a stop;
- A ticking noise from the engine area and vehicle shaking;
- A rough idle when stopped;
- The vehicle twice completely turning off at a stoplight;
- Vibrating while idling;
- The vehicle shutting off completely while at a complete stop;
- A whistling noise from the engine area;
- The vehicle entering neutral while at a stoplight, followed by engine shutoff.

(collectively, the "Engine Stalling Issues") (*See generally* Pardo Decl. Ex. 1, ECF No. 77.) Other complaints included:

- A "weird smell" from the air conditioner;
- A steering wheel that "did not seem straight";
- Random activation of the chassis stabilization warning;
- Seats not moving as programmed;
- Seats not moving when manually adjusted;
- A coolant leak;
- Activation of the seatbelt warning with nobody in the passenger seat;
- Various recall performances.

(collectively, the "Ancillary Issues") (*See generally id.*) After his eighth visit, Plaintiff contacted Defendant seeking relief for the Vehicle, which he believed to be a lemon. Defendant did not provide his requested relief, and this lawsuit followed.

**III.    DISCUSSION**

The parties disagree whether a nonconformity presented for repair only once may be aggregated with other one-time repairs to satisfy the "reasonable number of repair attempts" element of an SBA claim. Defendant argues that the same nonconformity must be presented more than once, and evidence of any nonconformity presented only once is irrelevant to the claim. Plaintiff argues that he is merely required to show that he presented the vehicle *as a whole* more than once.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01063-RGK (AFMx) | | Date | March 2, 2022 |
|---|---|---|---|---|
| Title | *Joseph Gamaty v. BMW of North America, LLC, et al.* | | | |

The SBA requires a manufacturer to either replace nonconforming goods or reimburse the purchaser for them if the goods have not been repaired after a "reasonable number of attempts." Cal. Civ. Code § 1793.2. A manufacturer is not liable if a plaintiff presented a nonconformity for repair only once. *Silvio v. Ford Motor Co.*, 109 Cal. App. 4th 1205, 1206 (2003). The "reasonable number of attempts" bar is low, however; a plaintiff need only present the nonconformity for repair twice to satisfy the standard. *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 799 (2006). The question, therefore, is how to define "nonconformity." Is it: (1) a specific mechanical flaw in the vehicle; (2) the entire vehicle's failure to conform to expectations; or (3) somewhere in between these two extremes?

Under California law, the correct answer is the third option. The SBA is a "remedial measure intended for the protection of consumers and should be given a construction consistent with that purpose." *Oregel v. Am. Isuzu Motors, Inc.*, 90 Cal. App. 4th 1094, 1101 (2001). As such, a "nonconformity" is "broad enough to encompass the entirety of the problem," and a plaintiff is not obligated to repeatedly present the *exact* same mechanical flaw for repair to obtain relief. *See Robertson*, 144 Cal. App. 4th at 815; *see also Shamilian v. BMW of N. Am., LLC*, 2017 WL 7156245, at *1 (C.D. Cal. Sep. 18, 2017) ("The plain language of [the statute] is not so narrow as to apply only to discrete defects; it also applies to related defects."). Typically, the "reasonableness of the number of attempts is a question of fact for the trier of fact." *Silvio*, 109 Cal. App. 4th at 1208–09. One-time repairs that are clearly unrelated to other complaints, however, are properly excluded from presentation to the jury, since they are not the "nonconformity" being complained of and therefore are irrelevant to the Plaintiff's claim. *See, e.g., Auguste v. BMW of N. Am., LLC*, 2019 WL 1205878, at *4 (C.D. Cal. March 14, 2019).

The central issue in this case, as recognized by both Plaintiff and Defendant in their Motions, is the Vehicle's engine problems, which allegedly began with a rough idle and ended with several shut-offs while Plaintiff was driving. The underlying symptoms may have differed between repair attempts; one visit involved a rough idle, another involved the vehicle shaking, and a third involved the vehicle suddenly shutting off. However, all of the Engine Stalling Issues could indicate a potentially significant problem with the Vehicle's engine—*i.e.*, they were "related defects." *Shamilian*, 2017 WL 7156245, at *1. Accordingly, Plaintiff is permitted to aggregate all repair complaints relating to the Engine Stalling Issues, and therefore may introduce evidence of them.

Of the Ancillary Issues, the only issue seemingly related to the engine problems is the air conditioning's bizarre smell, which could potentially result from a failing engine. As such, Plaintiff may aggregate, and introduce evidence of, his air conditioning repair request with the Engine Stalling Issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01063-RGK (AFMx) | Date | March 2, 2022 |
| --- | --- | --- | --- |
| Title | *Joseph Gamaty v. BMW of North America, LLC, et al.* | | |

All other issues[1] appear unrelated to the engine problems and were only presented for repair once, making them irrelevant to Plaintiff's SBA claim. Evidence of these repairs is therefore inadmissible here.

**IV.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion. Plaintiff is permitted to aggregate all repairs related to the Engine Stalling Issues, as well as the air-conditioning issue. Plaintiff may not aggregate the remaining Ancillary Issues.

Having resolved the aggregation issue, the Court **DENIES** Plaintiff's Motion **as moot**.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer                    jre/a

---

[1] These include: (1) the steering wheel; (2) the chassis stabilization warning; (3) the seats not moving as programmed; (4) the seats not moving manually; (5) the seat-belt alert; (6) the coolant leak; and (7) and the recall performances.

# EXHIBIT 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-01063-RGK (AFMx) | Date | March 2, 2022 |
|---|---|---|---|
| Title | *Joseph Gamaty v. BMW of North America, LLC, et al.* | | |

Present: The Honorable    R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) Order Re: Defendant's *Ex Parte* Application to Compel Completion of the Deposition of Plaintiff's Expert Witness [DE 83]**

On February 5, 2021, Joseph Gamaty ("Plaintiff") filed a complaint against BMW of North America, LLC ("Defendant"), alleging claims based on the Song-Beverly Consumer Warranty Act. (ECF No. 1.) The Court issued a Scheduling Order on June 21, 2021, stating that the discovery cut-off for the matter would occur on December 14, 2021. (ECF No. 16.) After a joint stipulation to continue the trial and other related deadlines, the Court extended the discovery cut-off to January 3, 2022. (ECF No. 25.) The jury trial in the matter is calendared for March 8, 2022.

Presently before the Court is Defendant's *ex parte* application (the "Application") requesting that the Court compel Plaintiff to make his expert witness available for completion of his deposition on a date prior to the deposition of Defendant's expert. (*See* ECF No. 83.) Defendant further requests that, if Plaintiff refuses to do so, the Court forbid Plaintiff's expert from testifying at trial. (*Id.* at 9.)

The Court makes clear in its Jury Trial Order that "any motion challenging the adequacy of responses to discovery must be filed timely, and served and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted." (Order for Jury Trial at 2, ECF No. 14.) Further, "[a]n *ex parte* application is a means of obtaining extraordinary relief and is appropriate in only rare circumstances." *Santos v. TWC Admin. LLC*, 2014 WL 12703021, at *1 (C.D. Cal. Sept. 15, 2014) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). To justify *ex parte* relief, the movant must establish two things. First, an "*ex parte* motion paper[] [must] establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner." *Mission Power*, 883 F. Supp. at 492. Second, the movant must show that it is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.* This "requires more than a

---

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 2 |
|---|---|---|

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-01063-RGK (AFMx) | Date | March 2, 2022 |
|----------|--------------------------|------|---------------|
| Title | *Joseph Gamaty v. BMW of North America, LLC, et al.* | | |

showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Id.* at 493.

The Court's standing order reiterates the extraordinary nature of *ex parte* applications. (ECF No. 14.) The order states, "*Ex parte* applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed for misuse of *ex parte* applications." Standing Order at 5–6.

All of the above notwithstanding, Defendant filed the instant Application on February 25, 2022—less than two weeks before trial. Given that Defendant waited until February 3, 2022 (*see* Def.'s Appl. at 1) to notice the deposition of Plaintiff's expert—a month after the already-extended discovery cut-off and only a month before trial—the Court finds that Defendant's crisis is one of its own creation, and therefore does not justify emergency relief. This is a dispute that should be resolved between the parties, and one that relates to discovery that should have been completed two months ago.

For the foregoing reasons, the Court **DENIES** Defendant's Application.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                    jre/a

---

CV-90 (06/04)                    **CIVIL MINUTES - GENERAL**                    Page 2 of 2

# EXHIBIT 7

JS6

Christine J. Haw (SBN 289351)
chaw@slpattorney.com
Matthew Pardo (SBN 315879)
mpardo@slpattorney.com
STRATEGIC LEGAL PRACTICES
A PROFESSIONAL CORPORATION
1888 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorneys for Plaintiff,
JOSEPH GAMATY

<span style="color:red">NOTE: CHANGES MADE
BY THE COURT</span>

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GAMATY,<br><br>Plaintiff,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-01063-RGK-AFM<br>~~2:20-cv-01536 DSF (PJWx)~~<br><br>**PLAINTIFF'S [~~PROPOSED~~]<br>JUDGMENT OF JURY VERDICT** |

This action came on regularly for trial on March 8, 2022, in the United States District Court for the Central District of California, Roybal Federal Building and U.S. Courthouse, the Honorable R. Gary Klausner presiding. Christine Haw and Matthew Pardo from Strategic Legal Practices appearing on behalf of Plaintiff Joseph Gamaty and Daniel R. Villegas and Ashley E. Oaks from Lehrman Law Group appearing on behalf of Defendants BMW Of North America, LLC.

A jury of eight (8) persons was regularly impaneled and sworn and agreed to try the cause. Witnesses were sworn and testified. Exhibits were marked and admitted into evidence. After hearing the evidence and argument of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury on March 10, 2022, with directions to return a verdict. The jury returned the verdict below on March 11, 2022. The verdict was filed with the Court and entered upon the minutes and stated as follows:

///

///

///

///

///

///

///

///

///

///

///

///

///

[continued on next page]

1

PLAINTIFF'S [PROPOSED] JUDGMENT

FILED
CLERK, U.S. DISTRICT COURT

MAR 11 2022

CENTRAL DISTRICT OF CALIFORNIA
BY:        JRE     DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSEPH GAMATY,

                    Plaintiff,

vs.

BMW OF NORTH AMERICA, LLC;
and DOES 1 through 10, inclusive,

                    Defendants.

Case No.: 2:21-cv-01063 RGK-AFM

**VERDICT**

**REDACTED**

We, the jury in the above action, find the following:

1.     **That the Plaintiff has proved by a preponderance of the evidence the cause of action for Failure to Promptly Repurchase or Replace New Motor Vehicle After Reasonable Number of Repair Opportunities:**

        __X__     Yes

        _____     No

2.     **That the Plaintiff has proved by a preponderance of the evidence the cause of action for Breach of Implied Warranty of Merchantability:**

        _____     Yes

        __X__     No

_____
VERDICT

[continued on next page]

2

PLAINTIFF'S [PROPOSED] JUDGMENT

If you have answered "no" to both of the above two questions, have your presiding juror sign and date this form and return it to the Court. If you have answered "yes" to any of the above two questions, please answer Question 3.

3.     **What are Plaintiff's Damages?**

Damages:     $ 37,660.02

If you have answered "yes" to Question 1, please answer Question 4. If you have answered "no" to Question 1, have your presiding juror sign and date this form and return it to the Court.

4.     **Has Plaintiff proved by a preponderance of the evidence that Defendant's failure to repair or replace the vehicle after a reasonable number of attempts was willful?**

_____ Yes

___X___ No

If you have answered "no" to Question 4, have your presiding juror sign and date this form and return it to the Court. If you have answered "yes" to Question 4, please answer Question 5.

5.     **What is the civil penalty Plaintiff is entitled to?**

Civil Penalty:     $ _____0_____

Please have your Presiding Juror sign and date this form and return it to the Court Attendant.

DATED: March  11  , 2022

_____
PRESIDING JUROR

_____
VERDICT

2

[continued on next page]

3

PLAINTIFF'S [PROPOSED] JUDGMENT

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Judgment is granted and shall be entered in favor of Plaintiff Joseph Gamaty against Defendant BMW Of North America, LLC on their Complaint. Plaintiff elects the remedy as provided under Breach of Express Warranty, Cause of Action 1: Violation of Civil Code section 1793.2(d) in the amount of $37,660.02 in actual damages. Attorneys' fees, costs, and expenses shall be determined by filed memorandum of costs and motion for attorneys' fees.

JUDGMENT IS ENTERED IN FAVOR OF PLAINTIFF AS FOLLOWS:

1. Total payment of $37,660.02;

2. Attorneys' Fees of $ as determined by the Court via post-trial motion; (TBD by Noticed Motion); and

3. Costs of $ as determined by the Court via post-trial motion. (TBD by Memorandum of Costs);

4. IT IS FURTHER ORDERED _____

_____

_____

_____.

**IT IS SO ORDERED.**

Dated: April 8, 2022

_Gary Klausner_

Hon. R. Gary Klausner
Judge of the United States District Court

PLAINTIFF'S [PROPOSED] JUDGMENT

# EXHIBIT 8

# EXHIBIT 9

# EXHIBIT 10

# EXHIBIT 11

# EXHIBIT 12