Payam Shahian (SBN 228406)
E-mail: pshahian@slpattorney.com
Christine J. Haw (SBN 289351)
chaw@slpattorney.com
Matthew Pardo (SBN 315879)
mpardo@slpattorney.com
Eliana Amirian (SBN 341094)
E-mail: eamirian@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1888 Century Park East, Floor 19
Los Angeles, CA 90067
Telephone: (310) 929-4900

Attorneys for Plaintiff,
JOSEPH GAMATY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GAMATY,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:21-cv-01063-RGK-AFMx<br><br>*Case Initiated: February 5, 2021*<br><br>Hon. R. Gary Klausner<br><br>**DECLARATION OF PAYAM SHAHIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**<br><br>Date: June 6, 2022<br>Time: 8:30 a.m. |

## DECLARATION OF PAYAM SHAHIAN

I, Payam Shahian, declare as follows:

1. I am an attorney admitted to the Bar of the State of California. I am the Managing Partner of Strategic Legal Practices, APC ("Strategic" or "SLP"), counsel of record for JOSEPH GAMATY ("Plaintiff") in the above-entitled action. My knowledge of the information and events described herein derives from a combination of my personal knowledge and a careful review of relevant court records and communications with other attorneys, and if called as a witness, I could and would competently testify thereto.

2. I submit this declaration in support of Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses.

### *Experience of Attorneys Involved in this Matter*

3. I received my law degree in 2003 from the University of California, Hastings School of Law. From 2004 to 2007, I worked at Bowman & Brooke LLP, a national defense firm, where I represented Ford Motor Company in consumer warranty cases. From 2007 to 2010, I worked at a large Plaintiff's class action firm, where I handled complex consumer and employment cases. In 2010, I founded Strategic Legal Practices, APC ("SLP"), with a primary focus in consumer warranty and fraud cases, including class actions.

4. I have extensive experience with claims brought under the Song-Beverly Consumer Warranty Act ("Song-Beverly") and other consumer protection statutes, both as a plaintiff and defense attorney, and I have litigated hundreds of automotive defect cases involving California's consumer protection statutes, including Song-Beverly. *See, e.g., Ehrlich v. BMW of N. America*, 801 F. Supp. 2d 908 (C.D. Cal. 2010); *Keegan v. Am. Honda Motor Co., Inc.,* 838 F. Supp. 2d 929

(C.D. Cal. Jan. 6, 2012); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220 (C.D. Cal. 2011).

5.     I also have experience representing consumers in appellate matters. *See Khani v. Ford Motor Company*, 215 Cal. App. 4th 916 (2013) (reversing trial court's disqualification of Mr. Shahian and Strategic as chosen counsel for plaintiff in a Song-Beverly matter); *Aberdeen v. Toyota Motor Sales, U.S.A., Inc.*, 2011 WL 939250 (9th Cir. 2011) (affirming in part and reversing in part district court's denial of class certification where Plaintiff alleged Toyota failed to disclose the real-world fuel economy of the Prius); *Price v. Automobile Club of Southern California*, 2010 WL 2028529 (L.A. Super. Ct. 2010) (ruling that lower court erred in sustaining defendant's demurrer without leave to amend because plaintiff was class member in another related uncertified case.).

6.     I have successfully negotiated settlements totaling millions of dollars on behalf of consumers nationwide. *See, e.g., Meyer v. Bebe Stores, Inc.*, Case No. 14-00267, Dkt. No. 164 (N.D. Cal. Dec. 6, 2017) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers who received text messages from Bebe Stores, Inc.); *Gray v. BMW of North America, LLC*, Case No. 13-3417, Dkt. No. 86 (D.N.J. Aug. 24, 2017) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers of certain BMW vehicles for alleged convertible top defect); *Haghayeghi v. Guess?, Inc.*, Case No. 14-cv-00020, Dkt. No. 100 (S.D. Cal. Apr. 25, 2017) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers who received text messages from Guess?, Inc.); *Zakskorn v. American Honda Motor Co., Inc.*, Case No. 11-02610, Dkt. No. 86 (E.D. Cal. June 9, 2015) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers of certain Honda Civic vehicles for alleged brake pad defect); *Asghari v. Volkswagen Group of America*, Case No. 13-02529, Dkt. No. 185 (C.D. Cal. May 29, 2015) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of

consumers of certain Audi and Volkswagen vehicles for alleged oil consumption defect); *Aarons v. BMW of North America, LLC*, Case No. 11-7667, Dkt. No. 152 (C.D. Cal. April 29, 2014) (as class counsel, achieved nationwide settlement on behalf of consumer of certain MINI vehicles for alleged transmission defect); *Keegan v. American Honda Motor Co, Inc.*, Case No. 10-09508, Dkt. No. 171 (C.D. Cal. Jan. 21, 2014) (as class-counsel, achieved a nationwide settlement on behalf of consumers of certain Honda Civics for alleged rear suspension defect); *Kennedy-Lebar v. Volkswagen Group of America, Inc*., Case No. 10-05126, Dkt. No. 100 (D.N.J. 2013) (as class counsel, achieved a nationwide settlement on behalf of consumers of certain Audi vehicles for alleged headlight defect); *Sadowska v. Volkswagen Group of America, Inc.,* Case No. 11-00665, Dkt. No. 127 (C.D. Cal. 2013) (as class counsel, achieved a nationwide settlement on behalf of approximately 64,000 consumers of certain Audi vehicles for alleged transmission defect); *In re Mini Windshield Actions (Ehrlich v. BMW),* Case No. 10-01151, Dkt. No. 94 (C.D. Cal. 2012) (as class counsel, achieved a nationwide class action settlement on behalf of consumers of MINI Coopers for alleged windshield defects); *Marsikian v. Mercedes-Benz USA, LLC*, Case No. 08-04876, Dkt. No. 125 (C.D. Cal. 2010) (nationwide class action settlement involving over 100,000 vehicles with an alleged water leak defect); *Haghayeghi v. Guess?, Inc.*, Case No. 14-00020, Dkt. No. 100 (S.D. Cal. Apr. 25, 2017) (nationwide class action settlement on behalf of persons who received text messages from Guess).

7. The following is a summary of cases in which my hourly rates have been approved. *See e.g., Majdipour v. Jaguar Land Rover North America, LLC,* Case No. 2:12-cv-07849-WHW-CLW (D.N.J December 2019) (approving my requested rate of $710/hr); *Henrik Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1226 (C.D. Cal. Mar. 3, 2020) in which the Court approved my rate of $650/hr; *Falco et al v. Nissan North America, Inc.,* Case No. 2:13-cv-00686-DDP-Manx, Dkt.

No 325 (C.D. Cal. June 1, 2018) (approving my requested hourly rate of $670); *Meyer v. Bebe Stores, Inc.*, Case No. 14-00267, Dkt. No. 165 (N.D. Cal. December 6, 2017) (approving my requested hourly rate of $650); *Gray v. BMW of North America, LLC*, Case No. 13-3417, Dkt. Nos. 85-87 (D.N.J. Aug. 24, 2017) (approving my requested hourly rate of $650); *Haghayeghi v. Guess?, Inc.*, Case No. 14-cv-00020, Dkt. No. 100 (S.D. Cal. Apr. 25, 2017) (in 2017, approving my hourly rate of $650 in a Telephone Consumer Protection Act class action); *Zakskorn v. American Honda Motor Co., Inc.*, 2015 WL 3622990 (E.D. Cal June 9, 2015) (approving my requested hourly rate of $595); *Asghari, et al. v. Volkswagen Group of America, Inc., et al.*, Case No. 13-CV-02529, Dkt. No. 185 (C.D. Cal. May 29, 2015) (same); *Aarons et al. v. BMW of North America, LLC*, Case No. 11-cv-07667, Dkt. No. 152 (C.D. Cal. April 29, 2014) (in 2014, approving my hourly rate of $590 in consumer warranty matter involving BMW breach of warranty and its failure to disclose material defects to consumers); *Keegan et al. v. American Honda Motor Co., Inc.*, Case No. 10-cv-09508-MMM-AJW, Dkt. No. 171 (C.D. Cal. Jan. 1, 2014) (approving my hourly rate of $570 as the managing partner of Strategic); *Kennedy-Lebar et al. v. Volkswagen Group of America, Inc.*, Case No. 10-05126-KM-MF, Dkt. No. 100 (D.N.J. 2013) (same); *Sadowska et al. v. Volkswagen Group of America, Inc.*, Case No. 11-00665-BROAGR, Dkt. No. 127 (C.D. Cal. 2013) (same); *In Re Mini Windshield Actions*, Case No. 2:10-cv-01151-ABC (PJWx) (C.D. Cal. October 1, 2012) (approving my hourly rate of $550 as the managing partner of SLP); *Gong-Chun v. Aetna, Inc.*, Case No. 09-CV-01995-AWI-SKO (E.D. Cal. July 11, 2011) (approving my hourly rate as an associate at a prior law firm in the amount of $520); *Marsikian v. Mercedes-Benz USA, LLC*, Case No. 08-CV-04876-AHM-FMO (C.D. Cal. May 17, 2010) (approving my hourly rate of $445 in 2010).

8.     Attached hereto as **Exhibit 1** is a true and correct copy of the February 27, 2014 Court Order adopting its tentative and granting plaintiff over 98% of the

requested lodestar of time actually incurred (as well as a 1.5 multiplier enhancement on that lodestar) on plaintiff's motion for fees and costs in the lemon law matter of *Khani v; Ford Motor Company* (L.A. Super. Ct. February 27, 2014).

9.    Attached hereto as **Exhibit 2** is a true and correct copy of a May 9, 2017 Stipulation and signed Order regarding judgment of jury verdict with a 2 times civil penalty and attorney fees, costs, and expenses in the matter of *Vanwaus v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC591282). Plaintiff filed a motion seeking attorney fees, costs and expenses of approximately $203,000.00. Instead of continuing to litigate, the parties came to an agreement where FCA agreed to pay $200,000.00 in attorney fees, costs, and expenses or roughly 99% of what plaintiff originally sought in his motion.

10.    Attached hereto as **Exhibit 3** is a true and correct copy of a September 27, 2017 Minute Order concerning the Court's Fee Order in the matter of *Fuller v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC556964). As reflected in the fee order, the Court awarded plaintiff 100% of the requested lodestar of time actually incurred (as well as a 1.5 multiplier enhancement on that lodestar).

11.    Attached hereto as **Exhibit 4** is a true and correct copy of the Notice of Ruling and February 27, 2017 Tentative ruling in the matter of *Kazaryan v. Mercedes-Benz USA, LLC* (Los Angeles Super. Ct., Case No. BC574416) granting 100% of the requested lodestar for Strategic Legal Practices, APC in plaintiff's motion for attorneys' fees, costs, and expenses.

12.    Attached hereto as **Exhibit 5** is a true and correct copy of the Notice of Ruling in the matter of *Geredes v. Chrysler Group LLC* (Los Angeles Super. Ct., Case No. BC523641) granting 100% of the requested lodestar for Strategic Legal Practices, APC in plaintiff's motion for attorneys' fees, costs, and expenses.

13.    Attached as **Exhibit 6** is a true and correct copy of the Notice of Ruling in *Ahmed Al-Jiboury v. FCA* (Los Angeles Superior Court Case No BC648057) in which the Court awarded Plaintiff 100% of the requested lodestar.

14.    Attached hereto as **Exhibit 7** is a true and correct copy of the Second Amended Judgment on Jury Verdict after Entry of Additur in the matter of *Kadkhoda v. MBUSA* (Los Angeles Superior Court Case No BC563069) in which the Court awarded $278,057.00 in fees, costs and expenses.

15.    Attached hereto as **Exhibit 8** is a true and correct copy of the Notice of Ruling on Plaintiff's motion for attorney's fees, costs and expenses in the matter of *Raul Galindo v. General Motors* (LASC Case No BC693061) in which the Court approved all of Plaintiff's requested rates (from $350/hr to $595/hr) and granted 100% of the requested lodestar.

16.    Attached as **Exhibit 9** is a true and correct copy of the Order on attorney's fees and prejudgment interest in the lemon law matter of *Abraham Forouzan v. BMW* (United States District Court for the Central District of California Case No. 2:17-cv-03875-DMG-GJS), 2019 WL 856395, in which the Court approved Plaintiff's rates ranging from $350/hr-$595/hr. In addition, the Court stated "[T]he Court has reviewed the hours billed with care and has determined that most of the hours billed by the 12 different attorneys *have not been duplicative[1]*." (emphasis added).

17.    Attached as **Exhibit 10** is a true and correct copy of the Order on attorney's fees, costs and expenses in the lemon law matter of *Joshua Holeman v. FCA* (United States District Court for the Central District of California Case No. 2:17-cv-08273-SVW-SK) in which the Court approved Plaintiff's rates and granted 100% of Plaintiff's requested lodestar.

---

[1] See *Forouzan v. BMW of N. Am.*, LLC, No. CV173875DMGGJSX, 2019 WL 856395, at *6 (C.D. Cal. Jan. 11, 2019)

18. Attached as **Exhibit 11** is a true and correct copy of the Order on attorney's fees, costs and expenses in the lemon law matter of *Catherine Shepard v. BMW* (Los Angeles Superior Court Case No. BC622506) in which the Court approved Plaintiff's rates and granted 100% of Plaintiff's requested lodestar. On page 4 of this opinion, the Court notes "*Based on its review of the evidence presented (including the work and time entries on the attorney's bills), the court finds that the billing entries in Shepard's attorneys' bills do not evidence inefficient or unreasonable billing, duplication of effort, padding of time entries, over-conferencing or multiple attendance by attorneys at the same court functions, as a result of the staffing and division of labor amongst Shepard's attorneys on this case.*"

19. Attached as **Exhibit 12** is a true and correct copy of the Order on attorney's fees and prejudgment interest in the lemon law matter of *Jerry Zomorodian v. BMW* (United States District Court for the Central District of California Case No. 2:17-cv-5061-DMG), 2019 WL 6534513, in which the Court approved Plaintiff's requested attorney rates ranging from $325/hour to $695/hour. On page 10 of the opinion, the Court also notes "*While the use of 13 attorneys in this case certainly suggests overstaffing, the Court has reviewed the hours billed with care and has determined that most of the hours billed by the 13 different attorneys have not been duplicative.*"

20. Attached as **Exhibit 13** is a true and correct copy of the Order on attorney's fees, and prejudgment interest in the lemon law matter of *Henrik Zargarian v. BMW of N. Am., LLC*, 442 F.Supp.3d 1216, 1227 (C.D. Cal. Mar. 3, 2020) in which the Court approved Plaintiff's rates ranging from $335/hr-$600/hr and approved 100% of Plaintiff's requested lodestar. On pages 1228-1229 of the opinion, the Court also notes "*Defendant contends that Plaintiff billed for 'duplicative,' 'excessive,' and 'unrelated' work, and further, 'unnecessarily [ran] up fees when it [was] not warranted to do so' by hiring three different law firms to*

*work on this matter….Here, the Court does not take issue with Plaintiff's counsel's staffing decisions; from the billing records, it is clear that there was a strict division of labor between the firms, and the Court finds no evidence of duplicative work between the firms*."

21.     Attached hereto as **Exhibit 14** is a true and correct copy of a September 16, 2016 order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Soderstrom v. Mercedes-Benz USA, LLC* (San Francisco Super. Ct., Civil Case No. CGC15544475). Therein, the Hon. Richard B. Ulmer granted 100% of the requested fees, costs, and expenses and found "[c]ounsel's rates are reasonable for the San Francisco legal market."

22.     Attached as **Exhibit 15** is a true and correct copy of a conformed copy of the Declaration of Bryan Kemnitzer filed in support of plaintiff's Motion for Attorney's Fees, Costs, and Expenses in the Song Beverly matter of *Soderstrom v Mercedes-Benz, USA, LLC* (San Francisco Super. Ct., Civil Case No. CGC15544475). As reflected, plaintiff's counsel sought rates of $800/hr (for partner Bryan Kemnitzer) and $425/hr (for 5th year associate Adam Neile) and the rates were approved by the court.

23.     Attached hereto as **Exhibit 16** is a true and correct copy of the February 14, 2019, order in *Khomsone v BMW of North America, LLC* (Alameda Super. Ct., Civil Case No. RG17856686) awarding SLP's attorney's rates from $335/hour to $595/hour with a 10% reduction to comport with the lower prevailing rate in Alameda County.

24.     Attached hereto as **Exhibit 17** is a true and correct copy of the July 28, 2020, order in the matter of *Flores v. FCA US, LLC* (Sacramento Super. Ct., Case No. 34-2016-00192221-CU-BC-GDS) finding SLP's rates from $325/hr to $460/hr reasonable for the type of case, in the community for attorneys of similar skill and experience, and awarding Plaintiff counsel 100% of the requested lodestar.

25. Attached hereto as **Exhibit 18** is a true and correct copy of the August 25, 2020, order in the matter of *Jurosky v BMW of North America, LLC*, (United States District Court for the Southern District of California Case No. 19cv706 JM (BGS)) in which the court approved the rates of SLP's attorneys, from $350/hour to $550/hour and awarded 100% of the requested lodestar.

26. Attached hereto as **Exhibit 19** is a true and correct conformed copy of a December 18, 2020 Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Gonzalez v. MBUSA, (*Los Angeles Co. Super. Ct. Civil Case No. SC128379). As reflected, plaintiff's counsel was granted 100% the requested lodestar fees.

27. Attached hereto as **Exhibit 20** is a true and correct conformed copy of an April 29, 2021 Minute Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Jose Medina v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. 19STCV02985). As reflected, plaintiff's counsel sought rates between $335/hr to $595/hr. Such lemon law rates were approved by the Court.

28. Attached hereto as **Exhibit 21** is a true and correct conformed copy of a May 12, 2021 Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Michelle Williams v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC722351). As reflected, plaintiff's counsel sought rates between $335/hr to $595/hr. Such lemon law rates were approved by the Court in granting 100% the requested lodestar fees.

29. Attached hereto as **Exhibit 22** is a true and correct conformed copy of a July 23, 2021 Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Scott Michael Feldman Gregory v. FCA US LLC*, (County of Marin Case No. CIV1901820). As reflected, plaintiff's counsel

sought rates between $365/hr to $550/hr. Such lemon law rates were approved by the Court and granted over 95% the requested lodestar fees.

30.    Attached hereto as **Exhibit 23** is a true and correct conformed copy of a December 8, 2020 Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Covarrubias v. Ford Motor Company, (N.D. Cal. Case No. 19-cv-01832-FMC)*. As reflected, plaintiff's counsel sought rates between $385/hr to $550/hr. Such lemon law rates were approved by the Court and granted 100% the requested lodestar fees.

31.    Attached hereto as **Exhibit 24** is a true and correct copy of a June 25, 2018 order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Hall vs. FCA US LLC,* (San Diego Superior Court Case No. 37-2016-00006383). Therein, the Hon. Judge Richard S. Whitney granted 100% of the requested fees, costs, and expenses and found "[that the hourly rates are consistent with the rates charged in the San Diego community based on this Court's familiarity with this issue."

32.    Attached hereto as **Exhibit 25** is a true and correct copy of a conformed copy of the Declaration of Payam Shahian filed in support of plaintiff's Motion for Attorney's Fees, Costs, and Expenses in the Song Beverly matter of *Hall vs. FCA US LLC,* (San Diego Superior Court Case No. 37-2016-00006383). As reflected, plaintiff's counsel sought rates between $325/hr to $575/hr. Such lemon law rates were approved by the Court.

33.    Attached hereto as **Exhibit 26** is a true and correct copy of a March 14, 2022 order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Oscar Millan vs Kia Motors America, Inc.,* (Los Angeles Superior Court Case No. BC710535). Therein, the Hon. Stephen I. Goorvitch granted a multiplier of 1.2 resulting in Plaintiff recovering their full lodestar due to the Court's finding that "[t]he case presented difficulties for Plaintiff's counsel, given

the "battle" that Defendant wages, and Plaintiff achieved an extraordinary result. Therefore, the Court awards a multiplier of 1.2, which is an additional 20% in attorney's fees."

34.    Attached hereto as **Exhibit 27** is a true and correct copy of a March 14, 2022 order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Jason J. Arnold, et al.. vs FCA US, LLC. Et al.* (Los Angeles Superior Court Case No. 19STCV26274). Therein, the Hon. Mel Red Recana granted Plaintiffs' counsel a 1.2 multiplier.

35.    Attached hereto as **Exhibit 28** is a true and correct copy of a March 29, 2022 Minute Order granting Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses in the lemon law matter of *Mo Rahman v. FCA US LLC, et al*. (United States District Court for the Central District of California Case No.: 2:21-cv-02584). As reflected, Plaintiff's counsel sought rates between $285/hr to $695/hr. Such lemon law rates were approved by the Court and granted 90% of the requested lodestar fees.

### *Experience of Trial Attorneys*

36.    Christine Haw was co- lead trial counsel in this matter. Christine Haw received her Juris Doctor degree in 2012 from USC Gould School of Law and was admitted to the California State Bar in 2013. From 2013 to 2015, she worked at an employment law firm(s) representing plaintiffs in wrongful termination cases. She has been with Strategic Legal Practices, APC for the most part since 2015. She has also been a supervising attorney and trial counsel at Strategic Legal Practices, APC ("SLP") since approximately April 2017. She is currently Senior Counsel at SLP. In this time, she has tried approximately a dozen "lemon law" cases to verdict/decision, including two of which were bench trials, and was lead trial counsel on at least seven (7) of these matters. Christine Haw has litigated hundreds of automotive defect cases

involving the Song-Beverly Consumer Warranty Act and Magnuson Moss Warranty Act, as well as consumer fraud.

37.     Ms. Haw's requested 2019 rate of $410/hr. and 2021 rate of $465/hr has been approved by the courts, and is reasonable and consistent with other attorneys at SLP who have had their rates approved by other courts, *See e.g. Oscar Millan vs Kia Motors America, Inc.,* (Los Angeles Superior Court Case No. BC710535) ($465 for calendar year 2021); *Jose Adrian Franco Medina v. Kia Motors America, Inc.* (Los Angeles Super. Ct., Case No. 19STCV02985) (approving Ms. Haw's 2018 rate of $375/hr and 2019 rate of $410/hr); *Henrik Zargarian v. BMW of N. Am., LLC* $410/hr (approving Ms. Haw's 2019 rate of $410/hr); *Zomorodian v. BMW*, 2019 WL 6534513 (C.D. Cal. July 23, 2019) (approving Ms. Haw's 2017 hourly rate of $365 and 2018 hourly rate of $375); *Jurosky v. BMW of N. Am., LLC*, 2020 WL 5033584, at *2 (S.D. Cal. Aug. 25, 2020) (approving Ms. Haw's rate of $410/hr); *Oscar Millan vs Kia Motors America, Inc.,* (Los Angeles Superior Court Case No. BC710535) ($465 for calendar year 2021)

38.     Matthew Pardo was co- lead trial counsel in this matter. Mr. Pardo received his Juris Doctor degree in 2016 from Northeastern University School of Law and was admitted to the California State Bar in 2017. Since 2018, he has been with Strategic Legal Practices, APC ("SLP") as an associate attorney and trial counsel. In this time, he has tried approximately a three "lemon law" cases to verdict/decision, including two jury trials and this was his first trial as co-lead trial counsel. Mr. Pardo has litigated hundreds of automotive defect cases involving the Song-Beverly Consumer Warranty Act and Magnuson Moss Warranty Act, as well as consumer fraud.

39.     Mr. Pardo's requested, 2020 hourly rate of $365 and 2021 hourly rate of $390 are reasonable and within the range of rates approved by other California courts for attorneys with similar years of experience at SLP. *See Mo Rahman v. FCA*

*US LLC*, 2022 WL 1013433 (March 29, 2022) (approving Mr. Pardo's 2021 rate of $390/hr); *Williams v. Kia Motors of America, Inc. (Los Angeles Super. Ct.,* Case No. BC722351) approving Mr. Pardo's 2019 rate of $335/hr, and 2020 rate of $365/hr; *Jose Adrian Franco Medina v. Kia Motors America, Inc.* (Los Angeles Super. Ct., Case No. 19STCV02985).

### ***Experience of Other Attorneys at Strategic Legal Practices, APC***

40. In addition to working closely with Ms. Haw and Mr. Pardo, as one of the firm's most senior attorneys and the managing partner of SLP, I supervise other attorneys at the firm and do not get materially involved in the day-to-day handling of individual Lemon Law cases unless they involve complex legal issues, reach significant stages of litigation, or require my assistance per the request of attorneys handling the matter. In addition, as the founder and supervisor of this firm, I am familiar with the experience and background of each attorney who has worked on this case at Strategic Legal Practices. Moreover, based on my own experience and review of relevant court orders in the Los Angeles area, I believe the following rates for each attorney who billed time to this matter is reasonable and are the prevailing rates in the community.

41. Eliana Amirian is an attorney at SLP. Ms. Amirian graduated from University of California, Irvine in 2017 with a B.A. in Psychology. Ms. Amirian went on to attend Southwestern Law School where she earned the Dean's Merit Scholarship. While attending law school, Ms. Amirian externed for the Honorable Judge Monica Bachner. Eliana participated in the California State Bar's Practical Training of Law Students Program, which certifies law students to provide legal services under the supervision of an attorney. She served as a certified law clerk for the Los Angeles County District Attorney's Office, where she conducted preliminary hearings under the supervision of Deputy District Attorneys. Ms. Amirian earned her

J.D. in 2021 and was admitted to the California State Bar in December 2021. At SLP, she focuses on consumer protection matters.

42.    Ms. Amirian's 2022 rate of $375/hour is reasonable and consistent with the range of rates approved by other California courts for attorneys with similar levels of experience at SLP. *See Rahman v. FCA US LLC*, 2022 WL 1013433 (March 29, 2022) (approving Ms. Amirian's $375/hr rate.);

43.    Eve Canton is a Law Clerk at Strategic Legal Practices and a 3L at Southwestern Law School. Eve Canton gained trial experience while clerking at the Los Angeles County Public Defender's Office. Eve Canton is part of SLP's trial team where she drafts motions, creates deposition summaries, organizes evidentiary exhibits and assists with all trial preparation.

44.    Ms. Canton's requested 2021 rate of $285/hour in this case is reasonable and consistent with approved rates for law clerks in the local area. *See Rahman v. FCA US LLC*, 2022 WL 1013433 (March 29, 2022) (approving SLP law clerk rate of $285.);

45.    Gregory Yu Gregory Yu received his law degree in 2003 from the University of Southern California, Gould School of Law. From 2004 to 2006, Mr. Yu worked at a Southern California insurance and employment defense firm representing national insurance companies. From 2006 to 2010, he worked at a plaintiff-side class action firm specializing in wage-and-hour and consumer law. Mr. Yu has been of counsel to SLP since 2011 and has been involved in litigating individual and class action consumer matters.

46.    Mr. Yu's requested 2021 rate of $595/hr is reasonable and consistent with what has been approved by the courts, his rate of $595/hr having been approved in 2018. *See Henrik Zargarian v. BMW of N. Am., LLC*, 442 F.Supp.3d 1216, 1226-27 (C.D. Cal. Mar. 3, 2020) (approving Mr. Yu's rate of $525/hr); *Jurosky v. BMW of N. Am., LLC*, No. 19CV706 JM (BGS), 2020 WL 5033584, at *2 (S.D. Cal. Aug.

25, 2020) (approving Mr. Yu's 2019 rate of $525/hr); *Shepard v. BMW* (Los Angeles Superior Court Case No. BC622506) (approving Mr. Yu's rate of $525/hr); and *Falco et al v. Nissan North America*, Inc., Case No. 2:13-cv-00686-DDP-Manx, Dkt. No 325 (C.D. Cal. June 1, 2018) (approving Mr. Yu's rate of $595).

47. Jason Clark graduated from the University of California, Berkeley with a bachelor's degree in Political Science, and received his Juris Doctor from the University of San Francisco School of Law in 2007. After being admitted to the California State Bar in 2007, Mr. Clark has gained experience in private practice (representing various clients' interests in civil court and bankruptcy court) before joining SLP.

48. Jason Clark's requested 2022 rate of $565/hr is reasonable and consistent with other attorneys at SLP who have had their rates approved by other courts. *See Hoyt v. FCA US LLC*, (County of Orange Case No. 30-2019-01066585) (approving Mr. Clark's 2021 hourly rate of $550); *Gregory v. FCA US LLC*, (County of Marin Case No. CIV1901820) (approving Mr. Clark's 2021 hourly rate of $550); *Henrik Zargarian v. BMW of N. Am., LLC*, 442 F.Supp.3d 1216, 1226 (C.D. Cal. Mar. 3, 2020) (approving Mr. Cutler's 2019 rate of $435/hr [Mr. Cutler passed the bar in 2009, Mr. Clark passed the bar in 2007]); *Jurosky v. BMW of N. Am., LLC*, 2020 WL 5033584, at *2 (S.D. Cal. Aug. 25, 2020) (approving Mr. Cutler's rate of $460/hr); *Shepard v. BMW* (Los Angeles Superior Court Case No. BC622506) (approving Mr. Cutler's 2017 hourly rate of $395/hr and 2019 hourly rate of $435); *Covarrubias v Ford*, 2021 WL 3514095 (N.D. Cal August 10, 2021) (approving Mr. Clark's 2021 rate of $550/hr).

49. Kareem Aref, an attorney formerly with SLP, is a 2014 graduate of the University of California at Riverside, with a Bachelor of Science degree in Psychology, and Law and Society. Mr. Aref earned his J.D. at the University of California at Davis in 2017, and joined the California State Bar in December 2017.

Following admission. Mr. Aref worked for Cole Huber LLP and then as a Deputy District Attorney in San Bernardino County. While at SLP, Mr. Aref worked on consumer rights advocacy and litigation.

50.    Mr. Aref's requested 2021 rate of $390/hr is reasonable and consistent with the range of rates approved by other California courts for attorneys with similar levels of experience at SLP. *See Michelle Williams v. FCA* (Los Angeles Co. Super. Ct., Civil Case No. BC722351) (approving Ms. Dolin's 2019 rate of $395/hr [Ms. Dolin passed the bar in 2014, and Mr. Aref passed the bar in 2014].); *Jose Adrian Franco Medina v. Kia Motors America, Inc.* (Los Angeles Super. Ct., Case No. 19STCV02985) (approving Ms. Dolin's 2020 rate of $425/hr); *Gregory v. FCA US LLC*, (County of Marin Case No. CIV1901820) (approving Ms. Dolin's 2019 rate of $395/hr); *Covarrubias v. Ford Motor Company,* (N.D. Cal. Case No. 19-cv-01832-FMC) (approving Ms. Dolin's 2021 hourly rate of $450); *Henrik Zargarian v. BMW of N. Am., LLC*, 442 F.Supp.3d 1216, 1226 (C.D. Cal. Mar. 3, 2020) (approving Ms. Haw's rate of $410/hr [Mr. Aref has similar experience]); *Jurosky v. BMW of N. Am., LLC*, 2020 WL 5033584, at 2 (S.D. Cal. Aug. 25, 2020) (approving Ms. Dolin's prior rate of $375/hr).

51.    Karin Kuemerle is an associate attorney at SLP. Ms. Kuemerle graduated from the University of California at Santa Barbara in 2000 with a BA in Law and Society, and earned her J.D. from U.C. Hastings College of the Law in 2003. Prior to joining SLP, Ms. Kuemerle focused her career in civil litigation, gaining valuable experience on behalf of both plaintiffs and defendants in construction defect litigation, insurance subrogation actions, workers' compensation specialty defense, and employment law defense. As an attorney at SLP, Mr. Gibson focuses on lemon law litigation.

52.    Ms. Kuemerle's 2021 rate of $595/hr is reasonable and consistent with the range of rates approved by other California courts for attorneys with similar levels

of experience at SLP. *See Henrik Zargarian v. BMW of N. Am., LLC*, 442 F.Supp.3d 1216, 1226-27 (C.D. Cal. Mar. 3, 2020) (approving Mr. Gregory Yu's 2019 rate of $525/hr [Mr. Yu was admitted to the CA state bar in 2004, Ms. Kuemerle in 2003] *Hoyt v. FCA US LLC*, (County of Orange Case No. 30-2019-01066585) (approving Mr. Clark's 2021 hourly rate of $550 [Mr. Clark passed the bar in 2007, Ms. Kuemerle in 2003]); *Gregory v. FCA US LLC*, (County of Marin Case No. CIV1901820) (approving Mr. Clark's 2021 hourly rate of $550); *Henrik Zargarian v. BMW of N. Am., LLC*, 442 F.Supp.3d 1216, 1226 (C.D. Cal. Mar. 3, 2020) (approving Mr. Cutler's 2019 rate of $435/hr [Mr. Cutler passed the bar in 2009, Mr. Clark passed the bar in 2007]); *Jurosky v. BMW of N. Am., LLC*, 2020 WL 5033584, at *2 (S.D. Cal. Aug. 25, 2020) (approving Mr. Cutler's rate of $460/hr); *Shepard v. BMW* (Los Angeles Superior Court Case No. BC622506) (approving Mr. Cutler's 2017 hourly rate of $395/hr and 2019 hourly rate of $435); *Orozco v. FCA* (Los Angeles Superior Court Case No BC714264) (approving Mr. Cutler's 2018 rate of $410/hr and 2019 rate of $435/hr); *Holeman v. FCA* (United States District Court Central District Case No 2:17-cv-08273) (Court approved Mr. Cutler's 2018 rate of $410/hr); *Howard v. FCA* (Los Angeles Superior Court Case No BC 612130) (approving Mr. Cutler's 2018 rate of $410/hr).

53.     Mark Gibson graduated from the University of the Pacific, McGeorge Law School in 2008. He was admitted to the California State Bar in 2008. Prior to joining SLP, Mark focused his career in civil litigation, gaining valuable experience on behalf of both plaintiffs and defendants in construction defect litigation, family law, community association law, personal injury, foreclosure defense, and insurance defense. As an attorney at SLP, Mr. Gibson focuses on lemon law litigation.

54.     Mr. Gibson's requested 2019 rate of $435/hour in this case are reasonable and consistent with other attorneys at SLP who have had their rates approved by other courts in California. *See Gregory v. FCA US LLC*, (County of

Marin Case No. CIV1901820) (approving Mr. Gibson's 2019 hourly rate of $435); *Covarrubias v Ford*, 2021 WL 3514095 at *4 (N.D. Cal August 10, 2021) (approving Mr. Gibson's 2021 rate of $435/hr; *Mo Rahman v. FCA US LLC*, 2022 WL 1013433 (March 29, 2022) (approving Mr. Gibson's 2020 rate of $450/hr); *Hall v. FCA* (San Diego Superior Court Case No. 37-2016-00006383) (approving Mr. Cutler's 2016 hourly rate of $385, 2017 hourly rate of $395, and 2018 hourly rate of $410 [Mr. Gibson has similar experience]); *Henrik Zargarian v. BMW of N. Am., LLC*, 442 F.Supp.3d 1216, 1226 (C.D. Cal. Mar. 3, 2020) (approving Mr. Cutler's 2019 rate of $435/hr [Mr. Gibson has similar experience]); *Jurosky v. BMW of N. Am., LLC*, 2020 WL 5033584, at *2 (S.D. Cal. Aug. 25, 2020) (approving Mr. Cutler's rate of $460/hr [Mr. Gibson has similar experience]); *Galindo v. General Motors* (LASC Case No BC693061) in which the Court approved Mr. Nguyen's 2018 rate of $385/hr [Mr. Gibson has similar experience]; *Zomorodian v. BMW*, 2019 WL 6534513 (C.D. Cal. July 23, 2019) (approving Mr. Cutler's prior rate of $410/hour [Mr. Gibson has similar experience]); *Fuller v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC556964) (approving Mr. Beck's 2017 requested hourly rate of $400. Mr. Beck was admitted to the Bar in 2010, Mr. Gibson in 2008).

55.    Nadine Alsaadi is an associate attorney at SLP. Ms. Alsaadi earned her Bachelor of Arts from UC Irvine in 2016 and her Juris Doctor at Southwestern School of Law. Ms. Alsaadi was admitted to the California State Bar in 2021. At SLP, Ms. Alsaadi specializes in lemon law litigation.

56.    Ms. Alsaadi's requested rate of $350/hr corresponds to her current rate as a first-year attorney. This rate is reasonable and within the range of rates approved by other California courts for attorneys with similar years of experience at SLP. *See Henrik Zargarian v. BMW of N. Am., LLC*, 442 F.Supp.3d 1216, 1226 (C.D. Cal. Mar. 3, 2020) (approving Ms. Scott's 2018 rate of $335/hr and 2019 rate of $365/hr [Ms. Alsaadi has similar experience to Ms. Scott]); *Abraham Forouzan v. BMW of*

*North America, LLC et al.*, 2019 WL 856395, at \*4 (C.D. Cal. Jan. 11, 2019) (court approved Mr. Tai's rate of $350/hr, Ms. Alsaadi has similar experience); *Zomorodian v. BMW,* 2019 WL 6534513 (C.D. Cal. July 23, 2019) (approving Mr. Sogoyan's 2018 rate of $350/hr, who was admitted to the CA Bar in 2017 [Ms. Alsaadi has similar experience]); *Jurosky v. BMW of N. Am., LLC*, 2020 WL 5033584, at \*2 (S.D. Cal. Aug. 25, 2020) (approving Ms. Scott's rate of $360/hr [Ms. Alsaadi has similar experience]).

57.     Oliver Tomas Oliver Tomas attended the University of California, Irvine where he graduated *cum laude* in 2001 with a Bachelor of Arts in Political Science. Following college, Oliver attended law school at American University, Washington College of Law in Washington, D.C. Oliver was admitted to the California State Bar in 2004. At SLP Mr. Tomas focuses on consumer protection law.

58.     Mr. Tomas' requested 2021 rate of $595 is reasonable and consistent with the range of rates approved by other California courts for attorneys with similar levels of experience at SLP. Mr. Tomas' requested 2021 rate of $595 is reasonable and consistent with the range of rates approved by other California courts for attorneys with similar levels of experience at SLP. *See Williams v. Kia Motors of America, Inc. (Los Angeles Super. Ct., Case No. BC722351)* (approving Mr. Poe's 2020 rate of $525/hr and Mr. Moore's rate of $525/hr [Mr. Poe passed the bar in 2002, Mr. Moore passed the bar in 2003, and Mr. Tomas in 2004]); *Jose Adrian Franco Medina v. Kia Motors America, Inc.* (Los Angeles Super. Ct., Case No. 19STCV02985) approving Mr. Poe's 2020 rate of $525/hr; *Zomorodian v. BMW*, 2019 WL 6534513 (C.D. Cal. July 23, 2019) (approving Ms. Santos' rate of $595/hr [Ms. Santos was admitted to the bar in 2000, Mr. Tomas has similar experience]); *Abraham Forouzan v. BMW of North America, LLC et al.*, 2019 WL 856395, at \*4 (C.D. Cal. Jan. 11, 2019) (approving Ms. Santos' rate of $595/hr [Mr. Tomas has

similar experience]); *Henrik Zargarian v. BMW of N. Am., LLC*, 442 F.Supp.3d 1216, 1226-27 (C.D. Cal. Mar. 3, 2020) (approving Gregory Yu's prior rate of $525/hr [Mr. Yu passed the bar in 2003, Mr. Tomas has similar experience]); *Jurosky v. BMW of N. Am., LLC*, No. 19CV706 JM (BGS), 2020 WL 5033584, at *2 (S.D. Cal. Aug. 25, 2020) (approving Mr. Yu's 2019 rate of $525/hr); *Shepard v. BMW* (Los Angeles Superior Court Case No. BC622506) (approving Mr. Yu's rate of $525/hr); and *Falco et al v. Nissan North America, Inc*., Case No. 2:13-cv-00686-DDP-Manx, Dkt. No 325 (C.D. Cal. June 1, 2018) (approving Mr. Yu's rate of $595)

### *The Number of Attorneys is Not Relevant to a Fee Determination*

59.     In ruling on a motion for attorneys' fees, costs and expenses, the court in *Holcomb v. BMW* declined to set a limit of the number of attorneys working on the matter. Specifically, the Court stated:

> The court is not in a position … to determine the appropriate number of attorneys assigned to this particular case given that it is not privy to the inner workings of Plaintiffs' counsel's law firm. Also, for better or worse, the use of a large number of attorneys in Song-Beverly Act cases appears relatively common. *See Ortega v. BMW of N. Am.*, LLC, No. 2:18cv6637 R (SK), 2019 WL 6792798, at *3 (C.D. Cal. Oct. 24, 2019) (noting that defendant used 15 attorneys and that it was "not uncommon" to use a large number of attorneys in lemon law cases). On their face, the billing records do not show that a significant amount of time was unreasonably spent getting ten attorneys up-to-speed on this case. *Id.* ("This Court declines to admonish the use of a larger number of attorneys, as it appears there was no duplicative billing[.]"). As discussed below, this case involved extensive discovery and there is no obvious indication that a fewer number of attorneys would have generated significantly fewer hours. The efficiency gained from specializing in these types of cases may have allowed Plaintiffs' attorneys to familiarize themselves with this case with minimal effort. Finally, Plaintiffs' counsel submitted a declaration, under the penalty of perjury, that all fees were entered contemporaneously, were not adjusted upward, and were not duplicative, redundant, or unnecessary. The court has no compelling reason to doubt the honesty or judgment of Plaintiffs' counsel regarding the number of attorneys necessary to litigate this case.

A true and correct copy of the court's order in *Holcomb v. BMW of N. Am., LLC*, Case No. 18CV475JM(BGS) 2020 WL 759285 (S.D. Cal. Feb. 14, 2020) is attached hitherto as **Exhibit 29.**

### *Schedule of Fees and Costs*

60.    It is the custom and practice of attorneys at SLP to contemporaneously track their time during litigation and subsequently enter it into the firm's billing software during the normal course of business.  I have not submitted any of my time supervising this matter. Attached hereto as **Exhibit 30** is a true and correct copy of my firm's computerized billing records, which I have reviewed and audited. The last page of this exhibit contains a chart setting forth each biller and their respective rates/hours. In an exercise of billing judgment, I have removed or reduced any entry that I believed may be unnecessary, duplicative, excessive, or otherwise.

61.    Plaintiff's counsel also expects to incur over $5,500 in attorney fees in connection with reviewing Defendant's Opposition to Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses, preparing the Reply brief, and attending the hearing on this Motion. Nevertheless, Plaintiff's counsel is seeking only $5,500 in connection with these anticipated future tasks.

62.    Accordingly, the total amount of SLP's attorneys' fees being requested in this matter on Plaintiff's behalf is as follows:

| | |
|---|---|
| Base (unadjusted) lodestar for SLP: | $181,031.00 |
| Multiplier enhancement (1.35 x base lodestar) | $63,360.85 |
| Additional anticipated fees for Reply and attendance at hearing | $5,500.00 |
| Costs and Expenses for SLP | $22,686.01 |
| **TOTAL:** | **$272,577.86** |

63.    As set forth above, Plaintiff's counsel seeks reimbursement for costs and expenses in the amount of $22,686.01.

### *Contingent Fee*

64.    Our firm took Plaintiff's case on a contingent basis. Accordingly, our costs and fees were completely contingent upon a successful resolution of Plaintiff's case. Because this case was undertaken on a contingent fee basis, had we lost, our

firm would have lost all expenses incurred and fees generated in this case. SLP also faced the risk of not being paid for its services for years while potentially advancing thousands in costs and expenses to prosecute Plaintiff's claims against Defendant, a large corporate defendant with a proven record to engage in prolonged lemon law litigation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: April 22, 2022          _____
                                              PAYAM SHAHIAN

# EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/27/14

HONORABLE YVETTE M. PALAZUELOS    JUDGE

HONORABLE                          JUDGE PRO TEM

V. SOLIS/C.A.    Deputy Sheriff

DEPT. 28

N. RAYA    DEPUTY CLERK

ELECTRONIC RECORDING MONITOR

GAIL PEEPLES, CSR 11458
CRT. REPORTER PRO TEMPORE    Reporter

#8:45 am | BC466626

BEHNAM KHANI
VS
FORD MOTOR COMPANY ET AL

PLTF. 170.6 DAU

Plaintiff    PAYAN SHAHIAN
Counsel    NEIL GIELEGHEM

Defendant
Counsel    MARY LYN ARENS

**NATURE OF PROCEEDINGS:**

CASE MANAGEMENT CONFERENCE

MOTION ON BEHALF OF PLAINTIFF, BEHNAM KHANI, FOR
ATTORNEY'S FEES, COSTS AND EXPENSES;


The Order Appointing Court Approved Reporter as
Official Reporter Pro Tempore is signed and filed
this date.

The matters are called for hearing.

Counsel read the court's tentative ruling.

The court's tentative ruling, filed this date,
is adopted as the final ruling of the court and
incorporated herein by reference to the case file.

Plaintiff's Motion for Attorney Fees and Costs is
GRANTED.

Defendant Ford Motor Company shall pay Plaintiff
attorney fees in the amount $403,369.63 and costs
$5,839.63.

Plaintiff's Request for Judicial Notice of Exhibit
1 to this Motion is GRANTED, but DENIED as to
Exhibits 2 and 3.

Plaintiff's Request for Judicial Notice of Exhibits

Page    1 of    2    DEPT. 28

MINUTES ENTERED
02/27/14
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/27/14 | DEPT. 28 |
| HONORABLE YVETTE M. PALAZUELOS   JUDGE | N. RAYA   DEPUTY CLERK |
| HONORABLE                  JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| | GAIL PEEPLES, CSR 11458 |
| V. SOLIS/C.A.   Deputy Sheriff | CRT. REPORTER PRO TEMPORE   Reporter |

| | | |
|---|---|---|
| #8:45 am | BC466626 | Plaintiff   PAYAN SHAHIAN |
| | | Counsel   NEIL GIELEGHEM |
| | BEHNAM KHANI | |
| | VS | Defendant |
| | FORD MOTOR COMPANY ET AL | Counsel   MARY LYN ARENS |
| | | |
| | PLTF. 170.6 DAU | |

**NATURE OF PROCEEDINGS:**

attached to his Reply is DENIED.

Defendant's Request for Judicial Notice is DENIED.

Plaintiff's Evidentiary Objections are OVERRULED.

Defendant's Evidentiary Objecitons are OVERRULED.

The Case Management Conference is placed off calendar.

Moving party shall give notice.

Page    2 of    2    DEPT. 28

MINUTES ENTERED
02/27/14
COUNTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

BEHNAM KHANI,                          ) Case No.: BC466626
                                       )
          Plaintiff,                   )
                                       ) [TENTATIVE]
     vs.                               )
                                       )
FORD MOTOR COMPANY, et al.,            ) RULINGS/ORDERS
                                       )
          Defendants.                  )
                                       )
_____)

     Plaintiff's Motion for Attorney Fees and Costs is GRANTED.

     Defendant Ford Motor Company shall pay Plaintiff attorney

fees in the amount of $403,369.63 and costs of $5,839.63.

     Plaintiff's Request for Judicial Notice of Exhibit 1 to his

Motion is GRANTED, but DENIED as to Exhibits 2 and 3.

     Plaintiff's Request for Judicial Notice of Exhibits

attached to his Reply is DENIED.

-1-

Defendant's Request for Judicial Notice is DENIED.

Plaintiff's Evidentiary Objections are OVERRULED.

Defendant's Evidentiary Objections are OVERRULED.

I.

INTRODUCTION

Plaintiff Behnam Khani commenced action against Defendants Ford Motor Company; Galpin Motors, Inc.; and Does 1 through 30, alleging causes of action for:  (1) violation of Civil Code §1793.2 subs. (d); (2) violation of Civil Code §1793.2 subs. (b); (3) violation of Civil Code §1793.2 subs. (a)(3); (4) breach of express written warranty; and (5) breach of the implied warranty of habitability.  Plaintiff alleged that he leased a vehicle that contained or developed defects.

Defendants moved to disqualify Plaintiff's counsel on the basis that counsel had once represented Ford in Lemon Law cases. The trial court disqualified counsel, and Plaintiff appealed. The Second District Court of Appeal overturned the trial court's ruling.  Defendants then filed a de-publication request with the California Supreme Court, which denied de-publication. Defendants then settled with Plaintiff for $65,000.

Plaintiff moves for attorney fees and costs.  Plaintiff argues that counsel is entitled to $403,369.63, which includes a multiplier of 1.5.  Plaintiff argues that Defendants turned this case into a precedent-setting dispute about attorney

-2-

disqualification. Plaintiff argues that the fees and costs are reasonable, given Ford's unfounded accusations of ethical breach. Plaintiff argues that the published Court of Appeals opinion has benefited consumers and attorneys who are similarly situated to Plaintiff and Plaintiff's counsel.

Defendant opposes the motion on seven grounds:

- Ford offered to repurchase the vehicle on July 18, 2012, and thus all hours incurred beyond Ford's offer should be excluded.

- Almost all of the hours incurred by Plaintiff's counsel relate to the disqualification issue, which is counsel's cost of doing business, and should not be shifted to Defendants, as it did not relate to prosecution of Plaintiff's claim.

- The number of hours billed is excessive.

- The hourly rates are too high.

- The requested multiplier is improper. Defendant argues that Plaintiff's success on appeal has no relevance to Plaintiff's claim against Defendants, and is not an appropriate factor for consideration of a multiplier.

- The evidence supporting counsel's requested hourly rates is irrelevant or inadmissible.

In reply, Plaintiff argues that he appealed the disqualification ruling to protect his right to his counsel of

-3-

choice and that he may recover all fees, including those incurred from appeal.  Ford did not communicate a settlement offer to Plaintiff on July 18, 2012, and that any such offer was materially less than the recovery to which he was entitled under the Song-Beverly Act, and materially less than Plaintiff ultimately obtained via the post-appeal settlement.  Plaintiff argues that counsel's rates are reasonable and "below market" for Los Angeles County.  Plaintiff argues that Ford waived any argument that Plaintiff's appellate hours are unreasonable and that the multiplier is reasonable.

II.

DISCUSSION

CCP §§1032 and 1033.5 provide that a prevailing party may recover its costs as a matter of right, and that those costs may include attorneys' fees when authorized by statute or contract. Civ. Code §1717 governs contractual attorneys' fees, and provides that:

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.
>
> (b)(1) The Court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section…the party

-4-

prevailing on the contract shall be the party who recovered a greater relief in the action.

As to attorney fees where claims are on the contract, and Civil Code §1717 applies, in determining the prevailing party, trial courts may consider all factors reasonably indicating success in the litigation, but may not abuse their discretion and deny fees arbitrarily as to a clearly prevailing party. Sears v. Baccaglio (1998) 60 Cal.App.4th 1136, 1149, 1155, 1158. A court abuses its discretion by denying fees where the party obtained a "'simple, unqualified win,'" and the results were not mixed. Pac. Custom Pools v. Turner Constr. Co. (2000) 79 Cal.App.4th 1254, 1268-1271 (quoting Hsu v. Abbara (1995) 9 Cal.4th 863, 876). Accord Otay River Constructors v. San Diego Expressway (2008) 158 Cal.App.4th 796, 807.

"[T]he fee setting inquiry in California [including Civil Code section 1717 fees] ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." Steiner v. Thexton (2008) 163 Cal.App.4th 359, 381 (citations omitted). Under this approach, a base amount is calculated from a compilation of time reasonably spent and reasonable hourly compensation of each attorney. Serrano v. Priest (1977) 20 Cal.3d 25, 48; Serrano v. Unruh (1982) 32 Cal.3d 621, 639. In setting the hourly rate for an attorney fees award, courts are entitled to consider the rate

-5-

of "'fees customarily charged by that attorney and others in the community for similar work.'"  Bihun v. AT&T Information Systems, Inc. (1993) 13 Cal.App.4th 976, 997 (affirming rate of $450 per hour), overruled on other grounds by Lakin v. Watkins Associated Indus. (1993) 6 Cal.4th 644, 664.

Parties opposing motions for attorneys' fees fail to show any abuse of discretion where they merely contend that amounts of attorneys' fees are excessive without providing an analysis or factual support.  Maughan v. Google Technology, Inc. (2006) 143 Cal.App.4th 1242, 1250; Avikian v. Wtc Fin. Corp. (2002) 98 Cal.App.4th 1108, 1119; Premier Medical Management Systems, Inc. v. California Insurance Guarantee Association (2008) 163 Cal.App.4th 550, 560 (emphasizing that opposing parties "submitted no evidence that the hours claimed by counsel were excessive," and declining to "declare as a matter of law that the hours were unreasonable"); Villanueva v. City of Colton (2008) 160 Cal.App.4th 1188, 1204 (opposing party "offered no evidence of any kind which might have warranted a reduced fee award.")

Defendants conceded that Plaintiff is the prevailing party. Shahian Decl. Exh. 8.  Pursuant to the settlement, Defendant Ford agreed to pay Plaintiff and his attorneys reasonable attorneys' fees, costs, and expenses.  Furthermore, Plaintiff argues that an award of attorneys' fees and costs is mandatory,

-6-

as Plaintiff is the prevailing party in this Lemon Law case. Civil Code §1794 subs. (d) provides that "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

Thus, the sole question is whether the requested fees are reasonable. Plaintiff argues that counsel is entitled to $403,369.63, which includes a multiplier of 1.5. Plaintiff argues that Defendants turned this case into a precedent-setting dispute about attorney disqualification, and that Plaintiff was forced to seek relief from both the trial and appellate courts. Plaintiff argues that he had to retain new counsel for the post-disqualification proceedings, in part because Ford refused to deal with his original counsel, Shahian.

Plaintiff argues that the fees and costs are reasonable, given Ford's unfounded accusations of ethical breach. Plaintiff argues that the award is consistent with those in equivalent cases. Plaintiff argues that the published Court of Appeals opinion – which found in favor of Plaintiff 3-0 – has benefited consumers and attorneys who are similarly situated to Plaintiff and Plaintiff's counsel. Plaintiff points out that the Court of

-7-

Appeals decision gained widespread attention and commentary. Appendix of Publicized References to Khani Decision.

The requested hourly rates for the attorneys who worked on the case range from $325 to $650. The total hours expended is detailed in Shahian Decl. Exh. 11, and Gieleghem Decl., Exh. 12. Plaintiff requests costs of $5,839.63.

Defendant opposes the motion on seven grounds:

• Ford offered to repurchase the vehicle on July 18, 2012, and thus all hours incurred beyond Ford's offer should be excluded.

• Almost all of the hours incurred by Plaintiff's counsel relate to the disqualification issue, which is counsel's cost of doing business, and should not be shifted to Defendants, as it did not relate to prosecution of Plaintiff's claim.

• The number of hours billed is excessive.

• The hourly rates are too high.

• The requested multiplier is improper. Defendant argues that Plaintiff's success on appeal has no relevance to Plaintiff's claim against Defendants, and is not an appropriate factor for consideration of a multiplier.

• The evidence supporting counsel's requested hourly rates is irrelevant or inadmissible.

Defendant first argues that Plaintiff can only recover for the Song-Beverly allegations. Defendant argues that on July 18, 2012, it notified Plaintiff's counsel that it would agree to a statutory repurchase of the subject vehicle and would reserve the issue of attorneys' fees for hearing if a settlement could not be reached. Arens Decl. ¶6. Defendant argues that Plaintiff's counsel Neil Gieleghem told defense counsel that, due to the possibility that Shahian might lose standing to prosecute the appeal if the underlying action was settled, Plaintiff would not agree to a settlement at that time. Arens Decl. ¶7. Defendant thus argues that Plaintiff misleads the court when it states that Defendant only agreed to settle after de-publication was denied. Defendant argues that despite Defendant's offer to settle, Plaintiff's counsel prosecuted the appeal, billing 317.1 hours after July 18, 2012, all of which could have been avoided had counsel permitted Defendant to settle the lawsuit. Defendant argues that these hours account for $154,413.50 in billable time. Defendant argues that Plaintiff's counsel are billing for 534.7 hours for the disqualification and appeal, compared to just 18 hours for prosecution of the Song-Beverly claim.

In reply, Plaintiff argues that Ford did not make an offer to repurchase. Plaintiff argues that, at most, Defendant raised the possibility of a repurchase. Plaintiff argues that, even

-9-

under this possibility, Defendant refused to agree that Plaintiff was the prevailing party for the purpose of a fee and cost award, and refused to compensate Plaintiff for any of the fees and costs he had already incurred.  Plaintiff argues that Defendant did not make a CCP §998 offer of compromise.

Defendant fails to provide sufficient evidence to demonstrate that it made a firm offer to Plaintiff on July 18, 2012, such that Plaintiff should not be entitled to fees and costs after that date.   In her declaration, Mary Lynn Arens states that on July 18, 2012, she "advised Attorney Gieleghem that Ford was offering a statutory repurchase of the subject vehicle."  She further states that she advised Gieleghem that Ford would agree to allow the court to determine the issue of attorneys' fees by motion is an agreement that could not be reached.  Arens Decl. ¶6.

Thus, it is reasonable to consider fees after July 18, 2012.  Furthermore, Ford does not offer authority to support its contention that Plaintiff is not entitled to fees related to the disqualification.  Plaintiff argues that both Plaintiff and Shahian filed notices of appeal – contrary to Defendant's suggestion that just Shahian appealed the court's ruling. Plaintiff argues that he filed his appeal to protect his right to his counsel of choice – of which he argues that Ford attempted to deprive him by filing a tactically motivated motion

-10-

more than four months into the litigation.  In support of his position, Plaintiff points to Adams v. Aerojet-General Corp. (2001) 86 Cal.App.4th 1324, 1339-1340, in which the Court held that:  "Our courts have recognized that disqualification usually imposes a substantial hardship on the attorney's innocent client, who has been deprived of chosen counsel and must bear the monetary expense and other burdens associated with finding a replacement.  (Smith, Smith & Kring v. Superior Court (1997) 60 Cal. App. 4th 573, 581, citing Gregori v. Bank of America (1989) 207 Cal. App. 3d 291, 300.)  "Additionally, as courts are increasingly aware, motions to disqualify counsel often pose the very threat to the integrity of the judicial process that they purport to prevent.  [Citation.]  Such motions can be misused to harass opposing counsel [citation], to delay the litigation [citation], or to intimidate an adversary into accepting settlement on terms that would not otherwise be acceptable.  [Citations.]  In short, it is widely understood by judges that 'attorneys now commonly use disqualification motions for purely strategic purposes . . . .'"  Defendant has not sufficiently explained why Plaintiff should not be entitled to fees and costs related to the disqualification motion.  Defendant filed the motion.  Plaintiff had a right to appeal the decision and protect his right to counsel.

-11-

The next question is whether the rates and hours expended are reasonable.  As described above, the requested hourly rates for the attorneys who worked on the case range from $325 to $650.  The total hours expended is detailed in Shahian Decl. Exh. 11, and Gieleghem Decl. Exh. 12.  Shahian reports total hours of 460.2, while Gieleghem reports total hours of 94.1.  The total amount of attorneys' fees incurred to date is $265,020 ($205,870 from Shahian's office, and $59,150 from Gieleghem's). Shahian Decl. ¶33.

Plaintiff's counsel provides declarations regarding the experience levels and backgrounds of the five attorneys who worked on this action.  Shahian requests $495 an hour; Christopher Swanson requests $325 an hour; Ramtin Shahian requests $325 an hour; Gregory Yu requests $445 an hour; and Neil Gieleghem requests $650 an hour.  Shahian Decl. ¶¶29-31. Gieleghem Decl. ¶¶4-5.  They also provide evidence that the hourly rates are reasonable given the prevailing rates in the area.  Shahian Decl. ¶¶29-31.  Gieleghem Decl. ¶4.  Shatz Decl. ¶¶2-3.  The rates requested are reasonable.  Furthermore, given the complexity of the litigation – due to the disqualification motion and the subsequent appeals – the hours expended in litigation are reasonable.

Plaintiff requests a multiplier of 1.5.  Defendant argues that the multiplier is not reasonable.  However, Plaintiff

-12-

argues that Defendant's argument is simply premised on its claim that Plaintiff's fees are "too high." Defendant attempted to disqualify Shahian because he had once represented Ford in Lemon Law cases. Plaintiff argues that the appeal vindicated the rights not only of Plaintiff, but of other similarly situated consumers' right to their choice of counsel. Plaintiff further argues that the risk of non-recovery was high. Plaintiff provides evidence that it engaged Gieleghem as counsel to help with the appeal. In a declaration, Benjami Shatz - the co-chair of the appellate practice group at Manatt, Phelps & Phillips, LLP - states that the published opinion that was entered in this action "was of public benefit, to both clients seeking to retain counsel in matters involving former clients of said counsel, and to those counsel. Among other things, Khani resolves the issue of whether an attorney can undertake a successive representation of a client when that retention involves the same type of claim, and/or the same general area of the law, as presented in the attorney's prior representation of a different client whose interests are adverse to the successor client." Shatz Decl. ¶4. Plaintiff also cites numerous articles and authorities citing the published decision. The Court finds that a multiplier of 1.5 is appropriate.

Plaintiff further requests litigation costs of $5,839.63. Shahian Decl. Exh. 11, and Gieleghem Decl. Exh. 12. Defendant

-13-

argues that Plaintiff should only be able to recover costs related to the trial court action. However, the court has already addressed this argument, which is without merit.

III.

CONCLUSION

Based upon the foregoing, the court orders that:

1) Plaintiff's Motion for Attorney Fees and Costs is GRANTED.

2) Defendant Ford Motor Company shall pay Plaintiff attorney fees in the amount of $403,369.63 and costs of $5,839.63.

3) Plaintiff's Request for Judicial Notice of Exhibit 1 to his Motion is GRANTED, but DENIED as to Exhibits 2 and 3.

4) Plaintiff's Request for Judicial Notice of Exhibits attached to his Reply is DENIED.

5) Defendant's Request for Judicial Notice is DENIED.

6) Plaintiff's Evidentiary Objections are OVERRULED.

7) Defendant's Evidentiary Objections are OVERRULED.

MOVING PARTY TO GIVE NOTICE TO ALL PARTIES.

NON-COMPLIANCE WITH ANY ORDER HEREIN SHALL EXPOSE THE NON-COMPLIANT PARTY AND/OR COUNSEL TO ANY SANCTIONS AUTHORIZED BY LAW.

//

//

-14-

IT IS SO ORDERED.

DATED:     February 26, 2014

_____
YVETTE M. PALAZUELOS
JUDGE OF THE SUPERIOR COURT

| PLAINTIFF/PETITIONER: Behnam Khani | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ford Motor Company | BC466626 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1.  I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*
    1875 Century Park East, Suite 700, Los Angeles, CA   90067

2.  I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

    a.  ☐ deposited the sealed envelope with the United States Postal Service.

    b.  ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.  The *Notice of Entry of Judgment or Order* was mailed:

    a.  on *(date):* March 4, 2014

    b.  from *(city and state):* Los Angeles,CA   90067

4.  The envelope was addressed and mailed as follows:

    a.  Name of person served:
        Mary Arens, Esq. Baker & Hostetler LLP

        Street address: 65 East State Street, #2100

        City: Columbus

        State and zip code: Ohio   43215-4260

    b.  Name of person served:
        Mary Arens, Esq. Baker & Hostetler LLP

        Street address: 600 Anton Blvd., Suite 900

        City: Costa Mesa

        State and zip code: California 92626

    c.  Name of person served:

        Street address:

        City:

        State and zip code:

    d.  Name of person served:

        Street address:

        City:

        State and zip code:

    ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5.  Number of pages attached  _17_ .

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 5, 2014

Jennifer Barrios                                             ▶
(TYPE OR PRINT NAME OF DECLARANT)                            (SIGNATURE OF DECLARANT)

Page 2 of 2

CIV-130 [New January 1, 2010]          **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

Martin Dean's
ESSENTIAL FORMS™                                             Khani

# EXHIBIT 2

Benjeman R. Beck (State Bar No. 268617)
bbeck@slpattorney.com
Angela Dailey (State Bar No. 278572)
adailey@slpattorney.com
STRATEGIC LEGAL PRACTICES, APC
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile:  (310) 943-3838

Neil Gieleghem (State Bar No. 107389)
ngieleghem@sbcglobal.net
LAW OFFICES OF NEIL GIELEGHEM
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 284-3253

Attorneys for Plaintiff STEPHEN VANWAUS

ORIGINAL FILED

MAY 09 2017

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| STEPHEN VANWAUS,<br><br>           Plaintiff,<br><br>v.<br><br>FCA US, LLC; and DOES 1 through 10, inclusive,<br><br>           Defendants. | Case Number: BC591282<br><br>Hon. Howard Halm<br>Dept. 53<br><br>**JOINT STIPULATION RE PARTIES AGREEMENT RE JUDGMENT OF JURY VERDICT AND ATTORNEY FEES, COSTS AND EXPENSES**<br><br>Case Initiated:  August 13, 2015<br>Hearing Date:  May 17, 2017 |

- 1 -

JOINT STIPULATION RE PARTIES AGREEMENT RE JUDGMENT OF JURY VERDICT AND ATTORNEY FEES,
COSTS, AND EXPENSES

Plaintiff STEPHEN VANWAUS ("Plaintiff"), Defendant FCA US, LLC, ("Defendant"), through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on February 28, 2017 the Court signed the Judgment of Jury Verdict awarding Plaintiff damages;

WHEREAS, on March 16, 2017, Plaintiff filed his Memorandum of Costs;

WHEREAS, on April 5, 2017, Defendant filed its Motion to Tax Costs;

WHEREAS, on April 12, 2017, Plaintiff filed his Motion for Attorney Fees;

WHEREAS, on April 21, 2017, Defendant filed a Notice of Undertaking for Appeal;

WHEREAS, on April 28, 2017, Defendant filed its Opposition to Plaintiff's Motion for Attorney Fees;

WHEREAS, on May 2, 2017, the Parties reached an agreement to resolve this matter short of an appeal;

WHEREAS, Defendant agrees to take its May 17, 2017 Motion to Tax Costs off-calendar;

WHEREAS, Plaintiff agrees to take his May 17, 2017 Motion for Attorney Fees off-calendar;

WHEREAS, the Parties agree to have the Court retain jurisdiction pursuant to Code of Civil Procedures Section 664.6 over the Parties' settlement agreement attached hereto as **Exhibit 1** and set an Order to Show Cause hearing;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Defendants, through the undersigned counsel as follows:

Plaintiff STEPHEN VANWAUS and Defendant FCA US, LLC, by and through their respective attorneys of record hereby stipulate to allow the Court to remove and place off-calendar both the Motion for Attorney Fees and Motion to Tax Costs presently set for May 17, 2017 and retain jurisdiction pursuant to CCP Section 664.6 to enforce its terms therein, as well as set an Order to Show Cause hearing to an appropriate date for the Court's calendar.

- 2 -

JOINT STIPULATION RE PARTIES AGREEMENT RE JUDGMENT OF JURY VERDICT AND ATTORNEY FEES, COSTS, AND EXPENSES

Dated: May 4 , 2017                    STRATEGIC LEGAL PRACTICES, APC

                                       By: _____
                                       BENJEMAN BECK
                                       Attorneys for Plaintiff, STEPHEN
                                       VANWAUS

Dated: May 4 , 2017                    GATES, O'DOHERTY, GONTER & GUY, LLP

                                       By: _____
                                       MATHEW PROUDFOOT
                                       Attorneys for Defendants FCA US, LLC

- 3 -

JOINT STIPULATION RE PARTIES AGREEMENT RE JUDGMENT OF JURY VERDICT AND ATTORNEY FEES, COSTS, AND EXPENSES

[PROPOSED] ORDER

Upon consideration of the Joint Stipulation and [Proposed] Order to remove both the May 17, 2017 Motion for Attorney Fees and Motion to Tax Costs and good cause appearing therefor:

**IT IS ORDERED** that:

The Court will retain jurisdiction pursuant to Code of Civil Procedure Section 664.6 to enforce the terms of the settlement and remove both the May 17, 2016 Motion for Attorney Fees and May 17, 2017 Motion to Tax Costs off-calendar.

Based on the written settlement agreement the

The Order to Show Cause Hearing is set at _____.

Case is dismissed with the court to return jurisdiction under

**IT IS SO ORDERED.**                    to    @ 8:30 AM D/53

                                                                    CCP 664.6. Plaintiff to give notice

DATED: 5/9/2017 _____          _____

                                         JUDGE OF THE SUPERIOR COURT

                                         JUDGE HOWARD L. HALM

- 4 -

## AGREEMENT RE JUDGMENT OF JURY VERDICT AND ATTORNEY FEES, COSTS, AND EXPENSES

1.      This Agreement is entered into between PLAINTIFF STEPHEN VANWAUS and DEFENDANT FCA US, LLC in the lawsuit entitled STEPHEN VANWAUS v. FCA US, LLC, State of California Superior Court, County of Los Angeles, BC591282 (hereinafter "Subject Action.")

2.      On February 28, 2017, the Court signed the Judgment of Jury Verdict awarding Plaintiff STEPHEN VANWAUS **FORTY THOUSAND TWO HUNDRED AND FORTY DOLLARS AND 98/100 ($40,240.98)** in actual damages and **EIGHTY THOUSAND FOUR HUNDRED AND EIGHTY-ONE DOLLARS AND 96/100 ($80,481.96)** in additional damages for a total of **ONE HUNDRED TWENTY THOUSAND SEVEN HUNDRED AND TWENTY-TWO DOLLARS AND 94/100 ($120,722.94)** inclusive of the loan payoff to the lender.

3.      On March 16, 2017 Plaintiff filed his Memorandum of Costs in the amount of $58,488.58. Plaintiff's costs and expenses in the amount of $39,768.26 and prejudgment interest from the date the complaint was filed on August 13, 2015 to entry of judgment in the amount of $18,720.32.

4.      On April 5, 2017, Defendant filed its Motion to Tax Costs in the amount of $51,56.31.

5.      On April 12, 2017 Plaintiff filed his Motion for Attorney Fees in the amount of $256,631.75. Plaintiff's requested lodestar of $172,754.50 plus a 0.50 multiplier enhancement of $83,877.25. Defendant filed its Opposition on April 28, 2017.

6.      On April 21, 2017, Defendant filed a Notice of Undertaking for Appeal.

5.      On May 2, 2017, the Parties reached an agreement to resolve this matter short of an appeal for $120,722.94 in damages per the Judgment that was entered in this matter, and $200,000.00 in attorney fees, costs, and expenses pursuant to California Civil Code Section 1794(d). However, as part this agreement, Defendant will not pay any-prejudgment or post-judgment interest. Defendant has also agreed not to appeal the underlying judgement.

7.      Accordingly, within 30-days of the execution of this agreement by both parties, Defendant FCA US, LLC will pay **THREE HUNDRED TWENTY THOUSAND AND SEVEN HUNDRED TWENTY-TWO DOLLARS AND 94/100 ($320,722.94)**, made payable as follows:

   a. FCA US, LLC will issue one check made payable to: "Stephen Vanwaus and Strategic Legal Practices, APC, attorney-client trust account" in the amount of **THREE HUNDRED FOUR THOUSAND AND THREE HUNDRED SIX DOLLARS AND 19/100 ($304,306.19).**

   b. FCA US, LLC will also pay a loan payoff of **SIXTEEN THOUSAND FOUR HUNDRED AND SIXTEEN DOLLARS AND 75/100 ($16,416.75)** to Wells Fargo with loan account number 8451555515. Any overpayment to the lender shall be paid to Plaintiff.

8.      The vehicle surrender shall take place upon a mutually agreeable date, location and time.

9.      Plaintiff agrees to dismiss with prejudice the Subject Action as soon as Plaintiff receives all amounts due under this agreement, including payment of attorney fees, costs and expenses.

10.     The parties further agree that the Court will maintain jurisdiction pursuant to Code of Civil Procedure Section 664.6 and this settlement agreement shall be fully enforceable by any party hereto pursuant to the provisions of Code of Civil Procedure Section 664.6.

DocuSigned by:

_Stephen A. Vanwaus_                          5/4/2017
_____        _____
**STEPHEN VANWAUS**                               **Date**


_____        __5/3/2017__
Name: KRIS W. KRUEGER
**On behalf of Defendant FCA US, LLC**               **Date**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Strategic Legal Practices, 1840 Century Park East, Suite 430, Los Angeles, California 90067.

On **May 5, 2017** , I served the document(s) described as:

### JOINT STIPULATION RE PARTIES AGREEMENT RE JUDGMENT OF JURY VERDICT AND ATTORNEY FEES, COSTS AND EXPENSES

on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [   ] as stated on the attached service list:

| |
|---|
| Matthew M. Proudfoot<br>**Gates, O'Doherty, Gonter & Guy, LLP**<br>38 Discovery, Suite 200<br>Irvine CA 92618 |

[ ]    **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ X]    **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

[ ]    **BY PERSONAL SERVICE:** I caused the attached to be delivered, enclosed in an envelope, by hand to the offices of the addressee(s) named herein.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this **May 5, 2017**, at Los Angeles, California

Lilia Madrid
Type or Print Name                              Signature

Page 1

**PROOF OF SERVICE**

# EXHIBIT 3

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 09/27/17 | | DEPT. 19 |
| HONORABLE STEPHANIE M. BOWICK | JUDGE B. GARCIA | DEPUTY CLERK |
| HONORABLE #12 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| C. LAM, C.A. | Deputy Sheriff JENNIFER TAT, #13773 PRO-TEMPORE | Reporter |

| | | | | |
|---|---|---|---|---|
| 8:31 am | BC556964 | Plaintiff Counsel | NEIL GIELEGHEM BENJEMAN BECK | (X) (X) |
| | NORMA FULLER VS CHRYSLER GROUP LLC | Defendant Counsel | SABRINA NARAIN | (X) |
| | NOT RELATED/BC559836 | | | |

NATURE OF PROCEEDINGS:

MOTION OF PLAINTIFF, NORMA FULLER, FOR ATTORNEY FEES;

The matter is called for hearing.

The Stipulation and Order to Use Certified Shorthand Reporter appointing official Court reporter pro tempore in the current proceedings is signed and filed this date.

After hearing argument from the parties, the Court takes the matter under SUBMISSION.

LATER:

RULING ON SUBMITTED MATTER;

MOTION OF PLAINTIFF, NORMA FULLER, FOR ATTORNEY FEES;

In the matter heretofore submitted this morning, the Court now renders its decision as follows:

For all the reasons as detailed in the Court's written "Ruling", consisting of 4 pages, signed and filed this date, under separate cover, the Court rules as follows:

After consideration of the briefing filed and oral argument at the hearing, Plaintiff's Motion for Attorney Fees is GRANTED.

Page    1 of 3    DEPT. 19.

MINUTES ENTERED
09/27/17
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/27/17                                                           DEPT. 19

HONORABLE STEPHANIE M. BOWICK      JUDGE    B. GARCIA            DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR
#12                                         JENNIFER TAT #13773
          C. LAM, C.A.      Deputy Sheriff   PRO TEMPORE          Reporter

| 8:31 am | BC556964 | | Plaintiff<br>Counsel | NEIL GIFLEGHEM<br>BENJEMAN BECK | (X)<br>(X) |
|---|---|---|---|---|---|
| | NORMA FULLER<br>VS<br>CHRYSLER GROUP LLC | | Defendant<br>Counsel | SABRINA NARAIN | (X) |
| | NOT RELATED/BC559836 | | | | |

NATURE OF PROCEEDINGS:

An "Order Granting Plaintiff's Motion for Attorney Fees" is signed and filed this date.

Counsel for Plaintiff to give notice.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the above-entitled minute order and "Ruling" upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the Stanley Mosk Courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: September 27, 2017

Sherri R. Carter, Executive Officer/Clerk

By: _____
       B. Garcia, Deputy Clerk

Page 2 of 3      DEPT. 19

MINUTES ENTERED
09/27/17
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES

DATE: 09/27/17                                                                DEPT. 19

HONORABLE STEPHANIE M. BOWICK          JUDGE    B. GARCIA          DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM                    ELECTRONIC RECORDING MONITOR
#12                                              JENNIFER TAT, #13773
         C. LAM, C.A.          Deputy Sheriff      PRO-TEMPORE          Reporter

---

8:31 am  BC556964                          Plaintiff   NEIL GIELEGHEM    (X)
                                           Counsel     BENJEMAN BECK     (X)
         NORMA FULLER
         VS                                Defendant   SABRINA NARAIN    (X)
         CHRYSLER GROUP LLC                Counsel


         NOT RELATED/BC559836

---

NATURE OF PROCEEDINGS:


STRATEGIC LEGAL PRACTICES, APC
Benjeman Beck
1840 Century Park East,
Suite 430
Los Angeles, CA 90067

Page  3 of 3   DEPT. 19

MINUTES ENTERED
09/27/17
COUNTY CLERK

RULING ✕ (ourt's) (opy ✕

| | |
|---|---|
| **HEARING DATE:** | September 27, 2017 |
| **CASE NAME:** | *Norma Fuller v. FCA US, LLC* |
| **CASE NUMBER:** | BC556964 |
| **DATE FILED:** | September 9, 2014 |
| **TRIAL DATE:** | None. Judgment entered June 13, 2017 |
| **CALENDAR NUMBER:** | 12 |
| **PROCEEDING:** | Plaintiff's Motion for Attorney Fees |
| **MOVING PARTY:** | Plaintiff, Norma Fuller |
| **OPPOSING PARTY:** | Defendant FCA US, LLC |

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 27 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy

## RULING

After consideration of the briefing filed and oral argument at the hearing, Plaintiff's Motion for Attorney Fees is GRANTED. Order signed this date. Counsel for Plaintiff to give notice.

## DISCUSSION

As an initial matter, Plaintiff's Request for Judicial Notice is granted.

On June 13, 2017, the court entered judgment on the jury verdict in favor of Plaintiff Norma Fuller and against Defendant FCA US, LLC in the amount of $109,357.05. Plaintiff moves for her attorneys' fees pursuant to Civil Code section 1794(d) and Defendant requests the court reduce the claimed fees.

Plaintiff sees $189,643.50 in attorneys' fees for Strategic Law Practices for 480.30 hours of attorney time, $25,545.00 in attorneys' fees for the Law Offices of Neil Gieleghem for 39.30 hours of attorney time, an anticipated $5,000.00 for fees incurred through the hearing on this motion, and a 0.50 multiplier enhancement totaling $107,594.25.

Pursuant to Civil Code section 1794(d), "[i]f the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." As stated by the court in *Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462:

> The statute requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable. These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved. If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount. A prevailing buyer has the

1

RULING

burden of 'showing that the fees incurred were "allowable," were "reasonably necessary to the conduct of the litigation," and were "reasonable in amount."'

(*Goglin, supra* at 470 quoting *Nightingale v. Hyundai Motor America* (1994) 31 Cal.App.4th 99, 103.) However, "[t]he lodestar method is applicable to calculating attorney fees under section 1794, subdivision (d)." (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 997.) "The law is clear, however, that an award of attorney fees may be based on counsel's declarations, without production of detailed time records. (*Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1375.) Here, Plaintiff provided detailed time records for the work involved.

"A trial court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case." (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1321.) The Court "need not simply award the sum requested. To the contrary, ascertaining the fee amount is left to the trial court's sound discretion." (*Id.*) "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. The court may also consider whether the amount requested is based upon unnecessary or duplicative work." (*Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 448.) "The basis for the trial court's calculation must be the actual hours counsel has devoted to the case, less those that result from inefficient or duplicative use of time." (*Horsford v. Board Of Trustees Of California State University* (2005) 132 Cal.App.4th 359, 395.)

In Opposition, Defendant contends that "GLM did not file a notice of appearance in Plaintiff's case" and therefore its fees should be disallowed. (Opp. at 6.) The Court disagrees. The Gieleghem Law Office filed a notice of association on June 7, 2016 and November 4, 2016. Moreover, Defendant's contention is contrary to California law. (*Mix v. Tumanjan Development Corp.* (2002) 102 Cal.App.4th 1318, 1325 ("There is no authority or reason to require a formal association on the record in order for attorney fees to be recoverable.").)

Defendant cites *Nightingale v. Hyundai Motor America* (1994) 31 Cal.App.4th 99 and contends "Plaintiff's fee motion does not include a declaration from the Plaintiff herself providing evidence that she agreed to pay SLP and GLM the hourly rates and amounts sought in this fee motion." (Opp. at 6.) In *Nightingale*, the court limited the attorneys' fee award to those incurred at the hourly rated stated in the plaintiff's fee agreement. (Nightingale, supra at 104 ("the buyer admittedly was being billed for and was liable for attorney fees only at the hourly rate of $120 per hour.").) However, Plaintiff's counsel took this case on a contingent basis. (Shahian Decl. ¶ 39. *See also Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 818 ("Fleetwood first contends that the award is improper because the Robertsons did not "incur" any attorney's fees. The argument is apparently based on the fact that there was a contingent fee arrangement. We reject Fleetwood's contention.").) In a contingency case, such as this one, the lodestar method applies. (*Robinson, supra* at 818–19.)

Defendant also contends, without citation to authority, that the failure to provide a written contingency agreement should result in denial of the fee motion, citing Business & Professions

2

RULING

Code section 6147 which requires an attorney to provide the client with a written contingency fee agreement. (Opp. at 6.) In addition to being unsupported by any legal authority, Defendant's argument is unpersuasive as the statute is designed to protect clients, not opposing counsel, and specifically enables an attorney to recover a "reasonable fee" if the client properly voids an improper contingency fee arraignment. (Bus. & Prof. Code, § 6147(b).)

Defendant cites California Rules of Professional Conduct Rule 2-200 and speculates as to the nature of the agreement between Plaintiff and GLM. (Opp. at 7.) Defendant cites no authority for the proposition that Rule 2-200 has any relevance in a fee motion. Defendant cites *Chambers v. Kay* (2002) 29 Cal.4th 142, 147, which was a breach of contract action wherein 2-200 operated as a defense to a claim for legal services and therefore has no relevance here. As the court noted in *Chambers*, "rule 2-200 aims to protect clients." (*Id.* at 162.) The court in *Strong v. Beydoun* (2008) 166 Cal.App.4th 1398, another case involving Rule 2-200 as a defense to an attorneys' cause of action for quantum meruit, similarly noted "Rule 2-200 was adopted for the protection of the client." (*Id.* at 1404.) Defendant's argument is unpersuasive.

Defendant argues that the claimed attorney fees are excessive. The Court reviews the briefing and hears oral argument regarding the fees claimed by GLM. The Court is satisfied with the explanation as to why Strategic Law Practices requested the assistance of outside counsel. The Court finds the hourly rate of $650.00 per hour reasonable based upon the years of practice and experience of Neil Gieleghem. The fees requested of $25,545.00 for GLM are granted.

Defendant's objection to the alleged block-billing, (Opp. at 12), citing the anti-SLAPP attorneys' fee determination in *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426 is inapplicable here. "[T]he anti-SLAPP statute's fee provision applies only to the motion to strike. and not to the entire action." (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1324.) "[B]lock billing is not objectionable per se, though it certainly does increase the risk that the trial court. in a reasonable exercise of its discretion, will discount a fee request. Block billing is particularly problematic in cases where there is a need to separate out work that qualifies for compensation under section 1021.5 from work that does not." (*Jaramillo v. County of Orange* (2011) 200 Cal.App.4th 811, 830.) "Trial courts retain discretion to penalize block billing when the practice prevents them from discerning which tasks are compensable and which are not." (*Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 1010.) The Court finds that there are no entries in the billing that are unclear, unreasonable. duplicative, unnecessary or inappropriately billed in a manner which prevents the Court from analyzing reasonableness.[1]

### *Hourly Rate*

"The reasonable hourly rate is that prevailing in the community for similar work." (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095.) "The experienced trial judge is the best judge of the value of professional services rendered in [her] court." (*Id.*) In Opposition, Defendant contends the claimed hourly rates are unreasonable. (Opp. at 9-13.) However, Plaintiff has provided numerous examples of counsel's hourly rates being approved in Los Angeles courts. (Shahian Decl. ¶¶ 3-35, Ex. 12-21) "[R]ate determinations in other cases,

---

[1] Defendant fails to specify any entries that are duplicative.

RULING

particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." (*Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 1009.) Thus, the Court finds the hourly rates claimed by Plaintiff's counsel are reasonable.[2] An award of $189,643.50 is granted to Strategic Legal Practices, APC. The Court also awards an additional $5,000 for the attorney fee motion.

### *Multiplier*

The lodestar amount "may be adjusted by the court based on factors including (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." (*Bernardi v. County of Monterey* (2008) 167 Cal.App.4th 1379, 1399.) The purpose of any lodestar and the increase thereto "is intended to approximate market-level compensation for such services" and is entirely discretionary. (*Id.*) "The purpose of a fee enhancement is not to reward attorneys for litigating certain kinds of cases, but to fix a reasonable fee in a particular action." (*Weeks v. Baker & McKenzie* (1998) 63 Cal.App.4th 1128, 1171-72.) The Court finds that 1) Plaintiff's counsel obtained an excellent result under the circumstances of the case, and 2) Defendant fervently fought this litigation at every turn.[3] Plaintiff's counsel demonstrated skill in litigating the matter and vigorously represented Plaintiff for a successful result in case involving facts that were not all favorable to Plaintiff, including her continuing to drive the vehicle for a considerable amount of additional miles after the defect was known and making repairs outside of the dealership. This was not your "typical" Lemon Law case, and involved difficult issues. Moreover, Plaintiff's counsel's representation was exceptional. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1139). Accordingly, a multiplier enhancement of 0.50 is warranted.

### *Conclusion*

The Court grants a total attorney fee award of $327,782.75, which includes: 1) $189,643.50 to Strategic Legal Practices, APC; 2) $25,545 to the Law Offices of Neil Gieleghem; 3) A 0.50 multiplier enhancement in the amount of $107,594.25; and 4) an additional $5,000 for the attorney fee motion.

Finally, Defendant addresses the issue of claimed costs, which is the proper subject of a future motion to tax, set for hearing on November 27, 2017.

IT IS SO ORDERED.

Date: 9/27/2017

Hon. Stephanie Bowick
Judge of the Superior Court

---

[2] The Court does not find the case was "overstaffed" given the nature of this litigation and issues involved, including discovery.

[3] In fact, Defendant waited until trial proceedings were to begin before agreeing to restitution and repurchase of the vehicle.

4

# EXHIBIT 4

Michael Devlin (State Bar No. 265365)
mdevlin@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone:   (310) 929-4900
Facsimile:   (310) 943-3838

Attorneys for Plaintiff RUZANNA KAZARYAN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| RUZANNA KAZARYAN, | Case No.: BC574416 |
| Plaintiff, | *Case Initiated: March 4, 2015* |
| vs. | Hon. Frederick C. Shaller<br>Dept. 46 |
| MERCEDES-BENZ USA, LLC; | |
| Defendant. | **NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR FEES, COSTS, AND EXPENSES** |
| | Date:     February 27, 2018<br>Time:     8:30 a.m.<br>Dept:     46 |

---

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the Court, Hon. Frederick C. Shaller, having on February 27, 2018, heard Plaintiff's Motion for Fees, Costs, and Expenses (the "Motion"); and

The Court having considered the moving, opposition, reply papers, and the arguments of counsel appearing (Michael Devlin, Esq. for Plaintiff and Benson Douglas, Esq., Ashley Oaks, Esq. for Defendants); and

Good cause appearing, ruled as follows:

1. The Motion is granted.

2. The Court awards Plaintiff $207,216.00 in attorney's fees. Such amount consists of the following:

   a. SLP's lodestar of $182,956.00 and $3,500 for the Reply brief and attending the hearing.

   b. Gieleghem Law Office 51.9 hours at a rate of $400.00/hr – totaling $20,760.

3. Accordingly, Defendant shall pay $186,456.00 to Strategic Legal Practices and $20,760.00 to Gieleghem Law Office.

4. Plaintiff is ordered to file a Memorandum of Costs within ten (10) days.

5. Attached hereto is a true and correct copy of the Court's Tentative Ruling that became the Court's Final Order (with the issue of the $220,191.00 figure appearing on the first page being clarified to $207,216.00.

6. Plaintiff volunteered to give Notice.

Dated: February 22, 2018

Respectfully submitted,
Strategic Legal Practices, APC

By: _____
Michael Devlin, Attorneys for Plaintiff

1

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Strategic Legal Practices, 1840 Century Park East, Suite 430, Los Angeles, California 90067.

On **February 27, 2018,** I caused to be served the document(s) described as:

**NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR FEES, COSTS, AND EXPENSES** on the interested parties in this action by sending   [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [   ] as stated on the attached service list:

Kate Lehrman
Jacqueline Chinery
LEHRMAN LAW GROUP
12121 Wilshire Boulevard, Suite 1300
Los Angeles, CA 90025

[✓]    **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[  ]    **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[  ]    **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[  ]    **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[  ]    **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery.  Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid.  The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **February 27, 2018,** at Los Angeles, California.

_____        _____
Type or Print Name                                                      Signature

2

NOTICE OF RULING RE: PLAINTIFF'S MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY OF
DEFENDANT'S PERSON MOST KNOWLEDGEABLE

**Case Number:** BC574416
RUZANNA KAZARYAN VS MERCEDES-BENZ USA LLC

**Filing Date:** 03/04/2015
**Case Type:** Othr Breach Contr/Warr-not Fraud

**02/27/2018**
Motion for Attorney Fees

NOTICE OF TENTATIVE RULING AND PROCEDURE
FOR SUBMISSION WITHOUT HEARING

The parties may submit to the tentative ruling without appearing for the hearing if you follow these instructions: (1) If ALL PARTIES (except if no other parties have appeared, only Plaintiff) have read the tentative ruling and ALL PARTIES agree and submit to the tentative ruling, then court appearances may be waived.  The matter will remain on calendar and the tentative ruling will be adopted as the FINAL RULING and entered on the date of the hearing; (2) If ALL PARTIES SUBMIT, the Court  directs ONE PARTY REPRESENTATIVE to send an email to smcdept46@lacourt.org, at least one day prior to the hearing date, to advise the Court  that ALL PARTIES SUBMIT, also STATING WHICH PARTY WILL GIVE NOTICE, or if NOTICE IS WAIVED; (3) Please refrain from sending individual emails to smcdept46@lacourt.org with a request to modify the tentative ruling or indicate one party submits but waiting to hear from the other side, as these emails will not be considered.  ALL PARTIES must appear in Court.  Needless to say, if parties do not submit, there is NO NEED to contact the Court.  The Court expects to see you on the date of the hearing; (4) If there is a signed Order or Judgment, and you have provided an extra copy to be conformed and an attorney service return slip, this will be available for pick up in Dept. 46 attorney service pick-up box the next business day.

TENTATIVE RULING

Defendant's Objections to Plaintiff's Request for Judicial Notice is GRANTED.

Plaintiff's Objections to the Declaration of Ashly Oaks are Sustained except Objection 1 is Overruled.

Ruzanna Kazaryan's Motion for Attorney's Fees is GRANTED in Part. Plaintiff is awarded Attorney Fees in the amount of $220,191.00. Plaintiff to submit an order.

Relative to costs, Plaintiff is ordered to file and serve a Memorandum of Costs within 10 days. Thereafter the Defendant may file a motion to tax costs for any disputed cost items.

See discussion

11

2

## DISCUSSION

On 3/4/15, Plaintiff ("P" or "Plaintiff") filed her complaint for (1) Violation of CC §1793.2(d); (2) Violation of CC § 1793.2(b); (3) Violation of CC § 1793.2(a)(3); (4) Breach of Express Written Warranty; (5) Breach of the Implied Warranty of Merchantability and (6) Violation of the Magnuson-Moss Warranty Act against Defendant Mercedes-Benz USA, LLC (hereinafter, "D" or "Defendant") and DOES 1-10. On 2/14/17, D filed its First Amended Answer. On 8/28/17, the parties filed their Notice of Settlement.

CCP §1032(a)(4), in part, defines a "prevailing party" as "the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant…" Subsection (b) provides that "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

CCP § 1033.5 states in relevant part:

> "(a) The following items are allowable as costs under Section 1032:
>
> …
>
> (10) Attorney's fees, when authorized by any of the following:
>
> (A) Contract.
>
> (B) Statute.
>
> (C) Law.
>
> …
>
> (c) An award of costs shall be subject to the following:
>
> …
>
> (5)(A)…

3

> Attorney's fees allowable as costs pursuant to subparagraph (A) or (C) of paragraph (10) of subdivision (a) shall be fixed either upon a noticed motion or upon entry of a default judgment, unless otherwise provided by stipulation of the parties.

Civil Code §1794 states in relevant part:

> "(d) If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

There is no disagreement that Plaintiff is the prevailing party even though the case resolved by way of settlement; what remains for this court to resolve is the matter of the amount of fees and costs owed.

Costs

Plaintiff indicates in a footnote at the end of her motion that the parties agreed to file a single motion for fees and costs. The usual procedure is somewhat different, because costs are awarded as a matter of right (see Brown v. Desert Christian Center (2011) 193 C.A.4th 733, 737), and are smaller items that need to be specifically spelled out in ways that attorney fees do not (see discussion below). Where there is any doubt as to the proper procedure, the prevailing party is to file a memorandum of costs. See Hytratec, Inc. v. Sun Valley 260 Orchard & Vineyard Co. (1990) 223 C.A.3d 924, 928-929.

Once the memorandum of costs is filed, the other party has the option to challenge it. Jones v. Dumrichob (1998) 63 C.A.4th 1258, 1267. The burden on such a challenge is split. Where the item appears proper on its face, the challenging party bears the burden of proving any item was unreasonable and unnecessary. Bender v. County of Los Angeles (2013) 217

4

C.A.4th 968, 989; see also Nelson v. Anderson (1999) 72 C.A.4th 111, 131. To bear this burden, the challenging party must produce more than plain argument, supported only by the declaration of its own counsel. Adams v. Ford Motor Co. (2011) 199 C.A.4th 1475, 1486-87. On the other hand, where an item appears improper on its face, the prevailing party bears the burden of producing evidence to support that item. Ladas v. California State Auto. Assn. (1993) 19 C.A.4th 761, 774; Oak Grove School Dist. of Santa Clara County v. City Title Ins. Co. (1963) 217 C.A.2d 678, 698.

The particularity required by these procedures means that the parties cannot simply agree to "combine" motions for fees and costs. Indeed, there is no "motion for costs." Costs are awarded as of right; no motion required. A motion to tax costs would be filed by Defendant; the motion for attorney's fees was (as it should be) filed by Plaintiff. The cross-motions cannot be combined in this manner. This is especially true given the itemized nature of costs and the differing burdens at play between the motions and within a motion to tax costs itself. The court is not required to leaf through the bills provided by Plaintiff to search out the provenance of each small item, and declines to do so. Plaintiff is ordered to file a memorandum of costs for this court's review, to which Defendant may object in writing. No further hearing is necessary unless Defendant files a motion to tax costs.

## Attorney Fees

"To enable the trial court to determine whether attorney fees should be awarded and in what amount, an attorney should present "(1) evidence, documentary and oral, of the services actually performed; and (2) expert opinion, by [the applicant] and other lawyers, as to what would be a reasonable fee for such services." (1 Witkin, Cal. Procedure (3d ed. 1985) § 165, p. 192; Hensley v. Eckerhart (1983) 461 U.S. 424, 433, 437 [76 L.Ed.2d 40, 50, 53, 103 S.Ct. 1933]; see Los Angeles v. Los Angeles-Inyo Farms Co. (1933) 134 Cal.App. 268, 274 [25 P.2d 224].) "In many cases the trial court will be aware of the nature and extent of the attorney's services from its observation of the trial proceedings and the pretrial

and discovery proceedings reflected in the file." (*In re Marriage of Cueva*, *supra.*, 86 Cal.App.3d at p. 301, fn. omitted.) However, in the absence of such crucial information as the number of hours worked, billing rates, types of issues dealt with and appearances made on the client's behalf, the trial court is placed in the position of simply guessing at the actual value of the attorney's services. That practice is unacceptable and cannot be the basis for an award of fees." Martino v. Denevi (1986) 182 C.A.3d 553, 558-559.

"In determining the amount of reasonable attorney fees to be awarded under a statutory attorney fees provision, the trial court begins by calculating the 'lodestar' amount…[t]he 'lodestar' is 'the number of hours reasonably expended multiplied by the reasonable hourly rate.' (Citation.) To determine the reasonable hourly rate, the court looks to the 'hourly rate prevailing in the community for similar work.' (Citation.) Using the lodestar as the basis for the attorney fee award 'anchors the trial court's analysis to an objective determination of the value of an attorney's services, ensuring that the amount awarded is not arbitrary. (Citation.)'" Bernardi v. County of Monterey (2008) 167 C.A.4th 1379, 1393-1394.

"Some federal courts require that an attorney maintain and submit 'contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney' in support of an application for attorney fees…[i]n California, an attorney need not submit contemporaneous time records in order to recover attorney fees…[t]estimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records." Martino v. Denevi (1986) 182 Cal.App.3d 553, 559. "[A]n award of attorney fees may be based on counsel's declarations, without production of detailed time records." Raining Data Corp., 175 Cal.App.4th at 1375. "'"[P]adding' in the form of inefficient or duplicative efforts is not subject to compensation.'" Premier Medical Management Systems, Inc. v. California Insurance Guarantee Association (2008) 163 C.A.4th 550, 556.

11

"[T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. (Serrano III, *supra*, 20 Cal.3d at p. 49, 141 Cal.Rptr. 315, 569 P.2d 1303.) The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services. The " 'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.' " (Ibid.)" Ketchum v. Moses (2001) 24 C.4th 1122, 1132.

"[T]he contingent and deferred nature of the fee award in a civil rights or other case with statutory attorney fees requires that the fee be adjusted in some manner to reflect the fact that the fair market value of legal services provided on that basis is greater than the equivalent noncontingent hourly rate. (Ketchum v. Moses, *supra*, 24 Cal.4th at pp. 1132–1133, 104 Cal.Rptr.2d 377, 17 P.3d 735.) " 'A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases.' " (Id. at p. 1133, 104 Cal.Rptr.2d 377, 17 P.3d 735, quoting with approval from Leubsdorf, *The Contingency Factor in Attorney Fee Awards* (1981) 90 Yale L.J. 473, 480.) The contingency adjustment may be made at the lodestar phase of the court's calculation or by applying a multiplier to the noncontingency lodestar calculation (but not both). (Ketchum v. Moses, *supra*, 24 Cal.4th at pp. 1133–1134, 104 Cal.Rptr.2d

377, 17 P.3d 735.)" <u>Horsford v. Board of Trustees of California State University</u> (2005) 132 C.A.4th 359, 394-395.

Plaintiff provides detailed billing records showing the following hours expended and hourly rates: 501.4 hours divided between Michael Devlin [$375/hour in 2015, $385/hour in 2016, and $400/hour in 2017]; Gillian Mellon [$325/hour in 2016 and $350/hour in 2017]; Larry Chae [$365/hour in 2015 and $385/hour in 2016]; Armig Khodanian [$295/hour in 2015]; Nicole Vongchanglor [$345/hour in 2015]; and Anna Cronk [$385/hour in 2017] (Declaration of Payam Shahian [hereinafter "Shahian Dec."], ¶¶ 21-33, Exhibit 15) as well as 51.9 hours on the part of Neil Gieleghem @ $650/hour (Declaration of Neil Gieleghem Exhibit A). This brings P to a total of 553.3 hours billed and $220,191.00 in fees. P further requests the award of a 1.35 multiplier, bringing her total request to $297,257.85.

<u>Lodestar Calculation</u>

**Total Hours Properly Billed**

Defendant's objections boil down to a few specific types.

(1) <u>Defendant's objections to Plaintiff's counsel billing for preparing and propounding discovery requests from which Defendant was later sheltered by the court</u>: it is a well-established principal that the mere fact that attorney time expended on a cause resulting in a loss does not make a party's attorney's fees incurred for such purpose unreasonable. See <u>Christiansburg Garment Co. v. Equal Employment Opportunity Commission</u> (1978) 434 U.S. 412, 421-422. As a corollary, fees incurred to defend or prosecute that position are not unreasonable.

(2) <u>Defendants' objection to Plaintiff's counsel billing for motions on which it did not prevail</u>: the same logic applies as stated in response to objection (1).

(3) <u>Defendant's objects to the amount of time billed for some of the motions and for trial preparation, on the basis that this is a garden variety lemon law case which does not require</u>

so much time: this argument represents a mere difference of opinion, and is unsupported by evidence. Defendant's counsel may be more efficient than Plaintiff's counsel, but that is not the issue. The time spent as billed by Plaintiff is not unreasonable.

(4) Defendant's objection to the use of multiple attorneys, particularly the use of junior attorneys to do what Defendant calls "secretarial work:" although there are eight attorneys who billed time on this case, only four worked the case in 2015, four in 2016, and three in 2017. The benefits of having separate sets of eyes going over the same documents are manifest, and whether work is properly secretarial or not depends on the particular circumstances. There is insufficient basis to conclude charges were unreasonable based only on Defendant's second-guessing the decisions of Plaintiff's counsel to use attorney time to perform tasks that perhaps some legal secretaries might be able to perform; they did, after all, prevail.

For the foregoing reasons, the total hours billed by Plaintiff's counsel are not reduced.

**Hourly Rate**

The rates claimed by the above attorneys are not excessive, with one exception: the rate for Neil Gieleghem is in the court's judgment above the range of the reasonable value of the services rendered in this particular situation considering the nature of the litigation and work done in this limited circumstance and these are reduced to $400/hour, commensurate with the rate of Michael Devlin, lead counsel on the case. These rates take into account the contingent nature of the fee award, as required by Ketchum, *supra*, 24 C.4th at 1132-34.

The lodestar figure calculated using the above-determined hours and hourly rate is $207,216.00.

**Multiplier**

Plaintiff seeks a 2.0 multiplier. As noted above, four factors are used to analyze whether a multiplier is appropriate or not: (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. Id. at 1132.

Plaintiff's argument to the first factor (novelty and difficulty of the issues) is essentially that the case was novel and difficult because counsel had to educate themselves on engine mechanics and Plaintiff's vehicle. But this would be true in any lemon law case, and Plaintiff's counsel is a major lemon law firm. By this logic, *all* of counsel's cases are novel and difficult. That conclusion would be unreasonable; this factor does not weigh in favor of a multiplier.

Plaintiff's argument on the second factor (skill displayed) is essentially that she won. Given that those that do not prevail cannot recover attorney's fees, accepting Plaintiff's argument would essentially render the second factor vestigial to the analysis.

Plaintiff does not address the third factor.

The contingent risk has already been accounted for in the calculation of the hourly rate used for the lodestar figure, as permitted under Ketchum, *supra*, 24 C.4th at 1132-34.

For these reasons, no multiplier is granted.

Conclusion

For all the foregoing reasons, Plaintiff is awarded attorney's fees in the lodestar amount of $207,216.00.

Plaintiff is ordered to file and serve a memorandum of costs, to which Defendant may object in writing.

The amount of costs allowed will then added to the final award.

IT IS SO ORDERED:


_____

Frederick C. Shaller, Judge

# EXHIBIT 5



Jacob Cutler (SNB 264988)
jcutler@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorney for Plaintiff KELLY GEREDES

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

APR 03 2018

Sherri R. Carter, Executive Officer/Clerk
By: Marlon Gomez, Deputy



## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KELLY GEREDES,<br><br>          Plaintiff,<br><br>     v.<br><br>CHRYSLER GROUP LLC; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No.: BC523641<br><br>Hon. Monica Bachner<br>Dept. 71<br><br>**NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST**<br><br>Hearing Date:     April 3, 2018<br>Time:                  8:30 am<br>Dept.                   71 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 3, 2018, Plaintiff's Motion for Attorney Fees and Plaintiff's Motion for Prejudgment Interest ("Motions") came for a hearing.

After hearing all the arguments of counsel (Jacob Cutler, Esq. for Plaintiff and Barry Schirm, Esq. for Defendant), and considering the papers submitted in support of and in opposition to the Motions, and good cause appearing, The Court, Honorable Monica presiding ruled as follows:

1. The tentative ruling on both motions (which are attached) were adopted.

2. Defendant is to pay $244,080.50 in attorney's fees.

3. Plaintiff's  Motion for Prejudgment Interest is DENIED.

---

NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST

Dated: April 3, 2018                    STRATEGIC LEGAL PRACTICES, APC


                                 By: _____
                                        JACOB W. CUTLER
                                        Attorney for Plaintiff

1

Ц

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### DEPARTMENT 71

TENTATIVE RULING

| | |
|---|---|
| KELLY GEREDES, | Case No.: BC523641 |
| vs. | |
| CHRYSLER GROUP LLC, et al. | Hearing Date: April 3, 2018 |

**Plaintiff Kelly Geredes' motion for prejudgment interest is denied.**

**Plaintiff's motion for attorneys' fees is granted in the amount of $244,080.50.**

### A. Motion for Prejudgment Interest

Plaintiff Kelly Geredes ("Plaintiff") moves for an award of prejudgment interest as the prevailing party in this action, pursuant to Civil Code §3287. Plaintiff requests an award of $41,905.64 and/or $48,759.00 under Civil Code §3287(a) from the date of the purchase or, in the alternative, under the Court's discretion granted under Civil Code §3287(b), in the amount of $17,379.70 and/or $20,220.60 from the date of the Complaint. (Notice of Motion, pg. 2.)[1]

*Civil Code §3287(a)*

Civil Code §3287(a) provides, in pertinent part, as follows: "A person who is entitled to recover damages certain, or capable of being made certain by

---

[1] In the reply, Plaintiff noted she elected the remedy of implied warranty of merchantability and had the Court enter judgment pursuant to her implied warranty cause of action, which was for the vehicle's total sales price of $48,759.00 and incidental and consequential damages of $3,504.99, for a total amount of $53,010.99. [This appears to be an error. The judgment lists the total amount paid or payable for the vehicle is *$49,506.00* and the award of incidental and consequential damages is $3,504.99, for a total of $53,010.99.] Plaintiff represents she is no longer seeking prejudgment interest as to any of the other causes of action that she did not elect as a remedy for the judgment. (Reply, pg. 1, fn. 2.) (Supplemental Declaration of Cutler ¶3; Exhibit 1.)

calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day…"

"In other words, prejudgment interest is awarded only when the sum is liquidated within the meaning of the statute. [Citation]" (*Duale v. Mercedes-Benz USA, LLC* (2007) 148 Cal.App.4th 718, 728.)

''Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage.' [Citations.]' Thus, '''[t]he test for recovery of prejudgment interest under [Civil Code] section 3287, subdivision (a) is whether *defendant* actually know[s] the amount owed or from reasonably available information could the defendant have computed that amount. [Citation.]' [Citations.] 'The statute … does not authorize prejudgment interest where the amount of damage, as opposed to the determination of liability, 'depends upon a judicial determination based upon conflicting evidence and it is not ascertainable from truthful data supplied by the claimant to his debtor.' [Citations.]' [Citation.] Thus, *where the amount of damages cannot be resolved except by verdict or judgment, prejudgment interest is not appropriate.* [Citation.]' [Citation.]' [Citations]" (*Id.* at 729.)

"The Song-Beverly Consumer Warranty Act does not bar recovery of prejudgment interest under *Civil Code section 3287…*" (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1011.)

In *Duale*, the California Court of Appeal, Third Appellate District, determined the trial court did not err in denying the plaintiffs' posttrial application for prejudgment interest on the jury award in a case based on violation of the Song-Beverly Consumer Warranty Act. (*Duale* at 721, 728.)  The Court of Appeal concluded the "trial court did not err in determining the amount of damages owed plaintiffs by defendant was not calculable prior to trial." (*Id.* at 729.)  The Court of Appeal reasoned that "[d]etermination of the award required the jury to determine (1) whether any of the many defects alleged in the complaint represented a nonconformity, (2) whether any such nonconformity 'substantially impaired [the] use, value, or safety' of the vehicle, and (3) then to determine – for any such nonconformity – the mileage at which plaintiffs first presented the car to defendant for repair." (*Id.*)  "The trial court found that '[a]ll of these issues were contested at the trial' and, further, even as to the single nonconformity found by the jury, whether it substantially impaired the car's use, value or safety and the mileage at which it was first presented to defendant for repair were both in dispute at trial.

2

Thus, the amount of damages could not be resolved except by verdict, and prejudgment interest was not appropriate." (*Id.*)

Plaintiff is not entitled to prejudgment interest under Civil Code §3287(a) because Plaintiff's damages were not certain or capable of being made certain by calculation. (Opposition, pg. 1.) The amount of Plaintiff's damages could not have been resolved except by verdict or judgment in this action. The jury had to determine, among other things, whether the vehicle had a defect that substantially impaired the vehicle's use, value, or safety to a reasonable buyer in Plaintiff's situation, whether Defendant or its authorized repair facility failed to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so, whether Defendant failed to promptly replace or repurchase the vehicle, and the number of miles the vehicle was driven by Plaintiff before it was brought in for repair. (*See* Judgment on Jury Verdict.) The "purchase contract merely provides the amount Plaintiff paid for the car" and the jury was charged with resolving "key issues." (Opposition, pg. 3.) As argued by Defendant FCA US LLC ("Defendant"), "that the jury awarded damages in an amount close in number to the purchase price, or put differently, that the purchase price was 'approximately' the amount of the jury verdict, does not change the analysis under *Duale*: Plaintiff is not entitled to prejudgment interest because the amount of damages could not be resolved except by jury verdict." (Opposition, pg. 3.)[2]

Based on the foregoing, Plaintiff's motion for an award of prejudgment interest under Civil Code §3287(a) is denied.

*Civil Code §3287(b)*

Civil Code §3287(b) provides, as follows: "Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed."

Plaintiff argues the Court has discretion to award prejudgment interest under Civil Code §3287(b). (Motion, pg. 7.) Plaintiff contends "a claim for violation of

---

[2] Defendant also argues "Plaintiff is not entitled to pre-judgment interest under Civil Code section 3287(a) because there has been no finding as to the date of breach of contract. The verdict contains no such finding. There is no evidence that plaintiff's right to recovery vested on any 'particular day,' and no basis for an award of interest 'from that day.' [Citation]" (Opposition, pgs. 3-4.)

3

the Song-Beverly Act is a claim for breach of express warranty, which is a cause of action in contract, Plaintiff specifically requested prejudgment interest in her complaint, Plaintiff is the prevailing party in this action, and, in finding Defendant breached various Song-Beverly obligations, the jury determined the vehicle had defects that substantially impaired its use, value and safety, the vehicle was not repaired within a reasonable number of repair attempts, the vehicle had not been repaired within a reasonable time, Defendant did not provide its dealerships with sufficient repair literature, and Defendant breached the express terms of the warranties provided to Plaintiff. (Motion, pg. 8.)  Plaintiff contends no mileage offset was taken and Plaintiff received the full amount of the purchase of the vehicle.  According to Plaintiff, this means the date of injury was December 28, 2017 (sic), when Plaintiff purchased the vehicle.  (Motion, pg. 8.)[3]  Plaintiff argues the Court should exercise its discretion to award prejudgment interest from the date of the complaint (October 4, 2013) to make Plaintiff whole (at least from that date).  (Opposition, pg. 9.)

Plaintiff argues there are various possible considerations upon which the Court could conclude that prejudgment interest should be awarded, including that Defendant had the opportunity to avoid this litigation altogether had it acknowledged the defective condition when Plaintiff made her repeated repair visits during a time the evidence shows Defendant was aware of this sort of problem in this year, make and model vehicle and remained silent, Plaintiff suffered substantial injury by driving a defective vehicle that was unsafe and impaired the way she could drive the car, Plaintiff has been incurring damages for almost 10 years, Plaintiff has expended money out of pocket to drive the vehicle, Plaintiff lost the time and value of her money, and Defendant received the benefit of Plaintiff's money for years. (Motion, pg. 9.)[4]

---

[3] This is a typographical error; Plaintiff purchased the vehicle on December 28, 2017.  (Devlin Decl. in Support of Motion, ¶ 4, Exh. B.)

[4] (*See A&M Produce Co. v. FMC Corp.* (1982) 135 Cal.App.3d 473, 496-497 ("Few cases have discussed the standards by which a trial court's exercise of discretion under Civil Code section 3287, subdivision (b) are to be judged. [Citation] Nonetheless, we believe several of the factors cited by the trial court support its decision to award prejudgment interest here. First, over seven years passed between the time A & M filed its first complaint and the time judgment was entered.  The fact that the hung jury in the first trial or the granting of the new trial motion after the second trial was not FMC's 'fault' is irrelevant. The award of 7 percent interest to A & M does not penalize FMC for litigating a bona fide dispute; rather, it is merely a recognition of an additional amount of damage incurred by A & M as a result of FMC's breach of warranty. The judgment in this action reflects a conclusion that FMC was liable to A & M for the economic loss of A & M's 1974 tomato crop. Were the judicial process devoid of transaction costs, A & M would have been entitled to reimbursement in 1974. FMC can hardly complain that these transaction costs have essentially allowed it to borrow over $ 325,000 from A & M for 7 years at

4

The Court declines to exercise its discretion to award Plaintiff prejudgment interest under Civil Code §3287(b). Plaintiff filed the instant action on October 4, 2013. The matter was originally set for trial on November 4, 2014. After trial continuances requested by both Plaintiff and Defendant, as well as, continuances by the Court, trial did not commence until October 24, 2017. (*See* Court's 12/13/13, 12/4/14, 11/10/15, 10/28/16, 2/9/17, 4/7/17, 10/13/17, 10/24/17 Minute Orders)(*See also* 6/4/15 Stipulation to Continue Trial Date & Order.) Awarding interest from October 4, 2013, would result in a windfall to Plaintiff, especially considering trial did not take place until more than *four years* after Plaintiff filed the complaint due to multiple continuances, including continuances requested by Plaintiff. Additionally, as discussed above, the jury had to make certain key determinations in this case, including whether the vehicle had a defect that substantially impaired the vehicle's use, value, or safety to a reasonable buyer in Plaintiff's situation, whether Defendant or its authorized repair facility failed to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so, whether Defendant failed to promptly replace or repurchase the vehicle, and the number of miles the vehicle was driven by Plaintiff before it was brought in for repair. (*See* Judgment on Jury Verdict.) Further, the jury's verdict made Plaintiff whole.

Based on the foregoing, Plaintiff's motion for an award of prejudgment interest pursuant to Civil Code §3287(b) is denied.


*Conclusion*

Plaintiff's motion for an award of prejudgment interest is denied.

---

7 percent per year. The trial court was permitted to take cognizance of the exceedingly higher market interest rates during this period in exercising its discretion to award prejudgment interest. [¶] In addition, A & M's 1974 offer to settle the case provides more support for the trial court's conclusion. In June of that year, A & M offered to return the weight-sizer to FMC if FMC would refund the down payment and pay the freight charges. To be sure, FMC was free to refuse this offer in good faith reliance on its position that the disclaimers and exclusions on the preprinted form contract made A & M's claim untenable. In our view, however, the trial court was permitted to view FMC's refusal of A & M's offer as placing the prejudgment interest amount at risk. [Citation] It having been determined that A & M's claim was valid. the trial court properly exercised its discretion in awarding prejudgment interest.").)

B. Motion for Attorneys' Fees

Plaintiff moves for an award of attorneys' fees against Defendant in the amount of $303,600.63 ($238,080.50 in attorneys' fees, plus a multiple of 0.25 - $59,502.13, plus an anticipated additional in excess of $6,000.00 in attorneys' fees incurred in connection with the instant motion), pursuant to Civil Code §1794(d).[5]

Civil Code §1794(d) provides, as follows: "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

Plaintiff is entitled to an award of reasonable attorneys' fees under Civil Code §1794(d) as the prevailing party in this action. Plaintiff's request for attorneys' fees in the amount of $238,080.50 is reasonable and supported. (Declaration of Devlin ¶¶10-44; Exhibits 5-12.) (Declaration of Shahian ¶¶2-7, 20-51; Exhibit 15.) Defendant argues that some of the attorneys' fees incurred were not reasonable. Defendant contends Plaintiff's counsel undertook unnecessary measures on numerous occasions during the work-up of this case, including deposing numerous percipient witnesses from across the state who were at best only incidental to Plaintiff's case-in-chief, Plaintiff did not use the testimony at trial, and Plaintiff was not "forced" to prepare more due to trial continuances. (Opposition, pg. 3.) (Declaration of Schirm ¶¶4-10.) However, Mr. Schirm's conclusory declaration is insufficient to establish Plaintiff's claimed fees were not reasonably incurred. The fact that some of the percipient witnesses were not called to testify does not, in and of itself, establish their depositions were unnecessary. Moreover, Defendant did not establish the claimed fees are inflated and/or otherwise unnecessarily incurred.

The Court, however, denies Plaintiff's request for a multiplier. The Court finds there is no basis to award a multiplier because counsels' time and skill, as well as, the contingent nature of the representation, are compensated with fees and

---

[5] Plaintiff's 2/9/18 request for judicial notice is denied.

Defendant's 3/20/18 evidentiary objections are overruled. Defendant's objections to Plaintiff's request for judicial notice are moot.

6

the fee rates (identified above).  Also, there is nothing before the Court to suggest the relatively straight forward case required extraordinary legal skill and/or required counsel to bear unnecessary risk.

Based on the foregoing, Plaintiff's motion for an award of attorneys' fees is granted in the amount of $244,080.50 ($238,080.50 + $6,000.00 (for fees related to the instant motion).  (Declaration of Shanian ¶¶47-48; Exhibit 15.)

Dated:  April _____, 2018

_____
Hon. Monica Bachner
Judge of the Superior Court

7

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Strategic Legal Practices, 1840 Century Park East, Suite 430, Los Angeles, California 90067.

On **April 3, 2018**, I served the document(s) described as:

### NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PLAINTIFF'S MOTION FOR PREJUDGEMENT INTEREST

on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [   ] as stated on the attached service list:

> Barry R. Schirm
> HAWKINS, PARNELL,
> THACKSTON & YOUNG, LLP
> 445 S. Figueroa Street, Suite 3200
> Los Angeles, CA 90071

[  ]   **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[  ]   **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[  ]   **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[  ]   **BY PERSONAL SERVICE:** I caused the attached to be delivered, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[X]   **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery.  Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid.  The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **April 3, 2018,** at Los Angeles, California.

_____
Kelsie Jones

Page 1

PROOF OF SERVICE

# EXHIBIT 6

Jacob Cutler (SNB 264988)
jcutler@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorney for Plaintiff AHMED AL-JIBOURY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| AHMED AL-JIBOURY,<br><br>                    Plaintiff,<br><br>          v.<br><br>FCA US LLC; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: BC648057<br><br>Hon. Michael J. Raphael<br>Dept. 51<br><br>**NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES**<br><br>Date:   May 25, 2018<br>Time:   8:30 a.m.<br>Dept.:  51 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 25, 2018, Plaintiff's Motion for Attorney Fees, Costs, and Expenses ("Motion") came for a hearing.

After hearing all the arguments of counsel, and considering the papers submitted in support of and in opposition to the Motion, and good cause appearing, The Court, Honorable Michael Raphael presiding ruled as follows:

1. The tentative ruling (which is attached) was adopted as the Court's final ruling.

2. Defendant is to pay $51,168.50 in attorney's fees and $5,616.56 in costs for a total of $56,785.06.

---

NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

Dated: May 25, 2018                          STRATEGIC LEGAL PRACTICES, APC

                                        By: _____
                                             JACOB W. CUTLER
                                             Attorney for Plaintiff

---

1

NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

Español | Tiếng Việt | 한국어 | 中文 |
հայերեն

Search

Home    Online Services          Forms & Filings      Self-Help              Divisions              Jury                    General Info
        Pay Fines, Search Records.   Forms  Filing Fees.    Self-Rep. Info, FAQs, .   Civil, Criminal, Family, .   Jury Duty Portal, Q&A .   Courthouses  ADA  Local Rules .

ONLINE SERVICES

# Tentative Rulings

## DEPARTMENT 51 LAW AND MOTION RULINGS

## Case Number: BC648057    Hearing Date: May 25, 2018    Dept: 51

### Background

This is a "lemon law" action  On February 2, 2018, at the final status conference, counsel for the parties notified the Court that the case was settled

On May 3, 2018, plaintiff filed this opposed motion for attorneys' fees  The Court considered the moving, opposition, and reply papers and rules as follows

### Standard

The party claiming attorneys' fees must establish entitlement to such fees and the reasonableness of the fees claimed. Civic Western Corporation v. Zila Industries, Inc  (1977) 66 Cal.App.3d 1, 16.  "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties[ ]"  CCP § 1021

"It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court, whose decision cannot be reversed in the absence of an abuse of discretion "  Melnyk v. Robledo (1976) 64 Cal.App.3d 618, 623.  In exercising its discretion, the court should consider a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in handling the matter, the attention given, the success or failure, and the resulting judgment  Ibid

In determining the proper amount of fees to award, courts use the lodestar method  The lodestar figure is calculated by multiplying the total number of reasonable hours expended by the reasonable hourly rate  "Fundamental to its determination   [is] a careful compilation of the time spent and reasonable hourly compensation of each attorney .   in the presentation of the case." Serrano v. Priest (1977) 20 Cal.3d 25, 48 (Serrano III)  A reasonable hourly rate must reflect the skill and experience of the attorney  Id. at 49  "*Prevailing parties* are compensated for hours reasonably spent on fee-related issues.  A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether "  Serrano v. Unruh (1982) 32 Cal.3d 621, 635 (Serrano IV); see also Weber v  Langholz (1995) 39 Cal.App.4th 1578, 1587 ("The trial court could make its own evaluation of the reasonable worth of the work done in light of the nature of the case, and of the credibility of counsel's declaration unsubstantiated by time records and billing statements ")

Reasonable attorney fees should be based on an objective standard of reasonableness, i.e., the market value of services rendered, not on some notion of cost incurred  PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1090.  The value of legal services performed in a case is a matter in which the trial court has its own expertise. Id. at 1096. The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony. Ibid.  The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case. Ibid

### Request for Judicial Notice

Plaintiff's request for judicial notice of fifteen court orders regarding attorneys' fees motions in other courts is DENIED as superfluous.

Evidentiary Objections

The Court's rulings on evidentiary objections are contained in the proposed orders

Analysis

Here, plaintiff is the prevailing party and therefore generally entitled to attorneys' fees  See Garcia v. Mercedes-Benz USA, LLC (2018) 21 Cal App 5th 1259, 1266-1267 ("the question of whether a buyer is a prevailing party under the [Song-Beverly Consumer Warranty] Act looks to what the buyer was last offered by the manufacturer or retail seller before filing suit and whether she achieved a greater result by the time of settlement or verdict )

Regarding the hourly rates and time spent, plaintiff states that eight different attorneys spent 140.2 hours prosecuting this case  The rates range from $325 to $495 per hour  Plaintiff's counsel's declaration provides sufficient support for these rates  Plaintiff's counsel has extensive experience in consumer warranty law  Shahian Decl  ¶¶ 4, 22  Additionally, plaintiff's counsel vigorously pursued this litigation, including in obtaining an order to compel further responses from defendant and obtaining a settlement amount nearly triple plaintiff's purchase price for the Jeep Cherokee at issue.  Plaintiff's counsel achieved close to the best possible result that could have been achieved at trial (namely, a maximum civil penalty of twice the amount of damages)  Therefore, accounting for the relevant factors stated above, the Court finds that plaintiff's counsel's claimed hourly rates are reasonable.  Further, the Court finds that, contrary to defendant's arguments to the contrary, plaintiff's counsel's billed time does not indicate inefficiency

In his reply, plaintiff reduces the amount requested, conceding that 2 1 hours spent on a motion in limine was duplicative  The moving papers and reply also request $3,500 for drafting the reply  This amount is unsubstantiated and will be reduced to $1,000 for preparing the reply and appearing at the hearing

Defendant argues that attorneys' fees incurred after its March 11, 2017 offer to repurchase the vehicle are necessarily unreasonable, citing Dominguez v. American Suzuki Motor Corp. (2008) 160 Cal.App.4th 53.  Defendant, however, conflates offers to repurchase a vehicle with an offer made pursuant to Code of Civil Procedure section 998. See CCP § 998(c)(1) ("If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer.")  Defendant does not attempt to argue that the repurchase offer was such a section 998 offer.  Nor could it, as the offer letter did not contain a "provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted."  CCP § 998(b).  Moreover, Dominguez concerned the potential impropriety of commencing litigation after a compliant repurchase offer was made.  The Court of Appeal there concluded that because the repurchase offer brought the defendant into compliance with the "lemon law," the subsequent lawsuit could not be maintained.  Here, the repurchase offer was made over a month after the complaint was filed, so the same concerns are not implicated. Dominguez is therefore inapposite, and the March 2017 repurchase offer did not affect the reasonableness of subsequent attorneys' fees.

Plaintiff seeks a 1 35 lodestar multiplier on the sole basis that counsel represented him on contingency.  Relevant factors to determine whether an enhancement is appropriate include (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. Ketchum v. Moses (2001) 24 Cal 4th 1122, 1132

Based on the record, including plaintiff's memorandum of points and authorities, no multiplier is warranted  The contingent risks, preclusion of other work, skill, and difficulty counsel assert are absorbed by counsel's hourly rates  See Robertson v. Fleetwood Travel Trailers of California, Inc. (2006) 144 Cal App 4th 785, 822  Furthermore, this was a routine case, plaintiff does not asset that any novel or complex issues were presented

Defendant does not contest plaintiff's entitlement to costs

Conclusion

The motion is GRANTED as to fees and costs, reduced according to the above  Specifically, the Court awards $51,168.50 in attorney's fees and $5,616 56 in costs for a total of $56,785 06  Plaintiff to give notice

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Strategic Legal Practices, 1840 Century Park East, Suite 430, Los Angeles, California 90067.

On **May 25, 2018**, I served the document(s) described as:

### NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [   ] as stated on the attached service list:

Matthew Proudfoot
GATES, O'DOHERTY, GONTER & GUY, LLP
38 Discovery, Suite 200
Irvine, CA 92618

[X]  **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[  ]  **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[  ]  **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[  ]  **BY PERSONAL SERVICE:** I caused the attached to be delivered, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[  ]  **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery.  Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid.  The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **May 25, 2018,** at Los Angeles, California.

_____
Andrea Carmona

Page 1

**PROOF OF SERVICE**

# EXHIBIT 7

ORIGINAL

Jacob Cutler (SBN 264988)
jcutler@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

ROSNER, BARRY & BABBITT, LLP
Hallen D. Rosner, SBN: 109740
10085 Carroll Canyon Road, Suite 100
San Diego, CA 92131
Telephone:     (858) 348-1005
Fascsimile:    (858) 348-1150

Attorneys for Plaintiff BAHRAM KADKHODA

RECEIVED
JUL 25 2018
FILING WINDOW

**FILED**
Superior Court of California
County of Los Angeles

AUG 08 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Marisa Ventura

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| BAHRAM KADKHODA,<br><br>Plaintiff,<br><br>v.<br><br>DAIMLER VEHICLE INNOVATIONS USA, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: BC563069<br><br>*Case Initiated: November 4, 2014*<br><br>Hon. Terry A. Green<br>Dept. 14<br><br>**[PLAINTIFF'S PROPOSED] SECOND AMENDED JUDGMENT ON JURY VERDICT AFTER ENTRY OF ADDITUR** |

This action came on regularly for a jury trial on July 5, 2017, in Department 14 of the Superior Court of the State of California, County of Los Angeles, the Honorable Terry A. Green, Judge, presiding.

Plaintiff Bahram Kadkhoda appeared by his attorneys, Michael Devlin of Strategic Legal Practices, APC, and Hallen Rosner of Rosner, Barry & Babbitt, LLP. Defendant Mercedes-Benz

Page 1

[PLAINTIFF'S PROPOSED] SECOND AMENDED JUDGMENT ON JURY VERDICT AFTER ADDITUR

USA, LLC (MBUSA or defendant), sued herein as DAIMLER VEHICLE INNOVATIONS, USA, LLC, appeared by its attorneys, Benson Y. Douglas and Anthony P. Greco of Lehrman Law Group.

A panel of twelve persons was regularly impaneled and sworn to try the issues of plaintiff's causes of action for breach of express warranty under the Song-Beverly Consumer Warranty Act, Civil Code section 1790 et seq. (Song-Beverly); and breach of implied warranty of merchantability. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to twelve jurors with instructions to return verdicts on special issues. The jury deliberated and on July 12, 2017, returned into Court with its verdicts as follows:

## CAUSE OF ACTION 1: BREACH OF EXPRESS WARRANTY

We answer the questions submitted to us as follows:

1.      Did BAHRAM KADKHODA lease a 2013 Smart SmartC distributed by DAIMLER VEHICLE INNOVATIONS USA, LLC (HEREINAFTER "MERCEDES-BENZ USA, LLC")?

___X___ Yes                    _____ No

2.      Did MERCEDES-BENZ USA, LLC give BAHRAM KADKHODA a written warranty?

___X___ Yes                    _____ No

3.      Did the vehicle have a defect covered by the warranty that substantially impaired the vehicle's use, value or safety to a reasonable buyer in BAHRAM KADKHODA'S situation?

___X___ Yes                    _____ No

Page 2

[PLAINTIFF'S PROPOSED] SECOND AMENDED JUDGMENT ON JURY VERDICT AFTER ADDITUR

4.     Did **MERCEDES-BENZ USA, LLC** or its authorized repair facility fail to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so?

     \_\_\_X\_\_\_ Yes        _____ No

5.     What are **BAHRAM KADKHODA'S** damages?

     Calculate as follows:

Add the following amounts:

a.  Total amounts paid or payable for the vehicle, including amount paid at lease signing + monthly payments + any amounts paid or payable for the purchase of the vehicle at the end of the lease (in order for MBUSA to repurchase vehicle to brand title):      $_____2,296.00_____

b.  Incidental and consequential damages:      $_____186.00_____

     SUBTOTAL (add lines a-b):      $_____2,482.00_____

Calculate the value of the use of the vehicle before it was brought in for repair as follows:

1. The agreed upon value of vehicle on date of initial lease of vehicle:

     $_____13,300.00_____

2. Multiply the result in step 1 by the number of miles the vehicle was driven by Plaintiff before it was brought in for repair:

     $\_\_\_36,721,300_____

3. Divide the dollar amount in step 2 by 120,000 and insert result in VALUE OF USE below:

     VALUE OF USE:      $\_\_\_\_\_306.00_____

[PLAINTIFF'S PROPOSED] SECOND AMENDED JUDGMENT ON JURY VERDICT AFTER ADDITUR

Subtract the **VALUE OF USE** from the **SUBTOTAL** above and insert result in **TOTAL DAMAGES** below:

TOTAL DAMAGES:                    $____2,176.00_____

**6.      Did MERCEDES-BENZ USA, LLC fail to promptly replace or repurchase the vehicle?**

__X__ Yes                    _____ No

If your answers to question 6 is yes, then answer question 7.

If you answered no, proceed to question 10.

**7.      Did MERCEDES-BENZ USA, LLC attempt to repurchase BAHRAM KADKHODA'S vehicle by satisfying all obligations under the Code and communicating that willingness to fulfill all of its obligations under the Code to Plaintiff?**

__X__ Yes                    _____ No

If your answers to question 7 is no, then answer question 8.

If you answered yes, proceed to question 10.

**8.      Did MERCEDES-BENZ USA, LLC willfully fail to repurchase or replace the 2013 Smart SmartC?**

_____ Yes                    _____ No

If your answers to question 8 is yes, then answer question 9.

If you answered no, proceed to question 10.

[PLAINTIFF'S PROPOSED] SECOND AMENDED JUDGMENT ON JURY VERDICT AFTER ADDITUR

9.     What amount, if any, do you impose as a penalty for MERCEDES-BENZ USA, LLC'S willful failure to repurchase or replace the vehicle? [You may not exceed two times the "TOTAL DAMAGES" that you entered in question 6.]

PENALTY:                    $_____

Regardless of how you answer this question, proceed to question 10.

### CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY

We answer the questions submitted to us as follows:

10.     Did BAHRAM KADKHODA lease a 2013 Smart SmartC manufactured by or distributed by MERCEDES-BENZ USA, LLC?

___X___ Yes                    _____ No

11.     At the time of lease, was MERCEDES-BENZ USA, LLC in the business of manufacturing or distributing 2013 Smart SmartC?

___X___ Yes                    _____ No

12.     Was the motor vehicle of the same quality as those generally accepted in the trade?

_____ Yes                    ___X_____ No

13.     What amount is BAHRAM KADKHODA entitled to recover as restitution for the motor vehicle?

Calculate as follows:

Add the following amounts:

    a.  Total amounts paid or payable for the vehicle, including amount paid at lease signing + monthly payments + any amounts paid or payable for the purchase of the vehicle at the end of the lease (in order

Page 5

for MBUSA to repurchase vehicle and brand title):

$___2,296.00___

a. Incidental and consequential damages:    $___186.00___

TOTAL (add lines a-b):    $___2,482.00___

Dated:_____          _____

PRESIDING JUROR

After the verdict form has been signed, notify the bailiff that you are ready to present your verdict in the courtroom.

Plaintiff's Motion for New Trial came for a hearing on October 25, 2017, the Hon. Terry Green, presiding. After hearing the arguments of counsel, and considering the papers submitted in support and in opposition to the Motion, and good cause appearing, Plaintiff's Motion was GRANTED. The Court granted additur pursuant to Code of Civil Procedure § 662.5 in the amount of $19,893.62.

Additionally, the Court determines that Judgment of $22,375.62 is the appropriate amount. Any outstanding lien for the vehicle must be paid from this amount by Defendant.

On November 28, 2017 Defendant consented to additur.

///

///

///

///

///

///

[PLAINTIFF'S PROPOSED] SECOND AMENDED JUDGMENT ON JURY VERDICT AFTER ADDITUR

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT JUDGMENT IS ENTERED IN FAVOR OF PLAINTIFF BAHRAM KADKHODA AGAINST DEFENDANT MERCEDES-BENZ USA, LLC ON HIS COMPLAINT.**

**PLAINTIFF ELECTS THE REMEDY PROVIDED UNDER CAUSE OF ACTION 2: BREACH OF IMPLIED WARRANTY AND JUDGMENT IS ENTERED IN FAVOR OF PLAINTIFF.**

Further, Plaintiff's Motion for Attorney Fees, Plaintiff's Motion to Tax Defendant's Costs, Defendant's Motion to Tax Plaintiff's Costs, and Plaintiff's Motion for Prejudgment Interest ("Motions") came for a hearing on July 17, 2018, the Honorable Terry Green presiding. After hearing all the arguments of counsel (Hallen Rosner, Esq. and Jacob Cutler, Esq. for Plaintiff and Benson Douglas for Defendant), and considering the papers submitted in support of and in opposition to the Motions, and good cause appearing, **IT IS ORDERED THAT:**

1. Total payment of $22,375.62 *with interest thereon at the rate of ten percent (10%) per annum from the date of the entry of this judgment until paid;*

2. Attorney's Fees of $278,057.00 *with interest thereon at the rate of ten percent (10%) per annum from the date of the entry of this judgment until paid;*

3. Costs of $56,882.89 *with interest thereon at the rate of ten percent (10%) per annum from the date of the entry of this judgment until paid;*

4. Prejudgment Interest of $2,600.00 *with interest thereon at the rate of ten percent (10%) per annum from the date of the entry of this judgment until paid.*

**SO ORDERED.**

Dated:

_____
Hon. Terry Green
Judge of the Superior Court

Page 7

[PLAINTIFF'S PROPOSED] SECOND AMENDED JUDGMENT ON JURY VERDICT AFTER ADDITUR

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Strategic Legal Practices, 1840 Century Park East, Suite 430, Los Angeles, California 90067.

On **July 25, 2018**, I served the document(s) described as:

**[PLAINTIFF'S PROPOSED] SECOND AMENDED JUDGMENT ON JURY VERDICT AFTER ADDITUR**

on the interested parties in this action by sending [ ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [ ] as stated on the attached service list:

> Kate Lehrman
> LEHRMAN LAW GROUP
> 12121 Wilshire Boulevard, Suite 1300
> Los Angeles, CA 90025

[ ]   **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ ]   **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[ ]   **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[ ]   **BY PERSONAL SERVICE:** I caused the attached to be delivered, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[X]   **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **July 25, 2018**, at Los Angeles, California.

_____
Andrea Carmona

**PROOF OF SERVICE**

# EXHIBIT 8

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Branch Name:** Stanley Mosk Courthouse
**Mailing Address:** 111 North Hill Street
**City, State and Zip Code:** Los Angeles CA 90012

| | |
|---|---|
| **SHORT TITLE:** RAUL GALINDO VS GENERAL MOTORS | **CASE NUMBER:** BC693061 |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

## Electronic Filing Summary Data

Electronically Submitted By:  Green Filing
Reference Number: 2963022_1
Submission Number: 19LA00468101
Court Received Date: 04/12/2019
Court Received Time: 2:35 pm
Case Number: BC693061
Case Title: RAUL GALINDO VS GENERAL MOTORS
Location: Stanley Mosk Courthouse
Case Type: Civil Unlimited
Case Category: Other Breach of Contract/Warranty (not fraud or negligence)
Jurisdictional Amount: Over $25,000
Notice Generated Date: 04/12/2019
Notice Generated Time: 2:37 pm

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Notice of Ruling | Accepted |

## Comments
Submitter's Comments:

Clerk's Comments:

## Electronic Filing Service Provider Information
Service Provider: Green Filing
Contact: Green Filing
Phone: (801) 448-7268

---

Jacob Cutler (SNB 264988)
jcutler@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorney for Plaintiff RAUL GALINDO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| RAUL GALINDO,<br><br>        Plaintiff,<br><br>    v.<br><br>GENERAL MOTORS, LLC, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: BC693061<br><br>Hon. Michael Stern<br>Dept 62<br><br>**NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES**<br><br>Hearing Date:   April 12, 2019<br>Time:       8:30 am<br>Dept.       62 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 12, 2019, Plaintiff's Motion for Attorney Fees, Costs and Expenses ("Motion") came for a hearing.

After hearing all the arguments of counsel (Jacob Cutler, Esq. for Plaintiff and Joseph Dankert, Esq. for Defendant), and considering the papers submitted in support of and in opposition to the Motions, and good cause appearing, The Court, Honorable Michael Stern presiding ruled as follows:

1. Defendant is to pay $86,696.00 in attorney's fees (lodestar of $83,196 + $3,500 for the reply) and $12,704.18 in costs and expenses for a total award of $99,400.18.

---

NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

Dated: April 12, 2019                    STRATEGIC LEGAL PRACTICES, APC

By. _____
        JACOB W. CUTLER
        Attorney for Plaintiff

1

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Strategic Legal Practices, 1840 Century Park East, Suite 430, Los Angeles, California 90067.

On **April 12, 2019**, I served the document(s) described as:

**NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES**

on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓]to interested parties as follows [or] [   ] as stated on the attached service list:

Mary Arens, Esq.
The Erskine Law Group
3995 East La Palma Avenue
Anaheim, Ca 92807

[X]  **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[  ]  **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[  ]  **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[  ]  **BY PERSONAL SERVICE:** I caused the attached to be delivered, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[  ]  **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery.  Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid.  The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **April 12, 2019,** at Los Angeles, California.

_____
Kirsten Pangaliman

NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

# EXHIBIT 9

Case 2:21-cv-01963-RGK-AFM   Document 132   Filed 04/22/22   Page 104 of 317   Page
ID #:3162
Case 2:17-cv-03875-DMG-GJS   Document 158   Filed 01/11/19   Page 1 of 14   Page ID #:3432

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|

| Title | ***Abraham Forouzan v. BMW of North America, LLC, et al.*** | Page | 1 of 14 |
|---|---|---|---|

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [134] AND MOTION FOR PREJUDGMENT INTEREST [137]**

This matter is before the Court on Plaintiff's motion for attorneys' fees ("MAF") and motion for prejudgment interest ("Mot."). [Doc. ## 134, 137.] For the reasons set forth below, the Court **GRANTS in part** Plaintiff's motion for attorneys' fees and **DENIES** Plaintiff's motion for prejudgment interest.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

On March 9, 2017, Plaintiff Abraham Forouzan ("Plaintiff") filed a Complaint alleging five causes of action against Defendant BMW of North America LLC[1] ("Defendant") in connection with a 2015 BMW Z4 (the "Vehicle" or "Car") that he leased in October 2015: (1) violation of California Civil Code section 1793.2(D), (2) violation of Civil Code section 1793.2(B), (3) violation of California Civil Code section 1793.2(A)(3), (4) breach of express written warranty, and (5) breach of the implied warranty of merchantability. [Doc. #1-1.] On April 11, 2017 Defendant extended to Plaintiff a settlement offer pursuant to California Code of Civil Procedure section 998 ("section 998 offer"). Plaintiff did not accept the offer.

The parties tried the case and the jury returned a verdict in favor of Plaintiff in the amount of $25,058.79. [Doc. # 127 ("Verdict Form").] Afterwards, Plaintiff filed the instant motions, which are now fully briefed. [Doc. ## 134, 137, 141, 146, 149, 150.]

---

[1] Plaintiff initially named Sonic Automotive and Michael Sean Rice as defendants as well. Sonic Automotive was dismissed from this action on May 23, 2017, and Michael Sean Rice was dismissed on August 27, 2018. For that reason, the Court uses the term "Defendant" to refer only to BMW of North America LLC.

---

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>KT</u> |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 17-3875-DMG (GJSx)**                    Date   January 11, 2019

Title   *Abraham Forouzan v. BMW of North America, LLC, et al.*            Page   2 of 14

## II.
## REQUEST FOR JUDICIAL NOTICE ("RJN")

Plaintiff requests that the Court take judicial notice of certain documents that are matters of public record. *See* [Doc. #134-9 ("RJN").] Defendant does not oppose Plaintiff's request.

Under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record," but "a court may not take judicial notice of a fact that is subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotations and citations omitted). Court filings are also properly subject to judicial notice under Federal Rule of Evidence 201. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of "court filings" as they are "readily verifiable, and therefore, the proper subject of judicial notice"). Furthermore, judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see Coalition for Clean Air v. VWR Intern., LLC*, 922 F. Supp. 2d 1089, 1093 n.1 (E.D. Cal. 2013).

Plaintiff requests that the Court take judicial notice of the following: (1) a February 27, 2014 minute order granting the plaintiff's motion for fees and costs in the matter of *Khani v. Ford Motor Company*; (2) an October 3, 2014 order granting the plaintiff's motion for fees and costs in the matter of *Reyes v. Ford Motor Company*; (3) a November 7, 2014 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Atanuspour v. BMW of North America, LLC*; (4) a conformed copy of a November 12, 2014 notice of Ruling; (5) a May 20, 2016 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Derakshanian, et al. v. BMW of North America, LLC*; (6) a November 21, 2016 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Moreno v. BMW of North America, LLC*; (7) a copy of a February 9, 2017 order in the matter of *Violi v. Hyundai Motor America, Inc.*; (8) a March 6, 2017 minute order in the matter of *Abedi-Masihi v. Mercedes-Benz USA, LLC*; (9) the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter; (10) a May 11, 2017 order in the matter of *Bustamante v. FCA US, LLC*; (11) a May 9, 2017 stipulation and signed order regarding judgment of jury verdict with a two times civil penalty and attorney fees, costs, and expenses in the matter of *Vanwaus v. FCA US, LLC*; (12) a September 27, 2017 minute order in the matter of *Fuller v. FCA US, LLC*; (13) an October 26, 2017 minute order in the matter of *Gutierrez v. FCA US, LLC*; (14) a November 28, 2017 minute order in the matter of *Seesholtz v. FCA US, LLC*; (15) a February 2, 2018 order in the matter of *Villasenor v. FCA US, LLC*; (16) a February 27, 2018 notice of ruling and tentative ruling in the matter of *Kazaryan v. Mercedes-Benz USA, LLC*; (17) a notice of ruling in

---

CV-90                            **CIVIL MINUTES—GENERAL**                 Initials of Deputy Clerk KT

Case 2:21-cv-01963-RGK-AFM Document 132 Filed 04/22/22 Page 106 of 317 Page
ID #:3434
Case 2:17-cv-03875-DMG-GJS Document 158 Filed 01/11/19 Page 3 of 14 Page ID #:3164

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  **CV 17-3875-DMG (GJSx)**                          Date  January 11, 2019

Title  *Abraham Forouzan v. BMW of North America, LLC, et al.*          Page  3 of 14

---

*Geredes v. Chrysler Group LLC*; (18) a notice of ruling in *Ahmed Al-Jiboury v. FCA*; (19) a notice of order in *Howard v. FCA*; (20) a notice of order in *Hall v. FCA*; (21) an order in *Ruiz v. BMW*; and (22) a second amended judgment on jury verdict after entry of Additur in *Kadkhoda v. MBUSA*.

These documents, with the exception of number nine, are all matters of public record, none of which are subject to reasonable dispute, and are therefore the proper subject of judicial notice.  The Court declines to take judicial notice of the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter (number nine) because a declaration is "subject to reasonable dispute."  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  Thus, the Court **GRANTS** Plaintiffs' Request for Judicial Notice with respect to all of the above-enumerated documents, but **DENIES** it as to number nine.

**III.**
**LEGAL STANDARDS**

**A.      Motion for Attorneys' Fees**

Under California Civil Code section 1794(d), the "prevailing party" in a suit may be entitled to "recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees."  Cal. Civ. Code. 1794(d).  The Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."  *Welch v. Metro Life Ins. Co.*, 480 F. 3d 942, 945 (9th Cir. 2007).  The burden is on the party seeking fees to establish their reasonableness.  *Id*. at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

In determining "a reasonable hourly rate, the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'"  *Hiken v. Dep't of Def.*, 836 F. 3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F. 2d 1205, 1211 (9th Cir. 1986)).  Additionally, district courts may "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees."  *See Ingram v. Oroudjian*, 647 F. 3d 925, 928 (9th Cir. 2011).

A "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'"  *Id*. at 946 (quoting *Hensley*, 461 U.S. at 434).  "Cases may be overstaffed, and the skill and experience of lawyers vary widely."  *Hensley*, 461 U.S. at 434.  "Ultimately, a 'reasonable' number of hours equals the number of hours which could

---

CV-90                          **CIVIL MINUTES—GENERAL**                          Initials of Deputy Clerk KT

Case 2:21-cv-01963-RGK-AFM   Document 132   Filed 04/22/22   Page 107 of 317   Page
ID #:3435
Case 2:17-cv-03875-DMG-GJS   Document 158   Filed 01/11/19   Page 4 of 14   Page ID #:3165

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 17-3875-DMG (GJSx)**                    Date   January 11, 2019

Title   ***Abraham Forouzan v. BMW of North America, LLC, et al.***          Page   4 of 14

reasonably have been billed to a private client."  *Gonzalez v. City of Maywood*, 729 F. 3d 1196, 1202 (9th Cir. 2013) (internal quotation marks omitted) (brackets omitted).  "[U]nder consumer protection statutes involving mandatory fee-shifting provisions, the legislative policies are in favor of . . . recovery of all attorney fees reasonably expended, without limiting the fees to a proportion of . . . actual recovery."  *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 164 (2006).

District courts have broad "discretion in determining the amount of a fee award . . . in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters."  *See Hensley*, 461 U.S. at 437.  If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods.  *Gonzales*, 729 F. 3d at 1203.  The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across the board percentage cut."  *Id.*

**B.      Motion for Prejudgment Interest**

California Civil Code section 3287 governs the recovery of prejudgment interest.  The statute states that "[e]very person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day."  Cal. Civ. Code § 3287(a).  "Prejudgment interest may be awarded under section 3287 'even if it is not specifically authorized by the statute underlying the plaintiff's claims.'"  *Doppes v. Bentley Motors, Inc.*, 174 Cal. App. 4th 1004, 1009-10 (2009) (quoting *County of Solano v. Lionsgate Corp.*, 126 Cal. App. 4th 741, 752 (2005)).

Section 3287(b) further states, "[e]very person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed."  *See Lewis C. Nelson & Sons, Inc. v. Clovis Unified Sch. Dist.*, 90 Cal. App. 4th 64, 71 (2001) ("[T]he distinction between the two subparts [of section 3287] has to do with the nature of the damages—liquidated and unliquidated—for which interest may be awarded . . . ."); *Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1072 (N.D. Cal. 2012) ("Under [subsection (a)], prejudgment interest cannot be awarded when the amount of damages cannot be ascertained except on conflicting evidence.").

Although there is no clear rule that guides trial courts' discretion in this area, courts have taken into consideration the following factors when determining whether to exercise their discretion to award prejudgment interest:  (1) the time between the lawsuit's filing and the

---

CV-90                    **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk KT

Case 2:21-cv-01963-RGK-AFM   Document 132   Filed 04/22/22   Page 108 of 317   Page
ID #:3436
Case 2:17-cv-03875-DMG-GJS   Document 158   Filed 01/11/19   Page 5 of 14   Page ID #:3436

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 17-3875-DMG (GJSx)**                     Date   January 11, 2019

Title   ***Abraham Forouzan v. BMW of North America, LLC, et al.***          Page   5 of 14

judgment, (2) whether awarding interest will penalize the defendant for "litigating a bona fide dispute" or recognize that the plaintiff incurred "an additional amount of damage" as a result of the breach, and (3) whether the plaintiff made settlement offers such that the defendant's refusal to settle could be construed as "placing the prejudgment interest amount at risk." *See A&M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 497 (1982).

## IV.
## DISCUSSION

**A.    Motion for Attorneys' Fees**

**1.   Post-Offer Fees**

When analyzing whether to award attorneys' fees in a case involving a prior section 998 offer, the key "question is whether . . . the rejecting offeree obtained a judgment more favorable than the offer." *Linthicum v. Butterfield*, 175 Cal. App. 4th 259 (2007).[2] If the rejecting offeree obtained a more favorable judgment, attorneys' fees remain available.  Whether the judgment—in this case, the jury's verdict—is "more favorable" is a question "for the trial court's discretion." *Id.* at 270.

Plaintiff argues that he is entitled to post-offer attorneys' fees because his recovery at trial was larger than Defendant's section 998 offer.  MAF at 16.  Defendant's offer would have allowed Plaintiff to choose one of two options.  Plaintiff maintains that both the first option, $13,000 in cash and the ability to keep the Vehicle, and the second option, a $63,998.01 cash payment that required Plaintiff to pay off the remaining lease balance, were inferior to the $25,058.79 in cash and the "the equivalent of a repurchase" the jury awarded him at trial.  MAF at 15; Opp. at 8, 9.  Defendant appears to admit that option one was inferior "because the jury awarded the equivalent of a repurchase after trial" and that the value of option two was $2,404.38 less than the jury award.  Opp. at 8, 9.

The Court agrees that option one was less favorable than Plaintiff's verdict.  Considering that Defendant recognizes that jury awarded Plaintiff $2,404.38 more than the value of option two, the Court concludes that the judgment was more favorable than option two as well.  In *Gezalyan v. BMW of North America, LLC*, the plaintiff also brought a claim under the Song-Beverly Act against BMW of North America, LLC.  697 F. Supp. 2d 1168 (C.D. Cal. 2010). The Court found that the plaintiff did not unreasonably reject BMW's offer of settlement,

---

[2] Plaintiff spends significant time explaining why he is the prevailing party in this action.  The Court does not discuss this in depth because Defendant does not dispute that Plaintiff prevailed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 17-3875-DMG (GJSx)**                    Date   January 11, 2019

Title   ***Abraham Forouzan v. BMW of North America, LLC, et al.***          Page   6 of 14

because the "offer of settlement included terms about the condition of the vehicle and its title" and the settlement "offered [the plaintiff] $600 less than she sought in the lawsuit." *Id.* at 1170. Here, Defendant's section 998 offer included similar terms and a lower dollar amount than what the jury awarded. *See* [Doc. #134-2]. Although Defendant argues the verdict is a "mere "$2,404.38 more" than the section 998 offer, Defendant does not point to any authority that mandates a minimum amount by which the judgment must be more favorable than the settlement offer in order for section 998 to apply. Thus, because the judgment Plaintiff obtained at trial was more favorable than the section 998 settlement offer, attorneys' fees are available to him.[3]

### 2.      Reasonable Hourly Rates

The first step in calculating the lodestar is determining the reasonable hourly rate. While the prevailing market rate for attorneys of comparable experience, skill and reputation controls this determination, the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson v. Billings Police Dep't*, 470 F. 3d 889, 892 (9th Cir. 2006).

Plaintiff contends that the following hourly rates for his attorneys are reasonable: $595 per hour for Rowena Santos (18 years of practice), $495 per hour for Gregory Yu (14 years of practice), $395 per hour for Jacob Cutler in 2017 and $410 per hour for 2018 (9 years of practice), $365 per hour for Ashan Peiris (5 years of practice), $385 per hour for Anna Cronk (8 years of practice), $370 per hour for Eleazar Kim (5 years of practice), $400 per hour for Michael Delvin in 2017 and $410 per hour in 2018 (9 years of practice), $350 per hour for Daniel Tai (3 years of practice), $400 per hour for Rodney Gi (8 years of practice), $370 per hour for Carey Wood in 2017 (5 years of practice), $550 per hour for Christine Koo (14 years of practice), and $375 per hour for Tionna Dolin (4 years of practice). MAF at 18.

Plaintiff's primary evidence in support of the requested hourly rates is the declaration of Payam Shahian. As the managing partner and senior attorney of Strategic Legal Practices, Shahian is "familiar with the experience and background of each attorney who has worked for Strategic Legal Practices" and bases his determination that the hourly rates are reasonable on his "own experience and review of relevant court orders." [Doc. # 134-6 ("Shahian Decl.") at ¶ 8.][4]

---

[3] Plaintiff also argues that Defendant's section 998 offer was "invalid." MAF at 12. The offer's validity, however, has no bearing on whether Plaintiff is entitled to post-offer fees because Plaintiff obtained a more favorable judgment regardless of the validity of the section 998 offer.

[4] Defendant objects to the parts of Shahian's declaration that detail his background and experience with Song-Beverly cases, all 22 exhibits attached to Shahian's declaration, and all of the cases cited to in support of each attorney's hourly rate. *See generally* [Doc. #145.] To the extent Defendant objects to previous court orders on

Case 2:21-cv-01963-RGK-AFM Document 132 Filed 04/22/22 Page 110 of 317 Page
ID #:3438
Case 2:17-cv-03875-DMG-GJS Document 158 Filed 01/11/19 Page 7 of 14 Page ID #:3168

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  **CV 17-3875-DMG (GJSx)**                    Date  January 11, 2019

Title  ***Abraham Forouzan v. BMW of North America, LLC, et al.***          Page  7 of 14

Additionally, Shahian cites to several previous cases for each attorney in which hourly rates comparable to those requested in the instant action were awarded to that specific attorney or to an attorney of similar experience in Los Angeles County. *See* Shahian Decl. at ¶¶ 30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50, 52. This is sufficient to establish that the requested hourly rate for each attorney involved in this case is reasonable.

### 3.      Hours Reasonably Expended

Plaintiff seeks $249,109.50 in attorneys' fees. He claims that his attorneys spent a total of 504.8 billable hours on Plaintiff's case, including this fee motion.[5] MAF at 24. In fact, the total number of billable hours for which Plaintiff submitted timesheets is 499.1 hours.[6] Defendant argues Plaintiff should not recover for all 499.1 hours because there are multiple deficiencies in the time entries provided by Plaintiff's counsel that warrant a reduction in the number of compensable hours. Defendant claims these deficiencies include: (1) improper block billing; (2) excessive billing due to overstaffing and inefficient litigation; (3) overly-vague entries; and (4) unnecessary, inefficient, and mistaken time. *See* Opp. at 8-10.

The Court agrees that certain deficiencies in Plaintiff's counsel's time entries warrant a reduction in the number of hours factored into the lodestar calculation. First, Plaintiff's counsel repeatedly block-billed time. Specifically, Plaintiff's counsel block-billed:  3 hours of Michael

---

hearsay grounds, the Court **OVERRULES** Defendant's objections. The prior court orders and judgments referred to in Shahian's declaration are not offered "for the truth of the matters asserted in the judgment, but rather to establish the judgment's legal effect" which is a "nonhearsay purpose." *U.S. Boulware*, 384 F. 3d 794, 807 (9th Cir. 2004). Previous court orders are also relevant because they shed light on what courts have recognized as the prevailing market rate for attorneys of comparable experience. The Court does not rely on exhibit 9, making Defendant's evidentiary objections to that exhibit moot. The Court also **OVERRULES** Defendant's objections to parts of Shahian's declaration regarding his personal experience on relevance grounds. Just because Shahian is not submitting time for this matter does not make his experience irrelevant. *See* [Doc. #145.] Shahian's personal experience is relevant because it speaks to his knowledge of the prevailing market rate for attorneys of comparable experience.

[5] Plaintiff does not seek fees for hours spent on work before the Complaint was filed, for opposing Defendant's motion to quash the subpoena of Mike Rice, or hours billed by attorneys who "were not materially involved in this case." MAF at 20 n. 19.

[6] Broken down, these hours are:  (1) 200.5 hours expended by Rowena Santos; (2) 26.2 hours expended by Gregory Yu; (3) 10.8 hours expended by Jacob Cutler; (4) 3.3 hours expended by Ashan Peiris; (5) 19.6 hours expended by Anna Cronk; (6) 20.4 hours expended by Eleazar Kim; (7) 38.5 hours expended by Michael Delvin; (8) 16.8 hours expended by Tionna Dolin; (9) 6.3 hours expended by Daniel Tai; (10) 101.8 hours expended by Rodney Gi; (11) 5.2 hours expended by Carey Wood; and (12) 49.7 hours expended by Christine Koo.  [*See* Doc. #150-3.]

---

CV-90                              **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk KT

Case 2:21-cv-01963-RGK-AFM   Document 132   Filed 04/22/22   Page 111 of 317   Page
ID #:3439
Case 2:17-cv-03875-DMG-GJS   Document 158   Filed 01/11/19   Page 8 of 14   Page ID #:3169

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.    **CV 17-3875-DMG (GJSx)**                     Date   January 11, 2019

Title   ***Abraham Forouzan v. BMW of North America, LLC, et al.***        Page   8 of 14

Delvin's time, 1.3 hours of Anna Cronk's time, 176.8 hours of Rowena Santos' time, 16.4 hours of Christine Koo's time[7], and 27.8 hours of Rodney Gi's time. Because the Court cannot discern from these entries whether the amount of time expended on each task was reasonable, the Court shall exclude 20% of those hours. *See Pierce v. Cty. Of Orange*, 905 F. Supp. 2d 1017, 1030-31 (C.D. Cal. 2012) (citing *Moreno v. City of Sacramento*, 534 F. 3d 1106, 1112 (9th Cir. 2008)) (noting that "courts generally impose only a 5% to 20% reduction for those hours block-billed[,]"). Thus, Michael Delvin's time shall be reduced by .6 hours, Anna Cronk's time shall be reduced by .2 hours, Rowena Santos' time shall be reduced by 35.4 hours, Christine Koo's time shall be reduced by 3.2 hours, and Rodney Gi's time shall be reduced by 5.6 hours.

Second, Defendant asserts that multiple time entries relating to meetings between Plaintiff's attorneys should be excluded from the Court's calculation. Opp. at 8. Yet, "attorneys must spend at least some of their time conferring with colleagues, particularly their subordinates, to ensure that a case is managed in an effective as well as efficient manner." *See Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F. 2d 1319, 1337 (D.C. Cir. 1982). Further, many of the conferences for which Plaintiff's attorneys seek recovery were short (.3 hours or less) and many of the longer meetings have already been factored into the Court's analysis because they were block-billed along with other time entries. For that reason, the Court finds that the 20% reduction is sufficient to account for not only the block-billed hours, but also the multiple internal conferences.

Plaintiff's counsel's trial billing, however, warrants an additional reduction. Counsel billed time for Ms. Santos, as well as a second attorney (either Mr. Gi or Mr. Kim) to attend trial. While having two or three attorneys attend a trial is surely helpful to the lead attorney and good training for young attorneys, additional attorneys were not necessary in this case. Plaintiff was well represented by Ms. Santos, who examined most of the witnesses, and the trial was short and straightforward. The Court can find no good reason why the convenience of a second attorney in a case of this nature is a cost that should be borne fully by Defendant. The 16.5 hours Mr. Gi billed and the 14.3 hours Mr. Kim billed, therefore, shall be reduced by 50% each.

Third, Defendant claims that a plethora of entries are impermissibly vague. Attorneys seeking fee awards are "not required to record in great detail how each minute of [their] time was expended." *Hensley*, 461 U.S. at 437 n. 12. They need only "keep records in sufficient detail

---

[7] Although the time sheets list someone with the initials "KC" as the billing attorney, the Court attributes these block billed hours to Christine Koo. The Court reasons that Christine Koo is "KC" because the hourly rate for those entries is the same as Christine Koo's hourly rate, and the attorney billed for tasks that an attorney of Koo's level of experience would reasonably be expected to handle.

---

CV-90                            **CIVIL MINUTES—GENERAL**              Initials of Deputy Clerk KT

Case 2:21-cv-01963-RGK-AFM   Document 132   Filed 04/22/22   Page 112 of 317   Page
ID #:3440
Case 2:17-cv-03875-DMG-GJS   Document 158   Filed 01/11/19   Page 9 of 14   Page ID #:3170

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 17-3875-DMG (GJSx)**                    Date   January 11, 2019

Title   *Abraham Forouzan v. BMW of North America, LLC, et al.*          Page   9 of 14

that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Id.* at 441 (Burger, C.J., concurring); *see also United Steelworkers of Am. v. Ret. Income Plan For Hourly—Rated Employees of ASARCO, Inc.*, 512 F. 3d 555, 565 (9th Cir. 2008). Under that standard, the Court finds no reason to reduce or eliminate any entries for vagueness.[8] Many of the entries Defendant identifies are short and sufficiently descriptive (*i.e.,* .2 or less for emails or phone calls to client) or have already been accounted for because they are included in the Court's implementation of a 20% reduction for block-billed entries.

Fourth, Defendant argues that a handful of entries reflect tasks better suited for a paralegal or administrative professional. Plaintiff may not recover fees for time spent on purely clerical work. *See Davis v. City of San Francisco*, 976 F. 2d 1536, 1543 (9th Cir. 1992), *vacated on other grounds by Davis v. City & Cty. of San Francisco*, 984 F.2d 345 (9th Cir. 1993) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them… [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.") (internal quotations and citations omitted). What Defendant characterizes as "clerical tasks," however, involve activities that differ from the "purely clerical or secretarial tasks" in *Davis*. For instance, the disputed entries include preparing pleadings, reviewing client files, drafting deposition subpoenas, coordinating production of documents, and reviewing trial exhibit binders and deposition transcripts. [*See, e.g.*, Doc. # 150-3] (May 11, 2017 entry, February 2, 2018 entry, and September 21, 2018 entry). These are not "purely clerical" tasks and the Court declines to exclude them from the fee award.

Finally, Defendant contends that Plaintiff's counsel "engaged in overstaffing and inefficient litigation" or billed for "numerous entries that were unnecessary." Opp. at 14, 15. While the use of 12 attorneys in a case of this nature certainly suggests overstaffing, the Court has reviewed the hours billed with care and has determined that most of the hours billed by the 12 different attorneys have not been duplicative. In particular, Defendant uses "internal conferences" and "reviewing the file" as examples of "overstaffing and "inefficient litigation." Opp. at 13. As addressed above, however, a reasonable number of internal conferences is necessary to effectively coordinate the prosecution of a case and the Court has taken into consideration the large number of billing attorneys and the longer conferences in connection with its 20% reduction. Additionally, the Court does not find the costs associated with opposing Defendant's motion for partial summary judgment to be one of "numerous entries" that are "unnecessary" as Defendant contends. Opp. at 15.

---

[8] The Court shall, however, eliminate the December 18, 2017 entry from Jacob Cutler for .5 hours because it is incomplete and vague.

Case 2:21-cv-01063-RGK-AFM   Document 132   Filed 04/22/22   Page 113 of 317   Page
ID #:3441
Case 2:17-cv-03875-DMG-GJS   Document 138   Filed 01/11/19   Page 10 of 14   Page ID
#:3441

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  **CV 17-3875-DMG (GJSx)**                     Date  January 11, 2019

Title  ***Abraham Forouzan v. BMW of North America, LLC, et al.***          Page  10 of 14

In light of the foregoing, the Court finds that Plaintiff's counsel reasonably billed the following hours: 165.1 hours for Rowena Santos, 26.2 hours for Gregory Yu, 10.3 hours for Jacob Cutler, 3.3 Ashan Peiris, 19.4 hours for Anna Cronk, 14.3 hours for Eleazar Kim, 37.9 hours for Michael Delvin, 16.8 hours for Tionna Dolin, 6.3 hours for Daniel Tai, 87.9 hours for Rodney Gi, 5.2 hours for Carey Wood, and 46.5 hours for Christine Koo.  When these hours are multiplied by the reasonable rates identified in Part B, they yield a lodestar of $215,560.50.

### 4.      Lodestar Modification

The court next considers whether to increase or decrease the lodestar.  *See Stranger v. China Elec. Motor, Inc.*, 812 F. 3d 734, 740 (9th Cir. 2016) ("the decision to enhance or reduce the lodestar . . . is within the district court's discretion").  Plaintiff argues for an upward modification of .10 because Plaintiff's counsel obtained an excellent outcome, the risks posed by the litigation were substantial, and this was not a straightforward lemon law case.  MAF at 27; Reply at 29.  The Ninth Circuit has plainly stated that the lodestar amount is "presumptively the reasonable fee amount," and that a modification of the lodestar is appropriate only in "rare" and "exceptional" cases supported by both "specific evidence on the record and detailed findings. . . that the lodestar amount is unreasonably low or unreasonably high."  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F. 3d 1041, 1045 (9th Cir. 2000) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

Generally, courts may take into consideration the following factors when determining whether to implement a lodestar enhancement:  "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award.  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)).  Courts have also recognized that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee' and 'an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation.'"  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986)).  The "novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors 'presumably [are] fully reflected in the number of billable hours recorded by counsel.'"  *Id.*  Furthermore, "the quality of an attorney's performance generally should not be used to adjust the lodestar '[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.'"  *Id.*

---

CV-90                          **CIVIL MINUTES—GENERAL**              Initials of Deputy Clerk KT

Case 2:17-cv-03875-DMG-GJS   Document 133   Filed 01/11/19   Page 11 of 14   Page ID #:3172

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 17-3875-DMG (GJSx)**                     Date   January 11, 2019

Title   ***Abraham Forouzan v. BMW of North America, LLC, et al.***          Page   11 of 14

The Court declines Plaintiff's request to apply an upward multiplier of .10 in this case. The amount of time and skill required to properly resolve this litigation, counsel's success in resolving the matter, and the case's novelty or complexity are reflected in the number of billable hours recorded and the reasonable hourly rate. The Court acknowledges the contingent nature of this case. Nonetheless, "[a]n attorney operating on a contingency-fee basis pools the risks presented by his various cases: cases that turn out to be successful pay for the time he gambled on those that did not. To award a contingency enhancement under a fee-shifting statute would in effect pay for the attorney's time . . . in cases where his client does not prevail." *City of Burlington v. Dague*, 505 U.S. 557, 565 (1992). Accordingly, the contingent nature of this case does not warrant a 10-percent enhancement.[9] The lodestar, with the 20% reduction for block-billed entries and other inefficiencies and the other individual reductions described above, reflects the reasonable amount of attorneys' fees Plaintiff should recover.

**B.      Motion for Prejudgment Interest**

California Civil Code section 3287 states, in pertinent part, that a "person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day . . . ." Cal. Civ. Code § 3287(a). It also states that:

> Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.

Cal. Civ. Code § 3287(b). Plaintiff seeks an award of prejudgment interest "in the amount of $6,662.38 under [section 3287] subdivision (a) from the date of injury to the date of judgment, or, alternatively, the sum of $3,541.31 under subdivision (b) from the date of the complaint to the date…of judgment October 2, 2018." Mot. at 3. In opposition, Defendant argues that Plaintiff is not entitled to prejudgment interest under subdivision (a) because "damages were anything but certain" and Plaintiff is not entitled to prejudgment under subdivision (b) because "there was no

---

[9] Defendant objects on relevance grounds to the statement in Shahian's declaration that his firm took Plaintiff's case on a contingent basis. While the Court ultimately disagrees that the case's contingency basis warrants an upward lodestar modification, the contingency-fee arrangement is not irrelevant since California law allows courts to consider contingency arrangements in their modification analysis. Defendant's objection is **OVERRULED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.    **CV 17-3875-DMG (GJSx)**                    Date    January 11, 2019

Title    ***Abraham Forouzan v. BMW of North America, LLC, et al.***          Page    12 of 14

contract between BMW NA and Plaintiff, nor did Plaintiff bring a 'cause of action' for any contract."  Opp. at 3, 10.

### 1.  Mandatory Prejudgment Interest Under Section 3287(a)

First, Plaintiff is not entitled to prejudgment interest under section 3287(a) because the damages here were not "certain, or capable of being made certain by calculation."  Cal. Civ. Code § 3287(a).  "Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage."  *Duale v. Mercedes-Benz USA, LLC*, 148 Cal. App. 4th 718, 728 (2007) (quoting *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154, 1172 (1991)).  In other words, "[w]here the amount of damages cannot be resolved except by verdict or judgment, prejudgment interest is not appropriate."  *Id.*  (quoting *Children's Hosp. v. Bonta*, 97 Cal. App. 4th 740, 744 (2002)); *Baker v. Garden Grove Med. Inv'rs, Ltd.*, 306 F. App'x 393, 396 (9th Cir. 2009) ("Damages are not certain under California law where a defendant does not know what amount he or she owes and cannot ascertain it except by judicial process.") (citing *Duale*, 148 Cal. App. 4th at 718).

In *Duale*, the plaintiff bought a Mercedes automobile that Mercedes-Benz USA, Inc. subsequently "failed to adequately service and repair" after a reasonable number of attempts.  *Id.* at 722.  Plaintiff brought an action under the Song-Beverly Act and sought prejudgment interest after a favorable jury verdict. The Court found that Plaintiff was not entitled to prejudgment interest because the jury had to determine "(1) whether any of the many defects alleged in the complaint represented a nonconformity, (2) whether any such nonconformity substantially impaired [the] use, value, or safety of the vehicle, and (3) then to determine—for any such nonconformity—the mileage at which plaintiffs first presented the car to defendant for repair."  *Id.*  In this case, the jury had to make very similar determinations.  Therefore, *Duale's* conclusion that because "the amount of damages could not be resolved except by verdict . . . prejudgment interest was not appropriate" applies equally here.  *Id.* at 729.

While it is true that subsequent decisions have interpreted *Duale* not to preclude prejudgment interest entirely in Song-Beverly Act cases, even those decisions acknowledge that in cases with facts like *Duale*'s, prejudgment interest under section 3287(a) is inappropriate. *See Doppes*, 174 Cal. App. 4th at 1010 ("The *Duale* court did not hold prejudgment interest may never be recovered in a Song-Beverly Consumer Warranty Act case, but only that prejudgment interest was unrecoverable under section 3287 in that particular case because, under the facts, the amount of damages could not be resolved except by verdict.").  Thus, because *Duale* is good law

CV-90                              **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk KT

Case 2:21-cv-01363-RGK-AFM Document 132 Filed 04/22/22 Page 116 of 317 Page ID #:3144

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.    **CV 17-3875-DMG (GJSx)**                     Date    January 11, 2019

Title    ***Abraham Forouzan v. BMW of North America, LLC, et al.***          Page    13 of 14

and mirrors the facts of this case, Plaintiff is not entitled to prejudgment interest under section 3287(a).

### 2. Discretionary Prejudgment Interest Under Section 3287(b)

Under section 3287(b), the trial court "has discretion to decide whether prejudgment interest should be awarded on an unliquidated contractual claim." *N. Oakland Med. Clinic v. Rogers*, 65 Cal. App. 4th 824, 829 (1998). Thus, the threshold question is whether Plaintiff's claim was "based upon a cause of action in contract." Cal. Civ. Code § 3287(b). California courts have not squarely decided whether claims under the Song-Beverly Act qualify as contract actions under section 3287(b), but two decisions have come close.

In *Bishop v. Hyundai Motor America*, the Court of Appeal reversed an award of emotional distress damages under the Song-Beverly Act because emotional distress damages "may not be recovered in an action for breach of contract . . . ." *Bishop v. Hyundai Motor America*, 44 Cal. App. 4th 750, 758 (1996). Although the Court did not address prejudgment interest under section 3287, the Court treated an action brought under the Song-Beverly Act as a cause of action in contract. Additionally, in *A&M Produce*, which was not a Song-Beverly Act case, the Court awarded prejudgment interest under section 3287(b) based on causes of action for breach of express and implied warranties. 135 Cal. App. 3d at 473. Even if those cases are sufficient grounds to conclude that Plaintiff's claims are contract causes of action, however, the Court concludes that prejudgment interest is unwarranted in this case.

As discussed above, courts weighing whether to award discretionary prejudgment interest under section 3287(b) have considered: the time between the lawsuit's filing and the judgment, whether awarding interest will penalize the defendant for litigating a bona fide dispute, and whether the plaintiff made settlement offers such that the defendant's refusal could be construed as placing the prejudgment interest amount at risk. Only the first two factors apply in this case since Plaintiff made no settlement offer. *See A&M Produce*, 135 Cal. App. 3d at 498.

The first factor weighs against awarding prejudgment interest. Plaintiff filed his Complaint in March 2017, and the jury reached a verdict about 19 months later in October 2018. In *A&M Produce*, over seven years elapsed between the filing of the initial complaint and judgment being entered. *Id.* at 496. Thus, the relatively short 19-month lifespan of this case does not support prejudgment interest.

---

Case 2:17-cv-03875-DMG-GJS   Document 133   Filed 01/11/19   Page 14 of 14   Page ID #:3445

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|

| Title | ***Abraham Forouzan v. BMW of North America, LLC, et al.*** | Page | 14 of 14 |
|---|---|---|---|

The second factor does not conclusively point in either direction. Although Plaintiff prevailed, the case involved a "bona fide dispute"—the parties litigated the case to verdict in a trial involving multiple legitimately contested issues.

Having weighed the discretionary considerations, the Court **DENIES** Plaintiff's motion for prejudgment interest.

**V.**
**CONCLUSION**

Accordingly, the Court **GRANTS in part** Plaintiff's motion for attorneys' fees and **DENIES** Plaintiff's motion for prejudgment interest. Defendant shall pay Plaintiff reasonable attorneys' fees in the amount of $215,560.50.

**IT IS SO ORDERED.**

---

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

# EXHIBIT 10

Case 2:17-cv-08273-SVW-SK Document 35 Filed 02/27/19 Page 1 of 1 Page ID #:3447

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    2:17-cv-08273-SVW-SK                    Date    February 27, 2019

Title    *Joshua Holeman et al v. FCA US LLC et al.*

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

|              Paul M. Cruz              |              N/A              |
|-----------------------------------------|-------------------------------|
|              Deputy Clerk               |    Court Reporter / Recorder   |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
|               N/A                 |                N/A                |

**Proceedings:**    ORDER GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES [25]

        Plaintiffs' motion for attorney's fees, costs, and expenses, Dkt. 25, is GRANTED. Plaintiffs are entitled to attorney's fees and litigation costs and expenses pursuant to California Civil Code § 1794(d) as the prevailing party in this action. *See* Declaration of Jacob Cutler, Dkt. 25-6 at 1 (settlement agreement between the parties denoting Plaintiffs as the prevailing party for the purposes of a motion for attorney's fees, costs, and expenses). Plaintiffs' requested attorney's fees are reasonable under the lodestar method of calculation, and Defendant's arguments for a reduction in Plaintiffs' attorney's fees are rejected. However, the Court declines to apply Plaintiffs' requested 0.5 lodestar multiplier, which was requested solely because Plaintiffs' counsel engaged in a contingency fee representation of Plaintiffs in this action.

        Accordingly, the Court awards Plaintiffs a total of $50,094.32, constituting $47,008 in reasonable attorney's fees (including the estimated $3,500 for the filing of a reply brief to Plaintiffs' motion for attorney's fees), and $3,086.32 in reasonable costs and expenses.

        IT IS SO ORDERED.

                                                                    :
                                         _____    _____
                                         Initials of Preparer        PMC

# EXHIBIT 11

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Stanley Mosk Courthouse, Department 53

| | |
|---|---|
| **BC622506** | July 31, 2019 |
| **CATHERINE SHEPARD VS BMW OF NORTH AMERICA LLC ET AL** | 8:30 AM |

Judge: Honorable Robert B. Broadbelt          CSR: Julie Park, 13529
Judicial Assistant: K. Mason                         ERM: None
Courtroom Assistant: C. Vaughn                   Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Christine J. Haw (X)

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

Case is called.

Pursuant to Government Code sections 68086, 70044, California Rules of Court, rule 2.956, and the stipulation of appearing parties, Julie Park, 13925, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The Court notes that Defendant is not present, has not called, and has not checked in this day. Notice to Defendant was proper.

The parties represent that they have seen the tentative ruling, and submits thereon. The tentative ruling is adopted as the Order of the Court on grounds fully reflected therein, signed and filed, and incorporated herein by reference.

The Motion for Attorney Fees filed by Catherine Shepard on 07/09/2019 is Granted.

Court makes further orders as fully reflected in its written order signed and filed this day and incorporated herein by reference.

Plaintiff is ordered to give notice.

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

DEPARTMENT 53

| | |
|---|---|
| CATHERINE SHEPARD, | Case No.:    BC622506 |
| Plaintiff, | Hearing Date:  July 31, 2019 |
| vs. | Time:    8:30 a.m. |
| BMW OF NORTH AMERICA, LLC, et al., | **[TENTATIVE] ORDER RE:** |
| Defendants. | PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES |

MOVING PARTY:        Plaintiff Catherine Shepard

RESPONDING PARTY:    Defendant BMW of North America, LLC

**Plaintiff's Motion for Attorney's Fees, Costs and Expenses**

The court considered the moving, opposition, and reply papers.

**BACKGROUND**

On June 2, 2016, plaintiff Catherine Shepard ("Shepard") filed this "Lemon Law" action against defendants BMW of North America, LLC and Santa Monica BMW (collectively, "BMW"). The operative complaint asserts claims for violations of statutory obligations, namely the Song-Beverly Consumer Warranty Act. On March 15, 2019, BMW served a settlement offer pursuant to Code of Civil Procedure section 998 for $121,312.44. (Cutler Decl., ¶ 59.) Shepard accepted the offer. (Cutler Decl., ¶ 59, Ex. 9.)

1

Shepard now moves for an award of attorney's fees and costs in the total amount of $226,456.21. BMW opposes the motion.

**EVIDENCE**

The court grants Shepard's request for judicial notice as to Items 1-23. However, the court notes that taking judicial notice of the fact that certain orders or papers were filed in another case is not the same as taking judicial notice of the truth of the matters set forth in those filings. (*See Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1565 ["the taking of judicial notice that the judge made a particular factual finding is a far cry from the taking of judicial notice that the 'facts' found by the judge must necessarily be the true facts...."] (emphasis in original).)

The court rules on Shepard's evidentiary objections to the Declaration of Andrew Stefatos as follows: Objection Nos. 1 and 2 are overruled.

**LEGAL STANDARD**

Civil Code section 1794(d) provides: "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate ..... The reasonable hourly rate is that prevailing in the community for similar work. The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095 (internal citations omitted).) "[T]he verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous." (*Horsford v. Board of Trustees of California State Univ.* (2005) 132 Cal.App.4th 359, 396.)

2

## DISCUSSION

In this action, Shepard has been represented by two law firms, the Strategic Legal Practices, APC ("SLP") and the Law Offices of Michael H. Rosenstein, LC ("Rosenstein Firm"). The Rosenstein Firm was associated in as lead trial counsel on February 28, 2019. (Rosenstein Decl., ¶ 7.) The attorney billing rates for the 15 attorneys who performed work on this case at SLP ranged from $325 to $595 per hour. (Shahian Decl., ¶¶ 29-59.) The attorney billing rates for the two attorneys who performed work on this case at the Rosenstein Firm are $600 per hour for Mr. Rosenstein and $400 per hour for his associate, Brian Shippen-Murray. (Rosenstein Decl., ¶¶ 3-4.) SLP billed a total of 316.9 hours for a total of $128,080.50 (Shahian Decl., ¶ 60, Ex. 23, pp. SHEPARD 00329), and the Rosenstein Firm billed a total of 24.1 hours for a total of $13,140. Two of Shepard's attorneys, Payam Shahian of SLP and Michael Rosenstein of the Rosenstein Firm, have submitted declarations attesting to the billing rates, qualifications, skill, and experience of each of the attorneys in their respective law firms who performed work on the case. (Shahian Decl., ¶¶ 29-59; Rosenstein Decl., ¶¶ 3-4.)

BMW objects to Shepard's attorney's fees request on the grounds that the case was overstaffed, that the attorneys billed excessively for individual tasks, that the attorneys billed for numerous meetings between attorneys, and that the attorneys billed for reviewing the file.

"[S]imultaneous representation by multiple law firms posed substantial risks to task padding, over-conferencing, attorney stacking (multiple attendance by attorneys at the same court functions), and excessive research." (*Donahue v. Donahue* (2010) 182 Cal.App.4th 259, 272.) BMW argues that 17 attorneys from two firms led to inefficiency and duplication of work. The court considers each of BMW's examples in turn.

First, BMW argues that sending two attorneys from the Rosenstein Firm to the Final Status Conference to argue motions in limine was excessive, and only one attorney needed to attend the hearing. The court does not find the attorney's fees for this work to have been unreasonably incurred.

3

Second, BMW argues that the Rosenstein Firm excessively billed 8 hours to review transcripts of depositions conducted or defended by SLP's attorneys. The court does not find the attorney's fees for this work to have been unreasonably incurred.

Third, BMW argues that counsel for Shepard improperly billed for meetings between attorneys. Specifically, BMW points to 0.7 hours billed for "attorney strategy meetings" by the Rosenstein Firm, and 12.8 hours billed for meetings by SLP. The court does not find the attorney's fees for this work to have been unreasonably incurred.

Fourth, BMW argues that SLP excessively billed for time to review the file or review the work of other billers. The court does not find the attorney's fees for this work to have been unreasonably incurred.

Fifth, BMW argues that SLP excessively billed for time on the instant motion for attorney's fees, costs, and expenses, including 16.8 hours for drafting the motion and an additional $3,500 anticipated for fees incurred in drafting a reply and attending the hearing on this motion. The court does not find the attorney's fees for this work to have been unreasonably incurred.

Based on its review of the evidence presented (including the work and time entries on the attorney's bills), the court finds that the billing entries in Shepard's attorneys' bills do not evidence inefficient or unreasonable billing, duplication of effort, padding of time entries, over-conferencing, or multiple attendance by attorneys at the same court functions, as a result of the staffing and division of labor among Shepard's attorney's on this case. The court also finds that the hourly rates charged by each of Shepard's attorneys are reasonable based on their respective qualifications, skill, and experience, and the prevailing rates in the community for similar work. Therefore, the court finds that the lodestar attorney's fees requested by Shepard were reasonably incurred by Shepard in connection with the commencement and prosecution of this action. (Civ. Code, § 1794, subd. (d).)

Shepard also seeks an adjustment to her attorneys' fee request by a lodestar multiplier of 1.35. "[T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty

4

of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. [Citation omitted.] The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services. The "'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.'"" (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132.)

The court finds that, although Shepard's case was taken on a contingency basis, none of the other factors supports the application of a multiplier. There is no indication that this case was complex or presented challenging legal issues. There is no evidence that counsel was precluded from taking other cases because of the nature of this case, nor is the success achieved by counsel exceptional. Finally, the court does not find that BMW did anything to unreasonably delay resolution of this case.

The court also notes that the hourly rates requested by Shepard are reasonable because of counsel's demonstrated skill and experience. Because the quality of representation and the degree of skill exercised by counsel is already factored into the lodestar, it would be unreasonable to award an enhancement. (*See Holguin v. Dish Network LLC* (2014) 229 Cal.App.4th 1310, 1333 ["Where, as here, the court determines that the lodestar itself constitutes a reasonable fee for the action at issue, no enhancement is warranted."].)

In any event, the court also notes that, in the Statutory Offer which Shepard accepted, the parties agreed that "Defendants shall not be liable for a fee multiplier greater than 1.00." (Cutler Decl., ¶ 59, Ex. 9, p. 2:17-18.)

The court therefore declines to apply a multiplier to the lodestar amount.

Because no objection was made to the amount of costs and expenses sought by Shepard, the court finds that the $32,308.53 in costs and expenses requested by Shepard were reasonably

incurred by Shepard in connection with the commencement and prosecution of this action. (Civ. Code, § 1794, subd. (d).)

**ORDER**

For the reasons set forth above, Shepard's motion for attorney's fees is granted. The court orders that Shepard shall recover a total of $144,720.50 in attorney's fees (consisting of $131,580.50 ($128,080.50 billed and $3,500 anticipated for the reply and hearing on this motion) in attorney's fees for work performed by Strategic Legal Practices, APC, plus $13,140 in attorney's fees for work performed by the Law Offices of Michael H. Rosenstein, LC) from defendants BMW of North America, LLC and Santa Monica BMW, pursuant to Civil Code section 1794, subdivision (d).

The court orders that Shepard shall recover $32,308.53 from defendants BMW of North America, LLC and Santa Monica BMW for costs and expenses, pursuant to Civil Code section 1794, subdivision (d).

The court orders Shepard to give notice of this ruling.

IT IS SO ORDERED.

DATED: July 31, 2019

Robert B. Broadbelt III
Judge of the Superior Court

**CIV-130**

| PLAINTIFF/PETITIONER: Catherine Shepard | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BMW of North America LLC | BC622506 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   1840 Century Park East, Suite 430
   Los Angeles, CA 90067

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☒ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):* July 31, 2019

   b. from *(city and state):* Los Angeles, CA

4. The envelope was addressed and mailed as follows:

   a. Name of person served:  Kate Lehrman

      Street address: 12121 Wilshire Blvd. #1300
      City: Los Angeles
      State and zip code: CA 90067

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 31, 2019

| Kirsten Pangaliman | ▶ | *Kirsten Pangaliman* |
|---|---|---|
| (TYPE OR PRINT NAME OF DECLARANT) | | (SIGNATURE OF DECLARANT) |

Page 2 of 2

CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

# EXHIBIT 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 1 of 15 |

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTIONS FOR ATTORNEYS' FEES [108] AND PREJUDGMENT INTEREST [106]**

This matter is before the Court on Plaintiff's Motions for Attorneys' Fees and Prejudgment Interest. [Doc. ## 108 ("MAF"), 106 ("Mot.").] For the following reasons, the Court **GRANTS in part** Plaintiff's Motion for Attorneys' Fees and **DENIES** Plaintiff's Motion for Prejudgment Interest.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

On April 11, 2017, Plaintiff Jerry Zomorodian filed a Complaint alleging five causes of action against Defendant BMW of North America LLC[1] in connection with a 2016 BMW 750XI (the "Vehicle" or "Car") that he leased in June 2016: (1) violation of California Civil Code section 1793.2(D), (2) violation of Civil Code section 1793.2(B), (3) violation of California Civil Code section 1793.2(A)(3), (4) breach of express written warranty, and (5) breach of the implied warranty of merchantability. [Doc. # 1-1.] On May 18, 2017 Defendant extended to Plaintiff a settlement offer pursuant to California Code of Civil Procedure section 998 ("section 998 offer"). Plaintiff did not accept the offer.

The parties tried the case and the jury returned a verdict in favor of Plaintiff in the amount of $176,976.60. [Doc. # 99 ("Verdict Form").] Afterwards, Plaintiff filed the instant motions, which are now fully briefed. [Doc. ## 111, 124, 122, 121.]

---

[1] Plaintiff initially named Irvine BMW as a defendant as well. Irvine BMW was dismissed from this action on June 30, 2017. For that reason, the Court uses the term "Defendant" to refer only to BMW of North America LLC.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |

| | | | |
|---|---|---|---|
| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 2 of 15 |

**II.**
**REQUESTS FOR JUDICIAL NOTICE ("RJNs")**

**A.      Plaintiff's Request**

Plaintiff requests that the Court take judicial notice of certain documents that are matters of public record.  *See* [Doc. # 108-2 ("Pl.'s RJN").]  Defendant opposes the request.  *See* [Doc. # 110.]

Under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record," but "a court may not take judicial notice of a fact that is subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotations and citations omitted).  Court filings are also properly subject to judicial notice under Federal Rule of Evidence 201.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of "court filings" as they are "readily verifiable, and therefore, the proper subject of judicial notice").  Furthermore, judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see Coalition for Clean Air v. VWR Intern., LLC*, 922 F. Supp. 2d 1089, 1093 n.1 (E.D. Cal. 2013).

Plaintiff requests that the Court take judicial notice of the following:  (1) a February 27, 2014 minute order granting the plaintiff's motion for fees and costs in the matter of *Khani v. Ford Motor Company*; (2) an October 3, 2014 order granting the plaintiff's motion for fees and costs in the matter of *Reyes v. Ford Motor Company*; (3) a November 7, 2014 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Atanuspour v. BMW of North America, LLC*; (4) a conformed copy of a November 12, 2014 notice of Ruling; (5) a May 20, 2016 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Derakshanian, et al. v. BMW of North America, LLC*; (6) a November 21, 2016 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Moreno v. BMW of North America, LLC*; (7) a copy of a February 9, 2017 order in the matter of *Violi v. Hyundai Motor America, Inc.*; (8) a March 6, 2017 minute order in the matter of *Abedi-Masihi v. Mercedes-Benz USA, LLC*; (9) the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter; (10) a May 11, 2017 order in the matter of *Bustamante v. FCA US, LLC*; (11) a May 9, 2017 stipulation and signed order in the matter of *Vanwaus v. FCA US, LLC*; (12) a September 27, 2017 minute order in the matter of *Fuller v. FCA US, LLC*; (13) an October 26, 2017 minute order in the matter of *Gutierrez v. FCA US, LLC*; (14) a November 28, 2017 minute order in the matter of *Seesholtz v. FCA US, LLC*; (15) a February 2, 2018 order in the matter of *Villasenor v. FCA US, LLC*; (16) a February 27, 2018 notice of ruling and tentative ruling in the matter of *Kazaryan v. Mercedes-Benz USA, LLC*; (17) a notice of ruling in *Geredes v. Chrysler Group LLC*; (18) a notice of ruling

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

Case 2:17-cv-05061-DMG-PLA   Document 136   Filed 07/23/19   Page 3 of 15   Page ID #:2416

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |

| | | | |
|---|---|---|---|
| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 3 of 15 |

in *Ahmed Al-Jiboury v. FCA*; (19) a notice of order in *Howard v. FCA*; (20) a notice of order in *Hall v. FCA*; (21) an order in *Ruiz v. BMW*; (22) a second amended judgment on jury verdict after entry of Additur in *Kadkhoda v. MBUSA*; and (23) a January 11, 2019 order in the matter of *Forouzan v. BMW of North America, LLC*.

These documents, with the exception of number nine, are all matters of public record not subject to reasonable dispute, and are therefore the proper subject of judicial notice. To the extent Defendant objects to the request for judicial notice of previous court orders on relevance grounds, the Court **OVERRULES** Defendant's objections. The prior court orders and judgments referenced in Shahian's declaration are relevant because they shed light on what courts have recognized as the prevailing market rate for attorneys of comparable experience. The Court declines to take judicial notice of the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter (number nine) because a declaration is "subject to reasonable dispute." *See Lee*, 250 F.3d at 688-89. Thus, the Court **GRANTS** Plaintiff's Request for Judicial Notice with respect to all of the above-enumerated documents, but **DENIES** it as to number nine.

**B.      Defendant's Request**

Defendant also requests that the Court take judicial notice of certain documents that are matters of public record. *See* [Doc. # 112 ("Def.'s RJN").] Defendant requests that the Court take judicial notice of the following: (1) the same January 11, 2019 order in the matter of *Forouzan v. BMW of North America, LLC*, and (2) the declaration of Erin Melody-Rosenfeld filed in opposition to a petition for coordination in *Darmohray v. Kia Motors America*. Plaintiff opposes the request with respect to the second document only. *See* [Doc. # 121-6.]

Given the above ruling, the RJN as to the first document is moot. The Court declines to take judicial notice of the second document (the Melody-Rosenfeld declaration) because a declaration is "subject to reasonable dispute." *See Lee*, 250 F.3d at 688-89. Thus, the Court **DENIES** as moot Defendant's Request for Judicial Notice with respect to the first document enumerated above, and **DENIES** it as to the second.

**III.
OBJECTIONS**

Both sides object to nearly every piece of evidence offered by the other side, even though most of the evidence relates to facts that are either (a) not in dispute, or (b) merely contextual background information with no substantive bearing on the issues in dispute. For example, in his moving papers, Plaintiff represents (without supporting evidence) that Defendant made a section

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |

| | | | |
|---|---|---|---|
| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 4 of 15 |

998 compromise offer on May 18, 2017, which gave Plaintiff the choice between (a) $44,536.82 to keep the Vehicle, and (b) $121,853.26 to return the Vehicle. MAF at 8. Plaintiff objects, however, to the paragraph in Richard Stuhlbarg's declaration attesting to the same facts. [*See* Doc. # 121-8 at 2.] Plaintiff also objects to Stuhlbarg's statement of the procedural history of this action: that the case was removed to federal court after Plaintiff dismissed the only non-diverse defendant in response to its motion to compel arbitration. [*See* Doc. # 121-8 at 5.] It is clear, therefore, that the vast majority of the parties' objections have no impact on the outcome of Plaintiff's motions. Rather than needlessly issue numerous immaterial evidentiary rulings, the Court will address the parties' evidentiary objections only insofar as it relies on the evidence to which one side objects. Any objections to evidence not referenced in this order are **OVERRULED as moot** because the Court has not relied on that evidence in reaching its decision.

**IV.**
**LEGAL STANDARDS**

**A.      Motion for Attorneys' Fees**

Under California Civil Code section 1794(d), the "prevailing party" in a suit may be entitled to "recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees." Cal. Civ. Code 1794(d). The Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro Life Ins. Co.*, 480 F. 3d 942, 945 (9th Cir. 2007). The burden is on the party seeking fees to establish their reasonableness. *Id*. at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

In determining "a reasonable hourly rate, the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" *Hiken v. Dep't of Def.*, 836 F. 3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)). Additionally, district courts may "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *See Ingram v. Oroudjian*, 647 F. 3d 925, 928 (9th Cir. 2011).

A "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Id*. at 946 (quoting *Hensley*, 461 U.S. at 434). "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. "Ultimately, a 'reasonable' number of hours equals the number of hours which could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F. 3d 1196, 1202 (9th Cir. 2013) (internal quotation marks omitted) (brackets omitted). "[U]nder consumer protection

---

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 17-5061-DMG (PLAx)**                    Date   July 23, 2019

Title   ***Jerry Zomorodian v. BMW of North America, LLC, et al.***          Page   5 of 15

statutes involving mandatory fee-shifting provisions, the legislative policies are in favor of . . . recovery of all attorney fees reasonably expended, without limiting the fees to a proportion of . . . actual recovery." *Graciano v. Robinson Ford Sales, Inc*., 144 Cal. App. 4th 140, 164 (2006).

District courts have broad "discretion in determining the amount of a fee award . . . in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *See Hensley*, 461 U.S. at 437. If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. *Gonzales*, 729 F. 3d at 1203. The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across the board percentage cut." *Id*.

**B.       Motion for Prejudgment Interest**

California Civil Code section 3287 governs the recovery of prejudgment interest. The statute states that "[e]very person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a). "Prejudgment interest may be awarded under section 3287 'even if it is not specifically authorized by the statute underlying the plaintiff's claims.'" *Doppes v. Bentley Motors, Inc*., 174 Cal. App. 4th 1004, 1009-10 (2009) (quoting *County of Solano v. Lionsgate Corp*., 126 Cal. App. 4th 741, 752 (2005)).

Section 3287(b) further states, "[e]very person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." *See Lewis C. Nelson & Sons, Inc. v. Clovis Unified Sch. Dist*., 90 Cal. App. 4th 64, 71 (2001) ("[T]he distinction between the two subparts [of section 3287] has to do with the nature of the damages—liquidated and unliquidated—for which interest may be awarded . . . ."); *Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1072 (N.D. Cal. 2012) ("Under [subsection (a)], prejudgment interest cannot be awarded when the amount of damages cannot be ascertained except on conflicting evidence.").

Although there is no clear rule that guides trial courts' discretion in this area, courts have taken into consideration the following factors when determining whether to exercise their discretion to award prejudgment interest: (1) the time between the lawsuit's filing and the judgment, (2) whether awarding interest will penalize the defendant for "litigating a bona fide dispute" or recognize that the plaintiff incurred "an additional amount of damage" as a result of the breach, and (3) whether the plaintiff made settlement offers such that the defendant's refusal to settle could be construed as "placing the prejudgment interest amount at risk." *See A&M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 497 (1982).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | **CV 17-5061-DMG (PLAx)** | | Date | July 23, 2019 |

| | | | | |
|---|---|---|---|---|
| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | | Page | 6 of 15 |

**V.**
**DISCUSSION**

**A.      Motion for Attorneys' Fees**

**1.      Post-Offer Fees**

When analyzing whether to award attorneys' fees in a case involving a prior section 998 offer, the key "question is whether . . . the rejecting offeree obtained a judgment more favorable than the offer." *Linthicum v. Butterfield*, 175 Cal. App. 4th 259 (2007). If the rejecting offeree obtained a more favorable judgment, attorneys' fees remain available. Whether the judgment—in this case, the jury's verdict—is "more favorable" is a question "for the trial court's discretion." *Id.* at 270.

Plaintiff argues that he is entitled to post-offer attorneys' fees because his recovery at trial was larger than Defendant's section 998 offer. MAF at 8. Defendant's offer would have allowed Plaintiff to choose one of two options: $44,536.82 in cash and the ability to keep the Vehicle, or a $121,853.26 cash payment that required Plaintiff to pay off the remaining lease balance and return the vehicle. MAF at 8; [Doc. # 124-1 ("Stuhlbarg Decl.") at ¶ 6;[2] [Doc. # 117-1 ("Section 998 Offer") at 1-3.] Defendant appears to admit that both options were inferior to the award of $176,976.60 that Plaintiff obtained at trial. *See* [Doc. # 124 ("Opp.") at 6 ("BMW NA concedes that it did not achieve a more favorable result than its [section 998] Offer . . . .").] Thus, because the judgment Plaintiff obtained at trial was more favorable than the section 998 settlement offer, attorneys' fees are available to him.

---

[2] Plaintiff objects to Stuhlbarg's declaration regarding Defendant's section 998 offer on the basis that it is irrelevant. The Court **OVERRULES** this objection. Both the fact of the offer and the terms of the offer are relevant because Plaintiff is not entitled to cover costs incurred after the section 998 offer unless he obtained a more favorable judgment than the offer. Plaintiff also objects that Stuhlbarg's description of the terms of the offer is misleading and more prejudicial than probative. The Court **OVERRULES** this objection as well. Stuhlbarg's description of the section 998 offer is essentially consistent with Plaintiff's own description and with the offer document itself, which Stuhlbarg attaches as an exhibit to his declaration. Finally, Plaintiff objects to Stuhlbarg's description of the terms of the offer under Federal Rule of Evidence 1006 ("Summaries to Prove Content"). Stuhlbarg provides the section 998 offer document itself and his summary is clearly not intended to prove the contents of that document. Rather, his description is simply intended to summarize the salient terms of the offer for purposes of the present motion, much as Plaintiff himself does in the body of his motion. This objection is **OVERRULED**.

---

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

Case 2:21-cv-01063-RGK-AFM   Document 132   Filed 04/22/22   Page 136 of 317   Page
ID #:2420
Case 2:17-cv-05061-DMG-PLA   Document 136   Filed 07/23/19   Page 7 of 15   Page ID #:3464

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Jerry Zomorodian v. BMW of North America, LLC, et al.*** | Page | 7 of 15 |

### 2.   Reasonable Hourly Rates

Plaintiff seeks $257,142.50 in attorneys' fees.  The first step in calculating the lodestar is determining the reasonable hourly rate.  While the prevailing market rate for attorneys of comparable experience, skill and reputation controls this determination, the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson v. Billings Police Dep't*, 470 F. 3d 889, 892 (9th Cir. 2006).

Plaintiff contends that the following hourly rates for his attorneys are reasonable:  $365 per hour for Christine Haw in 2017 and $375 per hour in 2018 (five years of practice), $495 per hour for Gregory Yu (14 years of practice), $410 per hour for Jacob Cutler (nine years of practice), $595 per hour for Rowena Santos (18 years of practice), $325 per hour for Jared Walder (one year of practice), $335 per hour for Victoria Shin (two years of practice), $410 per hour for Michael Devlin (nine years of practice), $350 per hour for Sean Crandall (two years of practice), $435 per hour for James Tarter (10 years of practice), $350 per hour for Gregory Sogoyan (one year of practice), $595 per hour for Erin Melody-Rosenfeld (15 years of practice), $695 per hour for Steven Brower (38 years of practice), and $250 per hour for Jason Brower[3] (law clerk, first year of practice).

Plaintiff's primary evidence in support of the requested hourly rates are the declarations of Payam Shahian and Steven Brower.  As the managing partner and senior attorney of Strategic Legal Practices, Shahian is "familiar with the experience and background of each attorney who has worked for Strategic Legal Practices" and bases his determination that the hourly rates are reasonable on his "own experience and review of relevant court orders."  [Doc. # 108-13 ("Shahian Decl.") at ¶ 29.][4]  Additionally, Shahian cites to several previous cases for each attorney in which

---

[3] There is one page in Plaintiff's motion that refers to Jason Brower's hourly rate as $225 per hour.  *See* MAF at 16.  The evidence submitted by Plaintiff in support of his motion, however, all refers to Jason Brower's hourly rate as $250 per hour [*see, e.g.*, Doc. ## 108-4, 108-5], and Plaintiff's requested attorneys' fees are calculated based on an hourly rate of $250 per hour for Jason Brower.  [*Compare* MAF at 24 *with* Doc. # 108-5 at 6.]  Defendant's opposition also refers to Jason Brower's requested hourly rate as $250 per hour.  *See* Opp. at 13.  The Court therefore interprets the reference to a $225-per-hour fee in Plaintiff's motion to be a typographical error.

[4] Defendant objects to the parts of Shahian's declaration that detail his background and experience with Song-Beverly cases, 22 of the 23 exhibits attached to Shahian's declaration, and all of the cases cited to in support of each attorney's hourly rate.  *See generally* [Doc. # 114.] To the extent Defendant objects to previous court orders on hearsay grounds, the Court **OVERRULES** Defendant's objections.  The prior court orders and judgments referred to in Shahian's declaration are not offered "for the truth of the matters asserted in the judgment, but rather to establish the judgment's legal effect" which is a "nonhearsay purpose." *U.S. v. Boulware*, 384 F. 3d 794, 807 (9th Cir. 2004).  Previous court orders are also relevant because they shed light on what courts have recognized as the prevailing market rate for attorneys of comparable experience.  The Court does not rely on exhibit 9, making Defendant's evidentiary

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |

| | | | |
|---|---|---|---|
| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 8 of 15 |

hourly rates comparable to those requested in the instant action were awarded to that specific attorney or to an attorney of similar experience in Los Angeles County. *See* Shahian Decl. at ¶¶ 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51. Steven Brower bases his statement that the hourly-rates are reasonable on his 36 years of experience working as a litigation attorney at more than six different law firms. [Doc. # 108-4 ("Brower Decl.") at ¶¶ 7-8.] He also notes that the $250 hourly rate proposed for Brower Law Group's law clerk, Jason Brower, is "less than many firms charge for paralegals." Brower Decl. at ¶ 19.[5] Plaintiff's evidence is sufficient to establish that the requested hourly rates for each attorney involved in this case are reasonable, except that the Court will apply the same hourly rate for those with similar years of experience—i.e., $325 per hour for Jared Walder and Gregory Sogoyan, and $335 per hour for Victoria Shin and Sean Crandall.

### 3.     Hours Reasonably Expended

Plaintiff submits time sheets reflecting 565.8 billable hours spent on Plaintiff's case, including time spent on this fees motion.[6] [*See* Doc. ## 108-5, 108-37.] Defendant argues that Plaintiff should not recover for all 565.8 hours because there are multiple deficiencies in the time entries provided by Plaintiff's counsel that warrant a reduction in the number of compensable hours. Defendant claims these deficiencies include: (1) improper block billing; (2) excessive billing due to overstaffing and inefficient litigation; (3) overly-vague entries; and (4) unnecessary, inefficient, and mistaken time. *See* Opp. at 11-15.

The Court agrees that certain deficiencies in Plaintiff's counsel's time entries warrant a reduction in the number of hours factored into the lodestar calculation. First, Plaintiff's counsel

---

objections to that exhibit moot. The Court also **OVERRULES** Defendant's objections to parts of Shahian's declaration regarding his personal experience on relevance grounds. *See* [Doc. # 114.] Just because Shahian is not submitting time for this matter does not make his experience irrelevant. Shahian's personal experience is relevant because it speaks to his knowledge of the prevailing market rate for attorneys of comparable experience.

[5] Defendant objects that Brower lacks personal knowledge of fees at other firms and therefore this constitutes impermissible opinion testimony. *See* [Doc. # 113 at 4.] The Court **OVERRULES** Defendant's objection. Brower's experience at multiple firms over the course of multiple decades is sufficient to support his personal knowledge of the prevailing rates for paralegal services.

[6] Plaintiff does not seek fees for hours billed by attorneys who "were not materially involved in this case." MAF at 17 n.17. The time sheets submitted by Plaintiff include, however, one two-hour entry billed by an attorney with initials "CJS." [*See* Doc. # 108-37 at 10.] These initials do not correspond to any attorneys mentioned in Plaintiff's fee motion, nor has Plaintiff submitted any evidence to support CJS's claimed hourly rate of $335 per hour. Accordingly, the Court will exclude these two hours in its lodestar calculation. In his Reply, Plaintiff also identifies six hours of billed work that were inadvertently included in the timesheets, and which Plaintiff concedes should be removed. [*See* Doc. # 121-3 (December 5, 2018 entry and December 7, 2018 entry).] The Court will also exclude these six hours from its lodestar calculation.

---

**CIVIL MINUTES—GENERAL**                        Initials of Deputy Clerk KT

Case 2:21-cv-01063-RGK-AFM   Document 132   Filed 04/22/22   Page 138 of 317   Page
ID #:2422
Case 2:17-cv-05061-DMG-PLA   Document 136   Filed 07/23/19   Page 9 of 15   Page ID #:3466

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Jerry Zomorodian v. BMW of North America, LLC, et al.*** | Page | 9 of 15 |

repeatedly block-billed time. Specifically, Plaintiff's counsel block-billed: 16.4 hours of Christine Haw's time, 11.5 hours of Erin Melody-Rosenfeld's time, 9.1 hours of Gregory Sogoyan's time, 1.8 hours of Jacob Cutler's time, 6.0 hours of James Tarter's time, 2.3 hours of Jared Walder's time, 1.6 hours of Michael Devlin's time, 97.3 hours of Rowena Santos's time, 11.7 hours of Sean Crandall's time, 9.7 hours of Victoria Shin's time, 104.6 hours of Jason Brower's time, and 76.6 hours of Steven Brower's time. Because the Court cannot discern from these entries whether the amount of time expended on each task was reasonable, the Court shall exclude 20% of those hours. *See Pierce v. Cty. Of Orange*, 905 F. Supp. 2d 1017, 1030-31 (C.D. Cal. 2012) (citing *Moreno v. City of Sacramento*, 534 F. 3d 1106, 1112 (9th Cir. 2008)) (noting that "courts generally impose only a 5% to 20% reduction for those hours block-billed"). Thus, Christine Haw's time shall be reduced by 3.2 hours, Erin Melody-Rosenfeld's time shall be reduced by 2.3 hours, Gregory Sogoyan's time shall be reduced by 1.8 hours, Jacob Cutler's time shall be reduced by .3 hours, James Tarter's time shall be reduced by 1.2 hours, Jared Walder's time shall be reduced by .4 hours, Michael Devlin's time shall be reduced by .3 hours, Rowena Santos's time shall be reduced by 19.4 hours, Sean Crandall's time shall be reduced by 2.3 hours, Victoria Shin's time shall be reduced by 1.9 hours, Jason Brower's time shall be reduced by 20.9 hours, and Steven Brower's time shall be reduced by 15.3 hours.

Second, Defendant asserts that multiple time entries relating to meetings between Plaintiff's attorneys should be excluded from the Court's calculation. Opp. at 8. Yet, "attorneys must spend at least some of their time conferring with colleagues, particularly their subordinates, to ensure that a case is managed in an effective as well as efficient manner." *See Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F. 2d 1319, 1337 (D.C. Cir. 1982). Further, many of the conferences for which Plaintiff's attorneys seek recovery were short and many of the longer meetings have already been factored into the Court's analysis because they were block-billed along with other time entries. For that reason, the Court finds that the 20% reduction is sufficient to account for not only the block-billed hours, but also the multiple internal conferences.

Plaintiff's counsel's trial billing, however, warrants an additional reduction. Counsel billed time for Steven Brower, as well two additional attorneys (Christine Haw and Jason Brower), to attend trial. While having two or three attorneys attend a trial is surely helpful to the lead attorney, additional attorneys were not necessary in this case.[7] Plaintiff was well represented by Mr. Brower, and the trial was short and straightforward. The Court can find no good reason why the convenience of two additional attorneys in a case of this nature is a cost that should be borne fully

---

[7] Steven Brower notes that Christine Haw handled all of the procedural and legal formalities ("Motions, Jury Instructions, etc.") during the trial. [Doc. # 108-4 ("Brower Decl.") at ¶ 3.] But Plaintiff has not explained why a single attorney could not have taken charge of both functions, or why this division of responsibility across two attorneys was otherwise reasonably necessary.

---

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Jerry Zomorodian v. BMW of North America, LLC, et al.*** | Page | 10 of 15 |

by Defendant.  The 24 hours that Jason Brower and Christine Haw[8] billed for attendance at trial, therefore, shall be reduced by 50% each.

Third, Defendant claims that a plethora of entries are impermissibly vague.  Attorneys seeking fee awards are "not required to record in great detail how each minute of [their] time was expended."  *Hensley*, 461 U.S. at 437 n.12.  They need only "keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Id.* at 441 (Burger, C.J., concurring); *see also United Steelworkers of Am. v. Ret. Income Plan For Hourly—Rated Employees of ASARCO, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008).  Under that standard, the Court finds no reason to reduce or eliminate any entries for vagueness.  Many of the entries Defendant identifies are short and sufficiently descriptive (*i.e.,* .2 or less for emails or phone calls to client) or have already been accounted for because they are included in the Court's application of a 20% reduction for block-billed entries.

Fourth, Defendant argues that a handful of entries reflect tasks better suited for a paralegal or administrative professional.  Plaintiff may not recover fees for time spent on purely clerical work.  *See Davis v. City of San Francisco*, 976 F. 2d 1536, 1543 (9th Cir. 1992), *vacated on other grounds by Davis v. City & Cty. of San Francisco*, 984 F.2d 345 (9th Cir. 1993) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them. . . . [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.") (internal quotations and citations omitted).  What Defendant characterizes as "clerical tasks," however, involve activities that differ from the "purely clerical or secretarial tasks" in *Davis*.  For instance, the disputed entries include preparing pleadings, reviewing client files, drafting deposition subpoenas, coordinating production of documents, and reviewing trial exhibit binders and deposition transcripts.  [*See, e.g.*, Doc. # 121-2 (July 30, 2018 entry, August 6, 2018 entry, December 5, 2018 entry, and December 11, 2018 entry).]  These are not "purely clerical" tasks and the Court declines to exclude them from the fee award.

Finally, Defendant contends that Plaintiff's counsel "engaged in overstaffing and inefficient litigation" or billed for "numerous entries that were unnecessary."  Opp. at 11, 15. While the use of 13 attorneys in a case of this nature certainly suggests overstaffing, the Court has reviewed the hours billed with care and has determined that most of the hours billed by the 13 different attorneys have not been duplicative.  In particular, Defendant points to "internal

---

[8] Christine Haw's time entries for these three days actually total 31.5 hours, but in these entries attendance at trial was block-billed with trial preparation.  The Court will only subject 24 of these hours to a 50% reduction, finding this to be a reasonable estimate of the time actually spent attending trial.  The remaining 7.5 hours will not be subject to a block-billing deduction, as the Court finds 7.5 hours to be a reasonable amount of time spent on trial preparation over the course of these three days.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | Date | July 23, 2019 |
| --- | --- | --- | --- |

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 11 of 15 |
| --- | --- | --- | --- |

conferences" and "reviewing the file" as examples of "overstaffing" and "inefficient litigation." Opp. at 12. As addressed above, however, a reasonable number of internal conferences is necessary to effectively coordinate the prosecution of a case and the Court has taken into consideration the large number of billing attorneys and the time spent reviewing the file in connection with its 20% across-the-board reduction.

In light of the foregoing, the Court finds that Plaintiff's counsel reasonably billed the following hours: 37.5 hours for Christine Haw, 19.9 hours for Gregory Yu, 10.3 hours for Jacob Cutler, 88.4 hours for Rowena Santos, 6.8 hours for Jared Walder, 11.4 hours for Victoria Shin, 3.0 hours for Michael Devlin, 33.4 hours for Sean Crandall, 4.8 hours for James Tarter, 20.9 hours for Gregory Sogoyan, 41.7 hours for Erin Melody-Rosenfeld, 76.5 hours for Steven Brower, and 109.9 hours for Jason Brower. When these hours are multiplied by the reasonable rates identified in Part B, they yield a lodestar of $213,447.50.

### 4. Lodestar Modification

The court next considers whether to increase or decrease the lodestar. *See Stranger v. China Elec. Motor, Inc.*, 812 F. 3d 734, 740 (9th Cir. 2016) ("the decision to enhance or reduce the lodestar . . . is within the district court's discretion"). Plaintiff argues for an upward modification of .50 because Plaintiff's counsel obtained an excellent outcome and the risks posed by the litigation were substantial. MAF at 21-23; Reply at 23-24. The Ninth Circuit has plainly held that the lodestar amount is "presumptively the reasonable fee amount," and that a modification of the lodestar is appropriate only in "rare" and "exceptional" cases supported by both "specific evidence on the record and detailed findings . . . that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F. 3d 1041, 1045 (9th Cir. 2000) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

Generally, courts may take into consideration the following factors when determining whether to implement a lodestar enhancement: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)). Courts have also recognized that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee' and 'an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation.'" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986)). The "novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors 'presumably [are] fully reflected

---

CV-90 **CIVIL MINUTES—GENERAL** Initials of Deputy Clerk KT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | **CV 17-5061-DMG (PLAx)** | | Date | July 23, 2019 |

| | | | |
|---|---|---|---|
| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 12 of 15 |

in the number of billable hours recorded by counsel.'" *Id*. Furthermore, "the quality of an attorney's performance generally should not be used to adjust the lodestar '[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.'" *Id*.

The Court declines Plaintiff's request to apply an upward multiplier of .50 in this case. The amount of time and skill required to properly resolve this litigation, counsel's success in resolving the matter, and the case's novelty or complexity are reflected in the number of billable hours recorded and the reasonable hourly rate. The Court acknowledges the contingent nature of this case. Nonetheless, "[a]n attorney operating on a contingency-fee basis pools the risks presented by his various cases: cases that turn out to be successful pay for the time he gambled on those that did not. To award a contingency enhancement under a fee-shifting statute would in effect pay for the attorney's time . . . in cases where his client does not prevail." *City of Burlington v. Dague*, 505 U.S. 557, 565 (1992). Accordingly, the contingent nature of this case does not warrant a 50% enhancement.[9] The lodestar, with the 20% reduction for block-billed entries and other inefficiencies and the other individual reductions described above, reflects the reasonable amount of attorneys' fees Plaintiff should recover.

**B.     Motion for Prejudgment Interest**

Plaintiff seeks an award of prejudgment interest "in the amount of $14,894.64 under [California Civil Code section 3287] subdivision (a) from the date of injury/lease inception to the date of Judgment, or, alternatively, the sum of $10,127.04 under subdivision (b) from the date of the Complaint to the date of Judgment." Mot. at 1. In opposition, Defendant argues that Plaintiff is not entitled to prejudgment interest under subdivision (a) because "damages were anything but certain" and Plaintiff is not entitled to prejudgment under subdivision (b) because "there was no contract between BMW NA and Plaintiff, nor did Plaintiff bring a 'cause of action' for any contract." Opp. at 7, 15.

**1.     Mandatory Prejudgment Interest Under Section 3287(a)**

First, Plaintiff is not entitled to prejudgment interest under section 3287(a) because the damages here were not "certain, or capable of being made certain by calculation." Cal. Civ. Code § 3287(a). "Damages are deemed certain or capable of being made certain within the provisions

---

[9] Defendant objects on relevance grounds to the statement in Shahian's declaration that his firm took Plaintiff's case on a contingent basis. While the Court ultimately disagrees that the case's contingency basis warrants an upward lodestar modification, the contingency-fee arrangement is not irrelevant since California law allows courts to consider contingency arrangements in their modification analysis. Defendant's objection is **OVERRULED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.    **CV 17-5061-DMG (PLAx)** | Date    July 23, 2019 |

| | |
|---|---|
| Title    ***Jerry Zomorodian v. BMW of North America, LLC, et al.*** | Page    13 of 15 |

of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Duale v. Mercedes-Benz USA, LLC*, 148 Cal. App. 4th 718, 728 (2007) (quoting *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154, 1172 (1991)). In other words, "[w]here the amount of damages cannot be resolved except by verdict or judgment, prejudgment interest is not appropriate." *Id.* (quoting *Children's Hosp. v. Bonta*, 97 Cal. App. 4th 740, 744 (2002)); *Baker v. Garden Grove Med. Inv'rs, Ltd.*, 306 F. App'x 393, 396 (9th Cir. 2009) ("Damages are not certain under California law where a defendant does not know what amount he or she owes and cannot ascertain it except by judicial process.") (citing *Duale*, 148 Cal. App. 4th at 718).

In *Duale*, the plaintiff bought a Mercedes automobile that Mercedes-Benz USA, Inc. subsequently "failed to adequately service and repair" after a reasonable number of attempts. *Id.* at 722. Plaintiff brought an action under the Song-Beverly Act and sought prejudgment interest after a favorable jury verdict. The Court found that Plaintiff was not entitled to prejudgment interest because the jury had to determine "(1) whether any of the many defects alleged in the complaint represented a nonconformity, (2) whether any such nonconformity substantially impaired [the] use, value, or safety of the vehicle, and (3) then to determine—for any such nonconformity—the mileage at which plaintiffs first presented the car to defendant for repair." *Id.* In this case, the jury had to make very similar determinations. Therefore, *Duale's* conclusion that because "the amount of damages could not be resolved except by verdict . . . prejudgment interest was not appropriate" applies equally here. *Id.* at 729.

While it is true that subsequent decisions have interpreted *Duale* not to preclude prejudgment interest entirely in Song-Beverly Act cases, even those decisions acknowledge that in cases with facts like *Duale*'s, prejudgment interest under section 3287(a) is inappropriate. *See Doppes*, 174 Cal. App. 4th at 1010 ("The *Duale* court did not hold prejudgment interest may never be recovered in a Song-Beverly Consumer Warranty Act case, but only that prejudgment interest was unrecoverable under section 3287 in that particular case because, under the facts, the amount of damages could not be resolved except by verdict."). Thus, because *Duale* is good law and mirrors the facts of this case, Plaintiff is not entitled to prejudgment interest under section 3287(a).

### 2. Discretionary Prejudgment Interest Under Section 3287(b)

Under section 3287(b), the trial court "has discretion to decide whether prejudgment interest should be awarded on an unliquidated contractual claim." *N. Oakland Med. Clinic v. Rogers*, 65 Cal. App. 4th 824, 829 (1998). Accordingly, the threshold question is whether Plaintiff's claim was "based upon a cause of action in contract." Cal. Civ. Code § 3287(b).

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

Case 2:17-cv-05061-DMG-PLA    Document 136    Filed 07/23/19    Page 14 of 15    Page ID #:2471

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 14 of 15 |
|---|---|---|---|

California courts have not squarely decided whether claims under the Song-Beverly Act qualify as contract actions under section 3287(b), but two decisions have come close.

In *Bishop v. Hyundai Motor America*, the Court of Appeal reversed an award of emotional distress damages under the Song-Beverly Act because emotional distress damages "may not be recovered in an action for breach of contract . . . ." *Bishop v. Hyundai Motor America*, 44 Cal. App. 4th 750, 758 (1996). Although the Court did not address prejudgment interest under section 3287, the Court treated an action brought under the Song-Beverly Act as a cause of action in contract. Additionally, in *A&M Produce*, which was not a Song-Beverly Act case, the Court awarded prejudgment interest under section 3287(b) based on causes of action for breach of express and implied warranties. 135 Cal. App. 3d at 473. Even if those cases support the conclusion that Plaintiff's claims are contract causes of action, however, the Court concludes that prejudgment interest is unwarranted in this case.

As discussed above, courts weighing whether to award discretionary prejudgment interest under section 3287(b) have considered: (1) the time between the lawsuit's filing and the judgment, (2) whether awarding interest will penalize the defendant for litigating a bona fide dispute, and (3) whether the plaintiff made settlement offers such that the defendant's refusal could be construed as placing the prejudgment interest amount at risk. Only the first two factors apply in this case since there is no evidence in the record of Plaintiff having made any settlement offers. *See A&M Produce*, 135 Cal. App. 3d at 498.

The first factor weighs against awarding prejudgment interest. Plaintiff filed his Complaint in April 2017, and the jury reached a verdict about 20 months later in December 2018. In *A&M Produce*, over seven years elapsed between the filing of the initial complaint and judgment being entered. *Id.* at 496. Thus, the relatively short 20-month lifespan of this case does not support prejudgment interest.

The second factor does not conclusively point in either direction. Although Plaintiff prevailed, the case involved a "bona fide dispute"—the parties litigated the case to verdict in a trial involving multiple legitimately contested issues.

Having weighed the discretionary considerations, the Court **DENIES** Plaintiff's motion for prejudgment interest.

Case 2:17-cv-05061-DMG-PLA   Document 136   Filed 07/23/19   Page 15 of 15   Page ID
#:2428

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-5061-DMG (PLAx)** | | Date | July 23, 2019 |
|---|---|---|---|---|
| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | | Page | 15 of 15 |

**VI.**
**CONCLUSION**

Accordingly, the Court **GRANTS in part** Plaintiff's motion for attorneys' fees and **DENIES** Plaintiff's motion for prejudgment interest.  Defendant shall pay Plaintiff reasonable attorneys' fees in the amount of $213,447.50.

**IT IS SO ORDERED.**

---

# EXHIBIT 13

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)

111 Fed. R. Evid. Serv. 1054

442 F.Supp.3d 1216
United States District Court, C.D. California.

Henrik ZARGARIAN, Plaintiff,
v.
BMW OF NORTH AMERICA, LLC et al,
Defendants.

CV 18-4857-RSWL-PLA
|
Filed 03/03/2020

**Synopsis**

**Background:** Consumer brought action against vehicle manufacturer under California's Song-Beverly Consumer Warranty Act, alleging vehicle engine was defective. After manufacturer accepted consumer's settlement offer and judgment was entered for consumer, consumer moved for prejudgment interest, fees, and to tax costs.

**Holdings:** The District Court, Ronald S.W. Lew, Senior District Judge, held that:

manufacturer could not have ascertained, prior to settlement with consumer, the amount of damages manufacturer would owe consumer, and thus, under California law, prejudgment interest was not mandatory;

under California law, award of discretionary prejudgment interest to consumer was not appropriate;

requested hourly rates for attorney fee award were reasonable;

fact that consumer hired three different law firms to work on his action against manufacturer did not create duplicative work and thus did not support reduction of requested attorney fees;

billing items for motions that were ultimately not filed were reasonable; and

court would decline to apply upward multiplier of 1.5 to lodestar amount.

Motion for prejudgment interest denied; motion for fees granted in part; application to tax costs granted in part.

**Attorneys and Law Firms**

**\*1220** Brian Tate Shippen-Murray, Michael H. Rosenstein, Law Offices of Michael H. Rosenstein LC, Dara Tabesh, Ecotech Law Group PC, Gregory Sogoyan, Payam Shahian, Caitlin J. Scott, Carey B Wood, Christine J. Haw, Jacob William Cutler, Kyle Raine Tracy, Strategic Legal Practices APC, Los Angeles, CA, for Plaintiff.

**ORDER re: Plaintiff's Motion for Prejudgment Interest** [81]; **Plaintiff's Motion for Attorney Fees, Costs, and Expenses** [83]; **Plaintiff's Application to the Clerk to Tax Costs** [82]

HONORABLE RONALD S.W. LEW Senior U.S. District Judge

Plaintiff Henrik Zargarian("Plaintiff ") brings this Action for violations of the Song-Beverly Consumer Warranty Act and fraud against Defendant BMW of North America, LLC.[1] ("Defendant"). Currently **\*1221** before the Court is Plaintiff's Motion for Prejudgment Interest [81], Plaintiff's Motion for Attorney Fees, Costs, and Expenses ("Motion for Fees") [83], and Plaintiff's Application to the Clerk to Tax Costs ("Application to Tax Costs") [82]. Having reviewed all papers submitted, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Plaintiff's Motion for Prejudgment Interest; **GRANTS in part** Plaintiff's Motion for Fees; and **GRANTS in part** Plaintiff's Application to Tax Costs.

**I. BACKGROUND**

**A. Factual Background**

On or about June 18, 2014, Plaintiff purchased a 2011 BMW 750LI ("Vehicle"), which was manufactured and distributed by Defendant. Compl. ¶ 7, ECF No. 1-1. In connection with Plaintiff's purchase of the Vehicle, Defendant provided an express written warranty by which it undertook to preserve or maintain the utility or

performance of the Vehicle, or to provide compensation if there was failure of such performance within a specified amount of time. Id. ¶ 8.

During the warranty period, Plaintiff alleges that the Vehicle contained or developed several engine defects, battery defects, oil consumption defects, fuel injector defects, and timing chain defects. Id. ¶ 9. The Oil Consumption Defect is allegedly a "safety concern because it prevents the engine from maintaining the proper level of engine oil and causes voluminous oil consumption that cannot be reasonably anticipated or expected." Id. ¶ 39. The defect can cause engine failure at any time, "thereby exposing the driver, ... passengers, and others on the road to serious risk of accident and injury." Id.

Plaintiff alleges that Defendant and its representatives, after a reasonable number of opportunities, were unable to service the Vehicle to conform to the warranty. Id. ¶ 10. Defendant did not promptly replace the Vehicle, provide restitution, or buyback the Vehicle. Id. ¶¶ 10-11.

Plaintiff also alleges that Defendant knew or should have known of the Vehicle's defects, but failed to disclose this information to Plaintiff before he acquired the Vehicle. Id. ¶ 41. Plaintiff claims that Defendant became aware of the defects through sources not available to consumers such as Consumer Reports, customer complaints, pre-release testing data, and aggregate data from BMW dealers. Id. ¶¶ 42, 38, 43, 53.

Plaintiff contends that, had he known the Vehicle's engine was defective, he would not have purchased the Vehicle. Id. ¶ 63.

### B. Procedural Background

Plaintiff filed his Complaint [1-1] in California State Court on December 27, 2019. The Complaint alleges six claims: (1) violation of Civil Code section 1793.2, subdivision (d); (2) violation of Civil Code section 1793.2, subdivision (b); (3) violation of Civil Code section 1793.2, subdivision (a)(3); (4) breach of express warranty; (5) breach of the implied warranty of merchantability; and (6) fraud. Compl. ¶¶ 7-67. On February 20, 2018, Defendant filed its Answer [1-2]. Subsequently, Defendant timely removed [1].

On October 23, 2019, the Court granted Defendant's Motion for Judgment on the Pleadings as to Plaintiff's sixth claim for fraud [30]. The parties engaged in a contested discovery period, and on November 19, 2019, Defendant accepted Plaintiff's California Code of Civil Procedure § 998 offer [79]. Accordingly, the Court entered Judgment for Plaintiff [80].

**\*1222** On December 19, 2019, Plaintiff filed the instant Motion for Prejudgment Interest [81], Motion for Fees [83], and Application to Tax Costs [82]. Defendant opposed [85, 87, 89], and Plaintiff timely replied [90-92].

## II. DISCUSSION

### A. Legal Standard

#### 1. Motion for Prejudgment Interest

For federal cases sitting in diversity, "state law determines the rate of prejudgment interest ...." Citicorp Real Estate, Inc. v. Smith, 155 F.3d 1097, 1107 (9th Cir. 1998). Further, the Song-Beverly Act does not preclude an award of prejudgment interest. Doppes v. Bentley Motors, Inc., 174 Cal.App.4th 1004, 94 Cal. Rptr. 3d 797, 801-02 (2009). California Civil Code Section 3827 governs the recovery of prejudgment interest, and states, in relevant part: "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a).

Further, Section 3287(b) states that "[e]very person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." Courts have taken the following factors into consideration when determining whether to exercise their discretion to award prejudgment interest: (1) the time between the lawsuit's filing and the judgment, (2) whether awarding interest will penalize the defendant for "litigating a bona fide dispute" or recognize that the plaintiff incurred "an additional amount of damage" as a result of the breach, and (3) whether the plaintiff made settlement offers such that the defendant's refusal to settle could be construed as "placing the prejudgment interest amount at risk." Forouzan v. BMW of N. Am., LLC, No. CV-1-73875-DMG-GJSX, 2019 WL 856395, at *3 (C.D.

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)

111 Fed. R. Evid. Serv. 1054

Cal. Jan. 11, 2019) (citing A&M Produce Co. v. FMC Corp., 135 Cal.App.3d 473, 186 Cal. Rptr. 114, 129 (1982)).

2. Motion for Fees

Under California Civil Code Section 1794, the "prevailing buyer" in a Song-Beverly action "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees." Cal. Civ. Code § 1794(d). The Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Welch v. Metro. Life Ins. Co., 480 F. 3d 942, 945 (9th Cir. 2007). The burden is on the party seeking fees to establish their reasonableness. Id. at 945-46 (citing Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

In determining a reasonably hourly rate, the district court should consider: (1) the experience, reputation, and ability of the attorney; (2) the outcome of the proceedings; (3) customary fees; and (4) the novelty or difficulty of the question presented. Hiken v. Dep't of Def., 836 F. 3d 1037, 1044 (9th Cir. 2016) (citing Chalmers v. City of L.A., 796 F.2d 1205, 1211 (9th Cir. 1986)). Additionally, district courts may "rely[ ] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." Ingram v. Oroudjian, 647 F. 3d 925, 928 (9th Cir. 2011).

**\*1223** District courts have broad "discretion in determining the amount of a fee award ... in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." Hensley, 461 U.S. at 437, 103 S.Ct. 1933. The "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.' " Ingram, 647 F.3d at 926 (quoting Hensley, 461 U.S. at 434, 103 S.Ct. 1933). If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods: the court may either conduct an "hour-by-hour analysis" of the fee request or make an "across the board percentage cut." Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013).

B. **Discussion**

1. Requests for Judicial Notice

Under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record," but "a court may not take judicial notice of a fact that is subject to reasonable dispute." Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotations and citations omitted). Court filings are also properly subject to judicial notice under Federal Rule of Evidence 201. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting that courts may take judicial notice of "court filings" as they are "readily verifiable, and, therefore, the proper subject of judicial notice"). Furthermore, judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992); see Coalition for Clean Air v. VWR Intern., LLC, 922 F. Supp. 2d 1089, 1093 n.1 (E.D. Cal. 2013).

a. *Plaintiff's Request for Judicial Notice*

In support of his Motion for Fees, Plaintiff requests that the Court take judicial notice of certain documents that are matters of public record. See Request for Judicial Notice in Supp. of Mot. for Fees, ECF No. 83-34. Defendant opposes Plaintiff's request. See Def.'s Obj. to Request for Judicial Notice in Supp. of Mot. for Fees, ECF No. 87-3.

Plaintiff requests that the Court take judicial notice of the following: (1) a February 27, 2014 minute order granting Plaintiff's motion for fees and costs in the matter Khani v. Ford Motor Company; (2) a May 9, 2017 stipulation and signed order regarding judgment of jury verdict with a two times civil penalty and attorney fees, costs, and expenses in the matter Vanwaus v. FCA US, LLC; (3) a September 27, 2017 minute order concerning the court's fee order in the matter of Fuller v. FCA US, LLC; (4) a February 27, 2018 notice of ruling and tentative ruling in the matter of Kazaryan v. Mercedes-Benz USA, LLC; (5) a notice of ruling in the matter of Geredes v. Chrysler Group LLC; (6) a notice of ruling in the matter of Ahmed Al-Jiboury v. FCA; (7) a second amended judgment on jury verdict after entry of additur in the matter of Kadkhoda v. MBUSA; (8) a notice of ruling on Plaintiff's motion for attorney's fees, costs and expenses in the matter of Raul Galindo v. General Motors; (9) an order on attorney's fees and prejudgment interest in the lemon law

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)
111 Fed. R. Evid. Serv. 1054

matter of Abraham Forouzan v. BMW; (10) an order on attorney's fees, costs and expenses in the lemon law matter of Joshua Holeman v. FCA; (11) an order on attorney's fees, costs and expenses in the lemon law matter of Catherine Shepard v. BMW; and (12) a copy of **\*1224** order on attorney's fees and prejudgment interest in the lemon law matter of Jerry Zomorodian v. BMW.

These documents are all matters of public record not subject to reasonable dispute, and are therefore the proper subject of judicial notice. Therefore, the Court **GRANTS** Plaintiff's Request for Judicial Notice. Defendant objects on the basis that Plaintiff cites to no authority in support of his request, as well as that the contents of the documents are not subject to judicial notice. The Court **OVERRULES** Defendant's objections, as Plaintiff makes his request pursuant to Federal Rule of Evidence 201 and the documents at issue here are not subject to reasonable dispute.

b. *Defendant's Requests for Judicial Notice*

Here, Defendant twice requests that the Court take judicial notice of certain documents. In support of both its Opposition to Plaintiff's Motion for Fees and its Opposition to Plaintiff's Motion for Prejudgment Interest, Defendant requests that the Court take judicial notice of the following: (1) an order dated January 11, 2019, in the case Abraham Forouzan v. BMW of North America, LLC, et al.; and (2) an order dated July 23, 2019, in the case Jerry Zomordian v. BMW of North America, LLC, et al. See ECF No. 87-2, 86. The Court has already taken judicial notice of the aforementioned documents pursuant to Plaintiff's request; therefore, Defendant's Request for Judicial Notice in Support of its Opposition to Plaintiff's Motion for Fees and Request for Judicial Notice in Support of its Opposition to Plaintiff's Motion for Prejudgment Interest are **DENIED as MOOT**.

2. Motion for Prejudgment Interest

Plaintiff seeks an award of prejudgment interest in the amount of $34,743.37 under California Civil Code Section 3287(a) from the date of purchase of the Vehicle, or, in the alternative, $12,323.80 in prejudgment interest within the Court's discretion under Section 3287(b) from the date of the filing of the Complaint.

a. *Mandatory Prejudgment Interest Under Section 3287(a)*

"Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." Duale v. Mercedes-Benz USA, LLC, 148 Cal.App.4th 718, 56 Cal. Rptr. 3d 19, 26 (2007) (quoting Fireman's Fund Ins. Co. v. Allstate Ins. Co., 234 Cal.App.3d 1154, 286 Cal. Rptr. 146, 158 (1991)). Put simply, "[w]here the amount of damages cannot be resolved except by verdict or judgment, prejudgment interest is not appropriate." Id. (citing Children's Hosp. v. Bonta, 97 Cal.App.4th 740, 118 Cal. Rptr. 2d 629, 645-55 (2002)); Baker v. Garden Grove Med. Inv'rs, Ltd., 306 F. App'x 393, 396 (9th Cir. 2009) ("Damages are not certain under California law where a defendant does not know what amount he or she owes and cannot ascertain it except by judicial process.") (citing Duale, 56 Cal. Rptr. 3d at 27).

Plaintiff seeks to distinguish Duale despite its ready application to the facts of this case. In Duale, the Court held that prejudgment interest was not available under Section 3287(a) because it was in dispute: "(1) whether any of the many defects alleged in the complaint represented a nonconformity, (2) whether any such nonconformity 'substantially impaired [the] use, value, or safety' of the vehicle, and (3) [ ] for any such nonconformity—the mileage at which plaintiffs first presented the car to defendant for repair." **\*1225** Duale, 56 Cal. Rptr. 3d at 27. Similarly, here it was contested[2]: (1) whether the Vehicle had a nonconformity; (2) whether the alleged nonconformity substantially impaired use, value, or safety of the Vehicle; (3) whether incidental expenses were incurred; (4) whether Defendant willfully violated the terms of the statute; and (5) whether Defendant committed fraud.

Plaintiff relies on Doppes v. Bentley Motors, Inc., 174 Cal.App.4th 1004, 94 Cal. Rptr. 3d 797 (2009), to support his argument that prejudgment interest under Section 3287(a) is appropriate in this Action. However, Doppes merely stands for the proposition that "[t]he Song–Beverly Consumer Warranty Act does not bar recovery of prejudgment interest under Civil Code section 3287." 94 Cal. Rptr. 3d at 802. Doppes does not "show[ ] that prejudgment interest is recoverable under Plaintiff's claims here." Mot. 4:3-4. In fact, the court in Doppes did not engage with the facts of that specific case at all; the court merely found that claims for prejudgment interest under Section 3287 were not barred by the Song-Beverly Act and it was within the trial court's jurisdiction to

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

award prejudgment interest. Accordingly, Plaintiff's attempt to analogize to Doppes here without taking into account the facts of the cases misses the mark.

But for the parties' settlement, the contested issues in this Action would have remained as such until a verdict was reached at trial. Accordingly, the Court finds that Defendant could not have ascertained the amount of damages it would owe, so prejudgment interest under Section 3287(a) is inappropriate here.

### b. Discretionary Prejudgment Interest Under Section 3287(b)

Under Section 3287(b), the trial court "has discretion to decide whether prejudgment interest should be awarded on an unliquidated contractual claim." N. Oakland Med. Clinic v. Rogers, 65 Cal.App.4th 824, 76 Cal. Rptr.2d 743, 746 (1998). "[T]he threshold question is whether Plaintiff's claim was 'based upon a cause of action in contract.' " Forouzan, 2019 WL 856395, at *9 (citing Cal. Civ. Code § 3287(b)). California courts have not decided whether claims under the Song-Beverly Act qualify as contract actions under Section 3287(b), but two decisions are illustrative.

In Bishop v. Hyundai Motor Am., 44 Cal.App.4th 750, 52 Cal. Rptr. 2d 134, 139 (1996), the California Court of Appeal reversed the trial court's award of emotional distress damages under the Song-Beverly Act because emotional distress damages "may not be recovered in an action for breach of contract."[3] Further, in A & M Produce Co. v. FMC Corp., 135 Cal.App.3d 473, 186 Cal. Rptr. 114, 128 (1982), which was not a case under the Song-Beverly Act, the Court awarded prejudgment interest under section 3287(b) based on causes of action for breach of express and implied warranties. But, even if these cases provided sufficient grounds to establish that Plaintiff's claims are contract **1226 causes of actions, prejudgment interest under Section 3287(b) is unwarranted in this case.

As discussed above, courts awarding prejudgment interest under Section 3287(b) have considered: (1) the time between the lawsuit's filing and the judgment; (2) whether awarding interest will penalize the defendant for litigating a bona fide dispute; and (3) whether the plaintiff made settlement offers such that the defendant's refusal could be construed as placing the prejudgment interest amount at risk. Forouzan, 2019 WL 856395, at *9 (citing A&M Produce, 186 Cal. Rptr. at 128-29).

Here, the first factor weighs against prejudgment interest. Plaintiff filed his Complaint in December 2017, and the parties reached an agreement in November 2019. Thus, the relatively short 23-month duration of this Action does not support an award of prejudgment interest. See Ardestani v. BMW of N. Am. LLC, No. 8:17-CV-00721-JDE, 2019 WL 2098351, at *8 (C.D. Cal. May 13, 2019) (finding that "the relatively short time between the filing of the Complaint and the start of trial [ ] (23 months)" weighed against an award of prejudgment interest); contra A&M Produce, 186 Cal. Rptr. at 128 (finding that the seven years that passed between the filing of the initial complaint and the entry of judgment favored an award of prejudgment interest).

The second factor also weighs against an award of prejudgment interest. Here, the bona fide nature of the dispute was evidenced by the Court having considered the positions and arguments of the parties, including on a motion for judgment on the pleadings. See, e.g., Ardestani, 2019 WL 2098351, at *8 (declining to exercise discretion to award prejudgment interest under Section 3287(b) in a Song-Beverly case); Forouzan, 2019 WL 856395, at *9 (same); Ruiz v. BMW of N. Am., LLC, No. 2:16-CV-01177-ODW-AGR, 2018 WL 2106454, at *7 (C.D. Cal. May 7, 2018) (same).

The third factor also weighs against the Court exercising its discretion to award prejudgment interest. Here, Plaintiff did not make multiple settlement offers; the one offer Plaintiff made, pursuant to Cal. Civ. Code Section 998, was accepted by Defendant. Therefore, because Defendant did not reject any of Plaintiff's settlement offers thereby placing the prejudgement amount at risk, the Court finds that this factor weighs against an award of prejudgment interest.

Having weighed the factors typically employed by courts in determining whether to award discretionary prejudgment interest under Section 3827(b), the Court concludes that discretionary interest should not be awarded under this subsection. Accordingly, because the Court finds that prejudgment interest is not available under either Section 3287(a) or (b), the Court **DENIES** Plaintiff's Motion for Prejudgment Interest.

### 3. Motion for Fees, Costs, and Expenses

#### a. Attorneys' Fees

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)

111 Fed. R. Evid. Serv. 1054

i. *Reasonable Rates*

Plaintiff seeks $150,538.50 in attorneys' fees. The first step in calculating the lodestar is determining the reasonable hourly rate. While the prevailing market rate for attorneys of comparable experience, skill, and reputation controls this determination, the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." Carson v. Billings Police Dep't, 470 F. 3d 889, 892 (9th Cir. 2006).

**\*1227** Plaintiff contends that the following hourly rates for his attorneys are reasonable: (1) $525 for Gregory Yu (16 years of practice); (2) $435 for Jacob Cutler (10 years of practice); (3) $350 for Gregory Sogoyan (2 years of practice); (4) $335 in 2018 and $365 for 2019 for Caitlin Scott (3 years of practice); (5) $410 for Christine Haw (6 years of practice); (6) $445 for Kyle Tracy (9 years of practice); (7) $385 for Natasha Bhushan (7 years of practice); (8) $445 for Anna Knafo (13 years of practice); (9) $375 in 2018 and $395 in 2019 for Carey Wood (6 years of practice); (10) $650 for Payam Shahian (16 years of practice); (11) $545 for Dara Tabesh (18 years of practice); (12) $600 for Michael Rosenstein (26 years of practice); and (13) $275 for Jonathan Cagliata (2 years of practice). Mot. for Fees 16:6-12; Decl. of Payam Shahian in Supp. of Mot. for Fees ("Shahian Decl.") ¶¶ 3-7, 20-37, ECF No. 83-20; Decl. of Dana Tabesh in Supp. of Mot. for Fees ("Tabesh Decl.") ¶¶ 4-7, Ex. A, ECF No. 83-18; Decl. of Michael Rosenstein in Supp. of Mot. for Fees ("Rosenstein Decl.") ¶¶ 3-6, Exs. A-B, ECF No. 83-14.

Plaintiff's primary evidence in support of the requested fees are the declarations of Payam Shahian, Dara Tabesh, and Michael Rosenstein. Defendant objects to almost every paragraph of these declarations with nothing more than stating "Relevance" or "Hearsay" and listing the corresponding Federal Rule of Evidence. See generally, Obj. to Decl. of Shahian, ECF No. 87-4; Obj. to Decl. of Tabesh, ECF No. 87-5; Obj. to Decl. of Cutler, ECF No. 87-6; Obj. to Decl. of Rosenstein, ECF. No 87-7. The Court **OVERRULES** Defendant's evidentiary objections because they are without merit and "are boilerplate and devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded." United States v. HVI Cat Canyon, Inc., 213 F. Supp. 3d 1249, 1257 (C.D. Cal. 2016); see also Stonefire Grill, Inc. v. FGF Brands, Inc., 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (refusing to "scrutinize each objection and give a full analysis of identical objections"); Amaretto Ranch Breedables v. Ozimals, Inc., 907 F. Supp. 2d 1080, 1081 (N.D. Cal. 2012) ("This Court need not address boilerplate evidentiary objections."); Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198,

1200 n.1 (C.D. Cal. 2010) (citation omitted) (noting that "it is often unnecessary and impractical" to scrutinize "boilerplate recitations of evidentiary principles or blanket objections").

As the founder and most senior attorney of Strategic Legal Practices, Payam Shahian is "familiar with the experience and background of each attorney who has worked on this case at Strategic Legal Practices" and bases his determination that the hourly rates are reasonable on his "own experience and review of relevant court orders in the Los Angeles area." Shahian Decl. ¶ 20. Additionally, Shahian cites to several previous cases for each attorney in which hourly rates comparable to those requested in the instant Action were awarded to that specific attorney or to an attorney of similar experience in Los Angeles County. See Shahian Decl. ¶¶ 7, 22, 24, 26, 28, 30, 32, 34, 38, 37. Dara Tabesh bases his statement that the hourly rates are reasonable on his experience "both in [his] individual capacity and as an attorney and shareholder at EcoTech Law Group, P.C." with "extensive experience ... in consumer protection litigation," specifically "cases brought under California's consumer protection statutes, including the Song-Beverly Consumer Warranty Act." Tabesh Decl. ¶4. Tabesh also cites to several cases in which his hourly rate was awarded under similar circumstances. See id. ¶ 5. Michael Rosenstein bases his determination **\*1228** that the requested hourly rates are reasonable on his "25+ years of litigation experience, the skills and knowledge acquired over those years, and the rates reasonably charged by other attorneys who work in this area of law." Rosenstein Decl. ¶ 3. Rosenstein cites to the United States Consumer Law Attorney Fee Survey Report to support his position that the rates charged by his firm are reasonable. Id. ¶ 6.

Based on these declarations and support contained therein the Court establishes that the requested rates are reasonable.

ii. *Hours Reasonably Expended*

Plaintiff seeks $150,538.50 in attorneys' fees.[4] Mot. for Fees 7:14-23. He claims that his attorneys have spent a total of 317.7 hours litigating this case. Id. 17:13. Defendant argues that Plaintiff should not recover for all 317.7 hours because: Plaintiff engaged in block billing; billed for duplicative and unrelated work; and overstaffed this case.

The Court has carefully examined the bills submitted and finds they contain an appropriate level of detail to permit

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)
111 Fed. R. Evid. Serv. 1054

the Court to conduct a meaningful review for reasonableness. First, Defendant objects to "block billing," and cites as an example an entry of 11.1 hours on December 16, 2019, described as "draft fee motion." Opp'n to Mot. for Fees 8:3-5, ECF No. 87. Further, in Ex. A to Defendant's Opposition to the Motion for Fees, Defendant notes that Tabesh's billing entry on November 17, 2019 for 8.4 hours described as "Further prepare ex parte application; proposed order; Tabesh declaration and exhibits; notice of motion and motion" was inappropriately block billed. Ex. A to Opp'n to Mot. for Fees. The Court finds that the disputed entries are reasonable here, as block billing only becomes an issue where there is a need to separate work that qualifies for compensation from work that does not. See Jaramillo v. Cty. of Orange, 200 Cal.App.4th 811, 133 Cal. Rptr. 3d 751, 765 (2011) (holding that block billed entries were reasonable where "there was no need to separate out covered from uncovered work"). The Court is faced with no such problem here.

Second, Defendant maintains that many of Plaintiff's billing items are impermissibly vague and should be excluded from the fee award. However, attorneys seeking fee awards are "not required to record in great detail how each minute of [their] time was expended." Hensley, 461 U.S. at 437 n.12, 103 S.Ct. 1933. Attorneys need only "keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." Id. at 441, 103 S.Ct. 1933 (Burger, C.J., concurring); see also United Steelworkers of Am. v. Ret. Income Plan For Hourly—Rated Employees of ASARCO, Inc., 512 F.3d 555, 565 (9th Cir. 2008). Under that standard, the Court finds no reason to reduce or eliminate any entries for vagueness.

Third, Defendant objects to the award of fees for items that Defendant claims are better suited as "Paralegal *1229 task[s]." See Ex. A to Opp'n for Mot. for Fees. These tasks include preparing case management conference documents, drafting the dismissal of other defendants, drafting a notice of appearance, drafting initial disclosures, drafting discovery documents, reviewing notices, and drafting documents to be filed with the Court. Id. It is well established that a plaintiff may not recover fees for time spent on purely clerical work. See Davis v. City & Cty. of S.F., 976 F. 2d 1536, 1543 (9th Cir. 1992), vacated on other grounds by Davis v. City & Cty. of S.F., 984 F.2d 345 (9th Cir. 1993) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them ... [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.") (internal quotations and citations omitted). However, the items here that Defendant describes as "paralegal tasks" differ from the "purely clerical or secretarial tasks" in Davis. Accordingly, the Court declines to exclude them from the fee award.

Fourth, Defendant contends that Plaintiff billed for "duplicative," "excessive," and "unrelated" work, and, further, "unnecessarily [ran] up fees when it [was] not warranted to do so" by hiring three different law firms to work on this matter. Opp'n to Mot. for Fees 6:11-14, 8:16-17. Specifically, Defendant objects to Plaintiff's decision to associate the Law Offices of Michael Rosenstein in as trial counsel because the case was not close to trial when it settled. Id. at 8:10-15. Further, Defendant objects to Plaintiff's billing items from EcoTech Law Group ("EchoTech") because EchoTech is located in San Francisco and hiring an additional firm was unnecessary to "litigate this simple lemon law dispute." Id. at 8:24-9:4. Here, the Court does not take issue with Plaintiff counsel's staffing decisions; from the billing records, it is clear that there was a strict division of labor between the firms, and the Court finds no evidence of duplicative work between the firms.

The Court also finds that billing items for motions that were ultimately not filed are reasonable, under the circumstances. Defendant objects to Plaintiff's counsel's billing entries related to a never-filed opposition to a motion for stay. The Court finds that in light of the back-and-forth motion filing that took place during the subject time period, it was not unreasonable for Plaintiff's counsel to work on a motion that was either eventually rendered moot, see Reply in Supp. of Mot. for Fees 23:6-13, ECF No. 92, or that counsel perhaps strategically decided not to file. Further, the Court finds that Defendant's remaining disputes as to the billing items being "excessive" or "unreasonable" as to the amount of time spent are without merit. Defendant provides the Court with no basis as to why the amount of time spent on these items was unreasonable or excessive.

Accordingly, the Court finds that all of the 317.7 hours Plaintiff billed to this Action were reasonable. However, because the instant motions were taken under submission and no hearing was required, Plaintiff's request for $5,000 to cover responding to Defendant's objections to the instant motions, as well as attending the hearings, is reduced to $3,000.

iii. *Lodestar Modification*

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

111 Fed. R. Evid. Serv. 1054

Plaintiff's reasonable rates and hours expended in this Action yield a lodestar of $148,538.50. The Court next must consider whether to increase or decrease the lodestar. See Stanger v. China Elec. Motor, Inc., 812 F. 3d 734, 740 (9th Cir. 2016) ("The decision to enhance or reduce the lodestar ... is within the district court's discretion"). Plaintiff argues for an **\*1230** upward modification of 1.5 because Plaintiff's counsel was forced to address unusually difficult issues as a result of Defendant's discovery tactics, Plaintiff's counsel obtained an excellent outcome, and the risks posed by this litigation were substantial. Mot. for Fees 21:1-2, 23:14, 24:7.

The Ninth Circuit has plainly stated that the lodestar amount is "presumptively the reasonable fee amount," and that a modification of the lodestar is appropriate only in "rare" and "exceptional" cases supported by both "specific evidence on the record and detailed findings ... that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen v. Guarantee Mut. Life Co., 214 F. 3d 1041, 1045 (9th Cir. 2000) (quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986)). Generally, courts consider the following factors when determining whether to enhance a lodestar: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." Ketchum v. Moses, 24 Cal.4th 1122, 104 Cal.Rptr.2d 377, 17 P.3d 735, 741 (2001) (citing Serrano v. Priest, 20 Cal.3d 25, 141 Cal.Rptr. 315, 569 P.2d 1303, 1316-17 (1977)). Courts have also recognized that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee' and 'an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation.'" Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 553, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010) (quoting Pennsylvania, 478 U.S. at 566, 106 S.Ct. 3088). The "novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors 'presumably [are] fully reflected in the number of billable hours recorded by counsel.'" Id. Furthermore, "the quality of an attorney's performance generally should not be used to adjust the lodestar '[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.'" Id.

The Court declines Plaintiff's request to apply an upward multiplier of 1.5 in this case. The amount of time and skill required to properly resolve this litigation, counsel's success in resolving the matter, and the case's novelty or complexity are reflected in the number of billable hours recorded and the reasonable hourly rate. Further, Plaintiff does not argue that counsel was prevented from taking other work because of the representation here. The Court acknowledges the contingent nature of this case; nonetheless, "[a]n attorney operating on a contingency-fee basis pools the risks presented by his various cases: cases that turn out to be successful pay for the time he gambled on those that did not. To award a contingency enhancement under a fee-shifting statute would in effect pay for the attorney's time ... in cases where his client does not prevail." City of Burlington v. Dague, 505 U.S. 557, 565, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). While Plaintiff claims that Defendant's litigation tactics made the risks associated with the contingent nature of this litigation extremely high, the Court finds that this case does not warrant the requested enhancement. The lodestar reflects the reasonable amount of attorneys' fees Plaintiff should recover, and the Court **DENIES** the requested 1.5 multiplier enhancement.

Accordingly, the Court awards Plaintiff $148,538.50 in attorneys' fees.

b. *Costs and Litigation Expenses*

Here, Plaintiff seeks $8,911.06 in litigation costs and expenses. Plaintiff filed an **\*1231** Application to the Clerk to Tax Costs [82], as well as made a request for costs and expenses in its Motion for Fees. Accordingly, the Court shall address the award of costs here.

Generally, "[a] federal court follows federal procedural law and, where it applies, state substantive law." Kohlrautz v. Oilmen Participation Corp., 441 F.3d 827, 830 (9th Cir. 2006). The recovery of prevailing party "costs in federal district court" is generally considered as procedural in nature, and "is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003). However, courts have repeatedly held that the Song-Beverly Act's costs provision is substantive in nature, so costs should be awarded pursuant to Section 1794(d), rather than Rule 54. See, e.g., Forouzan v. BMW of N. Am., LLC, 390 F. Supp. 3d 1184, 1187 (C.D. Cal. 2019); Zomorodian v. BMW of N. Am., LLC, 332 F.R.D. 303, 307 (C.D. Cal. 2019).

Under the Song-Beverly Act, a prevailing buyer "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)

111 Fed. R. Evid. Serv. 1054

expenses." Cal. Civ. Code § 1794(d).

First, Defendant objects to Plaintiff's state court costs incurred prior to removal of the case because Plaintiff fails to provide a citation to the applicable state statute as required by the Bill of Costs Handbook." Def.'s Obj. to Pl.'s Appl. to Tax Costs ("Def.'s Costs Obj.") 3:27-28, ECF No. 89. However, the Court finds that Plaintiff properly relies on Section 1794(d) in requesting these costs. Accordingly, Defendant's objections to Plaintiff's state court costs are **OVERRULED**.

Defendant argues that Plaintiff should not be able to recover $3,115.75 in costs related to the October 29, 2019 deposition of Arcenio Campos and November 19, 2019 deposition of Plaintiff because "Local Rule 54-3.5(b) only permits the recovery of transcript costs 'if the transcript is used for any pursuant [sic] in connection with the case.' " Def.'s Costs Obj. 3:20-23 (citing C.D. Local Rule 54-3.5). Defendant argues that these deposition transcripts were not used in connection with the case because the case settled on November 19, 2019. Id. 3:23-25. First, the Court notes that Defendant is mistaken; Plaintiff's invoices indicate that Arcenio Campos's deposition took place on September 23, 2019, and Plaintiff's deposition took place on October 30, 2019.[5] See Ex. A to Pl.'s Appl. To Tax Costs. Further, the Court finds that depositions taken over two weeks before the case settled were, in fact, "used for any purpose in connection with the case." C.D. Local Rule 54-3.5(a). At the time these depositions were taken, a settlement had not yet been reached in this case; it was within Plaintiff counsel's right, and duty, to diligently pursue Plaintiff's case by conducting discovery. Accordingly, the Court **OVERRULES** Defendant's objections to the deposition costs.

Defendant also objects to $643 in costs that Plaintiff seeks for court reporter fees and transcript. Defendant argues that recovery of these costs is only warranted, pursuant to Local Rule 54-3.4, if they were ordered by the court or stipulated by counsel to be recoverable. Def.'s Costs Obj. 4:3-6. While "Local Rule 54-3.4 prohibits recovery for court reporter's transcripts without a court order to that effect, California law provides that prevailing plaintiffs can recover those expenses under [S]ection 1794(d)." **\*1232** BMW of N. Am., 390 F. Supp. 3d at 1188. Accordingly, Defendant's objections to the $643 in costs related to court reporter fees and transcript are **OVERRULED**.

Defendant objects to $1,767.20 for costs associated with surveillance and service of process of a deposition subpoena on Defendant's senior engineer, Michael Murray because it was unreasonable and unnecessary for Plaintiff to incur these costs when Plaintiff noticed the deposition pursuant to Federal Rules of Civil Procedure Rule 30 and 45. Def.'s Costs Obj. 4:9-13. Plaintiff maintains that these costs were reasonable because Defendant objected to the deposition on the basis that Plaintiff did not properly subpoena the witness and provide Defendant with a copy of the subpoena. Pl.'s Resp. to Def.'s Costs Obj.("Pl.'s Costs Resp.") 7:18-21, ECF No. 90. Here, the Court finds that Plaintiff has failed to demonstrate why it was reasonable to undertake $1,767.20 in surveillance and service costs after it was Plaintiff who failed to properly subpoena the witness by failing to serve Defendant before serving the witness. Accordingly, the Court **DENIES** the $1,767.20 for costs associated with surveillance and service of process of a deposition subpoena on Defendant's senior engineer, Michael Murray.

Defendant objects to $998.08 in costs that were never incurred in this case, including $140.68 to file a motion to compel and $58.40 to file a supplemental request in support of the motion to compel, but no motion to compel was filed in this case. See Def.'s Costs Obj. 4:18-23. The Court **DENIES** these costs.[6] Defendant also objects to $800.00 for payment to Plaintiff's expert to attend the vehicle inspection on September 17, 2019, because Plaintiff's expert was ultimately unavailable and the inspection did not go forward. See Def.'s Costs Obj. 4:24-5:1. Plaintiff argues that while the inspection did not take place, Plaintiff had to pay the expert's invoice. Pl.'s Costs Resp. 8:7-11. The Court finds that these costs were not reasonably incurred because it was due to Plaintiff's expert's unavailability that the inspection did not take place. Therefore, the Court **DENIES** the costs for the expert's fee to attend the vehicle inspection.

Plaintiff also seeks to recover $163.44 for various costs without any documentation supporting the amount and taxability of each item.[7] See Def.'s Costs Obj. 5:6-15. But, Plaintiff did provide the documentation for the January 5, 2018 invoice for $43.85 to get conformed copies of the proof of service. See Ex. 7 in Supp. of Appl. for Costs at 5. However, Plaintiff did not file any documentation supporting his request for costs related to: (1) $31.80 to attend the motion to compel arbitration on May 3, **\*1233** 2018; (2) October 30, 2019 invoice for $44.44 for Michael Rosenstein to attend Plaintiff's deposition; or (3) October 30, 2019 invoice for $43.35 for Gregory Sogoyan to attend Plaintiff's deposition. Accordingly, the Court **DENIES** these costs.

Lastly, Defendant objects, in part, to Plaintiff's delivery and messenger service costs. Specifically, Defendant objects to $738.27 in costs associated with hiring

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)

111 Fed. R. Evid. Serv. 1054

messenger services because Defendant claims that Plaintiff may only recover costs associated with fees for service of process under Federal Rule of Civil Procedure 4. See Def.'s Costs Obj. 5:17-22. Defendant also objects to $24.16 in costs associated with serving a notice of acceptance of a 998 offer to Defendant's attorneys' offices at two incorrect locations. Id. at 5:25-6:2. The Court finds that the costs associated with messenger services are reasonable and recoverable under Section 1794(d), which controls an award of costs here. See Donner v. FCA, No. CV 17-2303 MRW, 2019 WL 2902704, at *4 (C.D. Cal. Mar. 15, 2019) (granting the plaintiff's costs for messenger services). The Court finds that the cost associated with serving a notice of acceptance of a 998 offer at Defense counsel's improper address is not reasonable under Section 1794(d), and the Court DENIES the $24.16 in costs. See Donner, 2019 WL 2902704, at *4 ("The Court also accepts Defendant's contentions regarding costs associated with 'bad address' service attempts and ... [t]he Court does not find those costs to have been reasonably incurred or properly transferable.").

As such, the Court GRANTS Plaintiff $6,001.03 in costs

and expenses pursuant to Section 1794(d).

### III. CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion for Prejudgment Interest. The Court GRANTS in part Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses. The Court GRANTS in part Plaintiff's Application to Tax Costs. Accordingly, Defendant is ORDERED to pay reasonable attorneys' fees in the amount of $148,538.50 and costs and expenses in the amount of $6,001.03.

### IT IS SO ORDERED.

### All Citations

442 F.Supp.3d 1216, 111 Fed. R. Evid. Serv. 1054

Footnotes

1    Plaintiff originally commenced this action also against Pacific BMW; however Plaintiff dismissed Defendant Pacific BMW on May 11, 2018.

2    Plaintiff attempts to argue that the dispute between the parties concerning whether the Vehicle had a nonconformity or whether the nonconformity impaired the use relate to liability and "have absolutely nothing to do with whether the damages were capable of being made certain." Pl.'s Reply in Supp. Of Mot. for Prejudgment Interest 1:27-28, ECF No. 91. But the court in Duale, as well as the Court here, found that these disputes affect the amount of recoverable damages, and therefore prevent an award of prejudgment interest under Section 3287(a).

3    The court in Bishop did not address prejudgment interest under Section 3287, but the court treated a cause of action brought under the Song-Beverly Act as a cause of action in contract.

4    This number does not include the requested "1.5 multiplier enhancement," but does include the request for $5,000 "as reasonably anticipated to review Defendant's fee Opposition, draft the Reply, review Defendant's Opposition to the Motion for Prejudgment Interest, draft the Reply, and attend the hearing on these Motions." Mot. for Fees 7:14-23. Furthermore, in his Reply, Plaintiff withdrew his request for $360 in fees concerning a billing item on September 20, 2019, described as "Reviewed and revised Plaintiff's Motion for Leave to Amend; directed co-counsel regarding the same," as the billing entry was inadvertently included. See Ex. 4 to Supplemental Cutler Decl., ECF No. 92-5.

5    The Court assumes that Defendant mistook the "Invoice Date" for the "Job Date" in evaluating the invoices. See Ex. A to Pl.'s Appl. to Tax Costs.

6    Plaintiff admits in his Response to Defendant's Objections to Application for Costs that a motion to compel was never filed in this Action, however Plaintiff states that he inadvertently listed as a motion to compel what was actually a Motion for Reconsideration of the State Court's ruling on the Motion to Compel Arbitration. See Pl.'s Costs Resp. 8:3-6. Plaintiff further concedes that he inadvertently included "a charge for $58.40 to file supplemental authority," but "[t]hat charge was for another lemon law case against BMW." Id. at 8:26-28. The Court declines to award costs in connection with filing the Motion for Reconsideration because those costs were not properly included in Plaintiff's Application for Costs.

© 2021 Thomson Reuters. No claim to original U.S. Government Works.    10

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)

111 Fed. R. Evid. Serv. 1054

7        These items include: (1) January 5, 2018 invoice for $43.85 to get conformed copies of the proof of service; (2) $31.80 to attend the motion to compel arbitration (mileage and parking) on May 3, 2018; (3) October 30, 2019 invoice for $44.44 for Michael Rosenstein to attend Plaintiff's deposition (mileage, parking and food); and (4) October 30, 2019 invoice for $43.35 for Gregory Sogoyan to attend Plaintiff's deposition (mileage, parking, and food).

**End of Document**                              © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 14

KEMNITZER, BARRON & KRIEG, LLP
BRYAN KEMNITZER       Bar No. 066401
ADAM J. McNEILE       Bar No. 280296
445 Bush St., 6th Floor
San Francisco, CA 94108
Telephone: (415) 632-1900
Facsimile: (415) 632-1901

Attorneys for Plaintiff SUSAN SODERSTROM

**FILED**
San Francisco County Superior Court

SEP 1 6 2016

CLERK OF THE COURT
BY: _____
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

SUSAN SODERSTROM,

                    Plaintiff,

          vs.

MERCEDES-BENZ USA, LLC; and
DOES 1 through 20, inclusive,

                    Defendants.

                                            /

Case No. CGC15544475
Unlimited Civil Case

[PROPOSED] ORDER GRANTING
MOTION FOR AWARD OF
ATTORNEYS' FEES, COSTS &
EXPENSES

Date: September 16, 2016
Time: 9:30 a.m.
Dept.: 302
Hon. Richard B. Ulmer
Reservation No. 08170916-17

The Court, having considered the moving papers, opposition papers, and reply papers submitted on the motion and having considered such oral argument as provided at the hearing on this matter, adopted its tentative ruling as the Court's Order as follows:

PLAINTIFF SUSAN SODERSTROM'S MOTION FOR ATTORNEY FEES AND EXPENSES. The motion is GRANTED IN ITS ENTIRETY. Plaintiff's counsel achieved a good result for her: more money than she paid for her car, after years of using it. Defendant challenges no specific time entry by plaintiff's counsel. Counsel's rates are reasonable for the San Francisco legal market. Defendant challenges none of plaintiff's costs or expenses.

Plaintiff is awarded attorneys' fees and costs in the amount of $53,072.14, to be paid by Defendant Mercedes-Benz USA, LLC within thirty (30) days of the date of this Order, by check made payable to "Kemnitzer, Barron & Krieg, LLP."

SO ORDERED, this 16th day of September 2016

_____
HON. RICHARD B. ULMER
JUDGE OF THE SUPERIOR COURT

CGC-15-544475                    1

Proposed Order Granting Motion for Award of Attorneys' Fees

# EXHIBIT 15

KEMNITZER, BARRON & KRIEG, LLP
BRYAN KEMNITZER         Bar No. 066401
ADAM J. McNEILE         Bar No. 280296
445 Bush St., 6th Floor
San Francisco, CA, 94108
Telephone: (415) 632-1900
Facsimile: (415) 632-1901

Attorneys for Plaintiff SUSAN SODERSTROM

ELECTRONICALLY
**FILED**
*Superior Court of California,
County of San Francisco*

**08/18/2016**
**Clerk of the Court**
BY:ROMY RISK
**Deputy Clerk**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SUSAN SODERSTROM, | **Case No. CGC15544475** |
| Plaintiff, | **DECLARATION OF BRYAN KEMNITZER IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS & EXPENSES** |
| vs. | |
| MERCEDES-BENZ USA, LLC; and DOES 1 through 20, inclusive, | |
| | Unlimited Civil Case |
| Defendants. | |
| | **Date: September 16, 2016** |
| | **Time: 9:30 a.m.** |
| | **Dept.: 302** |
| / | **Reservation No. 08170916-17** |

I, BRYAN KEMNITZER, declare as follows:

1.     I am an attorney licensed to practice in California. Our law firm, Kemnitzer, Barron & Krieg, LLP was retained by Susan Soderstrom to represent her in a case against Mercedes-Benz USA, LLC ("MBUSA or Defendant") for Defendant's violation of the California's Song-Beverly Consumer Warranty Act, Civil Code §1790, *et seq.* (the "Song-Beverly Act"). I have personal knowledge of all information stated below and would be competent to testify thereto:

## I.     SETTLEMENT OF THE CASE

2.     On December 16, 2015, Plaintiff accepted MBUSA's §998 offer to:

[m]ake restitution pursuant to Civil Code Section 1793.2(d)(2)(B) in an amount equal to the actual price paid for the vehicle, including any charges for the transportation and manufacturer-installed options, but excluding non-manufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales tax, license fees, and registration fees and other official fees,

plus any incidental damages to which the buyer is entitled under Civil Code Section 1794, including, but not limited to, reasonable repair, towing, and rental car expenses actually incurred by the buyer, less a reasonable mileage offset in accordance with Civil Code Section 1793.2(d)(2)(C), all to be determined by court motion if the parties cannot agree.

Further, the §998 offer included an offer for attorneys' fees:

MBUSA will pay Plaintiff a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time reasonably incurred in connection with the commencement and prosecution of this action pursuant to Civil Code Section 1794(d), to be determined by court motion if the parties cannot agree.

Attached hereto as **Exhibit A** is a true and correct copy the Notice of Acceptance of Offer to Compromise.

3.       Pursuant to the Settlement Agreement and Release, attached hereto as **Exhibit B**, MBUSA paid Plaintiff a total of $41,990.21. The parties have been unable to agree on attorneys' fees and costs.

4.       Our firm is therefore requesting an award of attorneys' fees in the amount of $47,227.50, and costs and expenses in the amount of $2,737.74. The total request for attorneys' fees, costs, and expenses is therefore $49,965.24.

5.       This request for fees and costs is based upon the charts below:

| Kemnitzer, Barron & Krieg Lodestar: | |
|---|---|
| Total lodestar: | $47,227.50 |
| Costs and expenses: | $2,737.74 |
| **Total Request for Attorneys' Fees and Costs:** | $49,965.24 |

6.       Attached hereto as **Exhibit C** is summary of total attorneys' fees, costs, and expenses.

| Timekeeper | Hours Spent | Fees |
|---|---|---|
| Bryan Kemnitzer (@ $800/hr.) | 18.8 | $15,040.00 |
| Adam McNeile (@ 425/hr.) | 50.7 | $21,547.50 |
| Sean Barry (@ $250/hr.) | 24.5 | $6,125.00 |
| Rosa Baum (@ 175/hr) | 8.2 | $1,435.00 |
| Lauren Bradley (@ $175/hr.) | 17.6 | $3,080.00 |
| Costs and Expenses | | $2,737.74 |

2

| | TOTAL: | $49,965.24 |
|---|---|---|

7. **Exhibit D** represents our detailed time, bundled by task-based billing code.

## II.   HISTORY OF LITIGATION

8.    The following chart outlines how fees, costs, and expenses increased at various points in litigation:

| Date | Event | Fees | Costs | Total |
|---|---|---|---|---|
| March 3, 2015 | Initial contact with client through filing of complaint | $3,507.50 | $0.00 | $3,507.50 |
| April 9, 2015 | Initial demand to Defendants for $80,000 to settle case; Plaintiff propounds discovery | $5,910.00 | $564.95 | $6,474.95 |
| May 6, 2015 | Plaintiff responds to MBUSA's discovery requests | $8,357.50 | $564.95 | $8,922.45 |
| April 2015 – December 4, 2015 | Plaintiff and MBUSA engage in extensive discovery | $32,355.00 | $2,332.64 | $34,687.64 |
| December 4, 2015 | MBUSA sends §998 Offer | $32,355.00 | $2,332.64 | $34,687.64 |
| December 10, 2015 | Plaintiff accepts §998 Offer. Plaintiff receives no response from MBUSA. | $34,207.50 | $2,332.64 | $36,540.14 |
| December 10, 2015 – January 20, 2016 | Plaintiff follows up numerous times with MBUSA regarding §998 Offer, including sending a demand letter on December 15, 2015. | $35,840.00 | $2,379.29 | $38,219.29 |
| January 20, 2016 | MBUSA responds to Plaintiff's demand. | $35,840.00 | $2,379.29 | $38,219.29 |
| February 2, 2016 | Plaintiff accepts the terms of MBUSA's offer. | $36,765.00 | $2,379.29 | $39,144.29 |
| March 10, | Plaintiff executes | $39,490.00 | $2,685.64 | $42,175.64 |

| 2016 | settlement agreement after Plaintiff's attorneys drafted and negotiated same. | | | |
|---|---|---|---|---|
| March 10, 2016 – May 19, 2016 | Plaintiff attempts to arrange surrender numerous times. | $40,605.00 | $2,732.94 | $43,337.94 |
| May 19, 2016 | Plaintiff is finally able to surrender the vehicle. | $40,605.00 | $2,732.94 | $43,337.94 |
| July 28, 2016 | Plaintiff's counsel finalizes motion for award of attorneys' fees | $47,227.50 | $2,737.74 | $49,965.24 |

### III.    BACKGROUND ON FIRM AND ATTORNEYS

**A.    <u>The Law Firm of Kemnitzer, Barron & Krieg</u>**

9.    Our law firm specializes in consumer litigation. Our law practice is focused on representing consumers who have disputes with automobile manufacturers, auto dealers and auto finance lenders. In addition to handling a large number of these types of cases at the pre-trial and trial level, we have also done significant work in this area in the California appellate courts.

10.    Co-founding partner Nancy Barron and I are both actively involved in the management of this law firm. Kemnitzer, Barron & Krieg's attorneys' hourly rates include many factors beyond personal compensation, including office staff, equipment, insurance, research materials, and other overhead expenses. The firm does not charge separately for secretarial time and other clerical costs, which are also included in the hourly rate. Consumer litigation inevitably involves large corporations, which have the capacity to bring enormous resources to bear that individual consumers are simply unable to meet on their own. The partners manage this law firm to meet those challenges. This involves, among other things IT costs, investigation and research costs that are much higher than those a more generalized small firm might employ. This overhead is also included in attorneys' hourly rate. This particular case could not have been brought and prosecuted, without this extensive support foundation included in overhead.

11.    In contrast to the defense bar, in which attorneys compete for clients, there are not enough plaintiffs' attorneys specializing in consumer protection litigation to meet the need.

4

Kemnitzer, Barron & Krieg takes fewer than 10% of the cases for clients who contact our office. The firm turns away some meritorious cases for lack of resources.

12.     The firm spends a significant amount of time researching the merits of the case prior to filing a complaint, in order to ensure that we only file meritorious complaints. Therefore, a significant but necessary amount of time is spent conducting research on all factual and legal aspects of the case prior to filing.

13.     Kemnitzer, Barron & Krieg, LLP is a mid-size plaintiffs' firm. Currently, we have three partners, one partner-level attorney of counsel, five associates, and several paralegals and law clerks.

**B.     Bryan Kemnitzer**

14.     I graduated from Stanford University with a B.A. in 1972, and from the University of the Pacific, McGeorge School of Law with a J.D. in 1975. I was admitted to the California Bar in 1975. I am rated "AV" in Martindale-Hubbell. I have been a civil litigator for nearly forty years. I have had further professional training as a civil trial lawyer through NITA courses and many continuing education programs. I have tried numerous jury cases to judgment and I have served as an arbitrator and judge *pro tem*.

15.     I am a founding member of the law firm Kemnitzer, Barron & Krieg, LLP, which specializes in consumer litigation. Our law practice is focused on representing consumers who have disputes with automobile manufacturers, auto dealers, and auto finance lenders. In addition to handling a large number of these types of cases at the pre-trial and trial level, we have also done significant work in this area in the California appellate courts. The reported cases in which lawyers from our firm have been involved include the following:

1.     *Ibrahim v. Ford Motor Co.* (1989) 214 Cal.App.3d 878 (Song-Beverly Act)
2.     *Kwan v. Mercedes-Benz* (1994) 23 Cal.App.4th 174 (Song-Beverly Act)
3.     *Jensen v. BMW of North America* (1995) 36 Cal.App.4th 112 (Song-Beverly Act)
4.     *Music Acceptance v. Lofing* (1995) 32 Cal.App.4th 61 (Song-Beverly Act)
5.     *Bank of America v. Lallana* (1998) 19 Cal.4th 203 (Rees-Levering Act and Comm. Code)
6.     *Damian v. Tamondong* (1998) 65 Cal.App.4th 1115 (Rees-Levering Act)
7.     *Joseph v. J.J. MacIntyre* (2002) 238 F. Supp.2d 1158 (Fair Debt Collection)
8.     *Gutierrez v Autowest Dodge* (2003) 114 Cal.App.4th 77 (Consumer Arbitration)
9.     *Joseph v. J.J. MacIntyre* (2003) 281 F. Supp.2d 1156 (Fair Debt Collection)
10.    *Graham v. DaimlerChrysler* (2004) 34 Cal.4th 553 (Private Attorney General

5

Fees)
11. *Fireside Bank v. Superior Court* (2007) 40 Cal.4th 1069 (Rees-Levering Class Action)
12. *Juarez v. Arcadia Financial Ltd.* (2007) 152 Cal.App.4th 889 (Rees-Levering)
13. *Pintos v. Pacific Creditors Association* (9th Cir. 2009) 605 F.3d 665 (Fair Debt Collection)
14. *Arguelles v. Americredit Financial Services* (2010) 184 Cal.App.4th 825 (Consumer Arbitration)
15. *Medrazo v. Honda of North Hollywood* (2012) Cal.App.4th 1
16. *Pierce v. Western Surety Company,* (2012) 207 Cal.App.4th 83
17. *Wohlgemuth v. Caterpillar Inc.,* (2012) 207 Cal. App. 4th 1252 (CCP Section 998)

16. Throughout my career, I have been actively involved in a number of organizations seeking to promote the interests of consumers through public interest litigation. For several years, I was a member of the Board of Directors of the San Francisco Lawyer Referral Service Association. I was a member of the Board of Governors of the Consumer Attorneys of California (formerly California Trial Lawyers Association) for over five years, starting in 1999.

17. I am a member of the National Association of Consumer Advocates, a non-profit corporation formed in response to the belief that an organization of private and public sector attorneys, legal services attorneys, law professors and students, whose primary practice or interests involve the protection and representation of consumers, was needed. Its mission is to promote justice for all consumers by maintaining a forum for information sharing among consumer advocates across the country and to serve as a voice for its members as well as consumers in the ongoing struggle to curb unfair and abusive business practices.

18. I have lectured on various aspects of consumer rights litigation at numerous professional seminars, including the annual conferences for the National Consumer Law Center, National Association of Consumer Advocates, the Consumer Attorneys of California, and the Practicing Law Institute's Consumer Financial Service Litigation Program. I was a speaker for the Bridgeport Class Action Seminar in San Francisco regarding Arbitration and Class Actions and spoke at another Bridgeport conference regarding taking effective depositions. I have testified on these issues before various Sub-Committees of the California Assembly and Senate, and at the Federal Trade Commission in Washington.

19. In 2008, I was invited to give an intensive training to JAG officers and civilian legal

6

services lawyers serving the Coast Guard. I was advised that consumer fraud, credit, and debt have a significant adverse impact on military readiness.

20.    I have been a guest lecturer at Berkeley Law School on numerous occasions. Specifically, in 2011, I spoke at a class regarding mediation and in 2014 spoke at a FTC conference held at the school, speaking on consumer issues facing minorities and recent immigrants. In 2011, I talked with law students at the East Bay Community Law Center regarding consumer protection law.

21.    From 2002 to 2012, I was the chair of the National Consumer Law Center's development arm, the Partner's Council. The National Consumer Law Center (NCLC), based in Boston, is the nation's premiere provider of resources for consumer law. Not only does NCLC have numerous publications to assist consumer advocates; it also has an annual convention, participates in consumer class action litigation, and does in-depth investigation into consumer issues.

C.    **Courts Routinely Approve Our Firms' Hourly Rates**

22.    Nancy Barron and I have billed the same rate for the last thirty years or more. Our rate is frequently approved by the Court as set forth below. I request that $800.00 per hour be used to calculate the lodestar for my time. I am familiar with hourly rates charged throughout California for non-contingent civil litigation of comparable complexity. We know that our contemporaries bill at rates ranging over $800.00 per hour. This rate has been approved by numerous courts in this state. Thus I believe that the hourly rates requested in this application are reasonable and representative of the rates charged by comparable lawyers in fees-for-services cases. Our firm took this case on a contingent fee basis, and our clients are not contractually obligated to pay for any work unless there is a recovery. Thus, our firm assumed the clients' risk of loss.

23.    On March 25, 2014, Judge Mary Arand approved our hourly rate of $700.00 per hour in the case of *Ally Financial v. Lazrovich*, Santa Clara County Superior Court, Case No. 111CV185659.

24.    Thereafter, we increased our rates slightly to reflect the rising costs of maintaining offices in San Francisco, including rent on the same office space in which we have practiced for decades, salaries and other employment-related expenses, taxes, and insurance.

25.    On October 30, 2014, the Honorable Alan Perkins approved our hourly rate of $750.00

7

per hour in the case of *Hamm v. Consumer Portfolio Services*, Sacramento County Superior Court Case No. 34-2010-00081238.

26.    On November 3, 2014, the Honorable Alan Perkins approved our hourly rate of $750.00 per hour in the case of *AIS Services v. Navarrette*, Sacramento County Superior Court Case No. 34-2008-00020740.

27.    On November 13, 2014, the Honorable Kim G. Dunning approved our hourly rate of $750.00 per hour in the case of *King v. California Republic*, Orange County Superior Court Case No. 30-2013-00655804-CU-BT-CXC.

28.    On February 18, 2015, the Honorable André Birotte Jr. approved our hourly rate of $750.00 per hour in the case of *Vitrano v. Santander Consumer USA, Inc.*, U.S. District Court Central, Central District Case No. 2:13-cv-02492-ABC (MRWx).

29.    On February 20, 2015, the Honorable Jeffrey S. White approved our hourly rate of $750.00 per hour in the case of *Salimi v. BMW Financial Services*, U.S. District Court Central, Northern District Case No. C12-01754 JSW.

30.    On April 9, 2015, the Honorable Fernando M. Olguin approved our hourly rate of $750.00 per hour in the case of *McCaleb v. DT Credit Company*, U.S. District Court Central, District Case No. 2:13-CV-06444-FMO (JCx).

31.    On July 6, 2015, the Honorable Alan G. Perkins approved our hourly rate of $750.00 per hour in the case of *Hardcastle v. Bank of Stockton*, Sacramento Superior Court, Case No. 34-2013-00148919.

32.    On July 20, 2015, the Honorable Steven H. Rodda approved our hourly rate of $750.00 per hour in the case of *Eugene v. A-L Financial Corporation*, Sacramento Superior Court, Case No. 34-211-00099541.

33.    On August 17, 2015, the Honorable Troy Nunley approved our hourly rate of $750.00 per hour in the case of *Pha v. Yia Yang, et al.*, U.S. District Court, Central District of California, Case No. 2:12-cv-01580-TLN-DAD.

34.    On October 8, 2015, the Hon. Wynne Carvill approved our hourly rate of $750.00 per hour in the case of *Blaurock v. Keypoint Credit Union*, Alameda Superior Court, Case No.

RG13676609.

35. On December 18, 2015, the Honorable Elihu M. Berle approved our hourly rate of $750.00 per hour in the case of *Buzenes v. Nuvell Financial Services LLC, et al.*, Los Angeles Superior Court, Case No. BC407366.

36. On October 16, 2015, the Hon. George V. Spanos approved our hourly rate of $750.00 per hour in the case of *Macias v. Meriwest Credit Union*, Contra Costa Superior Court, Case No. C14-00919.

37. On October 5, 2015, the Honorable Vince Chhabria approved our hourly rate of $800.00 per hour in the case of *Jekowsky v. BMW of North America*, U.S. District Court, Northern District of California, Case No. 3:13-cv-02158-VC.

38. On April 11, 2016, the Honorable Winifred Y. Smith approved our hourly rate of $800 per hour in the case of *United Auto Credit Corporation v. Mesngon*, Alameda Superior Court, Case No. HG14747897.

39. On April 11, 2016, the Honorable Marie S. Weiner approved our hourly rate of $800 per hour in the case of *Cordero, et al. v. American Honda Finance Corporation dba Honda Fiunancial Services*, San Mateo Superior Court, Case No. CIV531470.

40. On June 1, 2016, the Honorable Susan Illston approved our hourly rate of $800 per hour in the case of *Jones v. Centerone Financial Services, LLC*, U.S. District Court, Northern District of California, Case No. 3:14-CV-01673.

41. Our rates do not, however, reflect the contingency risk we assume, which hourly fee lawyers in corporate practices do not face. Most attorneys are unwilling to represent consumers due to the sizable risks involved and the disparities in resources available to the respective parties. This was reflected in the experience of the class representative in this case. Invariably, the consumer is the underdog financially, and adverse parties generally have huge financial resources. They retain attorneys on an hourly fee basis, instructing them to litigate vigorously. For the defendants, these amounts of money are relatively small, so the risk is not a concern. From the vantage point of the consumer, however, the risk is substantial and often overwhelming.

## IV.   QUALIFICATIONS OF ASSOCIATES IN SUPPORT OF FEES

### A.   Adam McNeile

42.   In 2008, Adam McNeile graduated *cum laude* with a B.A. in Broadcast Journalism from the University of Southern California. In 2011, Mr. McNeile graduated with a J.D. from University of California, Berkeley, School of Law.

43.   From December 2011 to January 2015, Mr. McNeile worked as an attorney specializing in bankruptcy litigation for the law firm Sheppard, Mullin, Richter & Hampton, LLP in both the Los Angeles and San Francisco offices. He was responsible, among other things, for motion practice, client relations, and making court appearances in federal court. Mr. McNeile represented numerous committees of unsecured creditors in multimillion dollar bankruptcies during this time.

44.   Mr. McNeile has worked at Kemnitzer, Barron & Krieg since February 2015. His major responsibilities include drafting briefs and other pleadings, interviewing clients, managing cases, serving as a client liaison, preparing and responding to discovery, including taking and defending depositions, garnering and analyzing evidence, appearing in court, and participating in mediations and settlement conferences. During his time at this law firm, he has worked on numerous complex consumer class actions as well as many individual cases.

45.   Mr. McNeile has been an MCLE lecturer on various topics, including providing a legal negotiations training to staff attorneys at Bay Area Legal Aid.

46.   Detailed descriptions of his tasks are included in the detailed report attached hereto. He is the timekeeper identified as "Adam McNeile." Mr. McNeile's hourly rate is $425.

## V.   QUALIFICATIONS OF STAFF

### A.   Sean R. Barry

47.   Sean R. Barry is our firm's senior paralegal. Mr. Barry graduated from the University of Pennsylvania, earning a B.A. in Political Science in 1989, and earned his California State Bar Paralegal Certificate in September 1994 from California State University – San Francisco.

48.   Mr. Barry has nearly 20 years of experience as a litigation paralegal, and has been with Kemnitzer, Barron & Krieg since July 1998. While with the firm, Mr. Barry has successfully

10

testified at trial in support of his document review and analysis. Mr. Barry's responsibility as senior paralegal is the management of our firm's active litigation cases for partners Bryan Kemnitzer and Nancy Barron, and any associate attorneys who may be assigned to these cases. As such, he is required to review each and every piece of correspondence, pleadings, discovery, and case related materials delivered to our office by mail, fax, e-mail, or other means. In this initial review, Mr. Barry identifies events and calculates deadlines which must be calendared, enters the events into our electronic calendar, determines and recommends responsive action to the attorneys, responds where appropriate, and forwards the documents to the appropriate partners and/or associates. The entering of events into our electronic calendar generally takes only a small fraction of this time, yet is vital to his management of the firm's active litigation, and is not merely a clerical task. Another small part of this initial review includes scanning the documents into an electronic database, with concurrent data management functions. It is also Mr. Barry's responsibility to draft routine legal forms including, but not limited to proofs of service, case management statements, declarations, briefs and/or notices. It is his further responsibility to draft correspondence to courts, clients, opposing counsel, consultants and co-counsel regarding pending litigation. Mr. Barry is also regularly called upon to draft and edit written discovery requests and deposition notices to opposing parties, and to draft and edit discovery responses to opposing parties.

49.     Detailed descriptions of his tasks are included in the detailed time report. He is the timekeeper identified as "Sean Barry." Mr. Barry's current hourly rate is $250.00. His rate has been approved by numerous courts in class action and individual cases.

**B.     Lauren Bradley**

50.     Lauren Bradley holds a B.A. in Communications, with a minor in Political Science, from the San Francisco State University (2013). Ms. Bradley worked at our firm from 2013 until 2015. She started as an Administrative Assistant and was subsequently promoted to Legal Assistant, and then Paralegal, working under the supervision of our Senior Paralegal, Sean Barry. Ms. Bradley has received extensive training from Mr. Barry. She is the timekeeper identified as "Lauren Bradley." Ms. Bradley's hourly rate is $175.00. Ms. Bradley left the firm in October,

2015.

C.    **Rosa Baum**

51.    Rosa Baum holds a B.A. in International Political Economy, with a minor in Arabic and Islamic Studies, from Colorado College (2015). Ms. Baum began working for our firm in mid-2015. She started as an Administrative Assistant and was subsequently promoted to Legal Assistant and replaced Lauren Bradley, working under the supervision of Senior Paralegal, Sean Barry. Ms. Baum received thorough training from both Mr. Barry and Ms. Bradley. Detailed descriptions of her tasks are included in the Time & Expense Log.  She is the timekeeper identified as "Rosa Baum." Ms. Baum's hourly rate is $175.00. Ms. Baum left the firm in May, 2016.

## VI.    USE OF BILLQUICK

52.    Our firm utilizes computer software called BillQuick that assists in keeping track of actual time expended in performing various legal tasks on any given case. Our firm bills in minimum increments of one tenth of an hour (0.1), or six minutes.

53.    I supervise the firm's attorneys and paralegals regarding their input of time into the computer. I also supervise the individual who is directly responsible for inputting the information contained on time sheets whenever an employee does not input directly into the computer. Insofar as the records of fees, costs, and expenses are concerned regarding each individual case file in the office, I am the custodian of those records. These time records are routinely prepared in the ordinary course of business, by the individuals with personal knowledge of the tasks performed and who have the responsibility to enter their time into the computer, at or near the time each task is actually performed.

//

//

//

//

//

//

54.    Before our firm finalizes billing, we perform an "audit" of the billing. Nancy Barron or I will scrutinize the computerized billing, as will any other attorney assigned to the case. In some instances, whether by mistake or inadvertence, we will discover time billed that is not within the policy of the firm to bill, although the time was expended and the work was performed. In those instances, we delete the amounts so they are not reflected on the BillQuick report.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my present recollection and this declaration is executed August 17, 2016 in San Francisco, California.

BRYAN KEMNITZER

13

<u>PROOF OF SERVICE</u>

**Re:** *Soderstrom v. Mercedes-Benz, et al.*
**San Francisco County Superior Court Case No. CGC15544475**

I, Sean R. Barry, certify that I am not a party to the proceeding herein, that I am and was at the time of service over the age of 18 years old, and a resident of the State of California. My business address is 445 Bush Street, San Francisco, California 94108.

On August 17, 2016, I served the following:

**NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS & EXPENSES**

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS & EXPENSES**

**DECLARATION OF BRYAN KEMNITZER IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS & EXPENSES**

**NOTICE OF PAYMENT OF COURT REPORTER FEE FOR HEARING ON MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS & EXPENSES**

by depositing true copies thereof, enclosed in separate, sealed envelopes, each of which was addressed respectively to the person(s) and address(es) shown below, for collection and processing for mailing following this business' ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with the postage thereon fully prepaid, in the United States mail at San Francisco, California.

**Jon D. Universal**
**Benson Y. Douglas**
**Jennifer A. Weiner**
**Sally A. Ayvazian**
**UNIVERSAL & SHANNON**
**2240 Douglas Blvd., Ste. 290**
**Roseville, CA 95661**
**Attorneys for Defendant MERCEDES-BENZ USA, LLC**

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 17, 2016

Sean R. Barry

# EXHIBIT 16

Strategic Legal Practices, APC
Attn: Farazian, Tina
1840 Century Park East, Suite 430
Los Angeles, CA   90067

Lewis Broisbois Bisgaard & Smith LLP
Attn: Nassi, Shahram
333 Bush Street
Suite 1100
San Francisco, CA   94104____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Khamsone<br><br>                           Plaintiff/Petitioner(s)<br><br>VS.<br><br><br>BMW of North America, LLC<br>                           Defendant/Respondent(s)<br>                    (Abbreviated Title) | No. RG17856686<br><br>Order<br><br>Motion for Attorney Fees<br>Granted |

The Motion for Attorney Fees, Costs, and Expenses, filed by Plaintiff Noi Khamsone ("Plaintiff") on December 27, 2018, was set for hearing on January 22, 2019, at 3:00 p.m. in Department 22 before the Honorable Robert McGuiness. A tentative ruling was published and was contested.

The matter was argued and submitted. Good cause appearing, IT IS HEREBY ORDERED THAT the motion is GRANTED IN PART.

The motion seeks an award of attorney's fees and costs and expenses pursuant to Civil Code § 1794(d) of the Song-Beverly Consumer Warranty Act. Plaintiffs seek an award of fees, costs and expenses in the total amount of $178,400.78, consisting of: (a) $121,618.50 in attorney's fees based on the "lodestar"; (b) a lodestar multiplier "enhancement" of 0.25 of such fees, or $30,404.63; (c) costs and expenses of $21,627.65; and (d) $4,750 for estimated fees on the reply and any hearing.

The request is based on Plaintiff's status as a prevailing party in this lawsuit pursuant to the settlement agreement entered with Defendants BMW of North America, LLC ("BMW") and Major Motor Cars, Inc. ("MMC") in mid-July 2018. The case was settled for the sum of $40,000.00 in damages, with BMW to pay $30,000.00 and MMC to pay $10,000, plus reasonable attorney's fees and expenses to be paid by BMW. (Decl. of Jacob Cutler, Exh. 10.) As to the latter, the agreement provides: "BMW also agrees to pay Plaintiff's attorney's fees, costs, and expenses in an amount determined by the Court by way of noticed motion, to have been reasonably expended by Plaintiff in the commencement and prosecution of this action, pursuant to Civil Code Section 1794(d). The Parties agree that Plaintiff is to be deemed the prevailing party for the purposes of Plaintiff's attorney fee, cost and expense motion, and that Plaintiff shall file a single motion for attorneys' fees, costs, and expenses." (Id., ¶ 3.)

As the agreed prevailing party in the action, Plaintiff is entitled to recover attorneys' fees, costs and expenses under section 1794(d) as a matter of right. Thus, the court must determine the amount "reasonably expended by Plaintiff" in the action. (See id.) Civil Code section 1794(d) states: "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code § 1794(d).) "The statute 'requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable. These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill

exhibited and the results achieved. If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." (Goglin v. BMW of North America, LLC (2016) 4 Cal.App.5th 462, 470, quoting Nightingale v. Hyundai Motor America (1994) 31 Cal.App.4th 99, 104.) "It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court." (PLCM Group v. Drexler (2000) 22 Cal.4th 1084, 1096.)

First, the court determines that the fact that Plaintiff's counsel took the case on a contingency basis does not affect the initial "lodestar" calculation. As BMW acknowledges, the reasonable hourly rate for this purpose is the "prevailing rate for private attorneys in the community conducting non-contingent litigation of the same type." (Opp., p. 4, quoting Ketchum v. Moses (2001) 24 Cal.4th 1122, 1133.) Thus, the argument at pages 5 and 6 of the opposition that there is no evidence Plaintiff "agreed to pay the claimed rates" is immaterial. In the case cited for the argument about the client's agreed rate, Nightingale v. Hyundai (1994) 31 Cal.App.4th 99, the court "was ruling in the context of an hourly, non-contingent fee contract. In situations of a contingent fee agreement, Nightingale expressly allowed that the buyer's attorney would be entitled to 'an award of reasonable attorney fees for time reasonably expended by his or her attorney.'" (Robertson v. Fleetwood Travel Trailers of California, Inc. (2006) 144 Cal.App.4th 785, 818, quoting Nightingale v. Hyundai Motor America, supra, 31 Cal.App.4th at p. 105, n. 6.)

Second, after considering the skills and qualifications of Plaintiff's counsel, the sample orders from other cases submitted by both sides (albeit almost entirely outside Alameda County and having no precedential value), and based on the court's considerable experience with hourly rates in Alameda County, the court determines that the hourly rates claimed by Plaintiff's counsel are somewhat higher than the "prevailing rate" for private attorneys in the Alameda County legal community, but not to the extent claimed by BMW. Most of the orders submitted by BMW are from counties outside the San Francisco Bay Area, including smaller, less commercial areas. By the same token, all the orders submitted by Plaintiff are from counties (such as Los Angeles and San Francisco) where there is a higher prevailing hourly rate than Alameda County. In the sole case cited by either party from Alameda County, Corral v. BMW, the hourly rates ranged from $175 to $300, but this was a 2003 case. (See Decl. of Stephen Liberatore, Exh. 5.) In Graciano v. Robinson Ford Sales, Inc. (2006) 144 Cal.App.4th 140, 155, which both sides cite for comparison, the court approved compensation at rates of $350 per hour for the senior attorney and $275 and $270 per hour for the less senior attorneys, for litigation in El Centro by counsel in San Diego. Plaintiff's counsel is located in Los Angeles, which has a higher prevailing hourly rate. Although the declarations attest that such rates have been approved in cases primarily in the Los Angeles area, there is no evidence they have been approved as prevailing rates in Alameda County. Although most of the work was performed by counsel with stated hourly rates ranging from $335 to of $375, some of the work was performed by counsel with stated hourly rates of $475, $495 and $595, which are higher than prevailing rates in Alameda County for similarly experienced litigators. The court determines that the stated hourly rates must be reduced by 10% to make them comport with the prevailing rate in Alameda County.

Third, as to the number of hours reasonably spent, the court is not persuaded by BMW's argument that most of the work performed after BMW's offer to compromise served on May 29, 2018, was not reasonably incurred. That offer was for $35,000 "with each party to bear its own fees and costs." (Cutler Decl., Exh. 9.) By contrast, the ultimate settlement required BMW to pay $30,000 plus Plaintiff's reasonable attorney's fees and expenses, which are quite substantial as discussed herein. As BMW acknowledges, at the time the offer was made, Plaintiff's counsel had already spent 129.7 hours on the case, which amounted to almost $50,000 in fees, along with having incurred thousands of dollars of costs and other expenses. Thus, it was not unreasonable for Plaintiff to continue to litigate to obtain a settlement that compensated him for those substantial fees and expenses. Further, even if the section 998 offer had been higher, it would be error for the court to disregard the lodestar analysis required by Civil Code section 1794(d) and in "substance and effect [apply] the penalty provisions of section 998" to cut off Plaintiff's right to recover attorney's fees at the time when the offer was made. (See Etcheson v. FCA US LLC (Cal. App. Dec. 6, 2018) 2018 WL 6804470, *7; C.C.P. § 998(c).) This is particularly true here, as the settlement agreement requires BMW to pay all "attorney's fees, costs, and expenses ... determined ... to have been reasonably expended" by Plaintiff in prosecuting the case (Cutler Decl., Exh. 10, ¶ 3) and as BMW has not established that its offer was more favorable than the settlement ultimately achieved in any event.

Order

Fourth, though Plaintiff's counsel did spend a substantial number of hours on the case between May 29, 2018 and the settlement in July 2018, such hours do not appear unreasonable given that the case was set for trial on July 9, 2018, and the work required in trial preparation is extensive. Beyond matters such as completing non-expert discovery before the cutoff, completing expert designations and discovery, preparing jury instructions, motions in limine, trial exhibits, witness lists and other required trial matters, Plaintiff also had to respond to two motions seeking terminating sanctions and preclusion of evidence for asserted spoliation of evidence, which motions were ultimately dropped without being heard. "A defendant 'cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.'" (Peak-Las Positas Partners v. Bollag (2009) 172 Cal.App.4th 101, 114; see also Stokus v. Marsh (1990) 217 Cal.App.3d 647, 654.)

Further, though BMW argued at the hearing that the court should review the invoices and reduce the number of hours reasonably spent for "lodestar" purposes, Plaintiff submitted evidence, including contemporary invoices, supporting the number of hours it spent on the various tasks and BMW has not identified particular time entries that it contends were unreasonable or unnecessary. (See, e.g., Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn. (2008) 163 Cal.App.4th 550, 564 ["In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice."])

Fifth, the court is not persuaded that Plaintiff's sale of the car shortly after the lawsuit was filed "caused unjustified extension of litigation" or made any of the services performed by Plaintiff's counsel unreasonable or excessive. Although Plaintiff likely should have disclosed this fact earlier than January 31, 2018, BMW has not shown that this resulted in BMW's inability to inspect the vehicle thereafter or multiplied the fees reasonably and necessarily incurred by the parties. Plaintiff introduced evidence that he tracked down the location of the subsequent owner, relayed this information to BMW, and invited BMW to further meet and confer about its proposed inspection but that BMW did not notice a vehicle inspection thereafter. (Supp. Cutler Decl., ¶ 3 and Exh. 1.) BMW has not argued or introduced evidence to the contrary.

Sixth, the court declines to enhance the "lodestar" amount by a multiplier of 0.25 as requested by Plaintiff. As Plaintiff observes, the "lodestar" figure is not the end of the analysis but may be "adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." (PLCM Group, supra, 22 Cal.4th at p. 1095.) For example, the risk of taking a case on contingency may be taken into account to enhance the lodestar figure where necessary to compensate for the risk of loss and delay in payment inherent in contingency fee cases. (Horsford v. Board of Trustees of California State University (2005) 132 Cal.App.4th 359, 394-395; Ketchum, supra, 24 Cal.4th at pp. 1132-1133.)

After considering all of the applicable factors, however, the court determines that a fee award based on the "lodestar" amount of $109,456.65 (323.7 hours multiplied by the hourly rates reduced by 10%), without any additional multiplier, already includes compensation at a fair rate taking into account the risk of loss and delay and constitutes a "fair market value for the legal services provided" in this case. (PLCM, supra, 22 Cal.4th at p. 1095.)

Seventh, in addition to the fees incurred at the time the motion was filed (which includes the fees incurred on this fee motion itself), Plaintiff seeks an award of $4,750 for estimated fees on the reply and any hearing. Attorney's fees incurred in connection with a fee motion are compensable. (See, e.g., Ketchum, supra, 24 Cal.4th at p. 1141.) Nevertheless, Plaintiff has not specified the number of hours spent on the reply. The court determines that compensation of $2,800 for 8.0 hours at $350 per hour is reasonable compensation for the reply and hearing.

Eighth, the motion seeks an award of costs and expenses costs and expenses in the amount of $21,627.65. The settlement agreement and Civil Code § 1794(d) authorize an award of costs and expenses reasonably incurred. Plaintiff introduced evidence supporting the request and BMW has not challenged any of the requested items.

Ninth, on Plaintiff's Evidentiary Objections, filed on January 14, 2019, the court rules as follows: Nos. 1-11 - OVERRULED. Plaintiff introduced similar unpublished orders with its motion. As discussed above, the court has not considered any of them as precedent but instead solely as examples

of hourly rates approved by other courts in different cases, counties and timeframes. Opposition, p. 3, lines 26-28, and p. 4, line 1 (as to Plaintiff's purported settlement demand in a confidential mediation) - SUSTAINED. The court has not considered that aspect of the opposition.

Accordingly, IT IS ORDERED that Plaintiffs are awarded attorney's fees in the amount of $112,256.65 and costs of $21,627.65, against BMW.

The clerk is directed to serve copies of this order, with proof of service, to counsel and to self-represented parties of record by mail, which shall satisfy the purposes of notice of entry of order under C.C.P. § 1019.5(a).

Dated: 02/14/2019

_— facsimile_

Judge Robert McGuiness

Order

Order

| SHORT TITLE:                              | CASE NUMBER:  |
|-------------------------------------------|---------------|
| Khamsone VS BMW of North America, LLC     | RG17856686    |

ADDITIONAL ADDRESSEES

Obagi Law Group, P.C.
Attn: Obagi Jr., Zein E.
811 Wilshire Blvd.
Suite 1709
Los Angeles, CA   90017____

Order

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG17856686
Order After Hearing Re: of 02/14/2019

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 03/08/2019.

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

                                                    Deputy Clerk

# EXHIBIT 17

FILED
ENDORSED

2020 NOV 24  AM 10: 51

LAW AND MOTION DEPT-53/54
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

Payam Shahian (SBN 228406)
pshahian@slpattorney.com
Anh Nguyen (SBN 281925)
jcutler@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone:     (310) 929-4900
Facsimile:     (310) 943-3838

Attorneys for Plaintiff AARON FLORES

JON D. UNIVERSAL, SBN 141255
JAMES P. MAYO, SBN 169897
NEJLA NASSIRIAN, SBN 908730
BRETT H. WANNER, SBN 314025
**UNIVERSAL & SHANNON, LLP**
2240 Douglas Boulevard, Suite 290
Roseville, California 95661
Telephone: (916) 780-4050
Facsimile: (916) 790-9070

Attorneys for Defendant FCA US LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| AARON FLORES,<br><br>Plaintiff,<br><br>vs.<br><br>FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive.<br><br>Defendants. | Case No.: 34-2016-00192221-CU-BC-GDS<br><br>Hon. David Brown<br>Dept. 53<br><br>**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES** |

**BY FAX**



NOV 12 2020

---

[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

Plaintiff Aaron Flores' ("Plaintiff") Motion for Attorney Fees, Costs, and Expenses came for a hearing on July 22, 2020. After hearing all the arguments of counsel, and considering the papers submitted in support of and in opposition to the Motion, and good cause appearing, the Court, Honorable David Brown presiding, GRANTED Plaintiff's Motion for Attorney Fees, Costs, and Expenses in part via Minute Order dated July 28, 2020, and ordered that Plaintiff and Defendant FCA US LLC mutually agree upon a final award amount in accordance with the findings of the Court's ruling. The Parties submitted a Proposed Order on August 28, 2020, but this Proposed Order was rejected as it did not attach a copy of the Court's ruling. A true and correct copy of the Court's July 28, 2020 minute order is attached hereto.

**THE PARTIES HAVE STIPULATED TO THE ENTRY OF AN ORDER AS FOLLOWS:**

1.  That Defendant shall pay the sum of $26,779.50 in attorney fees and $732.95 in costs and expenses, for a total award of $27,512.45, via a single check made payable to "Strategic Legal Practices, APC."

**IT IS SO ORDERED.**

Dated:  **NOV 2 4 2020**

_____

Hon. David Brown
Judge of the Superior Court

1

[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SACRAMENTO
## GORDON D SCHABER COURTHOUSE

### MINUTE ORDER

DATE: 07/28/2020                    TIME: 10:09:00 AM       DEPT:  53

JUDICIAL OFFICER PRESIDING: David Brown
CLERK:  D. Johnson-Mellado
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **34-2016-00192221-CU-BC-GDS** CASE INIT.DATE: 03/25/2016
CASE TITLE: **Flores vs. FCA US LLC**
CASE CATEGORY: Civil - Unlimited

---

**APPEARANCES**

---

**Nature of Proceeding: Ruling on Submitted Matter (Motion for Attorney Fees) Taken under submission on 7/22/2020**

**TENTATIVE RULING**

**Effective June 16, 2020 hearings for Department 53 will be held at** 1:30 p.m.

**Until further notice, NO IN-PERSON APPEARANCES WILL BE PERMITTED. All Civil Law and Motion hearings will be conducted remotely via CourtCall or Zoom [which includes telephonic and teleconferencing options]. This will also apply to "Appearance Required" matters. The Department 53** Zoom ID is: 841 204 6267.

**Consistent with Local Rule 1.06(B), any party requesting oral argument on any matter on this calendar must comply with the following procedure.**

**To request oral argument, you must call the Department 53 clerk at (916) 874-7858 and opposing party by 4:00 p.m. the court day before the hearing. At the time of requesting oral argument, the requesting party shall leave a voice message to advise the clerk that it has notified the opposing party of the following: a) its intention to appear and b) that opposing party may appear via Zoom using the Zoom ID indicated above or by CourtCall. If no request for oral argument is made, the tentative ruling becomes the final order of the Court.**

**The hearings will also be live-streamed on the Court's YouTube page for the benefit of the public. Although the hearings will be live-streamed on the Court's YouTube page, the broadcast will not be saved/preserved. Thus, if any party wishes to preserve the hearing for future use, a court reporter will be required. During the COVID-19 emergency, the Court will supply a court reporter upon request. Any party desiring a court reporter shall so advise the clerk upon request for oral argument. Unless a fee waiver has been granted, the reporter's fee must be paid to the Court prior to the hearing. Local Rule 1.12 and Government Code § 68086.**

Plaintiff Aaron Flores' ("Plaintiff") motion for attorneys' fees, costs, and expenses is GRANTED as follows.

Plaintiff's request for judicial notice of court records, including minute orders granting motion for fees and costs in other matters, is granted, in part. However, in taking judicial notice of these documents, the court accepts the fact of their existence, not the truth of their contents. (See *Professional Engineers v.*

---

CASE TITLE: Flores vs. FCA US LLC                    CASE NO: **34-2016-00192221-CU-BC-GDS**

Dep't of Transp. (1997) 15 Cal.4th 543, 590 [judicial notice of findings of fact does not mean that those findings of fact are true]; *Steed v. Department of Consumer Affairs* (2012) 204 Cal.App.4th 112, 120-121 ["[W]hile the existence of any document in a court file may be judicially noticed, the truth of the matters asserted in those documents, including the factual findings of the judge who was sitting as the trier of fact, is not entitled to notice."]; *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1562-1570.) Plaintiff's request for judicial notice of various court orders on attorney fees is denied. The attorney fee awards granted in other cases in this court, or in other counties, or in various federal district courts are not relevant to the courts determination herein.

This lemon law action was filed on March 25, 2016, and was settled when Plaintiff accepted defendant FCA US, LLC's ("FCA") October 5, 2016, amended 998 offer for $95,000 on October 10, 2016 (the "998 Offer"; see Ex. 6 to Cutler Declaration).

The 998 Offer was accepted after less than one year of litigation, which included Plaintiff successfully opposing FCA's motion to transfer venue, Plaintiff propounding written discovery, Plaintiff meeting and conferring with FCA about its discovery responses, and Plaintiff filing a motion to compel further responses. No depositions were taken.

By its terms, the 998 Offer allows for costs, attorney's fees, and expenses reasonably incurred, and it also contemplates the parties first attempt to negotiate these fees and expenses. The 998 Offer states: "In connection with the above offer to compromise, an additional sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time reasonably incurred in connection with the commencement and prosecution of this action pursuant to Civil Code § 1794(d), to be determined by court if the parties cannot agree."

The 998 Offer also states: "If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly." Plaintiff never filed the 998 Offer.

The 998 Offer was later supplemented to clarify ambiguities via an "Agreement Re Summarizing, Clarifying, and/or Supplementing the Terms of Defendant's 998 Offer" that was executed by the parties in March 2017. (Cutler Decl. ¶ 17, Exh. 7.) The agreement provides that FCA "also agrees to pay Plaintiff's attorney's fees, costs, and expenses, pursuant to Civil Code Section 1794(d), in an amount to be determined by the Court, by way of noticed motion, to have been reasonably incurred by Plaintiff in the commencement and prosecution of this action." (Ibid.) No deadline to file the noticed motion is included in either the 998 Offer or the foregoing agreement. Nothing in CCP 1032, defining prevailing party, prohibits the parties from stipulating to alternative procedures for awarding costs pursuant to rules adopted under CCP 1034. (CCP 1032(c); see *Jones v Union Bank of Calif.* (2005) 127 Cal.App.4th 542, 551.

By this motion, Plaintiff seeks $23,079.50 in attorneys' fees, a 0.50 multiplier enhancement ($11,539.75), $852.95 in costs, and an additional $3,900 in anticipated costs to review any opposition, draft a reply brief, and attend a hearing on this instant fee motion. Altogether, the total amount of attorneys' fees, costs, and expenses being sought is $39,372.20.

FCA has opposed. On reply, Plaintiff argues FCA's opposition is 16 pages long, thus exceeding the 15 page limit pursuant to California Rules of Court, Rule 3.113(d). Plaintiff contends on this basis the opposition should be considered a late-filed paper. The Court declines to disregard all or any portion of FCA's opposition on this basis, but will caution FCA that continued disregard for page limitations could result in the Court deeming the filing a late-filed paper and disregarding it as such.

Turning to FCA's opposition, FCA opposes on the ground that this motion is untimely. FCA contends that pursuant to California Rules of Court, Rule 3.1702, Plaintiff was required to file this motion 180 days

---

DATE: 07/28/2020                    MINUTE ORDER                    Page 2
DEPT: 53                                                            Calendar No.

after entry of judgment.

Rule 3.1702 states: "A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court-including attorney's fees on an appeal before the rendition of judgment in the trial court-must be served and filed within the time for filing a notice of appeal..." In turn, per Rules of Court 8.104, a notice of appeal is due to be filed on or before: (1) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled "Notice of Entry" of judgment; (2) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled "Notice of Entry" of judgment; or, (3) 180 days after entry of judgment.

FCA argues the 998 Offer required Plaintiff to file the offer with proof of acceptance and then the clerk was to enter judgment accordingly. FCA contends that although Plaintiff did not file the 998 Offer and no judgment was entered, more than 180 days have passed since Plaintiff should have done so, and Plaintiff should not be permitted to file this instant motion over three years after accepting the 998 Offer. This argument is rejected. While the 998 Offer does indicate Plaintiff "shall file the offer with proof of acceptance" and that judgment shall be entered accordingly, there is no deadline imposed upon Plaintiff to do so. FCA's claim that Plaintiff "should have done so by now" is insufficient. Further, the parties attempted to resolve ambiguities in the 998 Offer via the "Agreement Re Summarizing, Clarifying, and/or Supplementing the Terms of Defendant's 998 Offer," but the agreement does not impose any deadline upon Plaintiff to either file the 998 Offer or a motion for attorney's fees, costs, and expenses. Rather, the language of the agreement is open-ended and states:

"Furthermore, FCA US LLC also agrees to Plaintiff's attorney's fees, costs, and expenses, pursuant to Civil Code Section 1794(d), in an amount to be determined by the Court, by way of noticed motion, to have been reasonably incurred by Plaintiff in the commencement and prosecution of this action. The parties further agree that Plaintiff shall file a single motion for attorney's fees, costs, and expenses." (Cutler Decl. ¶ 17, Exh. 7.)

Accordingly, the Court declines to deny the motion on the ground that it is untimely pursuant to Rule 3.1702. Thus, the Court will now turn to the merits of the motion.

Prevailing Party

Civil Code § 1794(d) provides that a prevailing buyer is entitled to recover "costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." The Act is a "strongly pro-consumer" law, whose remedies are in addition to those available to consumers under other laws, particularly the Unfair Competition Law. (*Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 990; Civ. Code, § 1790.4.) It "is manifestly a remedial measure, intended for the protection of the consumer; it should be given a construction calculated to bring its benefits into action." (*Murillo, supra,* at 990.) In keeping with the remedial purposes of the law, the Act mandates that prevailing buyers recover costs and attorney fees "based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code § 1794, subd. (d).)

There is no dispute Plaintiff is the prevailing party in this action. California Code of Civil Procedure section 1032(b) provides that "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." The prevailing party for purposes of section 1032(a)(4) is defined as including the party with the net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. (Code Civ. Proc. 1032(a)(4).) The general definition of prevailing party in CCP § 1032(a)(4) applies to actions under the Song-Beverly Act. (*Reveles v. Toyota*

CASE TITLE: Flores vs. FCA US LLC                    CASE NO: **34-2016-00192221-CU-BC-GDS**

By The Bay (1997) 57 Cal.App.4th 1139, 1158  [overruled on other grounds].) Indeed, Plaintiff obtained a net monetary recovery and is, therefore, a "prevailing party." FCA raises no argument to the contrary.

Attorneys' Fees

Next, the Court evaluates the reasonableness of the fees requested. The general standards and authorities guiding the Court's consideration of this motion are well-established, and will receive summary recitation here. The "fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095.) "It is not necessary to provide detailed billing timesheets to support an award of attorney's fees under the lodestar method ... . Declarations of counsel setting forth the reasonable hourly rate, the number of hours worked, and the tasks performed are sufficient." (*Conception v. Amscam* (2014) 223 Cal.App.4th 1309, 1324.) The appropriate hourly rate used to arrive at the lodestar is measured by "the prevailing billing rates of comparable private attorneys as the 'touchstone' for determination of that value" (*Serrano v. Unruh* (1982) 32 Cal. 3d 621, 643; see *Ketchum v. Moses* (2002) 24 Cal.4th 1122, 1132.)

The Court then determines whether the lodestar should be enhanced or decreased by a "multiplier," based on factors such as "'(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award. [Citation.]' [Citation.]" (*Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1216.) "'There is no hard-and-fast rule limiting the factors that may justify an exercise of judicial discretion to increase or decrease a lodestar calculation.' [Citation.] There are numerous such factors, and their evaluation is entrusted to a trial court's sound discretion; any one of those factors may be responsible for enhancing or reducing the lodestar." (*Krumme v. Mercury Ins. Co.* (2004) 123 Cal.App.4th 924, 947.)

Hourly Rates

The reasonable market value of the attorney's services is the measure of the reasonable hourly rate. (*PLCM Group Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1094.) The lodestar rate should reflect rates charged in the "community for similar services by lawyers of reasonably comparable skill, experience and reputation." (*Children's Hosp. & Med. Ctr. v. Bonta* (2002) 97 Cal.App.4th 740, 783.) The trial court "possesses personal expertise in the value of the legal services rendered in the case before it." (*Russell v. Foglio* (2008) 160 Cal.App.4th 653, 661.)  The "trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." (*Ketchum*, supra, at p. 1132; accord *PLCM Group*, (2000) 22 Cal.4th 1084, 1096.)

The following five attorneys from Strategic Legal Practices, APC worked on this case and billed at the following hourly rates:

| | | |
|---|---|---|
| Jacob Cutler | Admitted 2009 | 2019 rate $435/hr; 2020 rate $460/hr |
| Tionna Dolin | Admitted 2014 | 2016 rate $325/hr; 2017 rate of $350/hr |
| Larry Chae | Admitted 2010 | $385/hr |
| Gillian Mellon | Admitted 2014 | 2016 rate $325/hr; 2017 rate $350/hr |
| Daniel Tai | Admitted 2015 | $385/hr |

FCA argues the hourly rates may be reasonable for Los Angeles, but are unreasonable for the Sacramento area, that only 2016 rates should apply as this case was litigated in 2016, and that Plaintiff has made no showing of any attempt to seek local counsel. FCA argues rates should be no more than $200 per hour. FCA, however, submits no evidence regarding the reasonable hourly rate in this

DATE: 07/28/2020                    MINUTE ORDER                    Page 4
DEPT: 53                                                            Calendar No.

CASE TITLE: Flores vs. FCA US LLC                    CASE NO: **34-2016-00192221-CU-BC-GDS**

community for an attorney of reasonably comparable skill, experience, and reputation.

Plaintiff's counsel has attached a number of prior court orders to demonstrate their hourly rates are reasonable. The Court has surveyed the prior orders and declarations submitted with the moving papers.

In the Court's independent judgment, the requested hourly rates are reasonable for this type of case, in this community, for attorneys of similar skill and experience. The experienced trial judge is the best judge of the value of professional services rendered in his/her court. (*PLCM Group v. Drexler* (2000) 22 Cal. 4th 1084, 1095.)

Number of Hours

The Court has reviewed the hours reflected in Plaintiff's counsel's billing statements and the supporting declaration.

In the moving papers, Plaintiff seeks $3,900 in **anticipated** attorney's fees to review an opposition, prepare a reply, and attend the hearing on this instant motion. On reply, Plaintiff has submitted the Declaration of Ahn Nguyen indicating she spent over 9.2 hours reviewing FCA's opposition and drafting Plaintiff's reply, at the rate of $435 per hour, for a total of $4,002. However, Plaintiff contends he only seeks the $3,900 laid out in the notice of motion. As the **anticipated** fees have now been verified, the Court awards the fees in the requested amount of $3,900.

Plaintiff also seeks fees for a total of 12.8 hours spent preparing this instant motion. The Court finds that 12.8 hours to prepare this instant motion is reasonable and awards the fees in the requested amount.

As to the remaining hours billed, the Court rules as follows.

Plaintiff's counsel seeks fees for 65.6 hours of attorney time incurred on this matter. (Shahian Decl. ¶ 35, Exh. 17.)

FCA argues the hours billed are excessive and include: (1) unnecessary or overbilled tasks, including multiple undescribed or redacted phone conferences and emails with Plaintiff, excessive "legal research," duplicative drafting of discovery to FCA, and "review of case file" by other attorneys working on the case; (2) purely administrative tasks relating to calendaring dates or finalizing the settlement; and (3) for a discovery motions and related "meet and confer efforts" concerning FCA's written discovery responses and a motion to compel that was withdrawn by Plaintiff. That the billing entries redact the subject matter of phone conferences and emails with Plaintiff, presumably to protect the attorney-client privilege, does not warrant their exclusion. Client communications are necessary and reasonable in litigation. The Court is also not persuaded the legal research was excessive or that certain efforts were unnecessarily duplicative. Further, while a motion to compel may have been withdrawn, FCA cites to no legal authority indicating that establishes the time spent in connection therewith, including time spent meeting and conferring on deficient discovery responses, was unreasonable and should not be awarded. Further, Plaintiff notes the motion was withdrawn because the case resolved after Plaintiff filed the motion, but before the scheduled hearing. The only objection that is well-taken is that relating to calendaring dates, which appear to be purely administrative tasks. The Court will not award any time for entries related to calendaring dates and deadlines.

FCA also argues that some of the tasks, such as preparation of discovery, preparation of case management statements, and collecting and providing updated financial information could have been performed by a paralegal or another administrative staff, rather than an attorney. The Court is not persuaded the foregoing tasks are of such an administrative nature that they should necessarily be

---

CASE TITLE: Flores vs. FCA US LLC                    CASE NO: **34-2016-00192221-CU-BC-GDS**

performed by a non-attorney or a paralegal. Accordingly, this argument is rejected.

FCA also argues it offered a full repurchase early in the case (before FCA appeared), which was not accepted, and therefore Plaintiff's fees should be limited to those incurred as of May 19, 2016 (the date FCA made a firm repurchase settlement offer). On reply, Plaintiff argues this offer was vague and ambiguous and could not be accepted because it did not specify a dollar figure, did not set a firm mileage offset point, and did not provide for the branding of the Vehicle's title as a lemon. Plaintiff also argues he was under no obligation to counter or accept the vague and ambiguous 998 offer. The Court rejects FCA's position that Plaintiff cannot recover **any** fees incurred after FCA's repurchase offer on May 19, 2016. Ultimately, the settlement that was reached a few months later was more favorable than FCA's May 19, 2016, offer, which specified a $95,000 dollar figure, and the fees incurred after the offer was made was the result of additional negotiation and litigation between the parties.

FCA also argues many of the billing entries are brief and lack any explanatory detail, which makes it difficult to ascertain the reasonableness of any individual task. The Court has reviewed the entries and finds they sufficiently detail the tasks performed.

Multiplier

Finally, Plaintiff requests a multiplier of 0.5 in the amount of $11,539.75.
The Court may enhance or decrease attorney's fees based on factors and circumstances relevant to the case. (*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.App.4th 553, 579.) The Court is not required to apply a multiplier in a given case. (See *Weeks v. Baker & McKenzie* (1998) 63 Cal.App.4th 1128, 1175.) The lodestar calculation may be adjusted [up or down] by the Court based on factors including, "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." (*Ketchum, supra,* at 1131.)
Taking each of these factors into consideration, along with the moving papers, argument, and evidence, Plaintiff's multiplier is *denied*. The Court finds no basis in the record to justify any multiplier. This action, at base, is a garden variety lemon law case, [indeed, one of dozens this court has seen in recent years] with no unusual facts, no novel legal issues, which is not complex, and did not require exceptional skill. The attorneys' fees being awarded appropriately compensates the Plaintiff's attorneys at a reasonable hourly rate for the number of hours reasonably spent on this case.

Costs

Plaintiff seeks $852.95 in costs as reflected in the billing invoice.

FCA objects to the $60 filing fee for this instant motion because FCA contends pursuant to the 998 Offer, a motion was to be the last resort if the parties could not agree. The Court declines to strike this cost as the parties agreement to clarify the 998 Offer specifically instructs Plaintiff to file a noticed motion for attorneys' fees.

FCA also objects to the filing and related costs for the motion to compel further discovery responses that was withdrawn by Plaintiff. The Court also declines to strike these costs as FCA has failed to demonstrate the motion was unreasonable, unnecessary, or did not further the litigation.

Lastly, FCA objects to the $120 paid to On-Call Legal on 8/30/16 for a rush filing of Plaintiff's CMC statement, which was incurred due to Plaintiff's counsel's delay. On this, the Court agrees. The Court declines to award the cost for rush filing attributed to Plaintiff's delay.

Evidentiary Objections

---

DATE: 07/28/2020                    MINUTE ORDER                    Page 6
DEPT: 53                                                            Calendar No.

CASE TITLE: Flores vs. FCA US LLC                    CASE NO: **34-2016-00192221-CU-BC-GDS**

FCA objects to the Declarations of Jacob Cutler and Payam Shahanian, and Exhibit 8 to the Cutler declaration and Exhibits 1-16 of the Shahanian declaration (other court orders) on grounds of hearsay, lack of personal knowledge, lack of foundation, and inadmissible opinion. FCA argues the statements regarding the factual background of the case, opinions that other counsel's rates are "reasonable," settlement matters in other cases, and references to other court orders and rulings are out-of-court statements that are hearsay and do not support the reasonableness of the fee request. The objections are OVERRULED. The objections go to weight, not to threshold admissibility. The Court notes that it did not consider or give weight to legal conclusions/arguments in any declaration.

FCA's objection to Exhibit 17 of the Shahanian declaration (Plaintiff's counsel's billing invoice) is also OVERRULED.

Plaintiff's objections to the Declaration of James P. Mayo are OVERRULED.

Conclusion

The motion for attorneys' fees and costs is GRANTED as set forth above.

Given the Court's denial of certain time entries, denial of Plaintiff's request for a multiplier, reduction of certain costs, and given the amount of time it would take the Court to calculate a final total amount, the parties are ordered to meet and confer to determine the final award amount in accordance with this ruling.

The parties are ordered to mutually agree upon a final award amount (in accordance with the findings of this ruling) and submit a proposed order with revised calculations. Such proposed order shall be submitted no later than August 22, 2020.

The minute order is effective immediately. No formal order pursuant to CRC Rule 3.1312 or further notice is required.

**COURT RULING**

The matter was argued and submitted.

The matter was taken under submission.

Having taken the matter under submission on 07/22/2020, the Court now rules as follows:

**SUBMITTER MATTER RULING**

The Court affirmed its tentative ruling with the following modification:

The parties are ordered to mutually agree upon a final award amount (in accordance with the findings of this ruling) and submit a proposed order with revised calculations. Such proposed order shall be submitted no later than **August 28, 2020.**

James Mayo
Universal & Shannon, LLP

DATE: 07/28/2020                    MINUTE ORDER                    Page 7
DEPT: 53                                                             Calendar No.

CASE TITLE: Flores vs. FCA US LLC                    CASE NO: **34-2016-00192221-CU-BC-GDS**

2240 Douglas Blvd., Suite 290
Roseville, CA 95661

Anh Nguyen
Strategic Legal Practices, APC
1840 Century Park East, Suite 430
Los Angeles, CA 90067

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Strategic Legal Practices, 1840 Century Park East, Suite 430, Los Angeles, California 90067.

On **November 12, 2020**, I caused to be served the document(s) described as:

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES**

on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [   ] as stated on the attached service list:

| | |
|---|---|
| Jon D. Universal, Esq. | JUniversal@uswlaw.com |
| James P. Mayo, Esq. | jmayo@uswlaw.com |
| Nejla Nassirian, Esq. | nnassirian@uswlaw.com |
| Brett H. Wanner, Esq. | BWanner@uswlaw.com |
| **UNIVERSAL & SHANNON, LLP** | eservice@uswlaw.com |
| 2240 Douglas Boulevard, Suite 290 | firm@uswlaw.com |
| Roseville, California 95661 | |

[  ]   **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[✓]   **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery, *as agreed between the parties*, on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[  ]   **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **November 12, 2020**, at Los Angeles, California.

_____
Lauren Wageman

**PROOF OF SERVICE**

RECEIVED
LAW AND MOTION DROP BOX

2020 NOV 12  PM 12: 37

CGSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

# EXHIBIT 18

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK J. JUROSKY, | Case No.: 19cv706 JM (BGS) |
| Plaintiff, | |
| v. | **ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES** |
| BMW OF NORTH AMERICA, LLC, | |
| Defendant. | |

Plaintiff Frederick Jurosky moves the court, pursuant to California's Song-Beverly Consumer Warranty Act ("the Song-Beverly Act"), Cal. Civ. Code § 1794(d), to award him $198,716.38 in attorneys' fees, costs, and expenses. (Doc. No. 23-1.) Also before the court are the parties' cross motions to retax costs. (Doc. Nos. 65, 66.) The motions have been briefed and the court finds them suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the below reasons, the motions are **GRANTED IN PART** and **DENIED IN PART**.

## I.      BACKGROUND

On March 5, 2013, Plaintiff purchased a used 2010 BMW 750Li for $61,298.40. As a result of alleged engine, oil consumption, and electrical defects, Plaintiff took the vehicle

to the dealership multiple times for repairs. BMW was unable to repair the vehicle and did not offer to buy back the vehicle.

On July 17, 2018, Plaintiff filed his Complaint against BMW, as well as the dealership,[1] in California Superior Court for the County of Sacramento. Plaintiff alleged violations of the Song-Beverly Act, CAL. CIV. CODE § 1790-1795.8. BMW filed a motion for change of venue on September 6, 2018. On October 10, 2018, the motion for change of venue was granted and the case was transferred to San Diego County. BMW filed a Notice of Removal to this court on April 17, 2019. On April 20, 2020, Plaintiff accepted BMW's offer of judgment pursuant to Federal Rule of Civil Procedure 68. (Doc. No. 50.) Specifically, Plaintiff accepted judgment in his favor for $122,596.92, exclusive of recoverable attorneys' fees and costs, for BMW to repurchase the subject vehicle. On April 23, 2020, judgment was entered in favor of Plaintiff. (Doc. Nos. 51, 52.) On May 7, 2020, Plaintiff filed the instant motion. On June 5, 2020, the parties filed their cross motions to retax costs. (Doc. Nos. 65, 66.)

## II.    LEGAL STANDARD

Under the Song-Beverly Act, a prevailing buyer "shall be allowed by the court to recover . . . . costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." CAL. CIV. CODE § 1794(d). The court must determine "whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994). "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007).

---

[1] The dealership was subsequently dismissed.

The lodestar method is the prevailing method for calculating attorneys' fees. *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 818-19 (2006); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1135 (2001). In calculating the lodestar, the court must "'make an initial determination of the actual time expended; and then . . . . ascertain whether under all the circumstances of the case the amount of the actual time expended and the monetary charge being made for the time expended are reasonable.'" *Robertson*, 144 Cal. App. 4th at 817 (quoting *Nightingale*, 31 Cal. App. 4th at 104). In determining the reasonableness of the lodestar, courts can consider the complexity of the case, procedural demands, the skill exhibited, and the results achieved. *Id.*

The plaintiff bears the burden of demonstrating that the fees sought were allowable, reasonably necessary to the conduct of the litigation, and reasonable in amount. *Karapetian v. Kia Motors Am., Inc.*, 970 F. Supp. 2d 1032, 1036 (C.D. Cal. 2013). If the reasonableness of fees is challenged, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal. Ins. Guar. Assoc.*, 163 Cal. App. 4th at 550, 564 (2008). In such cases, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive. *Id.* at 562, 564; *see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("The party opposing the fee award can be expected to identify the particular charges it considers objectionable"). Decisions by other courts regarding the reasonableness of the rate sought may also provide evidence to support a finding of reasonableness. *See Widrig v. Apfel*, 140 F.3d 1207, 1210 (9th Cir. 1998).

## III.  DISCUSSION

As the prevailing party, Plaintiff is entitled to an award of attorneys' fees, costs, and expenses. Billing records provided by Plaintiff show the $198,716.38 he requests consists of the following: (1) $106,703 in attorneys' fees for Strategic Legal Practices ("SLP"); (2) $5,390 in attorneys' fees for The Law Offices of Michael Rosenstein ("Rosenstein"); (3) $24,797.50 in attorneys' fees for EcoTech Law Group ("EcoTech"); (4) $7,914.20 in costs and expenses for SLP; (5) a 1.35 multiplier enhancement (or $47,911.68) on the

attorneys' fees; and (6) an additional $6,000 for Plaintiff's counsel to reply to Defendant's opposition to the instant motion. (Doc. No. 56 at 2.)

## A. Hourly Rates

Plaintiff seeks fees for attorneys at three different law firms. Plaintiff requests $106,703 for work performed by 13 attorneys at SLP at rates between $350 and $550 per hour. (Doc No. 56 at 2.) The rates for each attorney at SLP are as follows:

| SLP ATTORNEY HOURLY RATES | | | | |
|---|---|---|---|---|
| Attorney Name | Position | 2019 Rate | 2020 Rate | Experience |
| Gregory Yu | Of counsel | $525 | $550 | graduated 2003 |
| Jacob Cutler | Associate | $460 | | admitted 2009 |
| Kyle Tracy | Associate | $445 | | admitted 2010 |
| Johnny Ogata | Associate | $425 | | admitted 2008 |
| Christine Haw | Associate | $410 | | admitted 2013 |
| Anh Nguyen | Not provided | $385 | | admitted 2012 |
| Natasha Bhushan | Associate | $385 | | admitted 2012 |
| Tionna Dolin | Not provided | $375 | | admitted 2014 |
| Carey Wood | Associate | $375 | $395 | admitted 2013 |
| Caitlin Scott | Associate | $365 | | admitted 2016 |
| Daniel Tai | Associate | $350 | | admitted 2015 |
| Gregory Sogoyan | Not provided | $350 | $385 | admitted 2017 |
| Yoel Hanohav | Associate | $350 | | admitted 2017 |

Plaintiff also requests $24,797.50 for 46 hours of work performed by Dana Tabish, of EcoTech, and $5,390 for 10.5 hours of work performed by two attorneys at Rosenstein. The rates for each attorney are as follows:

| OTHER ATTORNEY HOURLY RATES | | | | | | |
|---|---|---|---|---|---|---|
| Name | Firm | Position | Rate | Hours | Total | Experience |
| Tabesh | EcoTech | Not provided | $545 | 46* | $24,798 | admitted 2002 |
| Rosenstein | Rosenstein | Not provided | $600 | 7.7 | $4,620 | 25+ yrs. litigation |
| Martinez | Rosenstein | Associate | $275 | 2.8 | $770 | admitted 2015 |
| *Based on the court's calculation. | | | | | | |

In determining a reasonable hourly rate, the district court should consider: (1) the experience, reputation, and ability of the attorney; (2) the outcome of the proceedings; (3) customary fees; and (4) the novelty or difficulty of the question presented. *Hiken v.*

4

19cv706 JM (BGS)

*Dep't of Defense*, 836 F. 3d 1037, 1044 (9th Cir. 2016) (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1211 (9th Cir. 1986)). Additionally, district courts may "rely[ ] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Ingram v. Oroudjian*, 647 F. 3d 925, 928 (9th Cir. 2011). Plaintiff bears the burden of showing that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (citation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). As a general rule, the forum district represents the relevant legal community. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

Here, Plaintiff cites multiple cases in this forum where the court approved hourly rates within the $350 and $550 range for attorneys with comparable years of experience. *See*, *e.g.*, *Holcomb v. BMW of N. Am., LLC*, Case No.: 18cv475 JM (BGS), 2020 WL 759285, at *4 (S.D. Cal. Feb. 14, 2020) (listing cases). One court from the Central District recently approved the same or similar rates for almost all of the same attorneys Plaintiff used here. *See Zargarian v. BMW of N. Am.*, *LLC*, 442 F. Supp. 3d 1216, 1227 (C.D. Cal. 2020). Plaintiff also submits declarations regarding the extensive experience of his attorneys handling Song-Beverly Act cases.[2] (*See*, *e.g.*, Doc. No. 56-12 ¶ 4 (declaration of

---

[2] BMW objects to these declarations. (*See* Doc. Nos. 61-7 (objecting to declaration of Payham Shahian); 61-8 (Jacob Cutler); 61-9 (Michael Rosenstein); 61-10 (Dara Tabesh).) As the court found in *Zargarian*, "[BMW] objects to almost every paragraph of these declarations with nothing more than stating 'Relevance' or 'Hearsay' and listing the corresponding Federal Rule of Evidence." 442 F. Supp. 3d at 1227. Accordingly, BMW's evidentiary objections are OVERRULED "because they are without merit and 'are boilerplate and devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded.'" *Id*. (citations omitted).

SLP's founding partner stating, "I have extensive experience with claims brought under the [Song-Beverly Act] both as a plaintiff and defense attorney, and I have litigated hundreds of automotive defect cases involving California's consumer protection statutes, including Song-Beverly.").)  This is sufficient to show the reasonableness of the SLP attorneys' hourly rates.

BMW argues that rates should be reduced based on the Wolters Kluwer "2018 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices" ("the Real Rate Report").  (Doc. No. 61 at 12-13.)  Based on this report, BMW argues that the rates should be $263 for partners and $200 for associates because those are the median rates for "general liability" attorneys, which includes attorneys handling "consumer related claims," in Los Angeles at firms with 50 attorneys or less.  (*Id.* at 13.)  Certainly, some district courts, including one in this forum, have lowered plaintiffs' attorneys' hourly rates based on the Real Rate Report.  *See Di Gioia v. Ford Motor Co.*, Case No. EDCV 18-1724 JGB (KKx), 2020 WL 1955311, at *2 (C.D. Cal. Apr. 1, 2020) (adjusting rates to $325 for partners and $225 for associates); *Arias v. Ford Motor Co.*, Case No. EDCV 18-1928 PSG (SPx), 2020 WL 1940843, at *4 (C.D. Cal. Jan. 27, 2020) (same); *Aispuro v. Ford Motor Co.*, Case No.: 18-CV-2045 DMS (KSC), 2020 WL 4582677, at *4 (S.D. Cal. Aug. 10, 2020) (adjusting the rate to $350 for partners and $225 for associates); *Hernandez v. FCA US LLC*, Case No. CV 17-5452-GW(ASx), 2019 WL 2932637, at *3 (C.D. Cal. Jan. 4, 2019) (adjusting rates to $346.30 for partners and $257.92 for associates).

Other courts, however, have declined to adjust rates based on the Real Rate Report. *See Foulkrod v. Ford Motor Co.*, Case No.: 5:18-cv-02613 SJO (KKx), 2020 WL 2891989, at *3 (C.D. Cal. Mar. 31, 2020) (approving rates between $320 and $550 because this was in the range of the Real Rate Report for general litigation partners); *Nai Hung Li v. FCA US LLC*, Case No. 2:17-cv-06290-R-JEM, 2019 WL 6317769, at *2 (C.D. Cal. July 1, 2019) (approving rates between $250 and $550).  Furthermore, the cases in which the court decreased the hourly rate did not involve the attorneys who represented Plaintiff here.

19cv706 JM (BGS)

Accordingly, the court declines to adjust Plaintiff's attorneys' hourly rates based on the Real Rate Report.

BMW also urges the court to follow *Morris v. Hyundai Motor Am.*, 41 Cal. App. 5th 24, 32, 40, (2019), *as modified* (Oct. 11, 2019), *review denied* (Jan. 2, 2020), in which the court found that the trial court did not abuse its discretion by reducing $650 rates to $500, $500 rates to $400, and associates' rates from $450, $375, and $350 to $300. The appellate court reasoned that "[t]he [trial] court reasonably could have reduced the rates based on its finding that the matter was not complex; that it did not go to trial; that the named partners were doing work that could have been done by lower-billing attorneys; and that all the attorneys were doing work that could have been done by paralegals." *Id.* at 41. The specific rates in the *Morris* case are not determinative here, however, because the appellate court did not discuss why the trial court reduced the rates, and BMW makes no attempt at explaining why the *Morris* case is more influential than the multiple other cases approving rates similar to those sought here. Accordingly, the court approves the hourly rates charged by Plaintiff's attorneys at the SLP firm. The reasonableness of rates and hours charged by Plaintiff's attorneys at EcoTech and Rosenstein are discussed below.

### B.    Number of Attorneys and Hours Worked

Plaintiff argues this case actually and reasonably required a total of 297.6 hours of work by 16 different attorneys at three different law firms. BMW generally objects to the number of attorneys and firms that worked on this case. For the below reasons, the number of attorneys and hours worked is reasonable.

#### 1.    SLP Attorneys

Plaintiff claims that 13 attorneys from SLP spent 241.6 hours working on this case. (Doc. 56-28 at 11.) Although Plaintiff provides detailed and itemized records showing the time it took to complete each task throughout the litigation, Plaintiff does not provide a

///

///

///

19cv706 JM (BGS)

breakdown of the time each one of the 13 attorneys spent on the case.[3]  Plaintiff also offers no explanation as to why this case required the attention of 13 attorneys at SLP.  As recognized by other courts, reliance on multiple attorneys necessarily requires each attorney to get "up-to-speed" on the case.  *See Luna v. FCA US LLC*, Case No. 2:17-cv-08272-ODW (RAOx), 2020 WL 491462, at *4 (C.D. Cal. Jan. 30, 2020) (imposing a 10% across-the-board cut because "[a]s a result of having twelve attorneys from two firms billing on this matter, the billing records are riddled with duplicative inter-office communications and entries reviewing prior filings and case materials"); *Base v. FCA US LLC*, Case No. 17-cv-01532-JCS, 2020 WL 363006, at *3 (N.D. Cal. Jan. 22, 2020) (noting that significant billings for meetings between attorneys was "one of the potential inefficiencies of using a large number of attorneys to staff a case"); *Durham v. FCA US LLC*, Case No.: 2:17-cv-00596-JLT, 2020 WL 243115, at *5 (E.D. Cal. Jan. 16, 2020) (noting a "significant amount of time spent on the preparation of internal memorandums and summaries for co-counsel").  Based on the above, the expertise and experience of Plaintiff's counsel, upon which Plaintiff relies to justify his attorneys' high rates, is therefore uncertain given that it took 13 of them, along with three attorneys from two outside firms, to handle this single unextraordinary case.  Other Song-Beverly Act cases, albeit ones settling prior to any significant discovery, have required far fewer attorneys.  *See Chavez v. Jaguar Land Rover N. Am., LLC*, Case No.: 18-cv-2811 W (JLB), 2020 WL 376209, at *2 (S.D. Cal. Jan. 23, 2020) (awarding fees to five attorneys at Plaintiffs' counsel's firm for a total of 43.6 hours of work); *Anderson v. BMW of N. Am., LLC*, Case No.: 18-CV-57-WVG, 2018 WL 2011006, at *2 (S.D. Cal. Apr. 30,

///

///

---

[3] Without a breakdown of the hours spent on the case by each attorney, it makes it far more difficult for the court to double check Plaintiff's math and evaluate the reasonableness of the amount of work Plaintiff's attorneys reportedly performed.

018) (awarding fees to one attorney for 40 hours of work). At first blush, therefore, the amount of personnel and time SLP devoted to this case appears excessive.

As explained by Plaintiff, however, "[a]lthough there were 16 [total] time-billers in this case, only 2 billers, Mr. Yu, and Mr. Sogoyan accounted for about 148.9 hours of the total 241.6 hours expended by [SLP] in this case [which] represents about 62% of the time submitted by SLP by these two billers alone." (Doc. No. 56-1 at 18 n.11.) Other courts have not faulted the plaintiff for utilizing a large number of attorneys at multiple firms. *See Hamm v. FCA US LLC*, Case No.: 3:17-cv-0577-AJB-BGS, 2019 WL 3891139, at *3 (S.D. Cal. Aug. 19, 2019) (in case that settled the day of trial, awarding fees to 12 attorneys at two firms for 150 hours of work); *Petropoulos v. FCA US LLC*, Case No.: 17-CV-0398 W (KSC), 2019 WL 2289399, at *2-3 (S.D. Cal. May 29, 2019) (in a case that was litigated for over two years, awarding fees for 11 attorneys at two firms). Additionally, for better or worse, the use of a large number of attorneys in Song-Beverly Act cases appears relatively common. *See Ortega v. BMW of N. Am.*, *LLC*, Case No. 2:18-cv-06637-R-SK, 2019 WL 6792798, at *3 (C.D. Cal. Oct. 24, 2019) (noting that defendant used 15 attorneys and that is was "not uncommon" to use a large number of attorneys in lemon law cases). Moreover, the billing records do not show that a significant amount of time was unreasonably spent getting over a dozen attorneys up-to-speed on this case. *See id.* ("This Court declines to admonish the use of a larger number of attorneys, as it appears there was no duplicative billing[.]"). As pointed out by Plaintiff, this case involved a not insignificant amount of discovery, motions practice, and settlement discussions (Doc. No. 56-1 at 9-11), and there is no obvious indication that a fewer number of attorneys would have generated significantly fewer hours. Plaintiff also submits a declaration from SLP's founding partner, Payam Shahian, stating that each billing entry was contemporaneously recorded, then audited by Mr. Shahian, and in multiple cases reduced or eliminated, including the elimination of 5.5 hours of Mr. Shahian's time. (Doc. No. 56-12 ¶¶ 50-51.) Plaintiff also states, and BMW does not dispute, that SLP, EcoTech, and Rosenstein "routinely work on

BMW cases together" and "in the same distinct roles."[4]  (Doc. No. 56-1 at 20 n.12); *see*, *e.g.*, *Zargarian*, 442 F. Supp. 3d at 1220.  Overall, the court has no persuasive reason to doubt the honesty or judgment of Plaintiff's counsel regarding the number of attorneys reasonably required to litigate this case.  Accordingly, Plaintiff has met his burden of showing that the number of SLP attorneys who worked on this case, and the hours they worked on this case, were reasonable.  Plaintiff also seeks an additional $6,000 for replying to BMW's opposition to the instant motion and to attend a hearing on the instant motion. (Doc. No. 56-12 ¶ 52.)  Because no hearing was held, however, the $6,000 requested by Plaintiff is reduced by $2,275.  *See Hellenberg v. Ford Motor Co.*, Case No.: 18cv2202 JM (KSC), 2020 WL 1820126, at *7 (S.D. Cal. Apr. 10, 2020).

### 2. Dana Tabesh

Plaintiff claims that Dana Tabesh, of EcoTech Law Group, worked on this case for a total of 5.5 hours at a rate of $545 per hour for a total of $24,797.50.  (Doc. No. 56-33 ¶ 10.)  Additionally, in a declaration, Mr. Tabesh states, "[i]n total, I am seeking on behalf of my firm, EcoTech Law Group, P.C., compensation for the 5.5 hours I billed to this matter, at an hourly rate of $545, for a total lodestar of $24,797.50."  *Id.*  Given that 5.5 hours at $545 totals $2,997.50, not $24,797.50, this is an obvious error.  Contrary to his declaration, Mr. Tabesh's bill shows that he billed for 46 hours of work,[5] which accurately totals $24,797.50.  (Doc. No. 56-34.)  In support of his 46 hours of work on this case, Mr. Tabesh states that he "focused on resolving discovery issues and engaging in discovery motion practice related to document production and compelling the deposition of BMW's

---

[4] Plaintiff also points out that BMW staffed this case with two different law firms.  (Doc. No. 56-1 at 20 n.12.)

[5] Because Mr. Tabesh failed to state the total number of hours he worked on his bill, and because Mr. Tabesh demonstrated a carelessness with regard to his arithmetic, the court was required to parse out and add up each entry from Mr. Tabesh's bill in order to decipher the total number of hours he allegedly worked on this case and to determine whether the $24,797.50 he now seeks was an accurate figure based on his hourly rate.

10

19cv706 JM (BGS)

Senior Product Engineer, Mr. Michael Murray and of BMW's Rule 30(b)(6) witness." (Doc. No. 56-33 ¶ 8.) Mr. Tabesh also states that he "prepared various letters and submissions regarding Plaintiff's Rule 11 Sanctions Motion against BMW." (*Id.*)

Here, BMW argues generally that "[t]here is no reason why Plaintiff needed a third law firm to litigate this simple lemon law dispute." (Doc. No. 61 at 11.) Indeed, there is nothing in the record to suggest that attorneys at SLP, all of whom charge lower rates, were incapable of performing the work Mr. Tabesh performed in the same amount of time. Regardless, Plaintiff claims that her attorneys at SLP had a legitimate reason for associating with Mr. Tabesh based on his experience litigating against BMW. Specifically, Plaintiff states, and BMW does not dispute, that "Mr. Tabesh was associated into this case because of his experience litigating cases against BMW, particularly his experience filing successful motions to compel BMW to produce its internal documents and produce Mr. Murray's testimony." (Doc. No. 52 at 2 n.3.) Plaintiff further states that "Mr. Tabesh has, across several cases, been working (alongside SLP and [Rosenstein]) on federal court motions against BMW, so he is familiar with BMW's strategies for avoiding its discovery obligations, he is familiar with the documents in BMW's possession, custody, and control and he is familiar with how BMW stores its information such that it can be easily retrieved." (*Id.* at 20 n.12.) Based on the billing records, it does not appear as if the work performed by Mr. Tabesh was duplicative, or that he wasted time getting up-to-speed on the case. Additionally, any inefficiencies resulting from his initial unfamiliarity with the case and higher rate, were likely mitigated by his specific experience litigating against BMW. Based on the record, it was generally reasonable for the SLP attorneys to associate with Mr. Tabesh. A review of his bill also reveals that his time spent on the case was not unreasonable or duplicative.

BMW argues that the 22.6 hours of work Mr. Tabesh purportedly devoted to filing a Rule 11 motion should be struck because the motion was frivolous and ultimately

///

///

11

Case 3:19-cv-00706-JM-BGS Document 70 Filed 08/05/22 PageID.3720 Page 172 of 21
Case 3:19-cv-00706-JM-BGS Document 70 Filed 08/05/22 PageID.3720 Page 172 of 21
ID #:3535

withdrawn.[6] (Doc. No. 61 at 11-12.) Plaintiff argues the fees related to the Rule 11 motion should be included because "[a]t the time of filing, Plaintiff possessed a good faith, colorable argument that BMW's failure to disclose controlling Ninth Circuit authority in its motion [to compel arbitration] constituted sanctionable conduct" and because "parts of the Rule 11 motion drafted by Mr. Tabesh were ultimately incorporated into the Court's order denying the motion to compel arbitration." (Doc. No. 63 at 4-5.)

In its order denying BMW's motion to compel arbitration, the court noted that Plaintiff had moved for sanctions against BMW under Rule 11 based on BMW's failure to cite Ninth Circuit precedent in its motion, and BMW's subsequent claim that the case was distinguishable based on the language in the arbitration clause. *See Jurosky v. BMW of N. Am., LLC*, 441 F. Supp. 3d 963, 974 (S.D. Cal. 2020) (noting that in Plaintiff's November 5, 2019 "supplemental" request for judicial notice, Plaintiff also made representations concerning the case that were, "at best, incorrect"). Specifically, the court found that Plaintiff's counsel had apparently failed to accurately describe the arbitration clauses at issue in the case, which was the same accusation that Plaintiff made, at least in part, against BMW in his Rule 11 motion. *Id.* at n.4. Because the court previously found the omission by BMW that served as the basis of Plaintiff's Rule 11 motion was at least "questionable," (*id.* at 974), the court will not find, for the purpose of deciding the instant motion, that Plaintiff's motion was frivolous or unworthy of any compensation. That Plaintiff failed to recognize that he was apparently committing the same error that he accused BMW of committing suggests that perhaps even more time, and certainly more attention, should have been devoted by Plaintiff's counsel in drafting the Rule 11 motion. In any event, had BMW simply cited clearly relevant Ninth Circuit precedent in its motion

---

[6] BMW does not dispute any specific part of Mr. Tabesh's bill except for an entry for 1.5 hours spent on "[r]eview and submit proposed edits of draft expert report to Mr. D. Calef; finalize for service to BMW." (Doc. No. 61-3 at 8.) BMW claims this is duplicative because SLP already billed for this task. (*Id.*) BMW also argues that Mr. Tabesh's hourly rate should be $400, but provides no basis for this lower rate.

to compel arbitration this whole issue, and the resulting fees, could have been avoided. Accordingly, the 22.6 hours Mr. Tabesh billed in drafting a Rule 11 motion is reasonable.

### 3.     Rosenstein

Plaintiff claims Mr. Rosenstein worked on this case for 7.7 hours at $600 per hour for a total of $4,620, and Mr. Martinez, an associate, worked on this case for 2.8 hours at $275 for a total of $770.  (Doc. No. 56-29 ¶¶ 3-4.)  Plaintiff states that his attorneys associated with Mr. Rosenstein so that he could be lead trial counsel in this case.  (Doc. No. 56 at 2 n.2.)  Like Mr. Tabesh, Plaintiff claims that Mr. Rosenstein has litigated "many cases" against BMW including trials.  (Doc. No. 56-1 at 20 n.12.)

In support of his $600 per hour rate, Mr. Rosenstein states in a declaration that he has over 25 years of litigation experience, and he has "litigated hundreds of Lemon Law matters and taken dozens of those matters to jury verdict."  (Doc. No. 56-29 ¶ 3.)  He also submits an excerpt from a 2017 "United States Consumer Law Attorney Fee Survey Report" showing that in 2015 and 2016, the 75% median attorney rate for all consumer law attorneys in California was $600.  (Doc. No. 56-31 at 48.)  Plaintiff also cites two cases in which Mr. Rosenstein's $600 rate was approved.  (Doc. No. 56-1 at 16.)  BMW argues that Mr. Rosenstein is not entitled to any fees because the case was settled five months before trial and the parties did not file any pretrial documents.  (Doc. No. 61 at 11.)  In response, Plaintiff argues that "Mr. Rosenstein's reputation, skill, and work improved Plaintiff's settlement posture before trial and gave rise to the settlement that is now before the [c]ourt."  (Doc. No. 63 at 9 n.15.)

Here, it is ironic, of course, that a healthy size firm like SLP that apparently specializes in Song-Beverly Act would need so much outside help trying its own cases. However, the decision to associate with experienced outside attorneys, rather than bill for those services themselves, only adds to the apparent legitimacy of SLP's decision to do so. The court agrees that Mr. Rosenstein's rate, and that of his associate, is reasonable. Additionally, the 10.5 hours in total that both attorneys spent on the case appears reasonable given that the time related to getting up-to-speed on the case, which, though

somewhat duplicative, was still necessary.  Plaintiff filed his Complaint on July 17, 2018, but Mr. Rosenstein did not enter his appearance until December 2, 2019.  (Doc. No. 33.)  Approximately five months later, on April 20, 2020, the case settled.  (Doc. No. 50.)  Associating with trial counsel well into litigation, but well before the trial date, as Plaintiff's attorneys did here, is reasonable.  The court also has no reason to disbelieve Plaintiff that Mr. Rosenstein's expertise and his relatively minor involvement in the case helped influence settlement.  Accordingly, the 10.5 hours billed by Mr. Rosenstein and Mr. Martinez is reasonable.[7]

### C.    Multiplier

In determining whether to apply a multiplier, courts should consider: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award."  *Ketchum*, 24 Cal. 4th at 1131 (internal citation omitted).  The purpose of applying a multiplier is to "fix a fee at the fair market value for the particular action."  *Id.*  "In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services."  *Id.*; *see also Pollard*, 2020 WL 57270, at *2-3.

Plaintiff requests a multiplier of 1.35 (or $47,911.68).  (Doc. No. 56-1 at 21.)  Here, Plaintiff argues, and the court agrees, that Plaintiff's counsel achieved an excellent outcome by settling the case for $122,596.92 in compensatory damages alone, which is

---

[7] BMW also makes a cursory argument that Plaintiff engaged in improper block-billing.  (Doc. No. 61 at 10.)  The only specific examples that BMW provides, however, are that 1.) "on May 5, 2020, SLP billed 10.70 hours to 'draft fee motion,'" (*id*.), and 2.) on August 14, 2019, Mr. Sogoyan spent 9.4 hours attending an ENE in San Diego, (Doc. No. 61-1 at 10).  BMW provides no specific argument as to why either entry is unreasonable.  Thus, the court declines to find that these are improper block billed entries, or that they constitute an unreasonable amount of time.  Plaintiff's motion for attorneys' fees is 375 pages, and BMW does not dispute that the ENE took 9.4 hours.

19cv706 JM (BGS)

twice the vehicle's purchase price. (*Id.* at 21-22.) Plaintiff further argues that his counsel's skill was displayed not only by the settlement, but the favorable result achieved in defending against BMW's motion to compel arbitration. (*Id.* at 22.) This is somewhat persuasive given the settlement amount, but is only minimally so because Plaintiff identifies no specific skill that was applied to reach that result. Plaintiff's attorneys' expertise in handling this particular type of case is already accounted for in the approval of their relatively high hourly rates. Also, Plaintiff's counsel's skill in handling BMW's motion does not support the application of a multiplier. *See Jurosky*, 441 F. Supp. 3d at 974 (noting that Plaintiff's counsel made representations about a controlling case that were "at best, incorrect").

Plaintiff also argues that a multiplier is appropriate based on the fact that his counsel took the case on a contingency basis and has suffered a delay in payment. (Doc. No. 56-1 at 23-24.) Plaintiff cites no applicable caselaw supporting the application of a multiplier based on the delay in payment incurred as a result of his own attorneys' choice to take a case on a contingency basis. *See Arias*, 2020 WL 1940843, at *5 ("Given that [p]laintiff's counsel regularly undertakes this type of work, the [c]ourt does not find that counsel reasonably faced an uncertainty of prevailing on the merits."). Plaintiff also points to nothing in the record suggesting that his attorneys acted reasonably in attempting to settle the case sooner, or that BMW's attorneys did not.

Finally, Plaintiff argues that this case was not "simple" because it involved "numerous obstacles to resolution, including filing motions to transfer venue, to compel arbitration in state court, to compel arbitration in federal court, and for judgment on the pleadings, and a notice of removal." (Doc. No. 63 at 11.) While perhaps not simple, Plaintiff does not dispute that these types of cases, and BMW's defense tactics, are not novel or difficult. As pointed out by BMW, this is one of at least 24 other cases SLP attorneys have filed against BMW involving the same alleged engine defect. (Doc. No. 61 at 14.) Recent cases decided by this court have all declined to apply a multiplier based on a lack of novelty. *See Arias*, 2020 WL 1940843, at *5 ("The Court does not find any issues

19cv706 JM (BGS)

that were particularly novel or complex nor any special skill employed. The parties exchanged discovery, Plaintiff's counsel took depositions, and the parties settled the case before proceeding to trial. Furthermore, Plaintiff did not forgo any other employment for this case and in fact seems to engage in dozens of lemon law matters at once."); *Chavez*, 2020 WL 376209, at \*3 (rejecting a 0.3 multiplier based on the posture and lack of complexity of the case); *Hamm*, 2019 WL 3891139, at \*4 (rejecting a 0.5 multiplier because the case did not involve complexity or novel or difficult questions of law or fact); *Petropoulos*, 2019 WL 2289399, at \*4 ("Plaintiffs were not litigating important constitutional rights here. Nor were they representing the public interest. . . . They were seeking compensation and statutory penalties for a defective Durango."). Accordingly, no multiplier to the lodestar amount is warranted in this case.

### D. Costs

Plaintiff filed a request with the Clerk of the Court for costs in the amount of $7,914.20, consisting of $3,790.26 for costs incurred prior to removal, and $4,123.94 for costs incurred after removal. (Doc. Nos. 53, 54.) After holding a hearing, the Clerk awarded costs in the amount of $3,938.36. (Doc. No. 62 at 6.) Both parties filed motions challenging the Clerk's decision. (Doc. Nos. 65, 66.)

#### 1. State Court Costs

##### a. Court Fees

The Clerk granted Plaintiff's request for $1,070 in state court fees. (Doc. No. 62 at 2-3.) The fees included a $435 fee to file the Complaint in Sacramento County Superior Court, a $50 transfer fee when the case was transferred to San Diego, and a $435 filing fee and a $150 jury fee to the San Diego County Superior Court. (*Id.* at 3.) The Clerk reasoned that Local Rule 54.1.b.10 requires the recovery of costs incurred in state court prior to removal "to the extent they are covered in this rule or otherwise permitted by state law." (*Id.*) The Clerk further reasoned that section 1794(d) of the Song-Beverly Act allows for the recovery of costs and expenses that are "reasonably incurred by the buyer in connection with the commencement and prosecution of such action." CAL. CIV. CODE §1794(d).

19cv706 JM (BGS)

BMW objects to the $435 filing fee in Sacramento County and the $50 transfer fee because "Plaintiff improperly filed his initial complaint in Sacramento Superior Court" and "BMW NA should not now be required to reimburse Plaintiff for the costs he incurred as a result of his own filing error." (Doc. No. 66 at 4.) Other than failing to prevail on the motion, however, there is no indication that filing the Complaint in Sacramento was unreasonable, or that Plaintiff's attorneys did not actually or reasonably incur costs related to defending the motion. Accordingly, an award of $1,070 in state court fees is reasonable.

### b.      Service of Process

The Clerk granted Plaintiff's request for $161.50 for service of the summons and complaint on BMW and the dealership. (Doc. No. 62 at 3.) The Clerk reasoned that Local Rule 54.1.b.1 allows for the taxation of fees for service of process including costs "for service of summonses." (*Id.*) The Clerk also reasoned that Local Rule 54.1.b.10 requires the recovery of costs incurred in state court prior to removal "to the extent they are covered in this rule or otherwise permitted by state law." (*Id.*) BMW does not object to this cost. The court finds $161.50 in service of process costs to be reasonable.

### c.      Other Costs Prior to Removal

The Clerk granted Plaintiff's requests for other costs that were incurred prior to removal in the amount of $2,472.76. (*Id.* at 3-4.) This includes costs for filing documents in state court, service of documents upon opposing counsel, court calls to attend state court telephonic hearings, court reporting and a reporter's transcript, and the purchase of a copy of an order from the San Diego County Superior Court. (*Id.* at 4.) The Clerk reasoned that even if most, if not all, of these costs would not be grantable by the Clerk if they had been incurred during proceedings in this court, under Local Rule 54.1.b.10, they are recoverable to the extent they are permitted by section 1794(d) of the Song-Beverly Act. (*Id.*) The Clerk declined, however, to award $86 for a court call charge because the Plaintiff did not submit an invoice and Plaintiff's counsel admitted at the hearing that it could not be located. (*Id.*) Plaintiff does not object to the $86 deduction. BMW does object, however, to the award of $357.27 for a court reporter, filing, and court call fees associated with serving

Plaintiff's unsuccessful opposition to the motion to transfer. (Doc. No. 66 at 3-4.) For the same reasons discussed above, the court will not find, for the purpose of deciding the instant motion, that Plaintiff's counsel's work towards filing the Complaint in Sacramento, and opposing BMW's motion to transfer, was unworthy of compensation. The court finds the $2,472.76 in other pre-removal costs to be reasonable.

### 2. Costs After Removal

#### a. Courtesy Copies

The Clerk granted Plaintiff's request for costs related to producing courtesy copies for the court in the amount of $234.10. (Doc. No. 62 at 4-5.) This included copying costs related to providing the court with copies of Plaintiff's opposition ($37.00), supplemental request for judicial notice ($46.90), Rule 11 notice ($55.15), and statement on a discovery dispute ($95.05). (*Id.* at 5.) The Clerk reasoned that under Civil Local Rule 54.1.b.6.a.1, copies obtained for use in the case are taxable if the copies were provided to the court by court order or rule. Section 2(e) of the Southern District of California's Electronic Case Filing Administrative Policies and Procedures Manual provides that "parties must deliver to the Clerk's Office or mail directly to the judge's chambers, within 24 hours after filing, any criminal or civil case filing which exceeds 20 pages in length including attachments and exhibits." The Clerk declined to grant $28.75 in copying costs related to a three-page Notice of Appearance. (*Id.*) BMW objects to $183.40 in costs associated with Plaintiff's withdrawn Rule 11 motion because, as stated by the court, "Plaintiff also made representations concerning [a controlling case] that were, at best, incorrect." (Doc. No. 62.) For the same reasons discussed above, the court will not find, for the purpose of deciding the instant motion, that Plaintiff's Rule 11 motion was frivolous or unworthy of compensation. The court finds that $234.10 in courtesy copy costs is reasonable.

#### b. Other Costs

The Clerk denied Plaintiff's request for $3,861.09 in other costs incurred after the removal of the action to this court. This includes $231.26 for travel to San Diego to attend this court's proceedings, $463.37 for service of documents upon opposing counsel, and

19cv706 JM (BGS)

$3,166.46 in expert witness fees. (Doc. No. 62 at 5-6.) The Clerk also noted that although it was possible that these expenses are recoverable under the Song-Beverly Act, under Local Rule 54.1.b.10, they are not reimbursable because they were incurred after removal. (*Id.*)

As noted above, the Song-Beverly Act allows for the recovery of "a sum equal to the aggregate amount of costs and expenses." CAL. CIV. CODE § 1794(d). Under Federal Rule of Civil Procedure 54(d), however, costs available to the prevailing party are limited to those listed in 28 U.S.C. § 1920. *See also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) ("[Section] 1920 defines the term 'costs' as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."). District courts have reached different conclusions as to whether the costs and expenses provision in the Song-Beverly Act is procedural or substantive. *See Johnson*, 2019 WL 3891148, at *4 ("In general, an award of costs in federal district court is governed by Federal Rule of Civil Procedure 54(d) and not applicable state law, even in diversity cases."); *but see Base*, 2020 WL 363006, at *7 (finding that "state law governs Plaintiff's request for costs," but listing several cases in the Eastern District of California finding otherwise); *Petropoulos*, 2019 WL 2289399, at *4 ("As this is a diversity action over which the Court has jurisdiction pursuant to 28 U.S.C. § 1332, California substantive law governs the award of costs."); *Forouzan v. BMW of N. Am., LLC*, 390 F. Supp. 3d 1184, 1187 (C.D. Cal. 2019) (finding the cost provision to be substantive based on the state legislature's intent); *O'Brien v. FCA US LLC*, No. 17cv4042 JCS, 2019 WL 5295066, at *7 (N.D. Cal. Oct. 18, 2019) (same).

### i. Travel Costs

The Clerk denied Plaintiff's request for $231.26 in travel costs because no invoices or receipts were submitted, and even if they were, Local Rule 54.1 provides no authority for the Clerk to grant these costs. (Doc. No. 62 at 5-6.) The court agrees with Plaintiff that costs and expenses related to travel are not necessarily limited by Rule 54(d) or by Local Rule 54.1. The costs and expenses provision in the Song-Beverly Act is substantive for

19cv706 JM (BGS)

the same reasons as the courts found persuasive in *Base*, *Petropoulos*, *Forouzan*, and *O'Brien*. Moreover, federal courts consistently award travel expenses to prevailing plaintiffs in Song-Beverly Act cases. *See*, *e.g.*, *Aviles v. Subaru of Am., Inc.*, No. 1:18-cv-01544-DAD-SKO, 2020 WL 868842, at *4 (E.D. Cal. Feb. 21, 2020); *Holcomb*, 2020 WL 759285, at *8; *Rueda v. FCA US LLC*, No. 1:17-cv-00968-DAD-JLT, 2020 WL 469333, at *8 (E.D. Cal. Jan. 29, 2020). According to SLP's bill, Mr. Sogoyan incurred $231.26 in travel costs to attend an ENE ($181.35 in mileage, $30 for parking, and $19.91 for meals). (Doc. No. 56-18 at 13.) Plaintiff does not dispute the Clerk's finding that no invoices or receipts were submitted for his travel expenses. Plaintiff submitted a declaration, however, stating that "Mr. Sogoyan spent $231.26 in mileage, parking and meals to attend the Early Neutral Evaluation in this case." (Doc. No. 65-4 ¶ 19.) This is sufficient to find that $231.26 in travel costs were reasonably incurred.

### ii. Service of Documents

The Clerk denied Plaintiff's request for $463.37 in costs related to serving documents on BMW because Local Rule 54.1 provides no authority for the Clerk to do so. (Doc. No. 62 at 5-6.) Plaintiff argues that this cost should be recouped because the court is not limited by Rule 54(d) and Local Rule 54.1. (Doc. No. 65-1 at 4.) BMW does not specifically object. As discussed above, the court agrees that it is not limited by Rule 54(d) and Local Rule 54.1. The court also finds that $463.37 in costs related to serving documents is reasonable.

### iii. Expert Witnesses

The Clerk denied Plaintiff's request for $3,166.46 in expert witness fees because there is no indication that fees are from a "court-appointed" expert, and there is also no authority for the Clerk to grant costs for the expert witness fees under Local Rule 54.1.b.5. (Doc. No. 62 at 5-6.) Plaintiff argues that this expert witness fee was reasonably incurred because "BMW denied all liability in this matter, and this report was necessary for Plaintiff to prove up his case (including establishing that there was a defect that substantially impaired use, value or safety that BMW was unable to repair within a reasonable number

of repair opportunities)." (Doc. No. 65-1 at 15.) In its motion objecting to the Clerk's order taxing costs, BMW stated that it anticipated that Plaintiff would seek to recover the $3,166.46 in costs he incurred in connection with the expert report of Dan Calef, and BMW reserved its right "to file a cross-motion to retax to address this particular issue," (*id.*) but BMW never did so. (Doc. No. 66 at 4.) As pointed out by plaintiffs, multiple federal courts have allowed a prevailing plaintiff to recoup expert witness fees. *See*, *e.g.*, *Gordillo v. Ford Motor Co.*, No. 1:11-cv-01786 MJS, 2014 WL 2801243, at *8 (E.D. Cal. June 19, 2014). The court finds that $3,166.46 in expert witness fees were reasonably incurred.

## IV. CONCLUSION

Based on the forgoing, the court awards: 1.) $106,703 in attorneys' fees for the attorneys at SLP; 2.) $5,390 for the attorneys at Rosenstein; 3.) $24,797.50 for attorney Tabesh; 4.) $1,070 in pre-removal state court fees; 5.) $161.50 in pre-removal service of process costs; 6.) $2,472.76 in other pre-removal costs; 7.) $234.10 in courtesy copy costs; 8.) $231.26 in travel costs; 9.) $463.37 in costs related to serving documents post-removal; 10.) $3,166.46 in expert witness fees; and 11.) $3,725 for Plaintiff's counsel to reply to Defendant's opposition to the instant motion. The court declines to award a 1.35 multiplier in the amount of $47,911.68, or any other multiplier or additional amount. The court therefore **GRANTS IN PART** Plaintiff's motion for attorneys' fees, and Plaintiff's motion to retax costs, in the amount of *$148,414.95*. To the extent the parties ask the court to take judicial notice of various documents, mostly consisting of state court orders, those requests are **DENIED AS MOOT**.

IT IS SO ORDERED.

DATED: August 25, 2020

For JEFFREY T. MILLER
United States District Judge

21

19cv706 JM (BGS)

# EXHIBIT 19

Payam Shahian (SBN 228406)
pshahian@slpattorney.com
Gregory Sogoyan (SBN 316832)
gsogoyan@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone:     (310) 929-4900
Facsimile:     (310) 943-3838

Michael H. Rosenstein (SBN 169091)
**LAW OFFICES OF MICHAEL H. ROSENSTEIN, LC**
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90067
Telephone:     (310) 286-0275
Fascsimile:     (310) 286-0274

Attorneys for Plaintiffs,
ISRAEL GONZALES and
DARMONT CONSTRUCTION CORP

**FILED**
Superior Court of California
County of Los Angeles
12/08/2020
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ K. Metoyer _____ Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| ISRAEL GONZALES and DARMONT CONSTRUCTION CORP, <br><br> Plaintiff, <br><br> vs. <br><br> MERCEDES-BENZ UCA, LLC, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: SC128379 <br><br> Hon.  Mark A. Young <br> Dept. M <br><br> **AMENDED [~~PROPOSED~~] ORDER REGARDING MBUSA'S MOTION TO TAX COSTS AND PLAINTIFFS' MOTION FOR ATTORNEY FEES** <br><br> Hearing Date:     December 8, 2020 <br> Time:     8:30 am <br> Dept.     M |

AMENDED [~~PROPOSED~~] ORDER REGARDING MBUSA'S MOTION TO TAX COSTS AND PLAINTIFFS' MOTION FOR ATTORNEY FEES

Electronically Received 12/07/2020 05:43 PM

**ORDER**

Defendant's Motion to Tax Costs came on for a hearing on October 22, 2020, the Honorable Mark A. Young presiding.  Pursuant to the Court's October 22, 2020 ruling on Defendant's Motion to Tax Costs, Plaintiffs' counsel is awarded costs in the amount of $28,437.97, payable to Strategic Legal Practices, APC.

Plaintiffs' Motion for Attorney Fees ("Motion") came for a hearing on December 8, 2020, the Honorable Mark A. Young presiding. After hearing all the arguments of counsel, and considering the papers submitted in support of and in opposition to the Motion, and good cause appearing, the Court adopts its tentative ruling.  **IT IS ORDERED THAT** Plaintiffs' Motion be granted in the amount of $169,963.50.  No multiplier was granted.

Accordingly, Attorney's Fees, Costs, and Expenses in the total amount of $198,401.47, are hereby awarded to Plaintiffs' counsel.

Defendant is ordered to remit payment, in the full amount of $198,401.47 to Plaintiffs' counsel in the form of a single check made payable to Strategic Legal Practices, APC.

Dated:    12/08/2020

_____

Hon. Mark A. Young
Judge of the Superior Court

AMENDED [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER REGARDING MBUSA'S MOTION TO TAX COSTS AND PLAINTIFFS' MOTION FOR ATTORNEY FEES

# EXHIBIT 20

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                                    April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                                         8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.        CSR: L. Lee #13568
Judicial Assistant: L. Garcia                 ERM: None
Courtroom Assistant: E. Avena                 Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Gregory Sogoyan for Tionna Dolin (Telephonic)

For Defendant(s): Daniel T. Dowling (Telephonic)

**NATURE OF PROCEEDINGS:** Order to Show Cause Re: Dismissal (Settlement); Hearing on Motion for Attorney Fees

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, Rule 2.956, Linda Lee, CSR #13568, certified shorthand reported is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. Order signed and filed this date.

The court's tentative ruling is posted online for parties to review.

The matter is called for hearing and argued. After argument, the Courts amends its tentative ruling and adopts it as the final order of the Court as follows:

Plaintiff's motion is granted in part. Plaintiff is awarded attorney fees and costs in the amount of $75,620.17. Plaintiff is to give notice.

Background

This is a lemon law action arising out of Plaintiff, Jose Adrian Franco Medina ("Plaintiff")'s purchase of a 2013 Kia Optima (the "Vehicle"), manufactured and/or distributed by Defendant, Kia Motors America, Inc. ("Kia America"). Plaintiff alleges that he received an express written warranty in connection with purchase of the Vehicle, which provided that Defendant undertook to preserve or maintain the Vehicle during the warranty period or to repair the Vehicle to warranty if a defect developed during the warranty period. According to Plaintiff, the Vehicle developed defects to a variety of areas during the warranty period, including its engine, oil

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                          April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                              8:30 AM
**AMERICA, INC., et al.**


Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

---

system, spark plugs and steering. Further, and according to Plaintiff, Defendant was provided sufficient opportunity to repair the Vehicle but were unable or failed to service the Vehicle, impairing its safety, use and/or value.

Plaintiff's Complaint alleges the following causes of action: (1) violation of Civil Code § 1793.2, subd. (d), (2) violation of Civil Code § 1793.2, subd. (b), (3) violation of Civil Code § 1793.2, subd. (a)(3), (4) breach of express written warranty (Civil Code § 1791.2, subd. (a), § 1794), (5) breach of the implied warranty of merchantability (Civil Code § 1791.1, § 1794, § 1795.5), (6) fraud by omission and (7) fraudulent inducement – intentional misrepresentation. The Complaint names the following as defendants: Kia America, Kia Motors Corporation ("Kia") and Hyundai Motor Company ("Hyundai").

On July 22, 2020, Kia's motion to quash service of summons was granted.

On January 8, 2021, the parties informed the court at a Post-Mediation Status Conference that the matter had settled.

Plaintiff now moves for an award of attorney's fees and costs. Kia America opposes the motion.

Evidentiary Objections

Kia America's Objections to Hooper Declaration

Overruled: 4-5

Sustained in Part: 7, 9-11

Sustained: 1-3, 6, 8


Objection 7: sustained in part as to everything after "which Plaintiff's motion to compel documents."

Objection 9: sustained in part as to the second sentence.

Objection 10: sustained in part as to the second sentence.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                                April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                                      8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

Kia America's Objections to Shahian Declaration

Overruled: 1-4, 27, 29, 31, 33, 35, 49-51

Sustained: 5-24, 47, 52

Sustained in Part: 25-26, 28, 30, 32, 34, 36-46, 48

Objection 25: sustained except the last sentence.

Objection 26: sustained after the first sentence.

Objection 28: sustained after the first sentence.

Objection 30: sustained after the first sentence.

Objection 32: sustained after the first sentence.

Objection 34: sustained after the first sentence.

Objection 36: sustained after the first sentence. Lacks foundation and personal knowledge

Objection 37: sustained as to everything except "before joining SLP and focusing her practice on consumer protection matters in individual and class action matters."

Objection 38: sustained after the first sentence.

Objection 39: sustained except the last sentence.

Objection 40: sustained after the first sentence.

Objection 41: sustained except the last sentence.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                        April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                                  8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

---

Objection 42: sustained after the first sentence.

Objection 43: sustained except the last sentence.

Objection 44: sustained after the first sentence

Objection 45: sustained except the last sentence.

Objection 46: sustained after the first sentence..

Objection 48: sustained after the first sentence.

Plaintiff's Objections to Dowling Declaration

Overruled: 1, 3, 5, 12

Sustained: 1-2, 4, 6-10, 13-18

Sustained in part: 11


Objection 11: sustained to all after 12 attorneys.

Request for Judicial Notice

Plaintiffs request judicial notice of the following in support of their motion:

A February 27, 2014 Minute Order in the matter Khani v. Ford Motor Company (L.A. Super. Ct.
Case No. BC466626) (Exhibit 1);

A May 9, 2017 Stipulation and signed Order in the matter Vanwaus v. FCA US, LLC (Los
Angeles Super. Ct., Case No. BC591282) (Exhibit 2);

A September 27, 2017 Minute Order concerning the Court's Fee Order in the matter of Fuller v.
FCA US, LLC (Los Angeles Super. Ct., Case No. BC556964) (Exhibit 3);

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                                       April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                              8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

A February 27, 2018 Notice of Ruling and Tentative Ruling in the matter of Kazaryan v. Mercedes-Benz USA, LLC (Los Angeles Super. Ct., Case No. BC574416) (Exhibit 4);

A Notice of Ruling in the matter of Geredes v. Chrysler Group LLC (Los Angeles Super. Ct., Case No. BC52364) (Exhibit 5);

A Notice of Ruling in the matter of Ahmed Al-Jiboury v. FCA (Los Angeles Superior Court Case No BC648057) (Exhibit 6);

A Second Amended Judgment on Jury Verdict after Entry of Additur in the matter of Kadkhoda v. MBUSA (Los Angeles Superior Court Case No BC563069) (Exhibit 7);

A Notice of Ruling on Plaintiff's motion for attorney's fees, costs and expenses in the matter of Raul Galindo v. General Motors (LASC Case No BC693061) (Exhibit 8);

An Order on attorney's fees and prejudgment interest in the lemon law matter of Abraham Forouzan v. BMW (United States District Court for the Central District of California Case No. 2:17-cv03875-DMG-GJS) (Exhibit 9);

An Order on attorney's fees, costs and expenses in the lemon law matter of Joshua Holeman v. FCA (United States District Court for the Central District of California Case No. 2:17-cv-08273-SVWSK) (Exhibit 10);

An Order on attorneys' fees, costs and expenses in the lemon law matter of Catherine Shepard v. BMW (Los Angeles Superior Court Case No. BC622506) (Exhibit 11);

Order on attorneys' fees and prejudgment interest in the lemon law matter of Jerry Zomorodian v. BMW (United States District Court for the Central District of California Case No. 2:17-cv5061-DMG(PLAx) (Exhibit 12);

Order on attorneys' fees and prejudgment interest in the lemon law matter of Zargarian v. BMW (United States District Court for the Central District of California Case No. 2:18-cv-04857-RSWLPLA) (Exhibit 13);

September 16, 2016 order granting plaintiff's Motion for Attorney's Fees, Costs and Expenses in the lemon law matter of Soderstrom v. Mercedes-Benz USA, LLC (San Francisco Super. Ct.,

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                                April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                                    8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

---

Civil Case No.CGC15544475) (Exhibit 14);

The Declaration of Bryan Kemnitzer filed in support of plaintiff's Motion for Attorney's Fees, Costs, and Expenses in the Song Beverly natter of Soderstrom v Mercedes-Benz, USA, LLC (San Francisco Super. Ct., Civil Case No. CGC15544475) (Exhibit 15);

February 14, 2019, order in Khomsone v BMW of North America, LLC (Alameda Super. Ct., Civil Case No. RG17856686) (Exhibit 16);

July 28, 2020, order granting plaintiff's Motion for Attorney's Fees, Costs, and Expenses in the matter of Flores v. FCA US, LLC (Sacramento Super. Ct., Case No. 34-2016-00192221-CU-BCGDS) (Exhibit 17);

August 25, 2020, order in the matter of Jurosky v BMW of North America, LLC, (United States District Court for the Northern District of California Case No. 19cv706 JM (BGS)) (Exhibit 18);

2020 WL 759285 (S.D. Cal. Feb. 14, 2020) (Exhibit to Hooper Decl.)

Plaintiff's request is denied. The existence and legal significance of these documents are proper matters for judicial notice (Evidence Code § 452, subds. (d), (h).) but they are of no relevance to this motion.

Discussion

Plaintiff requests an award of attorney's fees in the total amount of $143,110.57, broken down as follows: (1) $89,857.50 lodestar amount, (2) $4,824.32 in costs and expenses, (3) $44,928.75 in a lodestar enhancement, and (4) $3,500 for Plaintiff's counsel's remaining time on the instant motion.

Plaintiff's Entitlement to Attorney's Fees

Plaintiffs request attorney's fees as the prevailing party under the Song-Beverly Act, which allows a prevailing buyer to recover "attorney's fees based on actual time expended, determined

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                                April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                                      8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.            CSR: L. Lee #13568
Judicial Assistant: L. Garcia                     ERM: None
Courtroom Assistant: E. Avena                      Deputy Sheriff: None

by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code, § 1794, subd. (d).)

Reasonable Amount of Attorney's Fees Award

"A trial court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case." (Christian Research Inst. v. Alnor (2008) 165 Cal.App.4th 1315, 1321 (Christian).) The Court "need not simply award the sum requested. To the contrary, ascertaining the fee amount is left to the trial court's sound discretion." (Ibid.) "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. The court may also consider whether the amount requested is based upon unnecessary or duplicative work." (Wilkerson v. Sullivan (2002) 99 Cal.App.4th 443, 448.) "The basis for the trial court's calculation must be the actual hours counsel has devoted to the case, less those that result from inefficient or duplicative use of time." (Horsford v. Board of Trustees of California State University (2005) 132 Cal.App.4th 359, 395 (Horsford).) "The law is clear, however, that an award of attorney fees may be based on counsel's declarations, without production of detailed time records. (Raining Data Corp. v. Barrenechea (2009) 175 Cal.App.4th 1363, 1375.)

Billing Rates Requested

Plaintiff submits the declaration of his counsel, Payam Shahian ("Shahian") in support of the billing rates requested in this motion.

First, Shahian attests that he is the managing partner of SLP, which has a primary focus on consumer warranty and fraud cases. (Shahian Decl. ¶¶ 1, 3.) Shahian attests that as the most senior attorney at SLP, he supervises other attorneys on this matter and is familiar with the experience and background of each attorney. (Shahian Decl. ¶ 26.) Shahian attests to the following rates for SLP attorneys who billed on this matter:

Anh Nguyen: $385/hour in 2019, $435/hour in 2020 (in practice since 2012, 9 years)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                                    April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                            8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.            CSR: L. Lee #13568
Judicial Assistant: L. Garcia                     ERM: None
Courtroom Assistant: E. Avena                     Deputy Sheriff: None

---

Anna Galviz: $420/hour in 2019 (in practice since 2013, 8 years)

Debora Rabieian: $395/hour in 2021 (in practice since 2017, 4 years)

Donna Hooper $595/hour in 2021 (in practice since 2000, 21 years)

Matthew Pardo: $335/hour in 2019 and $390/hour in 2021 (in practice since 2017, 4 years)

Aaina Duggal: $365/hour in 2021 (in practice since 2018, 3 years)

Tionna Dolin: $395/hour in 2019 and $425/hour in 2020 (in practice since 2014, 9 years)

Christine Haw: $375/hour in 2018, $410/hour in 2019 (in practice since 2013, 7 years)

Jacob Cutler: $460/hour in 2020 (in practice since 2009, 12 years)

Karen Wallace: $425/hour in 2019 and $450/hour in 2020 (in practice since 2010, 11 years)

James Tarter: $475/hour in 2020 (in practice since 2008, 13 years)

Sean Crandal: $385/hour in 2018, $410/hour in 2019 and $425/hour in 2020 (in practice since 2015, 6 years)

Jonathan Poe: $595/hour in 2020 (in practice since 2002, 19 years)

(Shahian Decl. ¶¶ 28-50.) Further, Shahian attests that some of his associate attorneys specialize in lemon law or have had extensive lemon law trial experience. (see, eg., Shahian Decl. ¶¶ 29, 31.)

Kia America does not contend that any of Plaintiff's attorney's requested billing rates are unreasonable.

Thus, the court finds that Plaintiff's requested billing rates are reasonable.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                        April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                             8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

Hours Requested

Plaintiff requests a lodestar of $89,857.50, based on 192.7 hours of total attorney time. (Motion, 9-11.) (Shahian Decl. ¶ 51, Ex. 19.) According to Plaintiff, the entire requested amount was reasonable because it was necessitated by Kia America's failure to pay Plaintiff his damages until after commencement of litigation. (Id.) Additionally, according to Plaintiff, all the requested amounts are reasonable because no duplication of efforts occurred. (Id.)

In opposition, Kia America contends that Plaintiff's requested hours should be reduced as follows: (1) Plaintiff should not recover any amounts for fees incurred after acceptance of Kia America's Code of Civil Procedure section 998 Offer to Compromise ("998 Offer"), (2) Plaintiff should not recover any amounts on fraud claims, which do not support an award of attorney's fees, (3) Plaintiff's requested amounts should otherwise be reduced for unnecessary and duplicative billing. (Opposition, 6-13.)

In support of its first argument, Kia America cites to Meister v. Regents of California (1998) 67 Cal.App.4th 437, 449-450 (Meister). In Meister, the Court of Appeal found that the trial court properly exercised discretion to deny attorney's fees following a settlement offer on the grounds that fees incurred after the settlement offer were not reasonably incurred. (Id. at 449-455.) According to the Court of Appeal, the trial court was within its discretion to consider "all of the facts and entire procedural history of the case" in reaching the conclusion that the settlement offer, which Plaintiff rejected, would have afforded Plaintiff "as good or better relief than the judgment." (Id. at 455.)

In support of its second argument, Kia America cites to Akins v. Enterprise Rent-A-Car Co. of San Francisco (2000) 79 Cal.App.4th 1127 (Akins). Akins examined whether an award of attorney's fees pursuant to the Fair Debt Collection Practices Act ("FDCPA") was proper. (Id. at

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                                April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                                      8:30 AM
**AMERICA, INC., et al.**


Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

---

1130.) The Court of Appeal concluded that the attorney fees award was proper in that it did not require Plaintiff to apportion hours between claims for which attorney fees were compensable by statute and other hours incurred. (Id. at 1134.) Specifically, the Court of Appeal ruled that fees do not need to be apportioned when the fees are incurred both for causes of action that carry statutory attorney fees and causes of action that do not. (Id. at 1133.)


Meister does not stand for the proposition that fees incurred after a 998 Offer must be reduced on the grounds that they are unreasonable. Kia America's 998 Offer was issued in January 2020 and was accepted in August 2020. In between these dates, Kia's Motion to Quash Service of Summons was heard in July 2020, a motion for which both parties expended significant hours. Thus, the court does disagrees with Kia America's first argument that Plaintiff's attorney fees incurred after issuance of its 998 Offer must all be stricken as unreasonable.


Second, Akins does not stand for the proposition that Plaintiff was required to strictly apportion the requested fees between Song-Beverly claims and claims not related to Song-Beverly. Pursuant to Akins, Plaintiff was not required to apportion the requested fees if the requested fees are incurred both for causes of action that carry statutory attorney's fees and causes of action that do not. The court has reviewed Plaintiff's counsel's submitted billing records, attached as Exhibit 19 to the Shahian Declaration. Based on this review, the court finds that the principle articulated in Akins applies and Plaintiff's counsel did not have to strictly apportion their fee requests. The court is concerned that much of the broad discovery was directed at the misrepresentation claims and not the basic underlying liability case, but much of that evidence is also relevant to the issue of statutory penalties.


Third, Kia America argues that much of Plaintiff's requested hours has to be reduced because they consist of improper, block billed, and or vague and duplicative work. (Opposition, 11-13.) For example, Kia America contends that hours for attorney Jonathan Poe must be reduced because they consist of 47.5 block billed hours for "review documents." (Id.) Additionally, Kia America contends that, for example, hours for internal communications between James Tarter and Jonathan Poe must be reduced, for a total of 55.5 hours because they are "flagrant inefficiency and unnecessarily duplicative work." (Id.) Further, Kia America contends that fees

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                    April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                              8:30 AM
**AMERICA, INC., et al.**


Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

---

must not be awarded for attorney Jonathan Tarter's entry to "draft case eval and mediation brief" as "it seems both wholly unreasonable and inefficient" to have a new attorney complete this task when Plaintiff has already overstaffed the matter. (Id.)


The court agrees with Defendant that some of Plaintiff's requested fees represent time for block billed and/or duplicative work and will reduce those fees. As a general rule, block billing is an undisciplined practice that can "render it virtually impossible to break down hours on a task-by-task basis between those related to the [particular claims at issue] and those that are not." (Bell Vista Unified School Dist. (2000) 82 Cal.App.4th 672, 689 (Bell Vista).) Trial courts retain discretion to penalize block billing when the practice prevents them from discerning which tasks are compensable and which are not. (Heritage Pacific Fin., LLC v. Monroy (2013) 215 Cal.App.4th 972, 1010-1011, citing Christian, supra, 165 Cal.App.4th at pp. 1324-1325.)


Specifically, the court agrees that attorney Jonathan Poe's billing entries for reviewing documents are duplicative and block billed. Attorney Poe has billed 47.5 for reviewing documents in increments of 7.5 hours or 8 hours, and the court is unable to discern from these billing entries whether the 47.5 hours allegedly incurred are reasonably incurred in connection with this matter. Thus, the court will reduce this amount by half, for a total reduction of 23.75 hours at $595 per hour or $14,131.25.


Additionally, the court agrees that attorney Jonathan Tarter's entry for 8 hours to "draft case eval and mediation brief" is improperly block billed. Other attorneys in Plaintiff's counsel's office billed to meet and confer or have internal discussions regarding the mediation, such as Jacob Cutler ("JC") and Karen Wallace ("KW"). Additionally, Mr. Cutler billed to attend the mediation. Thus, Mr. Tarter billing 8 hours to "draft case eval and mediation brief" is not reasonably incurred and represents unnecessary and duplicative work. The court will reduce this amount by half, for a total reduction of 4 hours at $475 per hour or $1,900.


However, the court declines to reduce Plaintiff's requested hours for internal communications

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                                April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                                     8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                    ERM: None
Courtroom Assistant: E. Avena                    Deputy Sheriff: None

regarding this matter. Kia America has not cited any authority in support of the argument that attorney's fees in connection with internal communications are unreasonable in connection with a lemon law action. The court does not find Plaintiff's counsel's requested hours for internal communications unreasonable.

Attorney Galaviz billed between 6/5/2019 and 6/18/2019 almost 40 hours with respect to a motion to compel discovery. 7 hours were on a meet and confer letter, which is a large amount of time for that task, but the court will not reduce those hours. However, less that 4 days after sending that letter she started preparing the motion to compel. There are no entries regarding a good faith attempt to resolve the discovery issue. Eventually, an IDC was scheduled after 30+ hours drafting a motion. That conduct was not reasonable, and the court will reduce 15 hours at her rate of $420 per hour, or $6,300.

In addition, Plaintiff made an ill-supported effort to serve two Japanese parent corporations with no connections to California. In response to the first motion to quash, Plaintiff withdrew its proof of service; but Plaintiff then made another attempt at service despite having no evidence to support personal jurisdiction over the Japanese company and compelling evidence that there was no jurisdiction from the first motion to quash. Plaintiff again withdrew the proof of service, but the specially appearing defendant obtained an order quashing service to avoid a third attempt. Defendants highlight 6.4 hours for those efforts at a fee of $2,698.50. At least half of those were not reasonably necessary, so the hours will be reduced by 3.2 hour for a fee reduction of $1,399. In addition, costs incurred for service after February 2019 will be disallowed in the amount of $760.60.

For these reasons, the court approves a lodestar amount of 146.45 hours of attorney time, for a total of $68,056.45.

Multiplier

---

Minute Order                                                          Page 12 of 14

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                              April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                                        8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

---

The court's objective is to award a fee at the fair market value for the particular action. (Ketchum, supra, 24 Cal.4th at p. 1132.) The analysis generally begins with the lodestar figure— i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. (Id. at pp. 1131-1132.) The lodestar is the basic fee for comparable legal services in the community. (Id. at p. 1132.) The court may then adjust the lodestar to arrive at the fair market value of the legal services provided. In adjusting the lodestar, the court considers factors including: (1) the contingent nature of the fee award, (2) the novelty and difficulty of the questions involved, (3) the skill displayed in presenting them, and (4) the extent to which the nature of the litigation precluded other employment by the attorneys. (Ibid.)

Plaintiff requests a multiplier of 1.5. (Motion, 11-13.) Specifically, Plaintiff contends that the multiplier is warranted because Plaintiff's counsel obtained an excellent outcome and further, because Plaintiff's counsel took the matter on a contingency fee basis, which presented a substantial risk of nonrecovery. (Id.)

In opposition, Kia America contends that Plaintiff's request for a multiplier must be denied, and a negative multiplier must be applied. (Opposition, 13-14.) according to Kia America, no multiplier is warranted because this is a simple lemon law matter. (Id.) Additionally, a negative multiplier is allegedly warranted because Plaintiff's counsel engaged in improper "filing churning" after Kia America served its 998 Offer.

The court finds that a multiplier is unwarranted. Plaintiff has not demonstrated that this case fits the Ketchum factors such that a positive multiplier is warranted. Almost one-third of the fees were incurred after the second 998 offer, but no measurable benefit was obtained by those efforts.

Costs and Expenses

Plaintiff requests an award of $4,824.32 in costs and expenses, on the grounds that this represents the total amount of costs and litigation expenses reasonably incurred. As stated above the costs will be reduced by $760.60 for the unnecessary second attempt to serve the Japanese

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                     8:30 AM
**AMERICA, INC., et al.**


Judge: Honorable Richard J. Burdge Jr.        CSR: L. Lee #13568
Judicial Assistant: L. Garcia                 ERM: None
Courtroom Assistant: E. Avena                 Deputy Sheriff: None

corporations.


Kia America does not otherwise challenge Plaintiff's request for costs and expenses. Thus, the court will award $4,063.72.


After argument, the court awards an additional $3,500 for Plaintiff's counsel's remaining time on the instant motion.


Conclusion
Plaintiff's motion is granted in part. Plaintiff is awarded attorney's fees and costs in the amount of $75,620.17. Plaintiff is to give notice and prepare order.


On the Court's own motion, the Order to Show Cause Re: Dismissal (Settlement) scheduled for 04/29/2021 is continued to 05/13/2021 at 08:30 AM in Department 37 at Stanley Mosk Courthouse.

# EXHIBIT 21

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 74

**BC722351**                                                                                    May 12, 2021
**MICHELE WILLIAMS VS KIA MOTORS AMERICA INC**                                    8:30 AM

Judge: Honorable Michelle Williams Court          CSR: None
Judicial Assistant: C. Guerrero                   ERM: None
Courtroom Assistant: R. Cruz                      Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter: Plaintiff's Motion for Attorney Fees

The Court, having taken the matter under submission on 05/10/2021, now rules as follows:

The motion is GRANTED IN PART. The court awards plaintiff fees in the amount of $47,244.40. Plaintiff's request for costs is DENIED WITHOUT PREJUDICE.

Plaintiff's Request for Judicial Notice

Plaintiff seeks judicial notice of 19 orders and stipulations in various state and federal court files. The request for judicial notice is GRANTED.

Plaintiff's Evidentiary Objections to the Declaration of Patrick J. Raue

Objections 1-13 are SUSTAINED.

Defendant's Evidentiary Objections

Declaration of Aaina Duggal

Objection 1 is SUSTAINED.

Declaration of Payam Shahian

Objections 25 – 37 are SUSTAINED.

Objections 1 – 24, and 38-39 are OVERRULED.

---

Minute Order                                                                    Page 1 of 4

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 74

BC722351                                                                May 12, 2021
**MICHELE WILLIAMS VS KIA MOTORS AMERICA INC**                          8:30 AM

Judge: Honorable Michelle Williams Court          CSR: None
Judicial Assistant: C. Guerrero                   ERM: None
Courtroom Assistant: R. Cruz                      Deputy Sheriff: None

---

Discussion

This is a lemon law action arising out of Plaintiff Michele Williams's ("Plaintiff") purchase of a 2012 Kia Optima (the "Vehicle") manufactured by Defendant Kia Motors America, Inc. ("Defendant"). The action has settled and the only issue remaining is attorney fees.

Plaintiff seeks attorney fees pursuant to Civil Code §1794(d). Plaintiff seeks a total award of $67,922.92, which includes: (1) $46,081.40 in attorney fees; (2) $2,712.89 in costs and expenses; (3) a 1.35 multiplier enhancement on the attorney fees (i.e., $16,128.53) and (4) an additional $3,000.00 for work performed on this motion after its filing.

Attorney fees when authorized by statute are allowable as costs and may be awarded upon a noticed motion. Code of Civil Procedure §1033.5(a)(10)(B).

In determining what fees are reasonable, California courts apply the "lodestar" approach. (See, e.g., Holguin v. DISH Network LLC (2014) 229 Cal.App.4th 1310, 1332.) This inquiry "begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." (See PLCM Group v. Drexler (2000) 22 Cal.4th 1084, 1095.) From there, the "[t]he lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." (Ibid.) Relevant factors include: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." (Ketchum v. Moses (2001) 24 Cal.4th 1122, 1132 (Ketchum).)

Lodestar

Plaintiff's counsel, Strategic Legal Practices, APC, used many attorneys who bill at different rates on this matter. The claimed fees consist of work by the following attorneys at the following rates for the following time:

Attorney - Rate - Hours Claimed - Lodestar

Aaina Duggal - $365 - 6.50 - $2,372.50
Anh Nguyen - $435 - 1.6 - $696.00
Anh Nguyen - $385 - 2.1 - $808.50
Donna Hooper - $595 - 3.6 - $2,142.00
Esther Kim - $350 - 7.4 - $2,590.00

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 74

BC722351                                                                                      May 12, 2021
**MICHELE WILLIAMS VS KIA MOTORS AMERICA INC**                                8:30 AM

Judge: Honorable Michelle Williams Court        CSR: None
Judicial Assistant: C. Guerrero                 ERM: None
Courtroom Assistant: R. Cruz                    Deputy Sheriff: None

Hayk Proshyan - $360 - 3.0 - $1,080.00
Jacob Cutler - $460 - 2.5 - $1,150.00
Jessica Zamora - $375 - 5.5 - $2,062.50
Jonathan Poe - $595 - 8.0 - $4,760.00
Julian Moore - $525 - 8.4 - $4,410.00
Matthew Pardo - $365 - 8.5 - $3,102.50
Matthew Pardo - $335 - 12.2 - $4,087.00
Matthew Roberts - $435 - 10.0 - $4,350.00
Sean Crandall - $410 - 9.0 - $3,690.00
Sean Crandall - $385 - 17.70 - $6,814.50
Sean Crandall - $350 - 4.10 - $1,435.00
Tionna Dolin - $395 - 0.30 - $118.50
Tionna Dolin - $375 - 1.10 - $412.50

Total: 111.3 $46,081.50

Plaintiff submits sufficient details about the counsel's experience justifying these sought rates. Defendant does not challenge these rates as unreasonable. Therefore, the Court deems the rates as reasonable.

The bulk of Defendant's opposition challenges the reasonableness of the hours spent on the work litigating this case. As a preliminary matter, the Court finds that the declarations and billing records submitted by Plaintiff's counsel provide sufficient details, including a description of the tasks, to assess the reasonableness of time expended for each task. Moreover, the tasks involved arise from a common core of facts and the work involved on all claims is inextricably intertwined.

The court finds, however, the time spent on the unserved motion to compel and the fee motion should be deducted from the total lodestar calculation. Accordingly, the Court reduces the lodestar by $1,837.00.

Defendant argues that Plaintiff is not entitled to fees incurred after Defendant tendered the Code of Civil Procedure §998 settlement offer. The settlement offer did not effectively resolve the case or Plaintiff's counsel's obligation to work on the matter including to oppose the pending motion to transfer and to assess the reasonableness of the offer. The work as documented was reasonably necessary to resolve the litigation at the point Plaintiff received the settlement funds. Accordingly, the existence of the §998 offer does not affect the lodestar calculation.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Stanley Mosk Courthouse, Department 74

**BC722351**                                                                                                    May 12, 2021
**MICHELE WILLIAMS VS KIA MOTORS AMERICA INC**                                         8:30 AM

Judge: Honorable Michelle Williams Court          CSR: None
Judicial Assistant: C. Guerrero                           ERM: None
Courtroom Assistant: R. Cruz                             Deputy Sheriff: None

---

Loadstar is calculated to be $47,244.40.

Multiplier

Plaintiff seeks a 1.35 multiplier. The court has already taken the fact Plaintiff's counsel worked on contingency into account as required by Ketchum. There is nothing before the court to suggest that this was not a relatively straightforward lemon law case, an area in which Plaintiff's counsel specializes, or that required it extraordinary legal skill and/or required counsel to bear unnecessary risk. Further, this case did not present novel or complex issues. The request for a multiplier is denied.

Costs

The Court denies Plaintiff's request for $2,712.89 in costs, without prejudice. California Rules of Court rule 3.1700(a)(1) provides that the memorandum of costs must be served and filed within 15 days after the date of service of the notice of entry of judgment or dismissal by the clerk or within 180 days after entry of judgment, whichever is first. Here, there has been no dismissal filed. Insofar as Plaintiff seeks to recover costs, Plaintiff must file a memorandum of costs once a dismissal has been filed. Then Defendant can move to strike specific costs if it wishes to do so.

The Order to Show Cause re dismissal following settlement is continued to 6/30/2021 at 8:30 a.m. in Department 74 at Stanley Mosk Courthouse.

The clerk is directed to give notice.

Certificate of Mailing is attached.

---

# EXHIBIT 22

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF MARIN

DATE: 07/23/21      TIME: 1:30 P.M.      DEPT: E      CASE NO: CV1901820

PRESIDING:  HON. ANDREW SWEET

REPORTER:                                                CLERK:  S. HENDRYX

| | |
|---|---|
| PLAINTIFF:    SCOTT MICHAEL FELDMAN GREGORY | |
| vs. | |
| DEFENDANT:    FCA US, LLC | |

NATURE OF PROCEEDINGS:  NOTICE OF MOTION – AND MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES [PLTF] SCOTT MICHAEL FELDMAN GREGORY

## RULING

Plaintiff's Motion for Attorneys' Fees and Costs is granted in part and denied in part.  Plaintiff is awarded attorneys' fees in the amount of $38,140.50 and costs and expenses in the amount of $2,656.47.

### *Procedural Background*

On May 9, 2019, Plaintiff filed his complaint in this action against FCA US, LLC ("FCA"), alleging that defects in a 2010 Jeep Wrangler he purchased, which was manufactured or distributed by FCA, caused the vehicle to require multiple repairs and FCA failed to abide by the warranty for the vehicle.   Plaintiff asserted claims for violation of the Song-Beverly Consumer Warranty Act (SBA) and Magnuson-Moss Warranty Act (MMWA), and for fraudulent inducement-concealment.

On December 18, 2019, FCA served a CCP 998 offer to Plaintiff for $26,000 plus Plaintiff's "reasonable costs, expenses and attorneys' fees based on actual time expended pursuant to Civil Code Section 1794(d) as stipulated by the parties or, if the parties cannot agree, upon motion to the Court having jurisdiction over the issues."  Plaintiff accepted the offer on January 27, 2020. On February 25, 2020, Plaintiff filed a notice of settlement.  Plaintiff filed the instant motion for fees, costs, and expenses on June 9, 2021.

CV1901820

## *Plaintiff's Motion*

Plaintiff seeks an award in the amount of $50,486.04, which consists of $37,265.50 in attorneys' fees incurred at the time the fee motion was filed, $2,767.44 in costs and expenses, a 1.2 multiplier enhancement on the attorney's fees (for $7,453.10), and an additional $3,000 for Plaintiff's counsel to review Defendant's Opposition to this motion, draft the Reply, and attend the hearing. Plaintiff argues that he should be awarded the full amount requested because FCA refused to repurchase the vehicle in violation of the SBA and refused to pay Plaintiff damages, resulting in the filing of this action. Plaintiff contends that he incurred fees in preparing and serving the Complaint, reviewing and analyzing FCA's Answer, preparing and serving Form and Special Interrogatories, Requests for Admission and Requests for Production, preparing and serving a notice of deposition with document requests, analyzing FCA's discovery responses and meeting and conferring with FCA's counsel, negotiating a protective order, responding to FCA's discovery, defending Plaintiff at his deposition, and reviewing and evaluating FCA's 998 offer.

Defendant contends that the fees requested are not reasonable as this is a run-of-the-mill lemon law case filed by counsel who file hundreds of similar cases in California. Defendant argues that the Complaint and discovery requests were formulaic and essentially the same that counsel use in other cases, no vehicle inspection was conducted, no motions were filed, no expert discovery was conducted, and no trial documents were prepared. The case settled after 8 months and then Plaintiff took over a year and a half to bring his fee motion, burdening the court and Defendant's counsel with repeated case management conferences with no progress. Defendant states that it attempted to settle the matter before it filed an Answer in May 2019 through its Early Resolution Program, but Plaintiff would not provide the basic information needed for resolution unless Defendant first made an unnecessary and burdensome document production. Defendant further contends that the amount Plaintiff received under the 998 offer is less than half of what Plaintiff sought to recover on his Song-Beverly/Magnuson Moss claims, and Plaintiff recovered nothing for his civil penalty or fraud claims.

## *Request for Judicial Notice/Evidentiary Objections*

Plaintiff requests that the court take judicial notice of state and federal orders addressing the hourly rates sought by Plaintiff's counsel in other cases. Defendant opposes this request and also objects to the declarations of Payam Shahian and Aaina Duggal filed in support of Plaintiff's motion. Plaintiff objects to the declaration of Christopher Fisher filed in support of Defendant's Opposition.

The court grants Plaintiff's request for judicial notice and overrules the objections to Plaintiff's declarations, but makes its determination on Plaintiff's motion based on its independent review of counsel's timesheets and the prevailing rates in Marin County. Plaintiff's objections to Mr. Fisher's declaration are overruled.

Page 2 of 5

CV1901820

## *Discussion*

The SBA provides for an award for attorneys' fees for a prevailing buyer: "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civil Code § 1794(d).)

This provision "'requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended, and the monetary charge being made for the time expended are reasonable. These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited, and the results achieved. If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount. A prevailing buyer has the burden of 'showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" (*Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462, 470 (citation omitted).)

The court first begins with a loadstar calculation, which may then be adjusted based on factors specific to the case in order to fix the fee at the fair market value of the legal services provided. These factors include the novelty and difficulty of the questions involved and the skill displayed in presenting them, the results obtained, the extent to which the nature of the litigation precluded other employment by counsel, and the contingent nature of the fee award. The procedural demands of the case may also be considered. (*Warren v. Kia Motors America, Inc.* (2018) 30 Cal.App.5th 24, 36; *In re Consumer Privacy Cases* (2009) 175 Cal.App.4th 545, 556.) The fees incurred in preparing a motion for fees are properly includable in a fee award. (*McKenzie v. Ford Motor Co.* (2015) 238 Cal.App.4th 695, 703.)

The court has discretion in determining an appropriate fee award because it is in the best position to assess the value of the professional services rendered in its court. (*Id.*; *Goglin*, 4 Cal.App.5th at 470-71.)

### Lodestar

Plaintiff's counsel staffed this case with eight attorneys, with hourly rates ranging from $365 to $550. Counsel state that they expended 85.9 hours litigating the case up to the time they filed the fee motion. The hours incurred by each of these attorneys, and their hourly rates, are as follows:

Aaina Duggal – 2018 JD - $365/hr – 9.2 hours
Tionna Dolin – 2014 JD – $395/hr – 1.5 hours
Karen Wallace – 2010 JD - $425/hr – 34.20 hrs, and $450/hr – 7.3 hours
Anh Nguyen – 2011 JD - $435/hr – 7 hours
Mark Gibson – 2008 JD - $435/hr – 12 hours

Page 3 of 5

CV1901820

Jacob Cutler – 2009 JD - $460/hr – 8.5 hours
Marcy Sanchez – 2006 JD - $475/hr – 1.2 hours
Jason Clark – 2007 JD - $550/hr – 5 hours

The court has reviewed the time records submitted by Plaintiff's counsel and while 8 attorneys appears unnecessary, there does not appear to be any duplication of effort by the attorneys. Further, even if the Complaint and written discovery prepared by counsel were similar to what they have prepared in other cases, the time spent on these tasks was not unreasonable. The court does find the approximately 10 hours of travel time to and from Plaintiff's deposition to be excessive, and reduces this amount by one-half to five hours (5 hours x $425/hr = $2,125 disallowed). The court finds the remainder of the time billed by Plaintiff's counsel to be reasonable and the hourly rates are within the range of prevailing rates in Marin County. The fact that Plaintiff did not immediately resolve the matter pursuant to Defendant's Early Resolution Program does not preclude his ability to recover fees after that point. (*See Reck v. FCA US LLC* (2021) 64 Cal.App.5th 682; *Hanna v. Mercedez-Benz USA, LLC* (2019) 36 Cal.App.5th 493, 508.)

### Multiplier

The amount of attorney fees awarded pursuant to the lodestar adjustment method may be increased or decreased. (*Mikhaeilpoor v. BMW of North America, LLC* (2020) 48 Cal.App.5th 240, 247.)

Plaintiff argues that a lodestar multiplier enhancement of 1.2 is warranted because counsel obtained an excellent outcome and the risks posed by the litigation were substantial because they took the case on a contingency basis. Defendant responds that Plaintiff settled for less than the total damages he sought in his Complaint, there was nothing novel about this lemon law case, the claims were not difficult, no special skills were required to handle the case, and Plaintiff did nothing to minimize the risk inherent in a contingency fee case by making an early settlement demand. Defendant argues that a negative multiplier is warranted in this case.

The court agrees with Defendant and finds that no upward multiplier is warranted in this case. This case did not present novel issues but was rather a straightforward lemon law case and there is no evidence that Plaintiff's counsel was precluded from working on other matters. The court disagrees with Defendant, however, that a negative multiplier is warranted.

### Costs

While the usual method to recover costs as a prevailing party is by filing a Memorandum of Costs pursuant to California Rule of Court 3.1700, here the parties agreed by the language of the 998 offer that Plaintiff would do so by motion.

Plaintiff argues that he is entitled to costs and expenses in the amount of $2,767.44, which include filing fees in this court ($559.36, 193.80, 65.95), service of process fees ($106.35), court call fees (two at $94), deposition transcript cost ($572.25), travel expenses for attending Plaintiff's deposition ($955.83), and a delivery fee for the signed 998 offer ($14.93).

Page 4 of 5

CV1901820

Defendant contends that Plaintiff should not be able to recover costs incurred after Defendant sought to settle the case, or costs incurred in traveling to and from Plaintiff's deposition because Defendant should not be forced to pay extra costs for Plaintiff's decision to hire counsel in LA.

The costs that Plaintiff seeks appear to be recoverable and reasonable, except that Plaintiff is not entitled to $110.97 in costs that seem to be for filing fees in another action.[1]  Accordingly, Plaintiff is entitled to recover costs in the amount of $2,656.47.

*All parties must comply with Marin County Superior Court Local Rules, Rule 1.10(B) to contest the tentative decision.  Parties who request oral argument are required to appear in person or remotely by ZOOM. Regardless of whether a party requests oral argument in accordance with Rule 1.10(B), the prevailing party shall prepare an order consistent with the announced ruling as required by Marin County Superior Court Local Rules, Rule 1.11.*

*The Zoom appearance information for July 23, 2021 is as follows:*
https://zoom.us/j/96064668976?pwd=djlKTVNySkFTZWtoSVJ5QmJOUkRqdz09
Meeting ID: 960 6466 8976
Passcode: 207353

*If you are unable to join by video, you may join by telephone by calling (669) 900-6833 and using the above-provided passcode.  Zoom appearance information may also be found on the Court's website: https://www.marincourt.org/*

---

[1]  Plaintiff seeks filing fees for LASC for $43.80 on May 16, 2019 and $67.17 on January 10, 2020.

Page 5 of 5

# EXHIBIT 23

# ALEXIS COVARRUBIAS, Plaintiff, v. FORD MOTOR COMPANY, et al., Defendants.

United States District Court, N.D. California. |   August 10, 2021 |   Slip Copy |   2021 WL 3514095

**Document Details**

| | |
|---|---|
| standard Citation: | ALEXIS COVARRUBIAS, Plaintiff, v. FORD MOTOR COMPANY, et al., Defendants. Additional Party Names: Citrus Motors Ontario, Inc., No. 19-CV-01832-EMC, 2021 WL 3514095 (N.D. Cal. Aug. 10, 2021) |
| All Citations: | Slip Copy, 2021 WL 3514095 |

**Search Details**

| | |
|---|---|
| Search Query: | adv: song /s beverly |
| Jurisdiction: | California |

**Delivery Details**

| | |
|---|---|
| Date: | August 16, 2021 at 7:00 PM |
| Delivered By: | payam shahian |
| Client ID: | SONG-BEVERLY |
| Status Icons: | |

**Outline**

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** Docket No. 63 (p.1)

All Citations (p.8)

WESTLAW   © 2021 Thomson Reuters. No claim to original U.S. Government Works.

2021 WL 3514095
Only the Westlaw citation
is currently available.
United States District
Court, N.D. California.

ALEXIS COVARRUBIAS, Plaintiff,
v.
FORD MOTOR COMPANY,
et al., Defendants.

Case No. 19-cv-01832-EMC
|
08/10/2021

EDWARD M. CHEN, United States District Judge

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** Docket No. 63

**\*1** Plaintiff Alexis Covarrubias filed this lemon law action under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code §§ 1790–1795.8, against Defendants Ford Motor Company ("Ford") and Citrus Motors Ontario, Inc. ("Citrus Motors"), over issues with her 2012 Ford F-150 vehicle (the "Vehicle"). On October 28, 2020, the parties reached a settlement pursuant to Federal Rule of Civil Procedure 68, and settlement funds were received by Plaintiff's counsel on January 5, 2021. *See* Docket No. 59 (Apr. 1, 2021 Joint Status Report). Pending before the Court is Plaintiff's subsequent motion for attorneys' fees and costs. *See* Docket No. 63 ("Mot.")

For the following reasons, the Court **GRANTS in Part** and **DENIES in part** the Plaintiff's motion for attorneys' fees and costs.

## I. BACKGROUND

A. Facts
Plaintiff's state court complaint alleges that on June 28, 2012, she purchased the Vehicle from Citrus Motors. Docket No. 1-1 ("Compl.") ¶ 8. In connection with the purchase, Plaintiff received an express written warranty from Ford. *Id.* ¶ 9. In the warranty, which included a three-year/36,000 mile bumper-to-bumper warranty and a five-year/60,000 mile powertrain warranty. *Id.* Ford undertook to maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. *Id.* Under the terms of the warranty, if the Vehicle developed a defect and Plaintiff presented the Vehicle to Ford's representative, the representative would repair the defect. *Id.*

Plaintiff's Vehicle developed numerous defects during the warranty period that substantially impaired the use, value, or safety of the Vehicle, including defects related to the engine, transmission, and electrical system. *Id.* ¶ 10. Ford and its representatives "have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." *Id.* ¶ 11. Despite this, Ford did not "promptly replace the Vehicle or make restitution to Plaintiff." *Id.* Plaintiff's complaint asserts various causes of action against Ford, including breach of

implied warranty in violation of the Song-Beverly Act. *See id.* ¶¶ 8–33. The same cause of action for breach of implied warranty was the only claim asserted against Citrus Motors. *See id.* ¶¶ 29–33.

B. Procedural History

Plaintiff filed her complaint on February 25, 2019 against Defendants in the Santa Clara Superior Court. On April 4, 2019, Ford filed a notice of removal based on diversity jurisdiction. Docket No. 1 at 1. Plaintiff moved to remand this case to state court on May 10, 2019, Docket No. 13, which the Court swiftly denied on July 3, 2019, because Ford "met its high burden of showing that Plaintiff's claim against Citrus Motors [was] time-barred, and that Plaintiff [could not] prevail on her arguments that the claim was tolled," Docket No. 24 ("Remand Order") at 8.

On October 28, 2020, the parties reached a settlement pursuant to Federal Rule of Civil Procedure 68. Apr. 1, 2021 Joint Status Report at 2. Plaintiff surrendered the Vehicle on December 29, 2020, and Plaintiff's counsel received the settlement funds on January 5, 2021. *Id.* Plaintiff filed the instant motion for attorneys' fees and costs on June 23, 2021. Mot. The motion seeks an award of $ 66,719.20 to Strategic Legal Practice, APC (SLP), the law firm that represented Plaintiff.

II. DISCUSSION

**\*2** State law governs awards of attorneys' fees in diversity cases. *Alyeska Pipeline Serv. Co.*

*v. Wilderness Soc'y,* 421 U.S. 240, 260 (1975) ("[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed."); *Riordan v. State Farm Mut. Auto. Ins. Co.,* 589 F.3d 999, 1004 (9th Cir. 2009) ("In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorneys' fees, and the procedure for requesting an award of attorney fees is governed by federal law."). Under California law, buyers who prevail in an action under the Song-Beverly Act are entitled to "the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d).

A party is a prevailing party if the court, guided by equitable principles, decides that the party has achieved its "main litigation objective." *Graciano v. Robinson Ford Sales, Inc.,* 144 Cal. App. 4th 140, 150–51 (Ct. App. 2006); *see also Wohlgemuth v. Caterpillar Inc.,* 207 Cal. App. 4th 1252, 1262 (Ct. App. 2012) ("[C]onsumers who successfully achieve the goals of their litigation through a compromise agreement [do] not lose their statutory right to fees and costs."). Ford does not dispute that Plaintiff, as the prevailing party in this action, is entitled to recoup reasonable attorneys' fees, costs, and expenses under the Song-Beverly Act. *See generally* Docket No. 69 ("Opp'n"); *see also* Cal. Civ. Code § 1794(d). Therefore, the only question here is whether Plaintiff's

request for $66,719.20 in attorneys' fees and costs is reasonable. To answer this question, the Court must conduct a lodestar calculation.[1]

[1]    Plaintiff filed eleven boilerplate evidentiary objections to several paragraphs in Charles F. Harlow's declaration in support of Ford's opposition to Plaintiff's motion. *See* Docket No. 73. The Court need not rule on these objections because it need not rely on Mr. Harlow's declaration to resolve Plaintiff's motion.

## A. Lodestar Calculation

Courts calculate attorneys' fees under section 1794(d) using the "lodestar adjustment method." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.,* 144 Cal. App. 4th 785, 818 (Ct. App. 2006). The lodestar figure consists of "the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Grp. v. Drexler*, 997 P.2d 511, 518 (Cal. 2000). A reasonable hourly rate is defined as "that prevailing in the community for similar work." *Id.* The Song-Beverly Act also allows courts to apply a multiplier where appropriate under the lodestar method. *Robertson*, 144 Cal. App. 4th at 819.

## 1. Hours Reasonably Expended

For the purposes of calculating the lodestar figure, the Court has wide discretion in determining the number of hours reasonably expended. *See Ketchum v. Moses*, 17 P.3d 735, 743 (Cal. 2001) ('We acknowledge[ ] the discretion of the trial court in setting attorney fees."); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("We reemphasize that the district court has discretion in determining the amount of a fee award...in view of the district court's superior understanding of the litigation and the desirability of avoiding

frequent appellate review of what essentially are factual matters."). "[A]bsent circumstances rendering an award unjust, the fee should ordinarily include compensation for all hours *reasonably* spent." *Serrano v. Unruh*, 652 P.2d 985, 986 (Cal. 1982) (In Bank) (emphasis added); *Hensley*, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours *reasonably expended* on the litigation." (emphasis added)). The prevailing party has the burden of "showing that the fees incurred were allowable, were reasonably necessary to conduct the litigation, and were reasonable in amount." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994). "A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." *Serrano*, 652 P.2d at 994; *Hensley*, 461 U.S. at 434 ("The district court also should exclude from this initial fee calculation hours that...are excessive, redundant, or otherwise unnecessary."). Reasonably expended time is generally time that "could reasonably have been billed to a private client." *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008).

**\*3**    Plaintiff contends her attorneys "reasonably expended" 105.2 hours over the course of almost two years pursuing her claims in the instant case. Mot. at 8. Ford asks the Court to make only three discreet reductions. First, Ford argues Plaintiff's attorneys "unnecessarily billed 6.1 hours to prepare responses to Ford's written discovery only days before accepting Ford's prior Rule 68 offer." Opp'n at 3. The record confirms that the parties exchanged written discovery requests

and responses in February 2020. Docket No. 70 ("Harlow Decl.") ¶ 5. On October 14, 2020, Ford made a Rule 68 settlement offer of $149,164.02. *Id.* ¶ 6. A week later, on October 20 and 21, 2020, Plaintiff's attorneys billed 6.1 hours for "drafting discovery responses for service to Ford's RFPs, SROGs, and RFAs." *Id* ¶ 9. Then Plaintiff accepted the Rule 68 settlement offer a week later, on October 28, 2020. *Id.* ¶ 6. Despite Plaintiff's counsel's delay in responding to the February 2020 discovery requests, the Court will not exclude the 6.1 hours billed on October 20 and 21 because there are plenty of reasonable explanations as to why Plaintiff's counsel might have started drafting responses days before their client accepted a settlement offer. For example, it is entirely possible that they were waiting to hear back from Plaintiff about the offer and wanted to get a head start on responding to Ford's discovery requests in case she declined the offer. Furthermore, Plaintiff's counsel had an obligation to prepare these discovery responses —even if their client was about to accept a settlement offer—because the responses were due. *See Goglin v. BMW of N. Am.*, 208 Cal. Rptr. 3d 646, 655 (Ct. App. 2016) ("[U]ntil the case actually settled, Goglin had to conduct discovery and prepare to prove liability on her varied claims with their varied elements....We, therefore, cannot conclude the court abused its discretion in finding the time spent by Goglin's counsel on litigation activities was reasonable."); *Peak-Las Positas Partners v. Bollag*, 90 Cal. Rptr. 3d 775, 787 (Ct. App. 2009), *as modified* (Mar. 26, 2009) ("A defendant cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." (quoting *Int'l Longshoremen's & Warehousemen's Union v.*

*L.A. Export Terminal, Inc.*, 81 Cal. Rptr. 2d 456 (Ct. App. 1999)); *Stokus v. Marsh*, 217 Cal. App. 3d 647, 653–54 (Ct. App. 1990) ("Parties who litigate with no holds barred in cases such as this, in which the prevailing party is entitled to a fee award, assume the risk they will have to reimburse the excessive expenses they force upon their adversaries."). If Ford wanted to avoid paying for Plaintiff's time in responding to its discovery requests, it could have withdrawn those requests, stipulated to a stay of discovery while the parties negotiated the Rule 68 settlement, or granted Plaintiff an extension to respond.

Second, Ford contends Plaintiff's counsel wasted 25 hours on a frivolous remand motion. Opp'n at 3–4. But "[a]fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Sundance v. Mun. Ct.*, 192 Cal. App. 3d 268, 274 (Ct. App. 1987). "[L]itigation may involve a series of [unsuccessful] attacks on an opponent's case....Compensation is ordinarily warranted even for those unsuccessful attacks, to the extent that those attacks led to a successful claim." *Akins v. Enter. Rent-A-Car Co. of S.F.*, 79 Cal. App. 4th 1127, 1133 (Ct. App. 2000). Here, the Court denied Plaintiff's remand motion—the only motion litigated in this action—because "Citrus Motors was fraudulently joined," such that "[w]ithout Citrus Motors, the parties in this case are completely diverse." Remand Order at 1, 8. The Court reasoned that "Ford met its high burden of showing that Plaintiff's claim against Citrus Motors [was] time-barred, and that Plaintiff cannot prevail on her arguments that the claim was tolled." *Id.* at 8. Although the Court used the term "fraudulently joined,"

there was no finding that Plaintiff's counsel joined Citrus Motors knowing that Plaintiff's claims against it were time barred. In other words, there was no evidence of bad faith or frivolity. To the contrary, Plaintiff's counsel made several arguments in support of Plaintiff's remand motion that—although unsuccessful—were neither frivolous nor made in bad faith. *See Sundance*, 192 Cal. App. 3d at 274 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee."). The Court therefore cannot conclude that it was unreasonable for Plaintiff's counsel to spend 25 hours litigating the remand motion simply because it was unsuccessful.

Ford finally asks the Court to reduce the 13.4 hours that Plaintiff's counsel spent in drafting "Plaintiff's standard, boilerplate fee motion," as well as the $3,500 Plaintiff anticipates it will cost to reply to Ford's opposition. Opp'n at 4. Generally, fees related to the preparation and defense of a motion for attorneys' fees are recoverable. *Ketchum*, 17 P.3d at 747–48 ("[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees."); *Serrano*, 652 P.2d at 997 ("[A]bsent circumstances rendering the award unjust, fees recoverable…ordinarily include compensation for all hours reasonably spent, including those necessary to establish and defend the fee claim."). Other than Ford's unsupported assertion that the motion is "boilerplate," there is nothing on the record to suggest that it was unreasonable for Plaintiff's counsel to spend this amount of time preparing the underlying motion. Under

virtually identical circumstances, Judge Corley also awarded 13.4 hours of fees for preparing the fees motion in *Cardoso v. FCA US LLC* because, "while this amount is a bit more than the Court would expect for a motion such as this, the Court declines to reduce the amount absent a showing that the motion is a template of one previously used by counsel." No. 20-CV-02250-JSC, 2021 WL 1176532, at *5 (N.D. Cal. Mar. 29, 2021); *see also Pollard v. FCA US LLC*, No. 817CV00591JLSJCG, 2020 WL 57270, at *5 (C.D. Cal. Jan. 3, 2020), *appeal dismissed*, No. 20-55128, 2020 WL 2204270 (9th Cir. Mar. 25, 2020) (finding that 14.5 hours spent on a motion for attorney's fees under the Song-Beverly Act was unreasonable given that it was substantially identical to an earlier motion). Because Ford has made no such showing here, the Court cannot conclude that Plaintiff's counsel spent too long drafting the underlying motion.

**\*4** Accordingly, the Court declines to reduce the number of hours for which Plaintiff's attorneys are seeking compensation.

2. Reasonable Hourly Rate

To determine whether Plaintiff's counsel's hourly rates are reasonable, the Court looks to the "hourly amount to which attorneys of like skill in the area would typically be entitled." *Ketchum*, 17 P.3d at 742 (quoting *Serrano*, 652 P.2d. at 998, n. 31). "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). "The most

analogous evidence to fees charged by a private law firm would be fees sought and deemed reasonable by courts in other cases." *Margolin v. Reg'l Plan. Com.*, 134 Cal. App. 3d 999, 1005 (Ct. App. 1982). "A number of courts, including courts in this District, have also found that the United States Consumer Law Attorney Fee Survey Report may be used as evidence of prevailing rates." *Bratton v. FCA US LLC*, No. 17-CV-01458-JCS, 2018 WL 5270581, at *4 (N.D. Cal. Oct. 22, 2018) (collecting cases). In addition, Civil Local Rule 54-5(b)(3) requires the party seeking fees to submit "[a] brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services."

Here, Plaintiff complied with Local Rule 54-5(b)(3) by submitting a declaration from SLP's Managing Partner, Payam Shahian, describing the relevant qualifications and experience of the attorneys working on her case. *See generally* Docket No. 63-7 ("Shahian Decl."). According to Mr. Shahian's declaration, Plaintiff's attorneys customarily charge the following rates for their services:

**Attorney Law School Class 2019 rate 2020 rate 2021 rate** Anh Nguyen 2011 $385 per hour $435 per hour $460 per hour Mark Gibson 2008 $435 per hour Jacob Cutler 2009 $435 per hour $460 per hour Tionna Dolin 2014 $395 per hour $450 per hour Jason Clark 2007 $550 per hour

Mot. at 7; Docket No. 63-7 ("Shahian Decl.") ¶¶ 29, 31, 33, 35, 37. Plaintiff contends these hourly rates are appropriate because

federal courts in California have recently awarded fees at the same or higher rates to these attorneys and other attorneys with similar experience. To show this, Mr. Shahian's declaration lists numerous lemon law cases approving comparable or even higher rates for these SLP attorneys and other attorneys with similar experience. *See* Docket No. 63-7 ("Shahian Decl.") ¶ 30 (listing cases for Mr. Nguyen); *Id.* ¶ 36 (listing cases for Mr. Gibson); *Id.* ¶ 32 (listing cases for Mr. Cutler); *Id.* ¶ 38 (listing cases for Ms. Dolin); *Id.* ¶ 34 (listing cases for Mr. Clark); Docket No. 71 ("Reply") at 5 (listing cases for SLP).

Ford makes three unavailing arguments as to why these rates are unreasonable. First, it argues that "Plaintiff's list [of cases] does not include the likely numerous cases in which he was awarded significantly less than the rates claimed in this case." *See* Opp'n at 5. But this is pure speculation. Ford does not cite a single case where a Court has reduced SLP's rates or approved lower rates for attorneys with comparable experience. The Court therefore cannot credit this unsupported assertion.

**\*5** Second, Ford attacks the cases cited in Mr. Shahian's declaration because "none are Northern District cases and only three are from Bay Area counties." *Id.* at 6. This is true, most of the cases cited in Mr. Shahian's declaration are from the Central and Southern Districts of California or from the Los Angeles Superior Court. The problem with this argument is that Ford does not present any evidence suggesting the rates attorneys are paid in this District are not comparable to those paid to attorneys in the Central or Southern Districts of California. If anything, common sense would suggest otherwise, considering the Bay Area has one of

the highest costs of living in not just the state, but the country.

In addition, judges in this District have recently approved similar rates for attorneys with similar experience litigating lemon law cases. For example, in March of this year Judge Corley concluded that it was reasonable for an associate with six to ten years of experience to bill at $340 per hour and for two partners with longer experience to bill at $545 per hour and $624 per hour, respectively. *See Cardoso*, 2021 WL 1176532, at *2–*4. In doing so, Judge Corley cited the United States Consumer Law Attorney Fee Survey Report, which stated that "[t]he median rate for California cases is $450/hour." *Id.* at *3. Moreover, "the Metropolitan area tables for San Francisco contained in the Survey Report reflect an average hourly rate for consumer attorneys in San Francisco with 6-10 years of experiences such as [Plaintiff's attorneys] is $450/hour." *Id.* Judge Corley's decision in *Cardoso* and the report it relies on establish that the rates Plaintiff's attorneys care requesting in the instant case are reasonable.

Third, and finally, Ford suggests Plaintiff's counsel should get paid what Ford pays its counsel: "between $225 and $280 per hour." Opp'n at 6. The Court rejects this argument because Ford pays its counsel on an hourly basis, whereas Plaintiff's counsel work on a contingency-fee basis. *See Warren v. Kia Motors Am., Inc.*, 241 Cal. Rptr. 3d 263, 278 (Ct. App .2018) ("Kia claimed the hourly rates of Warren's *plaintiff's* attorneys should be limited to the lower hourly rates charged by Kia's *defense attorneys*. This was not a good comparison, given that Warren's plaintiff's attorneys' work pursuant to

contingency arrangements and Kia's defense attorneys do not.").

Accordingly, the Court concludes that Plaintiff has met her burden of demonstrating that her attorneys' hourly rates are reasonable.

3. Lodestar Multiplier

The California Supreme Court has instructed courts to consider the following factors in adjusting the lodestar using a multiplier:

> (1) [T]he novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award....The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services.

*Ketchum*, 17 P.3d at 741. Conversely, "[e]ven where a party prevails on a single cause of action for which he or she is entitled to attorney fees, if the court determines the attorney's work on that claim is duplicative or excessive, the court has broad discretion to apply a *negative multiplier* to the lodestar amount." *Graciano*, 144 Cal. App. 4th at 161.

Plaintiff's request that the Court apply a 1.35 lodestar multiplier to her attorneys' fees is unwarranted under the *Ketchum* factors. The first and third factors weigh against a

multiplier because this case did not involve any novel or complex issues, nor did it preclude other employment by SLP. The second factor is neutral because while Plaintiff's attorneys certainly obtained an excellent result for her, their own description of the facts suggest that she had a strong case. *See Cardoso*, 2021 WL 1176532, at *5. The third factor is therefore also neutral because the strength of Plaintiff's case "mak[es] the risk that counsel would receive nothing relatively small." *Id.* At bottom, this case did not "require extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for [Plaintiff's counsel's] services." 175 P.3d at 741.

**\*6** Accordingly, the Court awards the lodestar amount without a multiplier, negative or positive.

B. Costs and Expenses

Plaintiff seeks $3,420.27 in costs and expenses. Ford does not challenge these costs, which appear to be reasonable. *See* Cal. Civ. Code § 1794(d) ("If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover...*costs and expenses* ...determined by the court to have been *reasonably incurred* by the buyer in connection with the commencement and prosecution of such action." (emphases added)). Accordingly, the Court grants Plaintiff all of her counsel's costs and expenses.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion for attorneys' fees and costs and orders Ford to pay Plaintiff a total amount of $51,215.77, consisting of: (1) $44,295.50 in attorneys' fees for SLP; (2) $3,420.27 in costs and expenses for SLP; and (3) $3,500 in additional fees and costs for SLP associated with replying to Ford's opposition to the underlying motion.

This order disposes of Docket No. 63.

**IT IS SO ORDERED**.

Dated: August 10, 2021

EDWARD M. CHEN

United States District Judge

**All Citations**

Slip Copy, 2021 WL 3514095

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 24

CIV-**130**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br><br>Jacob Cutler (SBN 264988)<br>Strategic Legal Practices, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, CA 90067<br><br>  TELEPHONE NO.:310-929-4900    FAX NO. *(Optional):* 310-943-3838<br>E-MAIL ADDRESS *(Optional):* jcutler@slpattorney.com<br>  ATTORNEY FOR *(Name):* Plaintiff Hall | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**07/02/2018** at 04:10:00 PM<br><br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
  STREET ADDRESS: 330 West Broadway
  MAILING ADDRESS: 330 West Broadway
  CITY AND ZIP CODE: San Diego, 92101
  BRANCH NAME: HOJ

PLAINTIFF/PETITIONER: Hall et al

DEFENDANT/RESPONDENT: FCA UC LLC

| | |
|---|---|
| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER<br><br>*(Check one):*  [X] UNLIMITED CASE<br>        (Amount demanded<br>        exceeded $25,000)  [ ] LIMITED CASE<br>        (Amount demanded was<br>        $25,000 or less) | CASE NUMBER:<br><br>37-2016-00006383 |

TO ALL PARTIES :

1.  A judgment, decree, or order was entered in this action on *(date)*: 6/25/2018

2.  A copy of the judgment, decree, or order is attached to this notice.

Date: 7/2/2018

_____Jacob Cutler_____
(TYPE OR PRINT NAME OF  [X] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

▶  *Jacob W. Cutler*
                    (SIGNATURE)

Page **1** of 2

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>CIV-130 [New January 1, 2010] | NOTICE OF ENTRY OF JUDGMENT OR ORDER | **CEB**<br>**www.ceb.com**   *www.courtinfo.ca.gov* |

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL**

**MINUTE ORDER**

DATE: 06/25/2018              TIME: 10:24:00 AM          DEPT:  C-65

JUDICIAL OFFICER PRESIDING: Richard S. Whitney
CLERK:  Lori Urie
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **37-2016-00006383-CU-BC-CTL**  CASE INIT.DATE: 02/25/2016
CASE TITLE: **Hall vs FCA US LLC [IMAGED]**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Breach of Contract/Warranty

---

 **APPEARANCES**

---

The Court, having taken the above-entitled matter under submission on 06/22/18 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

The Court MODIFIES the tentative ruling as follows:

Plaintiffs Kevin Hall and Vanessa Hall have brought a motion for attorneys' fees, costs and expenses in this matter.

As the prevailing parties, the Plaintiffs are entitled to recover their reasonable fees, costs and expenses. Civ. Code Sec. 1794(d).

Although this Court did not preside over this case prior to consideration of this motion, it notes that it has reviewed the relevant minute orders and filings contained in the Court's file as well as all papers filed with respect to this pending motion.

Having reviewed the declarations of Plaintiffs' counsel and attached billing records, the Court concludes that Plaintiffs have demonstrated that the hourly rate for all counsel and hours incurred in prosecuting this case were reasonable in amount.

In making this finding, the Court makes several observations.

First, the Court notes the somewhat extensive discovery disputes between the parties resulting in multiple ex parte and motion hearings.

Additionally, that the case did not settle until, as Plaintiffs indicate, the eve of trial after the Trial Readiness Conference and filing of various in limine motions.

---

CASE TITLE: Hall vs FCA US LLC [IMAGED]    CASE NO: **37-2016-00006383-CU-BC-CTL**

In opposing the motion, Defendant raised various arguments as to why the fees should be reduced.

For example, Defendant noted that it offered to buy back the Plaintiffs' vehicle shortly after this case was filed.   However, the offer to additionally pay penalties did not occur until the case ultimately settled.

Defendant also argued that Plaintiffs' attorneys' rates should be reduced and, as well, travel expenses eliminated because Plaintiffs chose to employ counsel outside of the San Diego area.   As support, Defendant cited *Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603. As relevant here, that case concerned whether higher out of the area rates could be charged for counsel where no counsel within the local area was available to handle the case.   Here, the Court finds Plaintiffs' counsel's rate to be consistent with San Diego lawyer rates and therefore the analysis of *Biological Diversity* is not necessary to reach.

The finding that the hourly rates are consistent with the rates charged in the San Diego community is based on this Court's familiarity with this issue.   Additionally, the Court has considered other trial court rulings submitted by Plaintiffs, not as precedent but as further support for a finding the attorneys' rates charged in this case are reasonable.

The Court rejects Defendant's request to deny Attorney Gieleghem's fees.   In arguing his fees should be eliminated, Defendant contended that no association of attorneys on behalf of this attorney was ever filed.   That, however, is incorrect.   See the Register of Actions at April 12, 2017.

Defendant also complained that certain Plaintiffs' attorneys billed more for attending a deposition than the actual time for the deposition.   Counsel, however, is permitted to seek their travel time and, as well, time incurred for preparing for a deposition.

The Court further finds the time anticipated by counsel to be spent reviewing the opposition and preparing a reply is reasonable.

The Court therefore grants the motion with respect to attorneys' fees and awards Plaintiffs attorneys' fees in the amount of $179,959.83.

Although the Court has concluded the lodestar fees are reasonable, the Court declines to award a multiplier as it does not believe the Plaintiffs have demonstrated that a multiplier would be appropriate in this case.

The motion to award costs and expenses in the amount of $19,068.83 is granted.

As a result of this ruling, Plaintiffs are entitled to recover from Defendant the total amount of $199,028.66.

In ruling on this motion, the Court overruled all evidentiary objections.

_____
Judge Richard S. Whitney

CIV-130

| | |
|---|---|
| PLAINTIFF/PETITIONER: Hall et al | CASE NUMBER: |
| DEFENDANT/RESPONDENT: FCA UC LLC | 37-2016-00006383 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

***(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)***

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   1840 Century Park East, Suite 430
   Los Angeles, CA 90067

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☐  deposited the sealed envelope with the United States Postal Service.

   b. ☒  placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):*  July 2, 2018

   b. from *(city and state):*  Los Angeles, CA

4. The envelope was addressed and mailed as follows:

   a. Name of person served:  Thomas Scutti
      Gates, O'Doherty, Gonter, & Guy, LLP
      Street address:  15373 Innovation Dr.  #170
      City:  San Diego
      State and zip code: CA 92128

   c. Name of person served:

      Street address:

      City:

      State and zip code:

   b. Name of person served:

      Street address:

      City:

      State and zip code:

   d. Name of person served:

      Street address:

      City:

      State and zip code:

   ☐  Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached __0__.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 2, 2018

| Andrea Carmona | ▶ | *Andrea Carmona* (signature) |
|---|---|---|
| (TYPE OR PRINT NAME OF DECLARANT) | | (SIGNATURE OF DECLARANT) |

Page 2 of 2

CIV-130 [New January 1, 2010]   **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

CEB
www.ceb.com

# EXHIBIT 25

Payam Shahian (SBN 228406)
pshahian@slpattorney.com
Benjeman Beck (SBN 268617)
Email: bbeck@slpattorney.com
Gabriele Pedone (SBN 308384)
Email: gpedone@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile:  (310) 943-3838

Attorneys for Plaintiffs KEVIN HALL
and VANESSA HALL

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**05/31/2018** at 04:30:00 PM

Clerk of the Superior Court
By Jessica Pascual, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| KEVIN HALL and VANESSA HALL,<br><br>       Plaintiff,<br><br>   v.<br><br>FCA US LLC; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.: 37-2016-00006383<br><br>*Case Initiated: February 25, 2016*<br>*Trial: July 21, 2017*<br><br>Hon. Joan M. Lewis<br>Dept. C-65<br><br>**DECLARATION OF PAYAM SHAHIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES**<br><br>Date:     June 22, 2018<br>Time:    8:30am<br>Dept:    C-65 |

## DECLARATION OF PAYAM SHAHIAN

I, Payam Shahian, declare as follows:

1.     I am an attorney admitted to the Bar of the State of California.  I am the managing partner of Strategic Legal Practices, APC ("Strategic"), counsel of record for Plaintiff KEVIN HALL and VANESSA HALL ("Plaintiff") in the above-entitled action.  My knowledge of the information and events described herein derives from a combination of my personal knowledge and a careful review of relevant court records and communications with other attorneys, and if called as a witness, I could and would competently testify thereto.

2.     I submit this declaration in support of Plaintiff's Motion for Attorney's Fees, Costs, and Expenses.

***Experience of Attorneys Involved in this Matter***

3.     I received my law degree in 2003 from the University of California, Hastings School of Law.  From 2004 to 2007, I worked at Bowman & Brooke LLP, a national defense firm, where I represented Ford Motor Company in consumer warranty cases.  From 2007 to 2010, I worked at a large Plaintiff's class action firm, where I handled complex consumer and employment cases.  In 2010, I founded Strategic, with a primary focus in consumer warranty and fraud cases, including class actions.

4.     I have extensive experience with claims brought under the Song-Beverly Consumer Warranty Act ("Song-Beverly") and other consumer protection statutes, both as a plaintiff and defense attorney, and I have litigated hundreds of automotive defect cases involving California's consumer protection statutes, including Song-Beverly.  *See, e.g.*, *Ehrlich v. BMW of N. America*, 801 F. Supp. 2d 908 (C.D. Cal. 2010); *Keegan v. Am. Honda Motor Co.*, *Inc.*, 838 F. Supp. 2d 929 (C.D. Cal. Jan. 6, 2012); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220 (C.D. Cal. 2011).

5.     I also have experience representing consumers in appellate matters.  *See Khani v. Ford Motor Company*, 215 Cal.App.4th 916 (2013) (reversing trial court's disqualification of Mr. Shahian and Strategic as chosen counsel for plaintiff in a Song-Beverly matter); *Aberdeen v. Toyota Motor Sales, U.S.A., Inc.*, 2011 WL 939250 (9th Cir. 2011) (affirming in part and

1

reversing in part district court's denial of class certification where Plaintiff alleged Toyota failed to disclose the real-world fuel economy of the Prius); *Price v. Automobile Club of Southern California*, 2010 WL 2028529 (L.A. Super. Ct. 2010) (ruling that lower court erred in sustaining defendant's demurrer without leave to amend because plaintiff was class member in another related uncertified case.).

6.    I have successfully negotiated settlements totaling millions of dollars on behalf of consumers nationwide.  *See, e.g.*, *Meyer v. Bebe Stores, Inc.*, Case No. 14-00267, Dkt. No. 164 (N.D. Cal. Dec. 6, 2017) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers who received text messages from Bebe Stores, Inc.); *Gray v. BMW of North America, LLC*, Case No. 13-3417, Dkt. No. 86 (D.N.J. Aug. 24, 2017) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers of certain BMW vehicles for alleged convertible top defect); *Haghayeghi v. Guess?, Inc.*, Case No. 14-cv-00020, Dkt. No. 100 (S.D. Cal. Apr. 25, 2017) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers who received text messages from Guess?, Inc.); *Zakskorn v. American Honda Motor Co., Inc.*, Case No. 11-02610, Dkt. No. 86 (E.D. Cal. June 9, 2015) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers of certain Honda Civic vehicles for alleged brake pad defect); *Asghari v. Volkswagen Group of America*, Case No. 13-02529, Dkt. No. 185 (C.D. Cal. May 29, 2015) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers of certain Audi and Volkswagen vehicles for alleged oil consumption defect); *Aarons v. BMW of North America, LLC*, Case No. 11-7667, Dkt. No. 152 (C.D. Cal. April 29, 2014) (as class counsel, achieved nationwide settlement on behalf of consumer of certain MINI vehicles for alleged transmission defect); *Keegan v. American Honda Motor Co, Inc.*, Case No. 10-09508, Dkt. No. 171 (C.D. Cal. Jan. 21, 2014) (as class-counsel, achieved a nationwide settlement on behalf of consumers of certain Honda Civics for alleged rear suspension defect); *Kennedy-Lebar v. Volkswagen Group of America, Inc.*, Case No. 10-05126, Dkt. No. 100 (D.N.J. 2013) (as class counsel, achieved a nationwide settlement on behalf of consumers of certain Audi vehicles for alleged headlight defect); *Sadowska v. Volkswagen Group of America, Inc.*, Case No. 11-00665, Dkt. No. 127 (C.D. Cal. 2013) (as class counsel, achieved a nationwide

2

SHAHIAN DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES

settlement on behalf of approximately 64,000 consumers of certain Audi vehicles for alleged transmission defect); *In re Mini Windshield Actions (Ehrlich v. BMW)*, Case No. 10-01151, Dkt. No. 94 (C.D. Cal. 2012) (as class counsel, achieved a nationwide class action settlement on behalf of consumers of MINI Coopers for alleged windshield defects); *Marsikian v. Mercedes-Benz USA, LLC*, Case No. 08-04876, Dkt. No. 125 (C.D. Cal. 2010) (nationwide class action settlement involving over 100,000 vehicles with an alleged water leak defect); *Haghayeghi v. Guess?, Inc.*, Case No. 14-00020, Dkt. No. 100 (S.D. Cal. Apr. 25, 2017) (nationwide class action settlement on behalf of persons who received text messages from Guess).

7. While I am not submitting any time I have spent in connection with supervising this matter, the following is a summary of cases in which my hourly rates have been approved. *See Meyer v. Bebe Stores, Inc.*, Case No. 14-00267, Dkt. No. 165 (N.D. Cal. December 6, 2017) (approving my requested hourly rate of $650); *Gray v. BMW of North America, LLC*, Case No. 13-3417, Dkt. Nos. 85-87 (D.N.J. Aug. 24, 2017) (approving my requested hourly rate of $650); *Haghayeghi v. Guess?, Inc.*, Case No. 14-cv-00020, Dkt. No. 100 (S.D. Cal. Apr. 25, 2017) (in 2017, approving my hourly rate of $650 in a Telephone Consumer Protection Act class action); *Zakskorn v. American Honda Motor Co., Inc.*, 2015 WL 3622990 (E.D. Cal June 9, 2015) (approving my requested hourly rate of $595); *Asghari, et al. v. Volkswagen Group of America, Inc., et al.*, Case No. 13-CV-02529, Dkt. No. 185 (C.D. Cal. May 29, 2015) (same); *Aarons et al. v. BMW of North America, LLC*, Case No. 11-cv-07667, Dkt. No. 152 (C.D. Cal. April 29, 2014) (in 2014, approving my hourly rate of $590 in consumer warranty matter involving BMW breach of warranty and its failure to disclose material defects to consumers); *Keegan et al. v. American Honda Motor Co., Inc.*, Case No. 10-cv-09508-MMM-AJW, Dkt. No. 171 (C.D. Cal. Jan. 1, 2014) (approving my hourly rate of $570 as the managing partner of Strategic); *Kennedy-Lebar et al. v. Volkswagen Group of America, Inc.*, Case No. 10-05126-KM-MF, Dkt. No. 100 (D.N.J. 2013) (same); *Sadowska et al. v. Volkswagen Group of America, Inc.*, Case No. 11-00665-BRO-AGR, Dkt. No. 127 (C.D. Cal. 2013) (same); *In Re Mini Windshield Actions*, Case No. 2:10-cv-01151-ABC (PJWx) (C.D. Cal. October 1, 2012) (approving my hourly rate of $550 as the managing partner of SLP); *Gong-Chun v. Aetna, Inc.*, Case No. 09-CV-01995-AWI-SKO (E.D.

Cal. July 11, 2011) (approving my hourly rate as an associate at a prior law firm in the amount of $520); *Marsikian v. Mercedes-Benz USA, LLC*, Case No. 08-CV-04876-AHM-FMO (C.D. Cal. May 17, 2010) (approving my hourly rate of $445 in 2010).

8.      Attached hereto as **Exhibit 1** is a true and correct copy of the February 27, 2014 Court Order adopting its tentative and granting plaintiff over 98% of the requested lodestar of time actually incurred (as well as a 1.5 multiplier enhancement on that lodestar) on plaintiff's motion for fees and costs in the lemon law matter of *Khani v. Ford Motor Company* (L.A. Super. Ct. February 27, 2014).

9.      In addition, attached hereto as **Exhibit 2** is a true and correct copy of the October 3, 2014 Court Order granting 100% of the lodestar requested in plaintiff's motion for fees and costs in the Song-Beverly matter of *Reyes v. Ford Motor Company* (L.A. Super. Ct., Civil Case No. BC521175).

10.      Attached hereto as **Exhibit 3** is a true and correct copy of the November 7, 2014 Court Order granting plaintiff's motion for fees and costs in the Song-Beverly matter of *Atanuspour v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC513063 (Nov. 7, 2014)).  Attached hereto as **Exhibit 4** is a true and correct copy of the November 12, 2014 Notice of Ruling granting plaintiff's motion for fees and costs in *Atanuspour v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC513063 (Nov. 12, 2014)).

11.      Attached hereto as **Exhibit 5** is a true and correct copy of a May 20, 2016 Order granting over 97% of the requested lodestar in plaintiff's motion for attorneys' fees, costs, and expenses in the Song-Beverly matter of *Derakshanian, et al. v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC548652),

12.      Attached hereto as **Exhibit 6** is a true and correct copy of a November 21, 2016 Order granting over 95% of the requested lodestar in plaintiff's motion for attorneys' fees, costs, and expenses in the Song-Beverly matter of *Moreno v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC556383).

13.      Attached hereto as **Exhibit 7** is a true and correct copy of a February 9, 2017 Notice of Entry of Order concerning the Court's Fee Order in the matter of *Violi v. Hyundai*

*Motor America, Inc.* (Los Angeles Super. Ct. Case No. BC574483). As reflected in the fee order, plaintiff's counsels were awarded a total of $40,966.26 in fees, costs, and expenses. Such amount represented at 100% award of the base lodestar requested (only the requested multiplier enhancement was denied).

14.     Attached hereto as **Exhibit 8** is a true and correct copy of a March 6, 2017 Minute Order granting 100% of the base lodestar in plaintiff's motion for attorneys' fees, costs, and expenses in the Song-Beverly matter of *Abedi-Masihi v. Mercedes-Benz USA, LLC* (Los Angeles Super. Ct., Case No. BC551688).  While the Court found "the actual time spent and reasonable hourly rates costs of the amount billed in this action," it did not specify the hourly rates.  Attached hereto as **Exhibit 9** is a true and correct excerpt of a true and correct excerpt of the Declaration of Payam Shahian, filed in support of Plaintiff's fee motion in the *Abedi-Masihi* matter.  As reflected, Attorneys Yu, Chae, and Chang sought (and were approved for) hourly rates of $495, $385, and $365, respectively.

15.     Attached hereto as **Exhibit 10** is a true and correct copy of a May 11, 2017 Notice of Entry of Order and Minute Order concerning the Court's Fee Order in the matter of *Bustamante v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC595544). As reflected in the fee order, SLP's fee request was predicated on a lodestar of $32,513 and $2,232.79. The Court, however, approved attorney fees and cost of $34,000 or approximately 99% of what SLP requested.

16.     Attached hereto as **Exhibit 11** is a true and correct copy of a May 9, 2017 Stipulation and signed Order regarding judgment of jury verdict with a 2 times civil penalty and attorney fees, costs, and expenses in the matter of *Vanwaus v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC591282). Plaintiff filed a motion seeking attorney fees, costs and expenses of approximately $203,000.00. Instead of continuing to litigate, the parties came to an agreement where FCA agreed to pay $200,000.00 in attorney fees, costs, and expenses or roughly 99% of what plaintiff originally sought in his motion.

17.     Attached hereto as **Exhibit 12** is a true and correct copy of a September 27, 2017 Minute Order concerning the Court's Fee Order in the matter of *Fuller v. FCA US, LLC* (Los

Angeles Super. Ct., Case No. BC556964). As reflected in the fee order, the Court awarded plaintiff 100% of the requested lodestar of time actually incurred (as well as a 1.5 multiplier enhancement on that lodestar).

18.    Attached hereto as **Exhibit 13** is a true and correct copy of the October 16, 2017 Minute Order in the matter of *Gutierrez v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC565468) granting approximately 90% of the requested lodestar in plaintiff's motion for attorneys' fees, costs, and expenses.

19.    Attached hereto as **Exhibit 14** is a true and correct copy of the November 28, 2017 Minute Order in the matter of *Seesholtz v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC556964) granting over 93% of the requested lodestar in plaintiff's motion for attorneys' fees, costs, and expenses.

20.    Attached hereto as **Exhibit 15** is a true and correct copy of the February 2, 2018 Order in the matter of *Villasenor v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC590404) granting approximately 90% of the requested lodestar in plaintiff's motion for attorneys' fees, costs, and expenses.

21.    Attached hereto as **Exhibit 16** is a true and correct copy of the Notice of Ruling and February 27, 2017 Tentative ruling in the matter of *Kazaryan v. Mercedes-Benz USA, LLC* (Los Angeles Super. Ct., Case No. BC574416) granting 100% of the requested lodestar for Strategic Legal Practices, APC in plaintiff's motion for attorneys' fees, costs, and expenses.

22.    Attached hereto as **Exhibit 17** is a true and correct copy of the Notice of Ruling and May 25, 2018 Tentative ruling in the matter of *Al-Jiboury v. FCA USA, LLC* (Los Angeles Super. Ct., Case No. BC648057) granting 100% of the requested of the requested lodestar incurred for Strategic Legal Practices, APC in plaintiff's motion for attorneys' fees, costs, and expenses.[1]

23.    Attached hereto as **Exhibit 18** is a true and correct copy of an October 30, 2015 Minute Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law

---

[1] The trial court in *Al-Jiboury* did not award the entirety of plaintiff *estimated* lodestar for drafting the reply brief.

6

matter of *Gerardo Medina v. South Coast Car Company* (San Diego Super. Ct., Civil Case No. 37-2013-00069866).  Therein, the Hon. Richard L. Strauss granted 100% of the requested fees, costs, and expenses and found "[h]ourly rates and time spent was reasonable". Attached hereto as **Exhibit 19** is a true and correct conformed copy of the Declaration of Hallen Rosner filed in support of plaintiff's Motion for Attorney's Fees, Costs & Expenses in the Song Beverly matter of *Gerardo Medina v. South Coast Car Company* (San Diego Super. Ct., Civil Case No. 37-2013-00069866).  As reflected, plaintiff's counsel sought rates between $570/hr to $340/hr. Such lemon law rates were approved by the Court in granting the requested fees.

### *Experience of Other Attorneys at Strategic Legal Practices, APC*

24.    As one of the firm's most senior attorney, I supervise other attorneys at the firm and do not get materially involved in the day-to-day handling of individual Lemon Law cases unless they involve complex legal issues, reach significant stages of litigation, or require my assistance per the request of attorney handling the matter.  In addition, as the founder of this firm, I am familiar with the experience and background of each attorney who has worked for Strategic Legal Practices.  Moreover, based on my own experience and review of relevant court orders in the Los Angeles area, I believe the following rates for each attorney who billed to this matter is reasonable.

25.    Gregory Yu received his law degree in 2003 from the University of Southern California, Gould School of Law.  From 2004 to 2006, Mr. Yu worked at a prominent Southern California insurance and employment defense firm representing national insurance companies. From 2006 to 2010, he worked at a plaintiff-side class action firm specializing in wage-and-hour and consumer law, where he helped to recover millions of dollars on behalf of employees nationwide.  Mr. Yu has been of-counsel to Strategic since 2011 and has been involved in litigating individual and class action consumer matters.

26.    Although Gregory Yu's hourly rate of $575 has been approved as most recently as in 2017 in another matter, we only seek here an hourly rate of $495, which is reasonable and consistent with what has been approved by the courts.  *See Haghayeghi v. Guess?, Inc.*, Case No. 14-00020, Dkt. No. 100 (S.D. Cal. Apr. 25, 2017) (approving Mr. Yu's requested hourly rate of

SHAHIAN DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES

$575); *Fuller v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC556964) (approving Mr. Yu's requested hourly rate of $495); *Zakskorn v. American Honda Motor Co., Inc.*, 2015 WL 3622990 (E.D. Cal June 9, 2015) (approving Mr. Yu's requested hourly rate of $550); *Asghari, et al. v. Volkswagen Group of America, Inc., et al.*, Case No. 13-CV-02529, Dkt. No. 185 (C.D. Cal. May 29, 2015) (same); *Aarons et al. v. BMW of North America, LLC*, Case No. 11-cv-07667, Dkt. No. 152 (C.D. Cal. April 29, 2014) (approving Mr. Yu's hourly rate of $545); *Violi v. Hyundai Motor America* (L.A. Super. Ct., Civil Case No. BC574483) (Feb. 6, 2017) (approving Attorney Yu's rate of $495)[2]; *Reyes v. Ford Motor Company* (L.A. Super. Ct., Civil Case No. BC521175 (Oct. 3, 2014)) (in a lemon law matter, approving Mr. Yu's then-hourly rate of $445, as requested back in calendar year 2014)[3]; *Khani v. Ford Motor Company* (L.A. Super. Ct., Civil Case No. BC466626, Feb. 27, 2014) (in a lemon law matter, approving Mr. Yu's then-hourly rate of $445 as requested back in calendar year 2014)[4]; *Keegan et al. v. American Honda Motor Co., Inc.*, Case No. 10-cv-09508-MMM-AJW, Dkt. No. 171 (C.D. Cal. Jan. 1, 2014) (approving Mr. Yu's hourly rate of $520); *Kennedy-Lebar et al. v. Volkswagen Group of America, Inc.*, Case No. 10-05126-KM-MF, Dkt. No. 100 (D.N.J. 2013) (same); *Sadowska et al. v. Volkswagen Group of America, Inc.*, Case No. 11-00665-BRO-AGR, Dkt. No. 127 (C.D. Cal. 2013) (approving Mr. Yu's hourly rate of $515); *Ehrlich v. BMW of North America, LLC*, Case No. CV 10- 01151-ABC-PJW (C.D. Cal. October 1, 2012) (approving Mr. Yu's hourly rate of $495).

27.     Mr. Beck received his law degree in 2009 from Thomas M. Cooley Law School and was admitted to the California State Bar in January 2010.  From 2009 to 2010 Mr. Beck worked at Farmer Case & Fedor representing insurance carriers in defense of personal injury cases.  Also in 2010, Mr. Beck was a reserve Deputy City Attorney with the Los Angeles City Attorney's Office where he prosecuted two jury trials involving misdemeanor driving under the influence charges.  From 2010 to 2011 he worked at Krohn & Moss, Ltd., where he represented individuals in consumer warranty cases and tried four "lemon law" jury trials to verdict.  Also in 2011, he worked at the Law Offices of Joseph Farzam where he represented individuals in

---

[2] Ex. 7, at pg. 4.
[3] *See,* Ex. 2, 5:4-6 & fn. 1.
[4] *See,* Ex. 1, at 12:11-20.

SHAHIAN DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES

personal injury cases where he tried one jury trial to verdict. From 2012 to January 15, 2015, Mr. Beck worked for Stephenson, Acquisto & Colman, Inc. where he represented large hospital systems against health insurers in hospital reimbursement cases and prosecuted an arbitration. Mr. Beck has been a supervising associate and trial counsel at Strategic Legal Practices, APC since January 16, 2015 and has tried multiple cases to verdict. Mr. Beck has experience with claims brought under the Song-Beverly Consumer Warranty Act and Magnuson-Moss Warranty Act. He has litigated over a hundred automotive defect cases involving the Song-Beverly Consumer Warranty Act and Magnuson-Moss Warranty Act, including trying four Song-Beverly Consumer Warranty Act cases. He is also assisting with Strategic Legal Practices, APC class action practice involving automotive defects.

28. Mr. Beck's requested 2016 hourly rate of $385, 2017 hourly rate of $400 and 2018 hourly rate of $410 is reasonable and consistent with the rates (as approved by California Courts) of other attorneys with similar years of experience at the Strategic Legal Practices. *See*, Ex 12 *Fuller v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC556964) (approving Mr. Beck's requested hourly rate of $400 for 2017); Ex 14 *Seesholtz v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC556964) (approving Mr. Beck's 2016 rate of $385/hr); Ex. 15, at 3:8-10 & fn. 1 [*Moreno v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC556383) (approving Attorney Devlin's 2015 rate of $375 who like Mr. Beck graduated law school in 2009 and Attorney Chae's 2015 rate of $365)]; Ex. 14, at pg. 4:5-5:2 [*Derakshanian v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC548652 (May 20, 2016)) (approving Attorney Devlin's 2015 rate of $375); Ex. 11, at 5:4-6 & fn. 1 [*Reyes v. Ford Motor Company* (L.A. Super. Ct., Civil Case No. BC521175 (Oct. 3, 2014)) (approving Attorney Chae's 2014 hourly rate of $355 in a Song-Beverly Matter against Ford Motor Company)]; Ex. 12-13 [*Atanuspour v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC513063 (Nov. 7, 2014)) (finding a "blended rate" of $350/hour as reasonable for attorney's with less than five years of experience (*see,* Ex. 13 at 2:12-16))].

29. Jacob Cutler received his law degree in 2009 from the University of Miami School of Law. He was admitted to the California State Bar in December of 2009. Prior to joining

9

SHAHIAN DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES

Strategic, he specialized in complex litigation and gained invaluable experience advocating on behalf of both plaintiffs and defendants in various civil disputes. As an associate of Strategic, Mr. Cutler focuses his practice in areas of consumer protection and automotive defect litigation.

30. Jacob Cutler's 2016 hourly rate of $385, 2017 hourly rate of $395, and 2018 hourly rate of $410 in this case is reasonable and consistent with what has been approved by the courts. *See Al-Jiboury v. FCA* (Los Angeles Superior Court Case No BC648057)(approving Mr. Cutler's 2018 rate of $410/hr); *Fuller v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC556964) (approving Mr. Cutler's requested 2016 rate of $385/hr and Mr. Beck's requested hourly rate of $400 for 2017 who like Mr. Cutler is a 2009 Law school graduate); *Villasenor v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC590404)(approving Mr. Cutler's 2017 rate of $395 an hour); *Abedi-Masihi v. Mercedes-Benz USA LLC* (L.A. Super. Ct., Civil Case No. BC551688 (March 6, 2017)) (approving Attorney Devlin's rate of $385 who like Mr. Cutler is a 2009 Law school graduate); *Moreno v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC556383) (approving Attorney Devlin's 2015 rate of $375).

31. Tionna Dolin, graduated from the University of California, Los Angeles with a Bachelor's degree in Psychology, and received her Juris Doctor from Loyola Law School in 2014. While attending law school, Ms. Dolin gained courtroom experience working as a Certified Law Clerk for the Los Angeles County District Attorney's Office. And after being admitted to the California State Bar in 2014, Ms. Dolin has gained widespread experience in private practice (representing her various clients' interests in civil court, criminal court, probate court, and family court) before joining the firm and focusing her practice on consumer protection matters in individual and class action matters

32. Tionna Dolin's requested 2016 hourly rate of $325 and 2017 rate of $350/hr in this case is reasonable and consistent with what has been approved by the courts. *See Abedi-Masiihi v. Mercedes-BenzUSA, LLC* (L.A. Super. Ct., Civil Case No. BC551688 (March 6, 2017)) (approving Attorney Dolin's 2016 rates of $325); *Moreno v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC556383) (approving Attorney Mellon's (a 2014 Bar admittee) rate of $325); *Atanuspour v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC513063

(Nov. 7, 2014)) (finding a "blended rate" of $350/hour as reasonable for attorney's with less than five years of experience.

33.    Sanay Panchal, a former associate of SLP, received his law degree from UC Berkeley, Boalt Hall School of Law and has been a member of the California State Bar since 2015. Prior to joining Strategic, Mr. Panchal gained experience in consumer law issues while working as a law clerk and also volunteered his time at the Legal Aid Society of San Diego. At SLP, Mr. Panchal focused on representing consumers in breach of warranty cases.

34.    The requested hourly rate of $325 in this case for Mr. Panachal is reasonable and within the range of approved rates for other attorneys with similar years of experience within Los Angeles County. See, Ex. 13-14 [Atanuspour v. BMW of North America, LLC (L.A. Super. Ct., Civil Case No. BC513063 (Nov. 7, 2014)) (finding a "blended rate" of $350/hour as reasonable for attorney's with less than five years of experience (see, Ex. 14 at 2:12-16))]; *Villasenor v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC590404)(approving Ms. Shin's 2016 hourly rate of $325.00 and requested 2017 hourly rate of $335.00. Ms Shin like Mr. Panchal was admitted to the CA State Bar in 2015).

35.    Gabriella Pedone received her law degree in 2015 from Thomas Jefferson School of Law.  She was admitted to the California State Bar in 2015. Prior to joining Strategic, Gabriella focused her career in Civil Litigation, gaining invaluable experience on behalf of both plaintiffs and defendants in employment law, personal injury, business litigation and insurance defense. She is a member of the Los Angeles Bar Association, Pasadena Bar Association and San Diego Bar Association.  As an associate of Strategic, Mr. Cutler focuses his practice in areas of consumer protection and automotive defect litigation.

36.    Gabriella Pedone's requested hourly rate of $325 is reasonable and consistent with what has been approved by the courts. *See Al-Jiboury v. FCA* (Los Angeles Superior Court Case No BC648057) (approving Ms. Pedone's 2017 rate of $325/hr and 2018 rate of $375/hr); *Abedi-Masiihi v. Mercedes-BenzUSA, LLC* (L.A. Super. Ct., Civil Case No. BC551688 (March 6, 2017)) (approving Attorney Dolin's 2016 rates of $325 who has similar experience to that of Ms. Pedone); *Moreno v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC556383)

(approving Attorney Mellon's (a 2014 Bar admittee) rate of $325); *Atanuspour v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC513063 (Nov. 7, 2014)) (finding a "blended rate" of $350/hour as reasonable for attorney's with less than five years of experience.).

37.     Larry Chae is a former attorney that worked at Strategic. He received his law degree from the University of San Diego in 2009 and has been admitted to the bar since February 2010. Since early 2011, he has represented hundreds of consumers in Song Beverly Consumer Warranty Act actions across the state in both state and federal courts. His experience representing consumers encompasses all aspects of litigation, from initial client consultation through fact and expert discovery, law and motion work, trials, post-trial motions, and appellate proceedings. In particular, Mr. Chae has tried (both as first chair and second chair) five jury trials to verdict and has obtained a plaintiff's verdict in the majority of those actions. Mr. Chae joined Strategic in January 2014.

38.     Larry Chae's 2016 hourly rate of $385 which was the hourly rate he billed for in this case prior to his departure in 2017 is reasonable and has been upheld as reasonable. See, Ex. 8 [Abedi-Masiihi v. Mercedes-Benz USA, LLC (L.A. Super. Ct., Civil Case No. BC551688 (March 6, 2017)) (approving Attorney Chae's 2016 rate of $385), See, Ex. 7, at pg. 5 [Violi v. Hyundai Motor America (L.A. Super. Ct., Civil Case No. BC574483(Feb. 6, 2017)) (approving Attorney Chae's 2016 rate of $385)]. See also, Ex. 6, at 3:8-10 & fn. 1 [Moreno v. BMW of North America, LLC (L.A. Super. Ct., Civil Case No. BC556383) (approving Attorney Chae's 2015 rate of $365)]; Ex. 5, at pg. 4:5-5:2 [Derakshanian v. BMW of North America, LLC (L.A. Super. Ct., Civil Case No. BC548652 (May 20, 2016)) (approving Attorney Chae's 2015 rate of $365)]; Ex. 2, 5:4-6 & fn. 1 [Reyes v. Ford Motor Company (L.A. Super. Ct., Civil Case No. BC521175 (Oct. 3, 2014)) (approving Attorney Chae's 2014 hourly rate of $355 in a Song- Beverly Matter against Ford Motor Company)].

39.     Michael Devlin is a former associate of SLP and a 2009 graduate of the University of Southern California Law School and has been admitted to practice law in California since December 2009.  Throughout the course of his career, he has successfully represented hundreds of consumers in lemon law cases. While his focus has largely been

12

related to consumer protection, Mr. Devlin has also represented clients in employment and labor disputes, business disputes, and real estate matters. He has extensive trial experience, having worked as lead, second, and/or solo trial chair and obtained favorable jury verdicts on numerous occasions involving lemon law cases. From 2009 to 2013, Mr. Devlin worked as an associate attorney at The Bickel Law Firm, Inc. in San Diego, California representing plaintiffs throughout the state in Song-Beverly Consumer Warranty Act disputes. Upon moving to Los Angeles in 2013, He worked as an associate at Yadegar, Minoofar & Soleymani LLP where he assisted in various types of disputes with a main focus on plaintiffs-side employment matters. Mr. Devlin joined Strategic in August 2014 and has since re-focused his practice on the representation of consumers both in individual consumer warranty actions as well as in class actions.

40.    Michael Devlin's requested 2017 rate of $400/hour is reasonable and consistent with his recently approved rates. *See Kazaryan v. Mercedes-Benz USA, LLC* (Los Angeles Super. Ct., Case No. BC574416) (approving his 2017 rate of $400/hr); *Villasenor v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC590404)(approving Mr. Devlin's 2016 rate of $385 an hour); *Fuller v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC556964) (approving Mr. Devlin's requested hourly rate of $385); Ex. 8 [*Abedi-Masiihi v. Mercedes-Benz USA, LLC* (L.A. Super. Ct., Civil Case No. BC551688 (March 6, 2017)) (approving Attorney Devlin's 2016 rate of $385) (*See,* Ex. 16 at ¶¶18-19)]; *See* Ex. 7 [*Violi v. Hyundai Motor America* (L.A. Super. Ct., Civil Case No. BC574483(Feb. 6, 2017)) (approving Attorney Devlin's 2016 rate of $385)].

41.    Eleazar Kim received his law degree in 2013 from the University of West Los Angeles School of Law. He was admitted to the California State Bar in June of 2014. Prior to joining Strategic, Eleazar represented clients in business and employment litigation. As counsel for government and public entities, he successfully defended against a wide range of employment related lawsuits. He also successfully litigated class action lawsuits against major corporations in state and federal courts and in arbitration. As an associate of Strategic, Mr. Kim focuses his practice in areas of consumer protection and automotive defect litigation.

13

42.     Mr. Kim's 2017 hourly rate of $350 is reasonable and in line with other attorneys at Strategic Legal Practices who have had their rates approved by other courts in California. See [*Moreno v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC556383) (approving Attorney Vongchanglor's rate of $345. Ms. Vonglongchor was admitted to the CA Bar in 2011)]; *Gutierrez v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC565468) (approving Attorney Lee's rate of $350. Ms. Lee is a 2013 law school graduate. Also approving Ms. Cronk's requested rate of $385/hr. Ms. Cronk is a 2010 law school graduate; [*Atanuspour v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC513063 (Nov. 7, 2014)) (finding a "blended rate" of $350/hour as reasonable for attorney's with less than five years of experience (*see,* Ex. 14 at 2:12-16))]

43.     Jared Walder is a former associate of Strategic Legal Practices. He graduated from Vanderbilt School of Law and was admitted to the California State Bar in August of 2016. As an associate of Strategic, Mr. Walder focused his practice in areas of consumer protection and automotive defect litigation.

44.     Mr. Walder's 2017 hourly rate of $325 is reasonable and in line with other attorneys at Strategic Legal Practices who have had their rates approved by other courts in California. *See Atanuspour v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC513063 (Nov. 7, 2014)) (finding a "blended rate" of $350/hour as reasonable for attorney's with less than five years of experience (see, Ex. 14 at 2:12-16))]; *Abedi-Masiihi v. Mercedes-BenzUSA, LLC* (L.A. Super. Ct., Civil Case No. BC551688 (March 6, 2017)) (approving Attorney Dolin's 2016 rates of $325 who has similar experience to that of Mr. Walder); *Villasenor v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC590404)(approving Ms. Shin's 2016 hourly rate of $325.00 and requested 2017 hourly rate of $335.00. Mr. Walder has similar experience to that of Ms Shin).

45.     Tina Farazian is a former associate of Strategic Legal Practices. She graduated from Pepperdine University School of Law and was admitted to the California State Bar in December of 2011. As an associate of Strategic, Ms. Farazian focused her practice in areas of consumer protection and automotive defect litigation.

14

46.    Ms. Farazian's 2017 hourly rate of $375 is reasonable and in line with other attorneys at Strategic Legal Practices who have had their rates approved by other courts in California. *See Al-Jiboury v. FCA* (Los Angeles Superior Court Case No BC648057) (approving Ms. Pedone's 2017 rate of $325/hr and 2018 rate of $375/hr who has similar experience to that of Ms. Farazian); [*Moreno v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC556383) (approving Attorney Vongchanglor's rate of $345. Ms. Vonglongchor was admitted to the CA Bar in 2011 like Ms. Farazian)]; *Gutierrez v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC565468) (approving Attorney Lee's rate of $350. Ms. Lee is a 2013 law school graduate.); *Atanuspour v. BMW of North America, LLC* (L.A. Super. Ct., Civil Case No. BC513063 (Nov. 7, 2014)) (finding a "blended rate" of $350/hour as reasonable for attorney's with less than five years of experience.).

### ***Schedule of Fees and Costs***

47.    It is the custom and practice of attorneys at Strategic to contemporaneously track their time during litigation and subsequently enter it into the firm's billing software during the normal course of business.  Attached hereto as **Exhibit 20** is a true and correct copy of my firm's computerized billing records which I have reviewed and audited.  In an exercise of billing judgment, I have removed or reduced any entry that I believed may be unnecessary, duplicative, excessive or otherwise. I have also removed several attorneys with minimal hours who were not materially involved in this case.[5]

48.    Plaintiff's counsel also expects to incur over $5,000 in attorney's fees in connection with reviewing Defendant's Opposition to Plaintiff's Motion for Attorney's Fees, Costs, and Expenses and preparing the Reply brief, and preparation for and attendance at the hearing on such motion.  Nevertheless, Plaintiff's counsel is seeking only $5,000 in connection with these anticipated future tasks.

49.    Accordingly, the total amount of SLP's attorney's fees being requested in this matter on Plaintiff's behalf is as follows:

---

[5] Strategic is also not seeking any fees for time spent by the firm's legal support staff who assisted the attorneys in this case.

15

| Base (unadjusted) lodestar for Strategic Legal Practices, APC: | $161,049.83 |
|---|---|
| Base (unadjusted) lodestar for Gieleghem Law Office[6] | $13,910.00 |
| Multiplier enhancement (0.50 x base lodestar): | $87,479.92 |
| Additional anticipated fees for Reply and attendance at hearing: | $5,000 |
| Costs & Expenses: | $26,049.04 |
| **TOTAL:** | $293,488.79 |

50.    As set forth above, Plaintiff's counsel, Strategic, seeks reimbursement for cost and expenses in the amount of $26,049.04 as documented

### *Contingent Fee*

51.    Our firm took Plaintiff's case on a contingent basis.  Accordingly, our costs and fees were completely contingent upon a successful resolution of Plaintiff's case.  Because this case was undertaken on a contingent fee basis, had we lost, our firm would have lost all expenses incurred and fees generated in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: May 31, 2018                    ___*Pazam Shahi*_____

PAYAM SHAHIAN

---

[6] A copy of Mr. Gileghem's declaration, including exhibits, is attached here to as Exhibit 21.

16

SHAHIAN DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES

# EXHIBIT 26

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

BC710535
OSCAR MILLAN VS KIA MOTORS AMERICA INC

March 14, 2022
8:30 AM

Judge: Honorable Stephen I. Goorvitch
Judicial Assistant: R. Mendoza
Courtroom Assistant: K. Ghazarian

CSR: Sheila Pham CSR# 13293 (Remote)
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Sepehr Daghigian, Esq (Telephonic) by Michael Rosenstein; Matthew J. Pardo

For Defendant(s): Marcelo Lee by Mikaela Jackson (Telephonic)

**NATURE OF PROCEEDINGS:** Order to Show Cause Re: Dismissal (Settlement); Hearing on
Motion for Attorney Fees

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956,
Sheila Pham, CSR # 13293, certified shorthand reporter is appointed as an official Court reporter
pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter
Agreement. The Order is signed and filed this date.

The matter is called for hearing.

Counsel for plaintiff submits on the Court's tentative.

Counsel for defendant submits on the Court's tentative.

The Court's tentative shall issue as the Order of the Court.

After reading and considering all moving documents, and conferring with counsel, the court
rules as follows:

The Motion for Attorney Fees filed by Oscar Millan on 02/15/2022 is Granted.

BACKGROUND

Plaintiff filed this case under the Song-Beverly Consumer Warranty Act on June 15, 2018. The
parties engaged in extensive litigation, which included responsive motions, a petition for
coordination, numerous discovery motions, a motion for summary judgment, and motions in
limine. The case settled two days before trial. Now, Plaintiff's counsel seeks attorney's fees
totaling $173,759.83 consisting of: (1) $93,677.50 in attorney's fees for Strategic Legal
Practices, (2) $22,327.50 in attorney's fees for California Consumer Attorneys, P.C., (3) A

Minute Order                                                              Page 1 of 5

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

BC710535                                                                March 14, 2022
**OSCAR MILLAN VS KIA MOTORS AMERICA INC**                               8:30 AM

Judge: Honorable Stephen I. Goorvitch          CSR: Sheila Pham CSR# 13293 (Remote)
Judicial Assistant: R. Mendoza                 ERM: None
Courtroom Assistant: K. Ghazarian              Deputy Sheriff: None

multiplier enhancement of 1.35, (4) Costs and expenses of $13,653.09, and (5) An additional $3,500 for litigation relating to this motion. The Court agrees that substantial attorney's fees are warranted in this case given the extensive litigation and awards a total of $114,364.32 plus costs of $13,653.09.

LEGAL STANDARD

The determination of reasonable amount of attorney fees is within the sound discretion of trial courts. (PLCM Group v. Drexler (2000) 22 Cal.4th 1084, 1095; Akins v. Enterprise Rent-A-Car Co. (2000) 79 Cal. App. 4th 1127, 1134.) The burden is on the party seeking attorney fees to prove reasonableness of the fees. (Center for Biological Diversity v. County of San Bernardino (2010) 188 Cal. App. 4th 603, 615.) The Court has broad discretion in determining the amount of a reasonable attorney's fee award which will not be overturned absent a "manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence." (Bernardi v. County of Monterey (2008) 167 Cal. App. 4th 1379, 1393-94.) The Court need not explain its calculation of the amount of attorney's fees awarded in detail; identifying the factors considered in arriving at the amount will suffice. (Ventura v. ABM Industries Inc. (2012) 212 Cal.App.4th 258, 274-75.)

DISCUSSION

Defendant argues that Plaintiff is seeking excessive legal fees. Although the Court agrees that some reduction is appropriate, in large part, Defendant created its own problem by making "penny-wise, pound-foolish" settlement offers and by litigating this case to the eve of trial. By its own admission, Plaintiff purchased the vehicle for $35,868.20. (See Declaration of Mikaela M. Jackson, ¶ 8.) This action was filed on June 15, 2018. Defendant made the first offer to settle this case over one year later, on July 2, 2019. (Id., ¶ 18.) Although Defendant references this offer in its opposition, it has not disclosed the amount, suggesting it was quite low. Then, almost two years after the case was filed, on March 16, 2020, Defendant offered to buy-back the vehicle for $26,500. (Id., ¶ 19.) This was less than the purchase price of the vehicle, especially considering the time value of money. Incredibly, this offer was made after Judge Elizabeth Feffer (the undersigned's predecessor) denied a demurrer to the fraud claim and a motion to strike the prayer for punitive damages. Then, over three years after the case was filed, on September 8, 2021, Defendant reiterated the same offer of $26,500. (Id., ¶ 20.) Incredibly, this third offer was made after Judge Armen Tamzarian denied summary adjudication of a fraud claim against Defendant in a different case for the same vehicle and the same defect. (See Plaintiff's Request for Judicial Notice in Support of Opposition to Defendant's Motion for Summary Judgment, Exh. #1, filed on October 8, 2021.) The undersigned ruled the same way as Judge Tamzarian on

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

**BC710535**                                                                        March 14, 2022
**OSCAR MILLAN VS KIA MOTORS AMERICA INC**                                            8:30 AM

Judge: Honorable Stephen I. Goorvitch          CSR: Sheila Pham CSR# 13293 (Remote)
Judicial Assistant: R. Mendoza                 ERM: None
Courtroom Assistant: K. Ghazarian              Deputy Sheriff: None

Defendant's motion. (See Court's Minute Order, dated November 9, 2021.)

The Court also is troubled by the evidence in this case. Just like Judge Tamzarian, the undersigned denied the motion for summary adjudication suggesting that Defendant was aware of the vehicle defects giving rise to this (and other) cases. As the Court noted in its order denying Defendant's motion for summary judgment, Defendant cannot rely on the "safe harbor" of Santana v. FCA US, LLC (2020) 56 Cal.App.5th 334, 345-346 because "the record reflects that Defendant was aware of a defect that it was unable to repair, and not a minor defect lasting only a short period of time." (Court's Minute Order, dated November 9, 2021.)

In sum, Defendant created its own problem. Defendant refused to acknowledge the weaknesses in its case. Defendant elected to fight "tooth and nail," which included a motion for summary judgment. Defendant did not settle the case until the eve of trial. Based upon this record, the Court is not sympathetic to Defendant's arguments that the attorney's fees are high.

Nevertheless, the Court agrees that some reduction in attorney's fees is appropriate under the circumstances. The Court will address each request separately.

A. Attorney's Fees for Strategic Legal Practices

Plaintiff's counsel seeks $93,677.50 in attorney's fees for Strategic Legal Practices, which did the bulk of the work in this case. The Court is concerned by the number of attorneys who worked on this case, which necessarily gives rise to some inefficiencies. The Court is concerned that certain of the rates are slightly high. Finally, the Court is concerned that some of the discovery practice in this case should not have been necessary. Therefore, the Court reduces this amount by 20% to account for these issues and awards $74,942.

B. Attorney's Fees for California Consumer Attorneys

Plaintiff's counsel seeks $22,327.50 in fees for California Consumer Attorneys. The Court generally affords more attorney's fees for the attorneys retained to try the cases, as trial lawyers often command higher rates than lawyer who handle pretrial matters. In this case, however, it appears that there was not a straight division of labor between Strategic Law Practices and California Consumer Attorneys. Therefore, the Court reduces this amount by 20% for the same reasons discussed above and awards $17,861.60.

C. Multiplier Enhancement

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

BC710535                                                                March 14, 2022
**OSCAR MILLAN VS KIA MOTORS AMERICA INC**                              8:30 AM

Judge: Honorable Stephen I. Goorvitch          CSR: Sheila Pham CSR# 13293 (Remote)
Judicial Assistant: R. Mendoza                 ERM: None
Courtroom Assistant: K. Ghazarian              Deputy Sheriff: None

---

Once the Court has determined an appropriate lodestar figure, the Court can determine whether that figure should be adjusted with a positive or negative multiplier. (Doppes v. Bentley Motors, Inc. (2009) 174 Cal.App.4th 967, 997.) "Whether a multiplier or demultiplier is appropriate is based on several factors, including (1) the risks presented by the litigation; (2) the novelty and difficulty of the legal and factual issues involved; (3) the results obtained on behalf of the plaintiff; and (4) the skill exhibited by counsel. (In re Consumer Privacy Cases (2009) 175 Cal.App.4th 545, 556.) "The 'results obtained' factor can properly be used to enhance a lodestar calculation where [1] an exceptional effort produced [2] an exceptional benefit." (Graham v. DaimlerChrysler Corp. (2005) 34 Cal.4th 553, 582, numerical alterations added.)

Plaintiff's counsel satisfies this standard. The case presented difficulties for Plaintiff's counsel, given the "battle" that Defendant wages, and Plaintiff achieved an extraordinary result. Therefore, the Court awards a multiplier of 1.2, which is an additional 20% in attorney's fees.

D. Costs and Expenses

Plaintiff's counsel seeks costs and expenses of $13,653.09. Normally, this would require a memorandum of costs and a motion to tax costs, but both parties appear to stipulate that the Court can resolve this issue on this motion, which promotes judicial efficiency. There appears to be only one issue in dispute: Whether Plaintiff is entitled to reimbursement for certain data storage charges. Neither party identifies this charge in the billing summary, and the Court could not locate any charge for data storage. Because Plaintiff did not appear to bill for this charge, there is nothing for the Court to reduce.

E. Attorney's Fees for this Motion

Plaintiff's counsel is entitled to its legal fees for this motion. The Court awards $3,000, as the Court believes that is fair and appropriate.

CONCLUSION AND ORDER

The Court orders as follows:

1. The Court grants Plaintiff's motion and awards the following fees: (1) Attorney's fees to Strategic Law Practices in the amount of $74,942, (2) Attorney's fees to California Consumer Lawyers in the amount of $17,861.60, (3) A multiplier of 1.2, meaning that Strategic Law Practices is entitled to an additional $14,988.40, and California Consumer Lawyers is entitled to an additional $3,572.32, and (4) Additional attorney's fees of $3,000. Based upon the foregoing,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

**BC710535**                                                                    March 14, 2022
**OSCAR MILLAN VS KIA MOTORS AMERICA INC**                                       8:30 AM

Judge: Honorable Stephen I. Goorvitch          CSR: Sheila Pham CSR# 13293 (Remote)
Judicial Assistant: R. Mendoza                 ERM: None
Courtroom Assistant: K. Ghazarian              Deputy Sheriff: None

Defendant shall pay Plaintiff's counsel a total of $114,364.32 within sixty (60) days. The Court authorizes the parties to correct any mathematical errors in this order without further order of the Court.

2. The Court orders Defendant to pay Plaintiff's counsel costs in the amount of $13,653.09.

3. The Court grants the parties stipulation for the Court to retain jurisdiction to enforce the parties' settlement agreement and this order under Code of Civil Procedure section 664.6.

4. The Court dismisses this case with prejudice.

5. Plaintiff's counsel shall provide notice and file proof of such with the Court.

The Court orders the Amended Complaint (1st) filed by Oscar Millan on 03/14/2019 dismissed without prejudice.

The Court retains jurisdiction to make orders to enforce any and all terms of settlement, including judgment, pursuant to Code of Civil Procedure Section 664.6.

The following event(s) is/are advanced to this date and vacated:
06/15/2022 9:00 AM Hearing on Motion for Attorney Fees in Department 39

# EXHIBIT 27

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 45

**19STCV26274**                                                                                 March 14, 2022
**JASON J. ARNOLD, et al. vs FCA US, LLC, et al.**                                                8:30 AM

Judge: Honorable Mel Red Recana            CSR: Linda Lee, CSR # 13568 (Video)
Judicial Assistant: J. Marquez             ERM: None
Courtroom Assistant: G. Mack               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Eliana Amirian (Video) for Tionna Grace Dolin

For Defendant(s): Jeffery Fadeff (Video) for Thomas Joseph Walsh

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

The Court issues a tentative ruling and all counsel are provided with a copy.

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Linda Lee, CSR # 13568, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The matter is called for hearing.

The Court and counsel confer regarding the tentative ruling. Counsel argues on the tentative ruling. After oral argument the Court rules as follows:

The Motion for Attorney Fees filed by Melissa L. Arnold, Jason J. Arnold on 02/09/2022 is Granted.

The Court Grants Plaintiff's motion for attorneys' fees in the total reduced amount of $50,480.30 in attorneys' fees.

The Court Denies Without Prejudice Plaintiffs' motion for costs and expenses.

The tentative ruling becomes the final Order of the Court which is signed and filed this date and incorporated by reference herein.

Notice is waived.

# EXHIBIT 28

2022 WL 1013433
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

Mo RAHMAN

v.

FCA US LLC et al.

Case No.: 2:21-cv-02584-SB-JC
|
Filed 03/29/2022

**Attorneys and Law Firms**

Daniel A. Law, Tionna Dolin, Simi Peterson, Matthew Jeffrey Pardo, Strategic Legal Practices APC, Regina Lotardo, Blair and Ramirez LLP, Los Angeles, CA, for Mo Rahman.

Eric D. Sentlinger, Sarah Marie Carlson Lambert, Spencer Peter Hugret, Vernice Trina Louie, Gordon Rees Scully Mansukhani LLP, Amy Patricia Maclear, Shook Hardy and Bacon LLP, San Francisco, CA, for FCA US LLC.

**Proceedings: [In Chambers] ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [Dkt. No. 45]**

STANLEY BLUMENFELD, JR., United States District Judge

**\*1** This is a lemon law case filed by Plaintiff Mo Rahman against Defendant FCA US LLC. The parties reached a settlement on Plaintiff's claims in September 2021 that was finalized in February 2022. Pursuant to the settlement, Plaintiff filed this motion for attorneys' fees and costs. Dkt. No. 45. Defendant filed an opposition that does not dispute Plaintiff's entitlement to fees under the Song-Beverly Consumer Warranty Act (SBA) but contends that the amount of fees claimed are excessive. Dkt. No. 58. The Court finds this matter suitable for resolution without oral argument and vacates the April 1, 2022 hearing. Fed. R. Civ. P. 78; L.R. 7-15.[1] For the reasons stated below, Plaintiff's motion is **granted** in part.

**BACKGROUND**

Plaintiff purchased a 2015 Jeep Grand Cherokee manufactured by Defendant in June 2016. Compl. ¶ 9, Dkt. No. 1-2. After experiencing repeated mechanical problems with the vehicle, Plaintiff filed this action in state court in July 2020 alleging violations of the SBA and an additional claim for fraudulent inducement. *Id.* The parties litigated the case in state court for eight months, including a motion to compel arbitration, a motion to strike, and the filing of two amended versions of the complaint. In November 2020, Defendant first offered to settle the action for $48,835.00 and $8,000 in attorneys' fees, which Plaintiff did not accept. Dkt. No. 45-3. Defendant removed on the basis of diversity in March 2021 after Plaintiff voluntarily dismissed the dealership, a non-diverse party. Dkt. No. 1. Plaintiff filed a motion to remand, which the Court denied. Dkt. No. 29. The parties resolved Plaintiff's claims during mediation and filed a notice of settlement on September 23, 2021. Dkt. No. 33. Under the settlement agreement, Plaintiff will receive $70,000 as full restitution for his claims, plus civil penalties, and Defendant agreed to pay Plaintiff's attorneys' fees and costs pursuant to a motion before the Court. Motion at 14. The parties later resolved Plaintiff's request for costs. Dkt. No. 51, at 1 n.1. Thus, the only remaining issue for the Court to resolve is Plaintiff's attorneys' fees.

**REQUESTS FOR JUDICIAL NOTICE AND OBJECTIONS**

Plaintiff filed a request for judicial notice (RJN), and both parties filed numerous evidentiary objections. Dkt. Nos. 47 (RJN), 60–61 (Defendant's Objections), 64-2 (Plaintiff's Response to Defendant's Objections), 64-3 (Plaintiff's Objections). Plaintiff requests that the Court take judicial notice of 24 orders from state and federal courts granting motions for attorneys' fees and costs to Plaintiff's counsel, as well as two declarations filed in support of prior motions for attorneys' fees in other cases. RJN; Shahian Decl. Exs. 1–26, Dkt. Nos. 45-9 to 45-34. Defendant objects to these requests, arguing that they are not directly relevant to the issues before the Court. Dkt. No. 60. Plaintiff's request is unnecessary because "when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (cleaned up). Nonetheless, the Court **grants** Plaintiff's request and **overrules** Defendant's objections thereto because court filings are properly subject to judicial notice. *Zargarian v.*

*BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1223 (C.D. Cal. 2020).

**\*2** The parties make additional boilerplate objections to their respective declarations, most of which are objections to statements about the procedural history of this case. *See, e.g.*, Dkt. No. 61, at 10 (Defendant objects to Tionna Dolin's declarative statement that "[o]n September 30, 2020, Plaintiff filed a First Amended Complaint"); Dkt. No. 64-3, at 2 (Plaintiff objects to Eric Settlinger's declarative statement that "[a]t 12:30 a.m. on March 1, 2022, Plaintiff filed this Motion and supporting declarations"). Defendant also objects to paragraph 7 of Payam Shahian's declaration, which lists cases that have approved her hourly rate, as irrelevant and prejudicial. Dkt. No. 60, at 2–3. Defendant's objection appears to be an argument on the merits of Plaintiff's claim, arguing that Plaintiff's cases do not present an accurate picture of prevailing market rates. *Id*. Indeed, Defendant cites the same case—and makes the same argument—in its opposition. Opp. at 10–11. In any event, this evidence is not irrelevant because the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006). Nor is it prejudicial, as Defendant may rebut Plaintiff's market-rate evidence in its opposition. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). Accordingly, Defendant's objection to paragraph 7 of Shahian's declaration is **overruled**. As the Court does not rely on any of other portions of declarations subject to an objection, the remainder of both parties' objections are **overruled** as moot. *A.B. v. Facebook, Inc.*, No. CV 20-9012-CBM-(MAAx), 2021 WL 2791618, at \*2 (C.D. Cal. June 1, 2021).

## LEGAL STANDARD

The SBA provides for the award of reasonable attorney's fees and costs to a prevailing plaintiff. Cal. Civ. Code § 1794(d). The parties agree that Plaintiff is entitled to attorney's fees under the SBA as the prevailing plaintiff pursuant to the settlement agreement; however, they disagree as to whether the fees incurred by Plaintiff in litigating this action were reasonable. In examining reasonableness under this section, a

court must "ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104, 37 Cal.Rptr.2d 149 (1994). The *Nightingale* court explained:

> At the outset, it is important to note that we are not concerned in this case with a customary statutory or contractual provision which merely provides for "reasonable attorney fees." The statute we are dealing with takes a somewhat different approach. It requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable. These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved.... A prevailing buyer has the burden of "showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.' "

*Id*. (quoting *Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal. App. 4th 807, 816, 5 Cal.Rptr.2d 770 (1992)). A court may not "categorically deny or reduce an attorney fee award" due to a plaintiff's failure to accept an initial settlement offer if the ultimate recovery exceeds the original offer. *Reck v. FCA US LLC*, 64 Cal. App. 5th 682, 687, 279 Cal.Rptr.3d 175 (2021).

## DISCUSSION

Plaintiff seeks to recover a total of $54,896.53 in attorneys' fees: $38,071.50 in fees, plus an additional $13,325.03 for a 1.35 multiplier enhancement and $3,500 in anticipated fees incurred in bringing this motion. Motion at 16.

### A. Reasonable Hourly Rate

The first step in calculating counsel's lodestar is determining whether the requested hourly rate is reasonable. *Forouzan v. BMW of N. Am., LLC*, No. CV 17-3875-DMG (GJSx), 2019 WL 856395, at \*4 (C.D. Cal. Jan. 11, 2019). Plaintiff requests the fees of 14 attorneys who worked on this case:

| Name | Year Admitted | Rate |
| --- | --- | --- |
| Aaina Duggal | 2018 (N.Y.); 2021 (Cal.) | $365 |
| Daniel Law | 2016 | $425 |

| Eliana Amirian | 2021 | $375 |
|---|---|---|
| Jaclyn Laing | 2017 | $385 |
| Jason Clark | 2007 | $565 |
| James Doddy | 2004 | $595 |
| Mark Gibson | 2008 | $450 |
| Matthew Pardo | 2017 | $390 |
| Neil Butala | 2013 | $460 |
| Nino Sanaia (law clerk) | N/A | $285 |
| Payam Shahian | 2003–2004 | $695 |
| Regina Lotardo | Unknown | $435 |
| Sean Crandall | 2015 | $425 |
| Tionna Dolin | 2014 | $425/$450/$490 |

**\*3**  Motion at 9–10.

Defendant cites two cases where lower rates were awarded. *See* Opp. at 11 (citing *Arias v. Ford Motor Co.*, No. EDCV181928PSGSPX, 2020 WL 1940843, at \*4 (C.D. Cal. Jan. 27, 2020); *Hernandez v. FCA U.S. LLC*, No. CV 17-5452-GW(ASx), 2019 WL 2932637, at \*3 (C.D. Cal. Jan. 4, 2019)). But Plaintiff cites to numerous recent opinions from courts in Los Angeles County that have approved the same or substantially similar rates for each member of Plaintiff's counsel, with the exception of Nino Sanaia. Shahian Decl., Dkt. No. 45-8, ¶¶ 7, 35, 37, 39, 41, 43, 45, 47, 49, 51, 55, 57, 59. Sanaia's rate also appears reasonable—she received her bar license in a foreign country in 2015 and requests a rate similar to what is reasonable for paralegals in this district, which the Court finds to be a fair comparison given her experience. *See Taylor Farms Cal., Inc. v. Cooper's Cold Foods, Inc.*, No. 19-cv-8924 DDP (GJSx), 2021 WL 5178475, at \*2 (C.D. Cal. Nov. 8, 2021) ("[S]everal other courts within the district have held rates of $150 to $276.25 to be reasonable for the work of paralegals depending on their degree of experience and skill."). Accordingly, the Court finds that the attorneys' requested hourly rates are reasonable.

**B. Reasonable Number of Hours**

Plaintiff submits that counsel spent a total of 86.6 hours on this case. Billing Records, Dkt. No. 45-35. Defendant argues that there are multiple deficiencies in Plaintiff counsel's billing records that justify reducing the number of hours: (1) extricable work, (2) excessive or duplicative billing, (3) improper block billing, and (4) overly vague entries. Opp. at 6–10.

Defendant argues that the work should not award counsel for work related to Plaintiff's fraud claim, citing *Santana v. FCA US, LLC*, 56 Cal. App. 5th 334, 349, 270 Cal.Rptr.3d 335 (2020) and *Akins v. Enter. Rent-A-Car Co. of S.F.*, 79 Cal. App. 4th 1127, 1133, 94 Cal.Rptr.2d 448 (2000). This argument is manifestly meritless. While *Akins* does state that a party may "recover only on the statutory causes of action" for which attorneys' fees are provided, it also provides two exceptions to this rule: (1) the fees were "incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not" and (2) "[w]hen the liability issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not." 79 Cal. App. 4th at 1133, 94 Cal.Rptr.2d 448. The latter exception applies to Plaintiff's fraud and SBA claims—the same conclusion reached by the court in *Santana*.

56 Cal. App. 5th at 347, 270 Cal.Rptr.3d 335 (describing the plaintiff's "two causes of action—fraud and Song-Beverly Act—as encompassing 'one set of facts' ").

Defendant points to only two entries as excessive: 1.7 hours to prepare the complaint and 0.3 hours to file the civil coversheet. Opp. at 7. These entries are excessive for a routine lemon law case; drafting a boilerplate complaint should not take more than an hour, nor should drafting the simple civil coversheet take more than 15 minutes. Indeed, Plaintiff's counsel appear to acknowledge that it used a template to draft the complaint. Dkt. No. 64-1, Ex. 1, at 1; *see also James v. AT&T W. Disability Benefits Program*, No. 12-cv-06318-WHO, 2014 WL 7272983, at *4 (N.D. Cal. Dec. 22, 2014) (finding one hour spent drafting and modifying a complaint derived from a template to be reasonable). Accordingly, the Court finds that some of counsel's entries are excessive and justify a reduction.

 **\*4**  Defendant also contends that Plaintiff billed for duplicative work among the numerous attorneys on this case. But all the examples highlighted by Defendant are for time spent reviewing or revising work drafted by another attorney, which Defendant has not shown was improper here. *See Mitchell v. Metro. Life Ins. Co.*, No. CV 05-00810 DDP (RNBx), 2008 WL 1749473, at *3 (C.D. Cal. Apr. 7, 2008) ("It is not unusual for one attorney to draft a brief, for another attorney to review and revise the brief, and then for the drafting attorney to make final edits and changes."). And while the Court may agree that staffing 14 lawyers on a routine lemon-law case is excessive, the Ninth Circuit has held that a district court "may not set the fee based on speculation as to how other firms would have staffed the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008). Instead, a district court's review is confined to determining whether counsel's staffing choices resulted in excessive or duplicative billing. Here, Defendant has not shown that counsel's billing records are duplicative, or that the large number of attorneys resulted in excessive billing.

The Court agrees with Defendant, however, that Plaintiff's counsel engaged in block billing, which "does not allow the Court to scrutinize the amount of time spent performing each task." *Servin v. FCA US LLC*, No. 5:20-cv-00647-SB-KK, 2021 WL 4860691, at *2 (C.D. Cal. Aug. 20, 2021); *see also Welch v. Metro. Life Ins. Co.*, 480 F. 3d 942, 945 n.2 (9th Cir. 2007) (suggesting that block billing may justify a reduction of up to 30% for block-billed time); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 968 (N.D. Cal. 2014) (construing *Welch*

to authorize a district court "to reduce block-billed hours by 10% to 30%"). The time entries submitted by Plaintiff contain multiple "examples where, because of block billing, it is impossible to determine whether the time requested for any one task was reasonable." *Banas*, 47 F. Supp. 3d at 967. For example, on February 24, 2021, Mr. Law billed 1.5 hours for: "Draft Opp to MOTION TO COMPEL ARBITRATION due tomorrow; reviewed moving papers; pleadings; purchase agreement; repair orders; Felisilda; arbitration arguments; drafted request for dismissal of dealer; finalized; PROOF OF SERVICE; filed and served." Billing Records at 3. Similarly, on January 4, 2021, Mr. Crandall billed 3.3 hours for: "Prepared for and attended demurrer and motion to strike hearing; draft hearing memo re: same." *Id*. at 2 (cleaned up). And on April 7, 2021, Ms. Lotardo billed 2 hours for: "REVIEW file, review Judge's Standing Orders and the Scheduling Conference Order, prepare Joint Rule 26 Report and email to OPPOSING COUNSEL." *Id*. at 4. A close review of the billing entries shows that roughly 32.1 (37%) of the hours billed were block billed, but that most of the entries *not* block-billed were done so by default because they only included one task. Accordingly, counsel's use of block billing justifies a reduction to the lodestar.

Finally, Defendant argues that counsel's billing records contain vague or clerical entries that warrant a reduction. Opp. at 9. Counsel is "not required to record in great detail how each minute of his time was expended," but must at least "identify the general subject matter of his time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The examples highlighted by Defendant are short but "sufficiently descriptive," amounting to 0.3 hours or less for reviewing correspondence from opposing counsel. *Forouzan*, 2019 WL 856395, at *6 (declining to reduce for tasks of 0.2 hours or less for emails or phone calls with the client). Accordingly, the Court will not reduce the time for these tasks. The alleged clerical tasks include preparing a civil case cover sheet or a notice of interested parties and emails to the court about transcripts or docket filings. *Id*. Purely clerical tasks are not recoverable. *Hernandez*, 2019 WL 2932637, at *4. But these tasks, one of which has already been reduced by the Court's block-billing reduction, are not "purely clerical or secretarial tasks," thus the Court declines to further reduce for them. *Zargarian*, 442 F. Supp. 3d at 1228–29 (declining to exclude non-clerical tasks such as reviewing notices and "drafting documents to be filed with the Court").

\* \* \*

**\*5** Overall, the Court finds that a 10% reduction is appropriate given the excessive time entries and the significant amount of block billing. *Shaw v. Ford Motor Co.*, No. 5:18-cv-01169-JLS-KK, 2020 WL 57273, at \*4–5 (C.D. Cal. Jan. 3, 2020) (applying a "haircut" reduction of 10% to the lodestar). Accordingly, the Court finds that Plaintiff' counsel lodestar, including the estimated $3,500 reasonably incurred in bringing this motion,[2] is $37,770.35.

### C. Lodestar Modification

Plaintiff requests a 1.35 multiplier of the lodestar. Motion at 13. The lodestar amount is considered presumptively reasonable, and only the "rare" or "exceptional" case will justify an upward adjustment. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000). Four factors guide the Court's determination of whether to adjust the lodestar: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132, 104 Cal.Rptr.2d 377, 17 P.3d 735 (2001). None of these factors support an enhancement of the lodestar in this case.

This was a largely routine lemon law case that involved few procedural demands and the exercise of limited skill from lawyers who specialize in this practice area and generally rely upon boilerplate pleadings and work product. Indeed, as the Court recently stated, counsel for both parties failed to timely the resolve this case for months following the notice of settlement in September 2021. Dkt. No. 63. Finally, while counsel took this case on a contingency-fee basis, the SBA is a mandatory fee-shifting statute which "eliminates any uncertainty about whether costs will be awarded to the prevailing party." *Arias*, 2020 WL 1940843, at \*2 (declining to award an upward adjustment for fees awarded under the SBA). Accordingly, the Court declines to apply any enhancement to the lodestar.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED** in part, and Plaintiff is awarded $37,770.35 in reasonable attorneys' fees.

### All Citations

--- F.Supp.3d ----, 2022 WL 1013433

Footnotes

1    Plaintiff counsel's request to appear remotely is therefore **denied** as moot. Dkt. No. 65.
2    The declaration submitted with Plaintiff's Reply notes that counsel have already incurred $6,522.00 for work in connection with the Reply brief, but Plaintiff only requests the estimated $3,500.00. Amirian Decl. ¶ 21, Dkt. No. 64-1.

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 29

2020 WL 759285

2020 WL 759285
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

James HOLCOMB and Rotoco, Inc., Plaintiffs,
v.
BMW OF NORTH AMERICA, LLC, Defendant.

Case No.: 18cv475 JM (BGS)
|
Signed 02/14/2020

**Attorneys and Law Firms**

Brian J. Bickel, David C. McGaffey, Jordan Kathleen Wager, Nicole E. Nemeth, Stephanie Samantha Pengilley, Laura Ellen Goolsby, The Bickel Law Firm, Inc., San Diego, CA, Tiffany N. Lynch, Coronado, CA, for Plaintiffs.

Christopher Celentino, Dillon Chen, Joseph S. Leventhal, Robert G. Marasco, Amanda Sara Gianninoto, Marjorie Ann Terner, Dinsmore & Shohl LLP, San Diego, CA, for Defendant.

**ORDER ON PLAINTIFFS' MOTION FOR PAYMENT OF ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS AND EXPENSES**

JEFFREY T. MILLER, United States District Judge

**\*1** Plaintiffs James Holcomb and Rotoco, Inc. ("Plaintiffs") move for $129,804.96 in attorney's fees and costs pursuant to the Song-Beverly Consumer Warranty Act ("the Song-Beverly Act"), CAL. CIV. CODE. § 1794(d). (Doc. No. 44.) The motion has been briefed and the court finds it suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the below reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**
Plaintiffs leased and then purchased a 2014 BMW M6 ("the vehicle") on October 6, 2014 and October 12, 2017, respectively. The vehicle began exhibiting various problems with its steering wheel, windows, fuel filler neck, carbon canister, and warning lights. Plaintiffs brought the vehicle to Defendant's repair facility at least eight times for warranty-related repairs, which were unsuccessful. On January 19, 2018, Plaintiffs filed the instant action in state court. The

action was timely removed to federal court. On June 4, 2019, the parties filed a notice of settlement. (Doc. Nos. 28-29.) The parties finalized the settlement agreement and subsequently filed a joint motion to dismiss with prejudice. (Doc. No. 40.) The court granted the motion and agreed to retain jurisdiction for the purpose of hearing Plaintiffs' motion for attorney's fees and costs. (Doc. No. 43.)

**II. LEGAL STANDARD**
A buyer who prevails in an action under the Song-Beverly Act is entitled to an award of attorney's fees and costs "based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." CAL. CIV. CODE § 1794(d). The court must determine "whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994). "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). The method of calculating fees is determined by state law. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).

The lodestar method is the prevailing method for calculating attorney's fees. *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 818-19 (2006); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1135 (2001). In calculating the lodestar, the court must " 'make an initial determination of the actual time expended; and then.... ascertain whether under all the circumstances of the case the amount of the actual time expended and the monetary charge being made for the time expended are reasonable.' " *Robertson*, 144 Cal. App. 4th at 817 (quoting *Nightingale*, 31 Cal. App. 4th at 104). In determining the reasonableness of the lodestar, courts can consider the complexity of the case, procedural demands, the skill exhibited, and the results achieved. *Id.*

**\*2** The plaintiff bears the burden of demonstrating that fees sought were allowable, reasonably necessary to the conduct of the litigation, and reasonable in amount. *Karapetian v. Kia Motors Am., Inc.*, 970 F. Supp. 2d 1032, 1036 (C.D. Cal. 2013). If the reasonableness of fees is challenged, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal.*

WESTLAW    © 2020 Thomson Reuters. No claim to original U.S. Government Works.    1

*Ins. Guar. Assoc.*, 163 Cal. App. 4th at 550, 564 (2008). In such cases, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive. *Id.* at 562, 564; *see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("The party opposing the fee award can be expected to identify the particular charges it considers objectionable"). Decisions by other courts regarding the reasonableness of the rate sought may also provide evidence to support a finding of reasonableness. *See Widrig v. Apfel*, 140 F.3d 1207, 1210 (9th Cir. 1998). The court may also draw on its own experience in determining what constitutes a reasonable rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (holding that "judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees").

### III. DISCUSSION

As the prevailing party in a Song-Beverly Act claim, Plaintiffs are entitled to an award of fees and costs. *See* CAL. CIV. CODE § 1794(d). Plaintiffs seek $129,804.96 in attorney's fees and costs. (Doc. No. 44-2.) Detailed billing records provided by Plaintiffs' counsel show the $129,804.96 in fees and costs consists of the following: (1) $80,066.50 for 170.1 hours of work by ten attorneys at rates between $355 and $665 per hour; (2) $8,396 for 42.4 hours of work by paralegals or law clerks at a rate of $195 per hour; (3) $797.50 for 5.5 hours of work by legal assistants at a rate of $145 per hour; (4) $13,766.96 in costs; and (5) an additional $26,778 based on a 0.3 multiplier. (Doc. No. 44-2.) Defendant does not dispute that Plaintiffs are entitled to attorney's fees and costs, but argues the amount requested is unreasonable. (Doc. No. 45.)

### A. Attorney's Fees and Hours

As noted above, Plaintiffs seek $80,066.50 for 170.1 hours of work by ten attorneys at rates between $355 and $665 per hour. (Doc. No. 44-4 at 2-4.) The rates and hours for each attorney by year is as follows:

| Attorney | 2018 Hrs | 2018 Rate | 2018 Total | 2019 Hrs | 2019 Rate | 2019 Total | Total Hrs | Total Bill |
|---|---|---|---|---|---|---|---|---|
| Bickel | 0.1 | $655 | $66 | 5.3 | $665 | $3,525 | 5.4 | $3,590 |
| Sannipoli* | 0.2 | $425 | $85 | 37.3 | $465 | $17,345 | 37.5 | $17,430 |
| Sofis | 3.7 | $425 | $1,573 | | | | 3.7 | $1,573 |
| Nemeth | 71.7 | $495 | $35,492 | 11.4 | $525 | $5,985 | 83.1 | $41,477 |
| McGaffey | | | | 13.7 | $415 | $5,686 | 13.7 | $5,686 |
| Lynch | 2.7 | $365 | $986 | | | | 2.7 | $986 |
| Myers | 0.5 | $365 | $183 | | | | 0.5 | $183 |
| Wagner | 5.4 | $425 | $2,295 | | | | 5.4 | $2,295 |
| Pensabene | 5 | $425 | $2,125 | | | | 5 | $2,125 |
| Goolsby | | | | 3.7 | $375 | $1,388 | 3.7 | $1,388 |
| *Also billed 9.4 hours at $355 per hour in 2017 for a total of $3,337 | | | | | TOTAL | | 170.1 | $80,066.50 |

### 1. Number of Attorneys

At the outset, the reasonableness of Plaintiffs' attorneys' fees is questionable given the number of experienced attorneys who purportedly worked on this case. As acknowledged by Plaintiffs, Plaintiffs' counsel's firm employs a total of ten attorneys practicing exclusively in the "niche market" of Song-Beverly Act cases. (Doc. No. 44-1 at 16.) Plaintiffs' attorneys "routinely litigate these types of cases." (Doc. No. 44-2 at 3.) Their firm is among the largest firms in California, if not the largest firm, practicing exclusively in this area of law. (Doc. No. 44-1 at 16.) Plaintiffs do not explain why this case required the attention of an entire large and specialized law firm. For example, Plaintiffs do not argue this case was complex. Plaintiffs do not claim that each of the attorneys specializes in a particular phase of litigation. To the contrary, the biographies provided by Plaintiffs highlight each attorney's impressive experience handling these types of cases, including bringing cases to trial. (Doc. No. 44-2 at 9-11.) Although in two recent cases, courts did not fault the plaintiff for utilizing a similar number of attorneys, those cases involved two different law firms, one of which was later associated for trial purposes, and both cases were settled after extensive trial preparations. *See Hamm v. FCA US LLC*, No. 17cv577 AJB (BGS), 2019 WL 3891139, at *3 (S.D. Cal. Aug. 19, 2019) (in case that settled the day of trial, awarding fees to 12 attorneys at two firms for 150 hours of work); *Petropoulos v. FCA US LLC*, No. 17cv398 W (KSC), 2019 WL 2289399, at *2-3 (S.D. Cal. May 29, 2019) (in a case that was litigated for over two years, awarding fees for 11 attorneys at two firms). The parties here filed a notice of settlement over a month before trial. Plaintiffs' counsel's billing records contain only one reference to trial preparation. (*See* Doc. No. 44-3 at 17 (noting that on January 16, 2019, counsel discussed "trial and case strategy" for less than 45 minutes).)

**\*3** As recognized by other courts, reliance on multiple attorneys necessarily requires each attorney to get "up-to-speed" on the case. *Luna v. FCA US LLC*, No. 2:17cv8272 ODW (RAO), 2020 WL 491462, at *4 (C.D. Cal. Jan. 30, 2020) (imposing 10% across-the-board cut because "[a]s a result of having twelve attorneys from two firms billing on this matter, the billing records are riddled with duplicative inter-office communications and entries reviewing prior filings and case materials"); *Base v. FCA US LLC*, No. 17cv1532 JCS, 2020 WL 363006, at *3 (N.D. Cal. Jan. 22, 2020) (noting that significant billings for meetings between

attorneys was "one of the potential inefficiencies of using a large number of attorneys to staff a case"); *Durham v. FCA US LLC*, No. 2:17cv596 JLT, 2020 WL 243115, at *5 (E.D. Cal. Jan. 16, 2020) (noting a "significant amount of time spent on the preparation of internal memorandums and summaries for co-counsel"). Based on the above, the expertise and experience of Plaintiffs' counsel, upon which Plaintiffs rely to justify their high rates, is therefore uncertain given that it took ten of them, along with multiple paralegals and assistants, to handle this single unextraordinary case. Other Song-Beverly Act cases, albeit ones settling prior to any significant discovery, have required far fewer attorneys. *See Chavez v. Jaguar Land Rover N. Am., LLC*, No. 18cv2811 W (JLB), 2020 WL 376209, at *2 (S.D. Cal. Jan. 23, 2020) (awarding fees to five attorneys at Plaintiffs' counsel's firm for a total of 43.6 hours of work); *Anderson v. BMW of N. Am., LLC*, No. 18cv57 WVG, 2018 WL 2011006, at *2 (S.D. Cal. Apr. 30, 2018) (awarding fees to one attorney for 40 hours of work).

The court is not in a position, however, to determine the appropriate number of attorneys assigned to this particular case given that it is not privy to the inner workings of Plaintiffs' counsel's law firm. Also, for better or worse, the use of a large number of attorneys in Song-Beverly Act cases appears relatively common. *See Ortega v. BMW of N. Am., LLC*, No. 2:18cv6637 R (SK), 2019 WL 6792798, at *3 (C.D. Cal. Oct. 24, 2019) (noting that defendant used 15 attorneys and that is was "not uncommon" to use a large number of attorneys in lemon law cases). On their face, the billing records do not show that a significant amount of time was unreasonably spent getting ten attorneys up-to-speed on this case. *Id.* ("This Court declines to admonish the use of a larger number of attorneys, as it appears there was no duplicative billing[.]"). As discussed below, this case involved extensive discovery and there is no obvious indication that a fewer number of attorneys would have generated significantly fewer hours. The efficiency gained from specializing in these types of cases may have allowed Plaintiffs' attorneys to familiarize themselves with this case with minimal effort. Finally, Plaintiffs' counsel submitted a declaration, under the penalty of perjury, that all fees were entered contemporaneously, were not adjusted upward, and were not duplicative, redundant, or unnecessary. (Doc. No. 44-2 at 2, 12.) The court has no compelling reason to doubt the honesty or judgment of Plaintiffs' counsel regarding the number of attorneys necessary to litigate this case.

**2. Number of Hours Billed**

The reasonableness of Plaintiffs' request for attorney's fees is also somewhat questionable given the number of hours it took to complete discovery and settle this case before any significant trial preparation was required. In *Hamm*, for example, the attorneys billed 150 hours for a case that settled on the day of trial. 2019 WL 3891139, at *4. In *Petropoulos*, attorneys billed 146 hours for a case that settled after over two years of "aggressive" litigation. 2019 WL 2289399, at *2-3; *see also Pollard v. FCA US LLC*, No. 17cv591 JLS (JCG), 2020 WL 57270, at *5 (C.D. Cal. Jan. 3, 2020) (requesting 150 hours in a case that was being prepared for trial, including motions in limine). In contrast, Plaintiffs' counsel billed 170.1 hours after litigating the case for about 16 months and prior to requiring any trial preparation. [1] While Plaintiffs' counsel should not be penalized for choosing to specialize in Song-Beverly Act cases, the need for this amount of work is uncertain given Plaintiffs' counsel's admission that "our office has developed forms and other streamlining techniques in an effort to shorten the time required of particular tasks." (Doc. No. 44-2 at 3.) Again, Plaintiffs do not attempt to distinguish the instant case from cases that were settled using fewer attorneys with lesser expertise in a shorter amount of time. [2]

**\*4** As discussed below, however, as least ten of the 170.1 hours billed were excessive. Moreover, the court cannot determine with any certainty that roughly 160 hours billed for the instant case is unreasonable. *See, e.g., Base*, 2020 WL 363006, at *3 (finding that approximately 200 hours for a total of $75,000 was reasonable where the parties settled while preparing for trial). Over the course of fifteen months, counsel for Plaintiffs: (1) removed the case from state court; (2) filed an answer; (3) attended an early neutral evaluation and case management conference; (4) moved to amend the scheduling order; (5) designated expert witnesses; (6) attended a mandatory settlement conference; and (7) settled the case and reduced the settlement agreement to writing. Plaintiffs also state, and Defendant does not dispute, that the parties participated in eleven depositions, including expert depositions. (Doc. No. 44-1.) Defendant served written discovery requests that included 50 interrogatories, 49 requests for admission, and 51 categories of document production. (Doc. No. 44-2 at 5.) In response to Plaintiffs' request for production, Defendant produced over 300 pages of documents. (*Id.*) This is not an insignificant amount of discovery and litigation. The court cannot confidently

conclude, especially in light of the detailed and voluminous billing records provided by Plaintiffs, that this amount of activity did not reasonably occupy 160 hours.

### 3. Attorney Rates

With respect to the rates charged by Plaintiffs' counsel, Plaintiffs cite no published case upholding a fee greater than $575 per hour.[3] (Doc. No. 44-1 at 18-19 (citing *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 474 (Ct. App. 2016)).) A maximum fee of $575 per hour is consistent with what other judges on this court have found reasonable. *See Hamm*, 2019 WL 3891139, at *4 (finding that $575 was unnecessarily high and reducing it to $550, and finding that $375 for an attorney that had been barred for five years should be reduced to $350, but approving rates between $350 and $550); *Petropoulos*, 2019 WL 2289399, at *3 (approving fees ranging from $275 to $575); *Anderson*, 2018 WL 2011006, at *3 (finding a fee of $500 reasonable given the attorney's experience, the tasks completed, and others cases finding that $425 and $575 were reasonable); *see also Shaw v. Ford Motor Co.*, No. 5:18cv1169 JLS (KK), 2020 WL 57273, at *3 (C.D. Cal. Jan. 3, 2020) (approving rates between $200 and $550).

In support of their rates, Plaintiffs' counsel conducted an informal survey of seven attorneys outside of their firm practicing in this area of law throughout the state who purportedly charged between $600 and $650 per hour in 2015. (Doc. No. 44-1 at 12-13.) Plaintiffs also argue higher rates are justified because their attorneys took the instant case, like they do all their cases, on a contingency basis and thus bore the risk of loss. (Doc. No. 44-2 at 9.) Defendant responds by arguing (1) the survey conducted by Plaintiffs' counsel was not supported by any study or expert testimony regarding rates in this geographic area, or by declarations from attorneys in this area, and (2) lower rates are in-line with rates charged for similarly-experienced consumer law attorneys practicing in this geographic area according to a "widely-cited and court approved" survey. (Doc. No. 45 at 10-15.)

Plaintiffs' counsel's willingness to take the case on a contingency basis, and to pay all costs, provides only minimal support for the reasonableness of charging higher rates. Nothing in the record suggests the risk of loss embraced by Plaintiffs' counsel's business for taking clients on a contingency fee basis is any greater than the risk of loss posed by requiring clients to pay costs. Plaintiffs' counsel's survey of other attorneys handling Song-Beverly Act cases

also provides minimal support given that only one of the attorneys surveyed was based in this geographic area, and all had more experience than even the most experienced of Plaintiffs' counsel. Based on the above, Mr. Bickel's rate is reduced to $575. The remaining rates remain unchanged. The calculation for attorney's fees is therefore reduced from $80,066.50 to $79,582 based on the reduction to Mr. Bickel's rate, and is further reduced, as discussed below, based on the time spent in bringing the instant motion.

### B. Paralegal and Legal Assistants' Work

**\*5** Plaintiffs request $8,396 for 42.4 hours of work performed by seven paralegals or law clerks at a rate of $195 per hour.[4] (Doc. Nos. 44-1 at 18, 44-2 at 4.) In support of this request, Plaintiffs' counsel notes that each paralegal graduated with a certificate from an ABA-approved school or obtained a certificate upon passing the proper examination, and that each law clerk graduated from an ABA-approved law school. (Doc. No. 44-1 at 18.) Plaintiffs also cite an Alameda County Superior Court case purportedly upholding paralegal fees between $135 and $195 for Plaintiffs' counsel's firm. (Doc. No. 44-2 at 16.) Plaintiffs also request $797.50 for 5.5 hours of work by four legal assistants at a rate of $145 per hour. (Doc. Nos. 44-1 at 18, 44-2 at 4.)

Defendant argues (1) that 20.8 hours of the worked performed by paralegals, law clerks and legal assistants was purely clerical or secretarial and cannot be billed at hourly rates, and (2) Plaintiffs did not show that the $195 rate for paralegals and law clerks is reasonable based on the complexity and challenges of the tasks. (Doc. No. 45 at 9-10, 16.) Defendant contends that $100 is a reasonable rate for paralegal/law clerk work. (*Id.* at 12-13.)

As noted by the Supreme Court, certain types of paralegal work, such as drafting correspondence or fact investigation, "lies in a gray area of tasks that might appropriately be performed either by an attorney or a paralegal." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). The Court also noted that "[o]f course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Id.* Under state law, courts have found it appropriate to bill separately for paralegal work "at a reasonable market value rate." *Guinn v. Dotson*, 23 Cal. App. 4th 262, 269 (1994) ("An award of attorney's fees which does not compensate for paralegal service time would not fully compensate the attorney.").

Courts in this district have approved paralegal fees, but not at $195 per hour. *See Hamm*, 2019 WL 3891139, at *3 (finding paralegal rate of $175 per hour excessive and reducing it to $75 per hour for 18.7 hours); *Petropoulos*, 2019 WL 2289399, at *3 (finding $175 per hour reasonable). Plaintiffs provide no evidence supporting the reasonableness of a $195 rate in this geographic area. *See Payne v. Bay Area Rapid Transit Dist.*, No. 08cv2098 WDB, 2009 WL 1626588, at *1 (N.D. Cal. June 5, 2009) ("To determine appropriate hourly rates, we look to rates prevailing in the [area] for similar services performed by attorneys of reasonably comparable skill, experience, and reputation. This standard also applies to the rates charged for work performed by paralegals and law clerks.") (internal citation omitted). Furthermore, much of the work billed at the $195 paralegal/law clerk rate is clerical or border-line clerical. Many of the entries are also block-billed, making it impossible to separate legal from clerical tasks. For example, on April 11, 2018, Plaintiffs' counsel billed $97.50 for the following paralegal work:

> Receive and process phone call from chambers clerk regarding status of plaintiffs' early neutral evaluation statement. E-mail to Paralegal Angela Mason regarding same. Receive and process email from Paralegal Angela Mason with department e-mail address. Scan and e-mail Plaintiffs' Early Neutral Evaluation Statement and Plaintiffs' Initial Disclosures to chambers. Email to Attorney Tiffany Lynch and Laura Goolsby and note to file regarding same.

(Doc. No. 44-3 at 5.) Additionally, on October 12, 2018, Plaintiffs' counsel billed $253.50 for the following paralegal work:

> Scan and submit deposition subpoenas through One Legal for personal service.... Draft proofs of service. Serve Plaintiff's Notices of Depositions with copies of deposition subpoenas on opposing counsel via mail and email. Email to Attorney

> Nicole Nemeth and law clerk Keshav Nair and note to file regarding same.

**\*6**  (*Id.* at 12.) There are also numerous entries where paralegal/law clerks billed for "receiving and processing" e-mails, including e-mails on which the paralegal/law clerk was merely copied. For example, on September 20, 2018, Plaintiffs' counsel billed $19.50 for a paralegal to "[r]eceive and process e-mail response from Attorney Nicole Nemeth to client regarding client's inquiry regarding discovery process." (Doc. No. 44-3 at 10.) Because at least half of the paralegal/law clerk work was clerical or borderline clerical, the number of hours billed is reduced by 50% to 21.2 hours. Also, in line with other courts in this district, the paralegal/law clerk hourly rate is reduced from $195 to $100 per hour. The total amount of reasonable fees for paralegal/law clerk work is therefore $2,120. Furthermore, all the work performed by legal assistants was clerical, and Plaintiffs cite no authority supporting the reasonableness of awarding legal assistants' fees. Plaintiffs' request for $797.50 for work performed by legal assistants is therefore denied.

### C. Unnecessary or Overstated Entries

Defendant points out five specific instances of alleged unnecessary or overstated billing entries. (Doc. No. 45 at 17-18.) The court declines to reduce any of them. First, the court disagrees that the January 12, 2018 entry for 2.2 hours to receive and review documents, put together a litigation file, draft repair history summary, and begin drafting a complaint, (Doc. No. 44-3 at 3), is unreasonable. The entry is not necessarily duplicative based on a previous billing of 9.4 hours for case intake. Second, the court agrees the November 16, 2018 entry for 0.8 hours for a paralegal/law clerk to draft an amended notice of deposition and two subpoenas is unreasonable, especially given that no amended notice was sent, but declines to reduce the amount any further than the court already has. Third, the court disagrees that the April 26, 2019 entry for 0.6 hours to confer regarding notices of appearance, or the April 29, 2019 entry for three hours to review expert reports and depositions in preparation for a mandatory settlement conference, was unnecessary overlap. Finally, the court disagrees that 0.5 hours to attend a mandatory settlement disposition conference is unreasonable given that Defendant requested "judicial intervention" and the conference may have been held regardless of Plaintiff's alleged delay in finalizing the settlement.

Holcomb v. BMW of North America, LLC, Slip Copy (2020)

2020 WL 759285

### D. Fees Related to the Instant Motion

Plaintiffs include $20,291 in fees for 41.4 hours of work related to drafting and filing the instant motion. (Doc. Nos. 44-1 at 23, 44-3 at 22-23.) This includes an estimated 12 hours of time to review Defendant's opposition, draft a reply, and attend a motion hearing. (*Id.*) Defendant argues this is unreasonable, especially in light of Plaintiffs' counsel's experience. (Doc. No. 45 at 18.)

Fees related to the preparation and defense of a motion for attorney's fees are recoverable. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 (2001). The court agrees, however, that 41.4 hours in preparing the instant motion is excessive. Except for the amounts requested and the defendant's name, the instant motion is largely identical to a motion Plaintiffs' counsel previously filed with this court. *See* Motion for Attorney Fees, *Chavez*, No. 18cv2811 (S.D. Cal. Aug. 7, 2019); *see also Pollard*, 2020 WL 57270, at *5 (finding that 14.5 hours spent on a motion for attorney's fees under the Song-Beverly Act was unreasonable given that it was substantially identical to an earlier motion); *Johnson v. FCA US LLC*, No. 17cv0536 AJB (BGS), 2019 WL 3891148, at *3 (S.D. Cal. Aug. 19, 2019) (noting that a motion for attorney's fees is a "template-driven motion" and reducing a request for $6,252.50 to $2,000).

Plaintiffs' counsel's bills also show that a considerable amount of time was spent auditing the charges. While some review of Plaintiffs' counsel's detailed and lengthy billing statement is appropriate before filing the same before the court, it is unreasonable that Defendant should pay Plaintiffs' attorneys to confirm the accuracy of their own bills. *See Jameson v. Ford Motor Co.*, No. 18cv1952 ODW (AS), 2019 WL 6840758, at *3 (C.D. Cal. Dec. 16, 2019) (striking fees for "review and audit billing"). To the extent Plaintiffs claim the bills were reviewed for "excessive billing for reduction or removal," again, Defendant should not have to pay for time spent removing entries that Plaintiffs' counsel agree were excessive. Finally, even though there was no hearing on the instant motion, Plaintiffs' counsel billed for the estimated time spent "preparing for the motion hearing" and "traveling to and attending the hearing." (Doc. No. 44-3 at 22-23.) Because the records are block-billed, the actual amount of time spent auditing or removing excessive bills, or the time estimated to prepare for and attend a hearing, cannot be isolated. Accordingly, Plaintiffs are awarded $5,000 in attorney's fees for the time spent on the instant motion, which equals a reduction of $15,291.

### E. Block-Billing

**\*7** Defendant argues that Plaintiffs' counsel's practice of "block-billing" warrants a reduction in fees. (Doc. No. 45 at 19.) Defendant alleges, and Plaintiffs do not dispute, that ten items on Plaintiffs' counsel's bill are block-billed. Defendant cites *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007), in which the Ninth Circuit upheld a district court's authority to reduce hours that are billed in block format. The court stated, however, that "block billing makes it more difficult to determine how much time was spent on particular activities." In response, Plaintiffs cite *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1325 (2008), in which the court stated that block-billing was "not objectionable per se," but is nonetheless "a risky choice" that can exacerbate the vagueness of a request for attorney's fees.

With the exception of the items discussed above, the entries in Plaintiffs' counsel's billing records that Defendant identifies as blocked-billed all contain multiple specific tasks that, when combined, reasonably amount to the time billed. For example, on November 30, 2018, Plaintiffs' counsel billed 2.80 hours for preparing for a deposition of a technician at BMW San Diego, meeting and conferring with opposing counsel regarding a stipulation for an unavailable technician, e-mailing opposing counsel regarding the same, attending and taking the deposition of the technician, and returning to the office. (Doc. No. 45-5 at 15.) While it would have been preferable for Plaintiffs' counsel to have broken out the time spent for each task, when combined, these distinct tasks could easily occupy 2.80 hours. Overall, Plaintiffs' counsel's billing records contain over 200 individual entries for tasks performed and billed. (Doc. No. 45-5.) Only a small portion are block-billed. In this instance, therefore, Plaintiffs' counsel's practice of block-billing some attorney tasks does not significantly undermine the overall reasonableness of the requested fees. *See Chavez*, 2020 WL 376209, at *3 (declining to fault Plaintiffs' counsel for block-billing because only a small number of block-billed entries exceeded two hours and because the entries were sufficiently detailed).

### F. Settlement Communications

2020 WL 759285

Plaintiffs rely heavily on their attempts to settle the case early in the litigation to justify an award of attorney's fees and costs. In response, Defendant filed a motion to strike any reference to the parties' settlement discussions as protected settlement negotiations. (Doc. No. 46-1.)

Defendant cites no caselaw supporting its argument that courts cannot consider the parties' settlement history in deciding attorney's fees. In fact, courts regularly cite plaintiffs' attempts to settle early in the litigation in deciding the reasonableness of attorney's fees. *See*, *e.g.*, *Campos v. Ford Motor Co.*, No. 17cv2221 AGA (GR), 2020 WL 256125, at *2 (C.D. Cal. Jan. 13, 2020) (faulting plaintiff for not taking defendant's initial settlement offer); *Base*, 2020 WL 363006, at *1; *Goglin*, 4 Cal. App. 5th at 471 (assessing the rejection of a pre-litigation settlement offer). Moreover, in the parties' settlement agreement, Defendant agreed Plaintiffs could disclose the "background" and "negotiation" of the settlement agreement. (Doc. No. 51.)

According to Plaintiffs, on March 13, 2018, they sent a demand letter seeking repurchase of the vehicle and $7,717 in attorney's fees and costs, but Defendant did not respond. (Doc. No. 44-1 at 5.) On June 6, 2018, Plaintiffs sent a second letter attempting to initiate settlement discussions prior to moving forward with discovery, but Defendant did not respond. (*Id.*) On April 29, 2019, after completion of discovery, Defendant made its first settlement offer at a mandatory settlement conference. (*Id.*) At least part of the settlement – the vehicle buy-back – was the same as what Plaintiffs initially demanded. (*Id.* at 6.) Accordingly, Plaintiffs' early attempt to settle the case supports the reasonableness of the fees awarded in this order.

### G. Multiplier

 **\*8** Plaintiffs argue their attorney's fees, as well as the fees charged by paralegals, law clerks, and legal assistants, are entitled to a 0.3 multiplier based on the delay in payment and their demonstrated expertise in litigating this matter. (Doc. No. 44-1 at 24.) Out of the thirty-seven state court cases cited by Plaintiffs purporting to support the reasonableness of Plaintiffs' counsel's fees, only three of those courts approved the application of a multiplier, and none of those cases were decided in this geographic area. (Doc. No. 44-2 a ¶ 58.) The recent cases decided by this court have all declined to apply a multiplier. *Chavez*, 2020 WL 376209, at *3 (rejecting 0.3 multiplier based on the posture and

lack of complexity of case); *Hamm*, 2019 WL 3891139, at *4 (rejecting 0.5 multiplier because the case did not involve complexity or novel or difficult questions of law or fact); *Petropoulos*, 2019 WL 2289399, at *4 ("Plaintiffs were not litigating important constitutional rights here. Nor were they representing the public interest.... They were seeking compensation and statutory penalties for a defective Durango."). As noted above, Plaintiffs' counsel do not argue this case involved complexity warranting a multiplier and do not identify anything special about their representation of Plaintiffs in this matter. Plaintiffs' counsel also cite no caselaw supporting the application of a multiplier based on the delay in payment incurred as a result of their own choice to take this case on a contingency basis. Accordingly, no multiplier to the lodestar amount is warranted.

### H. Costs

Plaintiffs argue their attorneys are entitled to reimbursement of $13,766.96 in costs and expenses. (Doc. No. 44-1 at 24.) Defendant argues that Plaintiffs' counsel are not entitled to at least some of their costs under Federal Rule of Civil Procedure 54 and because they failed to submit a bill of costs in violation of Civil Local Rule 54.1. (Doc. No. 45 at 8, 22-23.) Defendant also argues that costs related to personally serving deposition subpoenas, travel to depositions, and expert costs are not recoverable under Local Rule 54.1. (*Id.* at 23-24.)

The Song-Beverly Act specifically allows for the recovery of "a sum equal to the aggregate amount of costs and expenses." CAL. CIV. CODE § 1794(d). Under federal law, however, costs available to the prevailing party are limited to those listed 28 U.S.C. § 1920. Fed. R. Civ. P. 54(d); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). District courts have reached different conclusions as to whether the provision regarding costs and expenses in the Song-Beverly Act is procedural or substantive. *See Base*, 2020 WL 363006, at *7 (finding that "state law governs Plaintiff's request for costs," but listing several cases in the Eastern District finding otherwise); *Johnson*, 2019 WL 3891148, at *4 ("In general, an award of costs in federal district court is governed by Federal Rule of Civil Procedure 54(d) and not applicable state law, even in diversity cases."); *Forouzan v. BMW of N. Am., LLC*, 390 F. Supp. 3d 1184, 1187 (C.D. Cal. 2019) (finding the cost provision to be substantive based on the state legislature's intent); *O'Brien v. FCA US*

2020 WL 759285

*LLC*, No. 17cv4042 JCS, 2019 WL 5295066, at \*7 (N.D. Cal. Oct. 18, 2019) (same).

The costs and expenses available to Plaintiffs are not limited by Rule 54(d) or by Local Rule 54.1. The costs and expenses provision in the Song-Beverly Act is substantive for the same reasons as the courts found persuasive in *Base*, *Forouzan*, and *O'Brien*. Additionally, both Rule 54(d) and Local Rule 54.1 are based on an entry of judgment, which has not occurred here. Accordingly, Defendant's argument that certain costs are prohibited by Local Rule 54.1 is not persuasive.

The expenses listed in Plaintiffs' counsel's bills consist mainly of fees related to generating six transcripts and fees for Plaintiffs' expert to inspect the vehicle, draft an expert report, and prepare for a deposition. The expenses also include fees related to filing and serving documents, including ten deposition subpoenas. The other lesser expenses include transportation costs for attending events such as depositions, the vehicle inspection, and the mandatory settlement conference, as well as several meals while traveling.[5] Based on the above, $13,766.96 in costs and expenses is reasonable.

**IV. CONCLUSION**

**\*9** Based on the forgoing, the court decreases Plaintiffs' request for $80,066.50 in attorney's fees by $485 based on the reduction to Mr. Bickel's rate to $575 per hour, and by $15,291 based on the excessive hours reportedly spent pursuing the instant motion. The total amount awarded for attorney's fees is ***$64,290.50***. Additionally, Plaintiffs' request for $8,396 for paralegal/law clerk fees is reduced by $6,276 based on the decrease in the paralegal/law clerk rate from $195 to $100 per hour, as well as a decrease from 42.4 hours to 21.2 hours. The total amount awarded for paralegal/law clerk fees is ***$2,120***. The court therefore **GRANTS** Plaintiffs' motion for attorney's fees and paralegal/law clerk fees in the amount of ***$66,410.50***. The court also **GRANTS** Plaintiffs' motion for ***$13,766.96*** in costs and expenses. Plaintiffs' request for $797.50 in legal assistant fees is **DENIED**. Plaintiffs' request for an additional $26,778 based on a 0.3 multiplier is **DENIED**.

IT IS SO ORDERED.

**All Citations**

Slip Copy, 2020 WL 759285

Footnotes

1    For reasons that are unclear, in the declaration supporting Plaintiffs' motion, Plaintiffs' counsel states that his office spent over 200 hours litigating this case. (Doc. No. 44-2 at 26 ¶ 64.)

2    The total attorney's fees requested – $80,066.50 – is also questionable based on some decisions by other courts. *See, e.g.*, *Luna*, 2020 WL 491462, at \*6 (after imposing reductions, awarding $55,062 in fees and costs to twelve attorneys who exchanged written discovery, conducted depositions, and prepared pretrial documents); *Pollard*, 2020 WL 57270, at \*5 (after imposing reductions, awarding $47,000 in attorney's fees).

3    Plaintiffs cite, however, an Alameda County Superior Court case finding rates between $335 and $655 totaling $18,816 to be reasonable. (Doc. No. 44-2 at 16.)

4    By the court's calculation, 42.4 hours at $195 per hour equals $8,268, not $8,396.

5    The only questionable item is $29.74 for a "[m]eal expense incurred during travel for deposition of Plaintiffs' Expert Witness." (Doc. No. 44-3 at 25.) The court will presume this was a meal that included more than one person.

**End of Document**                                                                © 2020 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 30

Strategic Legal Practices, APC
1888 Century Park East
19th Floor
Los Angeles, CA 90067

Joseph Gamaty

April 22, 2022

Professional Services

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/20/2021 | MG | DRAFT Plaintiff's initial complaint. | 2.20 475.00/hr | 1,045.00 |
| | MG | DRAFT Plaintiff's Civil Case Cover Sheet, Summons, Civil Case Cover Sheet Addendum and subpoena documents. | 0.50 475.00/hr | 237.50 |
| 1/21/2021 | MG | Revise to complaint to federal complaint and add in detailed repair history. | 1.50 475.00/hr | 712.50 |
| 11/8/2021 | OT | Review and finalize Plaintiff's discovery responses | 1.80 610.00/hr | 1,098.00 |
| 12/1/2021 | CJH | review file re expert disclosure, call with expert re report, email team re subsequent owner for trial | 0.80 465.00/hr | 372.00 |
| | EC | Review and Gather Documents for Plaintiff's Expert File | 2.00 285.00/hr | 570.00 |
| | CJH | Review D doc production and call with expert re same | 1.00 465.00/hr | 465.00 |
| 12/2/2021 | EC | Continue Reviewing and Gathering Documents for Plaintiff's Expert File | 2.00 285.00/hr | 570.00 |
| 12/3/2021 | CJH | prepare for and attend teleconference with expert | 0.80 465.00/hr | 372.00 |
| 12/7/2021 | CJH | attend meeting with Expert re expert report | 3.50 465.00/hr | 1,627.50 |

Joseph Gamaty                                                                                           Page     2

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 12/7/2021 KK | Review and analyze Federal Orders; prepare for mediation; email mediator and opposing counsel with mediation request. | 1.30 595.00/hr | 773.50 |
| MP | continue draft expert designation/report; meeting with expert and supervising attorney re: same | 2.50 410.00/hr | 1,025.00 |
| 12/8/2021 CJH | REVIEW & REVISE expert report and call with expert re same | 1.00 465.00/hr | 465.00 |
| CJH | email team re subsequent owner  for discovery and trial | 0.10 465.00/hr | 46.50 |
| KK | Email from opposing counsel regarding meet and confer and trial continuance; email to opposing counsel regarding agreement to trial continuance; analysis of repair chronology; analysis of client documents and records in connection with case plan. | 0.70 595.00/hr | 416.50 |
| MP | continue drafting and revising on designation/report | 2.30 410.00/hr | 943.00 |
| 12/10/2021 KK | Draft Notice of Appearance; emails to defense counsel on status of stipulation; review and sign stipulation; email from mediator with available mediation dates; email to mediator concerning mediation; email from defense counsel declining mediation dates. | 0.90 595.00/hr | 535.50 |
| 12/28/2021 CJH | REVIEW standing and scheduling orders re trial and expert deadlines; review status of discovery; research re expert discovery | 1.00 465.00/hr | 465.00 |
| 12/29/2021 KK | Correspondence to and from opposing counsel on discovery dates; review and analyze vehicle information; amended Notice of Deposition for testimony only; mediation coordination. | 1.40 595.00/hr | 833.00 |
| 12/30/2021 CJH | confer re: supp disclosure re subsequent owner | 0.10 465.00/hr | 46.50 |
| KK | Draft and revise Amended Notice of Deposition; review status of client ownership; research vehicle history; Amend Initial Disclosures; | 1.50 595.00/hr | 892.50 |
| KK | meet and confer with opposing counsel on mediation. | 0.20 595.00/hr | 119.00 |
| 12/31/2021 KK | Finalize and serve Amended Initial Disclosures. | 0.20 595.00/hr | 119.00 |
| 1/3/2022 CJH | review discovery and expert depos; email to OPPOSING COUNSEL  re expert depo | 0.40 490.00/hr | 196.00 |
| 1/5/2022 KK | Follow up on mediation status, email to opposing counsel demanding that mediation be set. | 0.20 595.00/hr | 119.00 |

Joseph Gamaty                                                                                              Page     3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/5/2022 | NA | Prepare for Deposition | 2.10<br>350.00/hr | 735.00 |
| 1/6/2022 | NA | Further Prep for and Defend Plaintiff's Deposition | 8.20<br>350.00/hr | 2,870.00 |
| 1/10/2022 | KK | Research mediators Tom Murphy and Phyllis Pollack Proposed by BMW OF NORTH AMERICA's | 0.40<br>595.00/hr | 238.00 |
| 1/11/2022 | CJH | email OPPOSING COUNSEL  re pretrial conference meet-and-confer | 0.30<br>490.00/hr | 147.00 |
| 1/12/2022 | CJH | prepare for meet and confer conference with OPPOSING COUNSEL  re trial docs and mils; hold call with OPPOSING COUNSEL  re same | 0.70<br>490.00/hr | 343.00 |
| 1/13/2022 | KK | Review case status; research potential JAMS Mediators; review and analyze meet and confer efforts in selecting a mediator; draft Joint Stipulation concerning failure to agree on mediator; correspondence to Opposing Counsel concerning requesting the Court to select a mediator. | 1.70<br>595.00/hr | 1,011.50 |
| 1/14/2022 | KK | Meet and confer on Joint Report; review and finalize same | 0.40<br>595.00/hr | 238.00 |
| 1/20/2022 | MP | Begin drafting MILs | 0.90<br>395.00/hr | 355.50 |
|  | CJH | REVIEW, revise and finalize objections to expert depo notice | 0.30<br>490.00/hr | 147.00 |
| 1/21/2022 | KA | Prepare notice of appearance | 0.30<br>410.00/hr | 123.00 |
|  | MP | Continue review and revision and finalize MILs 1-8 | 3.80<br>395.00/hr | 1,501.00 |
| 1/24/2022 | KK | Email from opposing counsel concerning deposition rescheduling; confer re: case strategy; amended notice of deposition. | 0.80<br>595.00/hr | 476.00 |
|  | KA | preparation of exhibits for deposition | 2.00<br>410.00/hr | 820.00 |
| 1/27/2022 | CJH | email opposing counsel re p expert depo | 0.10<br>490.00/hr | 49.00 |
|  | EC | PREPARE Draft of Trial Documents including: Jury Instruction, Special Jury Instruction (and Lists), Exhibit List, Witness List, Statement of the Case and Verdict Form | 3.00<br>295.00/hr | 885.00 |
|  | KK | draft Confidential Settlement Conference Brief. | 4.80<br>595.00/hr | 2,856.00 |

Joseph Gamaty                                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/28/2022 | KK | Review and revise Supplemental Disclosures; | 0.90 595.00/hr | 535.50 |
|  | MP | review expert file | 1.50 395.00/hr | 592.50 |
| 1/31/2022 | KK | Review Magistrate's Order concerning Defendant's Obligation to Respond to Plaintiff's offer, confer re: same | 0.30 595.00/hr | 178.50 |
|  | MP | Review, revise, and finalize trial docs: Proposed Exhibit List, Witness List, Trial Brief | 4.20 395.00/hr | 1,659.00 |
| 2/1/2022 | KK | Review meet and confer efforts; meet and confer with opposing counsel on demand response; review Minute Order; draft update to settlement statement; combine with prior statement for filing. | 1.10 595.00/hr | 654.50 |
|  | KA | Meeting prep with supervising counsel; further prepare for Mandatory Settlement Conference; call client █████████████████ | 3.70 410.00/hr | 1,517.00 |
|  | MP | work on Joint exhibit list and witness list | 4.40 395.00/hr | 1,738.00 |
| 2/2/2022 | EC | File Review and update and send Plaintiff's Expert file | 0.50 295.00/hr | 147.50 |
|  | KA | Appear for Mandatory Settlement Conference; preparation therefore, notation thereafter | 4.20 410.00/hr | 1,722.00 |
|  | CJH | email OPPOSING COUNSEL  re P expert depo date | 0.10 490.00/hr | 49.00 |
| 2/7/2022 | CJH | review court orders | 0.40 490.00/hr | 196.00 |
| 2/8/2022 | MP | trial prep - prepare trial outline | 1.90 395.00/hr | 750.50 |
|  | OT | Review and analysis of the case file in preparation for deposition of Defendant's PMQ. | 2.30 610.00/hr | 1,403.00 |
| 2/9/2022 | CJH | email to OPPOSING COUNSEL  re pre trial conference order | 0.10 490.00/hr | 49.00 |
|  | CJH | REVIEW and revise narrative statement re expert | 0.50 490.00/hr | 245.00 |
|  | KK | Review and analyze deposition notice and objections; review and analyze late produced documents; review and analyze previous document productions of approximately 2000 pages; prepare | 4.70 595.00/hr | 2,796.50 |

Joseph Gamaty                                                                   Page     5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
|  |  | documents for deposition; prepare outline of questions and case specific information for deposing attorney. |  |  |
| 2/9/2022 | OT | Further Prep and confer re: depo; Conducted deposition of Defendant's PMQ. | 4.90 610.00/hr | 2,989.00 |
|  | MP | work on pretrial conf order, short expert qualification statement and trial docs | 4.30 395.00/hr | 1,698.50 |
| 2/11/2022 | CJH | Review and revise joint trial docs; confer with handling attorney re:same | 1.00 490.00/hr | 490.00 |
|  | CJH | REVIEW order re MILs ; review pleadings, and confer re arguments for briefing | 1.00 490.00/hr | 490.00 |
|  | MP | review, revise, and finalize joint exhibit List and witness list; draft Opposition to MILs Dkt. #s 37, 38, 40 (MIL 4) & associated declaration | 7.40 395.00/hr | 2,923.00 |
| 2/13/2022 | MP | prep for pretrial conf | 1.70 395.00/hr | 671.50 |
| 2/14/2022 | CJH | travel, and appear at pre trial conference at federal courthouse, prepare outcome and strategy notes re same | 5.20 490.00/hr | 2,548.00 |
|  | GY | Draft motion for partial summary judgment re aggregation of repair visits. | 10.40 550.00/hr | 5,720.00 |
|  | MP | prep for, travel, and attend pretrial conference | 3.60 395.00/hr | 1,422.00 |
| 2/15/2022 | KK | call client ▮▮▮▮▮▮▮▮ follow up email to client ▮▮▮ draft proposed First Amended Complaint; draft Stipulation to allow Plaintiff to Amend Complaint; email OPPOSING COUNSEL advising that Plaintiff intends to send Stipulation to allow for complaint amendment. | 2.70 595.00/hr | 1,606.50 |
|  | CJH | legal research re dismissal of claims | 0.70 490.00/hr | 343.00 |
|  | CJH | REVIEW  and revise objections to D jury instructions | 1.00 490.00/hr | 490.00 |
|  | KA | DRAFT objections to OPPOSING COUNSEL  proposed jury instructions | 2.90 410.00/hr | 1,189.00 |
|  | GY | Continue drafting motion for partial summary judgment re aggregation of repair visits. Draft supporting documents | 9.50 550.00/hr | 5,225.00 |

Joseph Gamaty

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/16/2022 | KK | Revisions to proposed First Amended Complaint; emails from OPPOSING COUNSEL requesting Stipulation; emails to and from OPPOSING COUNSEL to negotiate stipulation; draft proposed Order on Stipulation. | 1.60 595.00/hr | 952.00 |
| | CJH | further review and revise stipulation re: amended complaint | 0.30 490.00/hr | 147.00 |
| 2/17/2022 | GY | Draft opposition to BMW's motion for summary adjudication re repair visits. | 6.30 550.00/hr | 3,465.00 |
| 2/18/2022 | CJH | email OPPOSING COUNSEL  re expert deposition date for D expert | 0.10 490.00/hr | 49.00 |
| | KA | call with client ████████████████████ | 0.80 410.00/hr | 328.00 |
| | CJH | review and revise joint jury instructions + objections to same | 1.50 490.00/hr | 735.00 |
| | CJH | prepare for trial and expert depositions | 2.00 490.00/hr | 980.00 |
| | MP | review and finalize opposition to MSA | 3.40 395.00/hr | 1,343.00 |
| 2/21/2022 | MP | Prepare for Defendant's Expert Deposition | 0.40 395.00/hr | 158.00 |
| 2/22/2022 | EC | DRAFT Deposition Summary - Plaintiff - Joseph Gamaty | 6.00 295.00/hr | 1,770.00 |
| | MP | Continue prep for D's expert depo | 0.50 395.00/hr | 197.50 |
| 2/23/2022 | CJH | prepare for and appear at depo of P expert Bounds; emails with OPPOSING COUNSEL  to meet and confer re same | 6.50 490.00/hr | 3,185.00 |
| | EC | CONTINUE DRAFTING Deposition Summary - Plaintiff - Joseph Gamaty | 2.50 295.00/hr | 737.50 |
| | EC | DRAFT Deposition Summary - PMK - Mark Nicastro | 5.50 295.00/hr | 1,622.50 |
| 2/24/2022 | CJH | appear at deposition of D expert and make record of non appearance WITH OPPOSING COUNSEL ; review transcript re same | 0.80 490.00/hr | 392.00 |
| | CJH | review depo summaries prepare re: upcoming depo | 1.50 490.00/hr | 735.00 |

Joseph Gamaty                                                                       Page    7

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/24/2022 | EC | Prepare Folder Containing New Document Productions from Defendant for Plaintiffs Expert | 0.30 295.00/hr | 88.50 |
|  | EC | CONTINUE DRAFTING Deposition Summary - PMK - Mark Nicastro | 3.50 295.00/hr | 1,032.50 |
| 2/25/2022 | CJH | Continue review of depo summaries | 0.50 490.00/hr | 245.00 |
| 2/26/2022 | CJH | Analyze  D Ex Parte to compel P expert docs, confer with handling attorney re: same | 1.50 490.00/hr | 735.00 |
|  | GY | Draft opposition to ex parte application re expert deposition. | 5.50 550.00/hr | 3,025.00 |
| 2/27/2022 | GY | Continue drafting opposition to ex parte application re expert deposition. | 8.80 550.00/hr | 4,840.00 |
| 2/28/2022 | CJH | REVIEW revise and finalize P Ex Parte opp to compel or exclude expert; declarations for same; finalize all opp docs for filing; call with expert re same; email OPPOSING COUNSEL  re expert depo date | 2.70 490.00/hr | 1,323.00 |
|  | EC | File Review and gather all exhibits for Trial, Create digital folder, label exhibits | 2.00 295.00/hr | 590.00 |
|  | EC | DRAFT Deposition Summary - P Expert Vol 1 | 4.00 295.00/hr | 1,180.00 |
|  | MP | Continue to prepare for Defendant's expert depo | 0.30 395.00/hr | 118.50 |
| 3/1/2022 | EC | DRAFT Deposition Summary - P Expert Vol 1 (Continued) | 6.80 295.00/hr | 2,006.00 |
|  | MP | prepare for and conduct expert deposition (BMW's expert Randazzo) | 6.20 395.00/hr | 2,449.00 |
| 3/2/2022 | CJH | review file and D expert docs and call with P expert Bounds re tomorrow's continued depo | 1.50 490.00/hr | 735.00 |
|  | CJH | REVIEW and revise objections to jury instructions; review D Answer | 0.70 490.00/hr | 343.00 |
|  | MP | review notes of expert depo and review plaintiff depo | 3.20 395.00/hr | 1,264.00 |
| 3/3/2022 | CJH | prepare for and defend second session of Plaintiff's expert depo | 4.00 490.00/hr | 1,960.00 |

Joseph Gamaty

Page    8

| Date | Staff | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/3/2022 | CJH | REVIEW D expert depo transcript summaries in preparation for trial | 3.70 490.00/hr | 1,813.00 |
| | MP | review expert depo and work on motion in limine | 3.80 395.00/hr | 1,501.00 |
| | CJH | call client ▮▮▮▮▮▮▮▮▮▮; email client ▮▮▮▮ | 0.60 490.00/hr | 294.00 |
| | CJH | Research re: untimely rule 68 offer | 1.70 490.00/hr | 833.00 |
| 3/4/2022 | EC | DRAFT Subpoena for Trial | 0.30 295.00/hr | 88.50 |
| | CJH | draft and finalize subpoena for trial and notice for same; review expert deposition transcripts for trial prep; review pleadings for trial prep; review filed trial docs for trial prep. | 4.50 490.00/hr | 2,205.00 |
| | EC | Create Digital folder of all Deposition Transcripts and Corresponding Exhibits to send to Court for Trial. Coordinate and receive missing documents from VeriText. | 1.70 295.00/hr | 501.50 |
| | EC | DRAFT Deposition Summary - P Expert Vol 2 (Continued) | 6.30 295.00/hr | 1,858.50 |
| | MP | review expert depo transcript summary and prepare for trial | 8.30 395.00/hr | 3,278.50 |
| | GY | Conduct research re: motion to exclude expert and untimely expert report. | 3.90 550.00/hr | 2,145.00 |
| | GY | Draft reply in support of Plaintiff's motion in limine no. 6 | 2.20 550.00/hr | 1,210.00 |
| 3/5/2022 | MP | review motions in limine | 0.80 395.00/hr | 316.00 |
| 3/7/2022 | CJH | prepare for trial - review both depo transcripts of Plaintiff's expert (sessions 1 and 2), review Plaintiff's depo transcript; review deposition summaries re: same; review trial exhibits; review and revise verdict form | 6.00 490.00/hr | 2,940.00 |
| | EC | File Review, File Preparation of Exhibits and Deposition and Corresponding Exhibits for Trials to Send to Attorney and to Court for Trial | 1.00 295.00/hr | 295.00 |
| | MP | prepare for trial, review transcript of depo of Defendant's PMQ, review deposition summary, work on outlines, work on opening statement, review and prep trial exhibits | 13.80 395.00/hr | 5,451.00 |

Joseph Gamaty

Page    9

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/8/2022 | KA | DRAFT Motion in Limine to exclude undisclosed surprise witness and associated Declaration | 4.80 410.00/hr | 1,968.00 |
| | CJH | prepare for possible mils hearing and appear at trial for jury selection and openings; further review expert depo transcripts and prepare outlines for exam for following day + travel to and from court | 12.50 490.00/hr | 6,125.00 |
| | MP | prepare for, travel to and attend trial, take trial notes, work on outlines | 11.60 395.00/hr | 4,582.00 |
| | MP | Draft Notice of motion and motion in limine to exclude untimely expert opinion. Review and finalize notice of motion and motion in limine to exclude undisclosed surprise witness and supporting declaration | 3.40 395.00/hr | 1,343.00 |
| 3/9/2022 | KA | DRAFT power point slides for closing re damages and repair history | 1.90 410.00/hr | 779.00 |
| | CJH | appear at trial for witness examination and evidence + prepare outline for closing argument | 13.50 490.00/hr | 6,615.00 |
| | MP | prepare for, travel to and attend trial, call with client, take trial notes, work on outlines, work on closing | 13.80 395.00/hr | 5,451.00 |
| 3/10/2022 | CJH | appear at trial for further witness examination, closing argument, jury deliberation | 10.50 490.00/hr | 5,145.00 |
| | MP | prepare for, travel to and attend trial, call with client, take trial notes, work on outlines, work on/do closing, wait for verdict | 11.70 395.00/hr | 4,621.50 |
| 3/11/2022 | MP | prepare for, travel to and attend trial, review juror questions, wait for verdict, discuss ███████ client, memo to file | 4.40 395.00/hr | 1,738.00 |
| 3/22/2022 | CJH | review and revise proposed judgment | 0.50 490.00/hr | 245.00 |
| 3/30/2022 | CJH | REVIEW and finalize proposed judgment and research re same | 0.70 490.00/hr | 343.00 |
| 4/11/2022 | CJH | REVIEW order re judgment and associated post trial deadlines for post trial motions | 0.30 490.00/hr | 147.00 |
| 4/13/2022 | CJH | Legal Research re post trial motions | 0.50 490.00/hr | 245.00 |
| 4/15/2022 | CJH | review billing and cost records; emails and calls to OPPOSING COUNSEL re Rule 7-3 meet and confer re fees, costs, expenses; MEET AND CONFER call with OPPOSING COUNSEL re same | 1.70 490.00/hr | 833.00 |
| 4/20/2022 | EA | DRAFT FM and Supporting Documents | 5.40 375.00/hr | 2,025.00 |

Joseph Gamaty                                                                                      Page    10

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 4/21/2022<br>EA | CONTINUE DRAFTING Fee Motion and Supporting Documents | 7.60<br>375.00/hr | 2,850.00 |
| 4/22/2022<br>JC | REVIEW and Finalize Fee Motion and Supporting Documents. | 3.60<br>565.00/hr | 2,034.00 |
| JC | Draft Bill of Costs; prepare exhibits re: same. | 2.80<br>565.00/hr | 1,582.00 |
|  | For professional services rendered | 407.80 | $181,031.00 |

Additional Charges :

| 2/17/2021 | Expenses paid to First Legal Network for filing<br>DOCUMENTS: SUMMONS; COMPLAINT; ORDER; NOTICE | 129.00 |
|---|---|---|
| 3/10/2021 | Expenses paid to First Legal Network for processing<br>DOCUMENTS: LETTER | 120.00 |
| 12/2/2021 | Automotive Technology Services, Inc.<br>Case Intake Case Intake - Gamaty, Joseph VS. BMW      200.00 | 200.00 |
|  | Peoplehunter.com<br>KP DMV Search 2018 BMW 750i -5414 125.00      125.00 | 125.00 |
| 12/4/2021 | Automotive Technology Services, Inc.<br>Analysis / Investigation / Research Additional Document Review      500.00<br>Expert Report Compose Preliminary Expert Report - Gamaty, Joseph VS. BMW      1,900.00 | 2,400.00 |
| 12/7/2021 | Automotive Technology Services, Inc.<br>Conference Call Conference Call with Christine Haw and Matt Pardo      280.00 | 280.00 |
| 12/8/2021 | Automotive Technology Services, Inc.<br>Expert Report Finalize / Sign / Email Federal Expert Report      300.00 | 300.00 |
| 1/6/2022 | Veritext<br>Certified Transcript      $870.10<br>Exhibits      $317.85<br>Litigation Package-Secure File Suite      $55.00<br>Production & Processing      $50.00<br>Electronic Delivery and Handling      $35.00 | 1,327.95 |
| 1/24/2022 | First Legal Network<br>PO 1-8; DECL; MIL 1-8<br>PLEASE DEL CC TO HON. GARY KLAUSNER TODAY<br>Base Chg 31    PDF/Ship  10.95 | 41.95 |
| 1/25/2022 | Veritext<br>Cancellation of Reporting Services      $395.00<br>Veritext Virtual Cancellation      $125.00 | 520.00 |

Joseph Gamaty                                                                                                  Page    11

|  |  | Amount |
|---|---|---|

1/31/2022  First Legal Network                                                                               31.00
        PROP TRIAL WITNESS LIST; PROP EXH LIST
        PLEASE DEL CC TO JUDGES BOX ON 12THFL
        Base Chg  31

2/1/2022  First Legal Network                                                                                32.20
        TRIAL BRIEF
        PLEASE DEL CC TO JUDGES BOX TODAY
        Base Chg  31    PDF/Ship  1.2

2/9/2022  Veritext                                                                                           1,418.65
        Original with 1 Certified Transcript     $683.65
        Veritext Virtual Primary Participants     $295.00
        Litigation Package-Secure File Suite     $55.00
        Production & Processing     $50.00
        Attendance (Full Day)     $300.00
        Electronic Delivery and Handling     $35.00

2/10/2022  First Legal Network                                                                              50.10
        NTC; JNT PRETRIAL x2; SHORT STMNT x2
        PLEASE DEL TWO COPIES OF THE ATTACHED TODAY BY 5PM
        Base Chg  48.75    PDF/Ship  1.35

2/14/2022  First Legal Network                                                                              31.00
        JNT SCH LIST; OPP; JNT WTNS
        PLEASE DEL CC TO HON. R. GARY KLAUSNER TODAY
        Base Chg  31

        Expense paid to Christine Haw                                                            16.03

        Appear in Fed Court for Pretrial Conference

        Mileage $16.03
        Parking $9.00

2/17/2022  First Legal Network                                                                              165.90
        JNT STIP x2; PROP ORDER x2; EXH A; NTC x2; MEMO; DECL x
        PLEASE DEL CC TO HON. R GARY KLAUSNERBY 5 PM TODAY
        Base Chg  48.75    PDF/Ship  117.15

2/18/2022  First Legal Network                                                                              48.75
        OPP; STMNT
        PLEASE DEL CC TO HON. GARY R. KLAUSNER BY NOON TUESDAY 2/22/22
        Base Chg  48.75

2/22/2022  Automotive Technology Services, Inc.                                                             1,665.00
        Conference Call Gamaty, Joseph VS. BMW - Conference Call w/ Christine and Matt     337.50
        Deposition Transcript Review Gamaty, Joseph VS. BMW - Review 2 deposition transcripts
        540.00
        Deposition Preparation Case File Review / Deposition Preparation     787.50

Joseph Gamaty                                                                    Page    12

                                                                                          Amount

2/23/2022  Veritext                                                              1,079.45
           Certified Transcript     $485.10
           Exhibits     $454.35
           Litigation Package-Secure File Suite      $55.00
           Production & Processing     $50.00
           Electronic Delivery and Handling      $35.00

2/27/2022  Automotive Technology Services, Inc.                                    225.00
           Expert Declaration Expert Declaration - Review / Sign / Email    225.00

 3/1/2022  Veritext                                                              3,036.80
           Original with 1 Certified Transcript     $1,887.10
           Exhibits     $414.70
           Veritext Virtual Primary Participants     $295.00
           Litigation Package-Secure File Suite      $55.00
           Production & Processing     $50.00
           Attendance (Full Day)     $300.00
           Electronic Delivery and Handling      $35.00

 3/2/2022  Automotive Technology Services, Inc.                                    157.50
           Conference Call Conference Call w/ Christine and Matt     157.50

 3/3/2022  Veritext                                                              1,552.50
           Certified Transcript     $373.45
           Certified Transcript - Expedited      $339.50
           Exhibits     $539.50
           Rough Draft     $160.05
           Litigation Package-Secure File Suite      $55.00
           Production & Processing     $50.00
           Electronic Delivery and Handling      $35.00

 3/4/2022  First Legal Network                                                      31.00
           PROP JNT STMNT
           PLEASE DEL CC TODAY BY 5 PM
           Base Chg  31

 3/7/2022  First Legal Network                                                      55.90
           DECL; REPLY
           PLEASE DEL CC BY 5PM TODAY
           Base Chg  31    PDF/Ship  24.9

 3/8/2022  First Legal Network                                                      89.95
           NTC
           FILE/CONFORM/RETURN PDF ALL RETURNS
           Base Chg  86     Addt'lChgs 3.95

           First Legal Network                                                   1,584.27
           TRIAL DOCS; NTC
           PLEASE PREPARE BINDERS & DEL BY TODAY 2 BOXES!!!!
           Base Chg  48.75    PDF/Ship  1535.52

Joseph Gamaty                                                                                    Page    13

|            |                                                                                          | Amount    |
|------------|------------------------------------------------------------------------------------------|-----------|
| 3/8/2022   | First Legal Network<br>JOINT EXHIBIT LIST<br>COURTESY CPY TO JDGETO COURTROOM 850 ASAP POD<br>Base Chg  48.75 | 48.75     |
|            | First Legal Network<br>TRIAL DOCS; NTC<br>PLEASE PREPARE BINDERS & DEL BY NOON TODAY JUDGE KLAUSNER<br>Base Chg  18.75 | 18.75     |
|            | First Legal Network<br>TRIAL DOCS; NTC<br>PLEASE PREPARE BINDERS & DEL BY 8:00 am directly to CHRISTINE HAW OR<br>Base Chg  48.75   PDF/Ship  3016.75 | 3,065.50  |
|            | First Legal Network<br>MIL X2/DEC X2<br>COURTESY CPY TO JDGEBY 8:30AM Honorable R. Gary Klausner<br>Base Chg  48.75   PDF/Ship  29.85 | 78.60     |
|            | Automotive Technology Services, Inc.<br>Airfare Airfare cost to attend trial     383.95<br>Southern California Base Travel Travel time for trial - flat rate     400.00<br>Car Rental Car Rental Cost     112.66 | 896.61    |
|            | Expense paid to Christine Haw<br><br>Appear in Fed Court for Pretrial Conference<br><br>Mileage $16.03<br>Parking $9.00 | 24.03     |
|            | Expense paid to Matt Pardo<br><br>Appear in Fed Court for Pretrial Conference<br><br>Travel: $19.48 | 19.48     |
| 3/9/2022   | Automotive Technology Services, Inc.<br>Parking Parking for trial     9.00<br>Trial Testimony Gamaty, Joseph VS. BMW - Trial Testimony     1,410.00<br>Parking Airport Parking     48.00 | 1,467.00  |
|            | Expense paid to Christine Haw<br><br>Appear in Fed Court for Pretrial Conference<br><br>Mileage $16.03<br>Parking $9.00<br>Food    $50.71 | 75.74     |

Joseph Gamaty                                                                                    Page   14

|  |  | Amount |
|---|---|---|
| 3/9/2022 | Expense paid to Matt Pardo | 20.17 |
|  | Appear in Fed Court for Pretrial Conference |  |
|  | Travel: $20.17 |  |
| 3/10/2022 | First Legal Network<br>NTC<br>P/U 6 BOXES OF BINDERS AT 3:15 PM FROM 8TH FL RM 850 & DEL TO FIRM TODAY<br>Base Chg  77.85 | 77.85 |
|  | Expense paid to Christine Haw | 102.18 |
|  | Appear in Fed Court for Trial |  |
|  | Mileage $16.03<br>Parking $9.00<br>Food   $77.13 |  |
|  | Expense paid to Matt Pardo | 24.94 |
|  | Appear in Fed Court for Trial |  |
|  | Travel: $24.94 |  |
| 3/11/2022 | Expense paid to Matt Pardo | 51.51 |
|  | Appear in Fed Court for Trial |  |
|  | Travel: $51.51 |  |

| | | |
|---|---|---|
| Total additional charges | | $22,686.01 |
| For professional services rendered | 407.80 | $203,717.01 |
| Total amount of this bill | | $203,717.01 |
| Balance due | | $203,717.01 |

## Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Christine J Haw | 92.10 | 490.00 | $45,129.00 |
| Christine J Haw | 8.30 | 465.00 | $3,859.50 |
| Eliana Amirian | 13.00 | 375.00 | $4,875.00 |
| Eve Canton | 43.40 | 295.00 | $12,803.00 |
| Eve Canton | 4.00 | 285.00 | $1,140.00 |

Joseph Gamaty                                                                                    Page    15

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Gregory Yu | 46.60 | 550.00 | $25,630.00 |
| Jason Clark | 6.40 | 565.00 | $3,616.00 |
| Kareem Aref | 20.60 | 410.00 | $8,446.00 |
| Karin Kuemerle | 25.80 | 595.00 | $15,351.00 |
| Mark Gibson | 4.20 | 475.00 | $1,995.00 |
| Matthew Pardo | 4.80 | 410.00 | $1,968.00 |
| Matthew Pardo | 119.30 | 395.00 | $47,123.50 |
| Nadine Aslaadi | 10.30 | 350.00 | $3,605.00 |
| Oliver Tomas | 9.00 | 610.00 | $5,490.00 |