Payam Shahian (SBN 228406)
pshahian@slpattorney.com
Christine J. Haw (SBN 289351)
chaw@slpattorney.com
Matthew Pardo (SBN 315879)
mpardo@slpattorney.com
Eliana Amirian (SBN 341094)
eamirian@slpattorney.com
**STRATEGIC LEGAL PRACTICES,
A PROFESSIONAL CORPORATION**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone:   (310) 929-4900
Facsimile:   (310) 943-3838

Attorneys for Plaintiff,
JOSEPH GAMATY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GAMATY,<br><br>       Plaintiff,<br><br>   v.<br><br>BMW OF NORTH AMERICA, LLC;<br>and DOES 1 through 10, inclusive,<br><br>       Defendants. | CASE NO.: 2:21-cv-01063-RGK-AFMx<br><br>*Case Initiated: February 5, 2021*<br><br>Hon. R. Gary Klausner<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**<br><br>Date: June 6, 2022<br>Time: 8:30 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

JOSEPH GAMATY ("Plaintiff"), through his attorneys of record, requests that the Court take judicial notice of the following documents in support of Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses. This request is being made pursuant to Federal Rules of Evidence Section 201.

> Under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record," but "a court may not take judicial notice of a fact that is subject to reasonable dispute." *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotations and citations omitted). Court filings are also properly subject to judicial notice under Federal Rule of Evidence 201. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting that courts may take judicial notice of "court filings" as they are "readily verifiable, and therefore, the proper subject of judicial notice"). Furthermore, judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see Coalition for Clean Air v. VWR Intern., LLC*, 922 F. Supp. 2d 1089, 1093 n.1 (E.D. Cal. 2013).

*Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1223 (C.D. Cal. 2020)

In the Song-Beverly context, the California Court of Appeal has found that counsel may present evidence/declarations regarding hourly rates that other courts have previously awarded them for comparable cases to demonstrate the prevailing rate in the community for comparable legal services. *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 473 (2016) (in Song-Beverly case, court accepted declarations demonstrating hourly rates that "various state and federal courts had previously awarded [plaintiff's attorney] attorney fees for comparable work at comparable hourly rates" as evidence of reasonableness of rates); *See also Heritage Pacific Financial, LLC v. Monroy*, 215 Cal.App.4th 972, 1009 (2013) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and *rate determinations in other cases*, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.") (emphasis added).

Moreover, California Court of Appeals have repeatedly held that defense counsel rates are not relevant to the lodestar analysis in lemon law cases alleging the

1

Song-Beverly and/or other consumer protection statues regarding vehicle defects these corporate defense-side rates, where a corporate client typically negotiates "bulk" rates, have nothing to do with reasonable prevailing rate in the community. *See Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 473–74 (2016) ("Although BMW North America and BMW San Diego presented evidence they paid their counsel much lower hourly rates,[] the trial court was not obliged to accept this evidence as conclusive of the appropriate hourly rate for the work performed by Goglin's counsel. Rather, the trial court, which considered all of the evidence before it and observed Goglin's counsel's lawyering skills firsthand, determined $575 was an appropriate hourly rate.); *Id.* at fn. 13 ("BMW North America's counsel billed his time to BMW North America at the rate of $275, which counsel acknowledged is 'considerably less than the rates charged by other attorneys with similar experience and ability.' BMW San Diego's counsel's usual hourly rate is approximately $450, but he agreed to represent BMW San Diego for an hourly rate of $300.") *See Warren v. Kia Motors Am., Inc.*, 30 Cal. App. 5th 24, 40 (2018) ("Kia did not rebut Warren's evidence that her attorneys' hourly rates were reasonable" and that Kia's claims that Warren's plaintiff's attorneys should be limited to the lower hourly rates charged by Kia's defense attorneys "**was not a good comparison**.") (Emphasis added.)

Accordingly, the Court should take judicial notice of these state and federal court orders because evidence of the basic hourly rates sought by and awarded to the same law firm in other litigations, as well as experience of counsel, are "obviously relevant" to the attorney fees determination. *Margolin v. Regional Planning Com.*, 134 Cal. App. 3d 999, 1005-06 (1982).

1. A February 27, 2014 Minute Order granting plaintiff's motion for fees and costs in the matter *Khani v. Ford Motor Company* (L.A. Super. Ct. Case No. BC466626), attached as **Exhibit 1** to the Declaration of Payam Shahian.

2. A May 9, 2017 Stipulation and signed Order regarding judgment of jury verdict with a 2 times civil penalty and attorney fees, costs, and expenses in the matter

of *Vanwaus v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC591282), attached as **Exhibit 2** to the Declaration of Payam Shahian.

3.    A September 27, 2017 Minute Order concerning the Court's Fee Order in the matter of *Fuller v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC556964), attached as **Exhibit 3** to the Declaration of Payam Shahian.

4.    A February 27, 2017 Notice of Ruling and Tentative Ruling in the matter of *Kazaryan v. Mercedes-Benz USA, LLC* (Los Angeles Super. Ct., Case No. BC574416) attached as **Exhibit 4** to the Declaration of Payam Shahian.

5.    A Notice of Ruling in the matter of *Geredes v. Chrysler Group LLC* (Los Angeles Super. Ct., Case No. BC52364) attached as **Exhibit 5** to the Declaration of Payam Shahian.

6.    A Notice of Ruling in the matter of *Ahmed Al-Jiboury v. FCA* (Los Angeles Superior Court Case No BC648057) attached as **Exhibit 6** to the Declaration of Payam Shahian.

7.    A Second Amended Judgment on Jury Verdict after Entry of Additur in the matter of *Kadkhoda v. MBUSA* (Los Angeles Superior Court Case No BC563069) attached as **Exhibit 7** to the Declaration of Payam Shahian.

8.    A Notice of Ruling on Plaintiff's motion for attorney's fees, costs and expenses in the matter of *Raul Galindo v. General Motors* (LASC Case No BC693061) attached as **Exhibit 8** to the Declaration of Payam Shahian.

9.    An Order on attorney's fees and prejudgment interest in the lemon law matter of *Abraham Forouzan v. BMW* (United States District Court for the Central District of California Case No. 2:17-cv-03875-DMG-GJS), attached as **Exhibit 9** to the Declaration of Payam Shahian.

10.    An Order on attorney's fees, costs and expenses in the lemon law matter of *Joshua Holeman v. FCA* (United States District Court for the Central District of California Case No. 2:17-cv-08273-SVW-SK), attached as **Exhibit 10** to the Declaration of Payam Shahian.

11.     An Order on attorneys' fees, costs and expenses in the lemon law matter of *Catherine Shepard v. BMW* (Los Angeles Superior Court Case No. BC622506), attached as **Exhibit 11** to the Declaration of Payam Shahian.

12.     Order on attorneys' fees and prejudgment interest in the lemon law matter of *Jerry Zomorodian v. BMW* (United States District Court for the Central District of California Case No. 2:17-cv-5061-DMG(PLAx)), attached as **Exhibit 12** to the Declaration of Payam Shahian.

13.     Order on attorneys' fees and prejudgment interest in the lemon law matter of *Zargarian v. BMW* (United States District Court for the Central District of California Case No. 2:18-cv-04857-RSWL-PLA), attached as **Exhibit 13** to the Declaration of Payam Shahian

14.     September 16, 2016 order granting plaintiff's Motion for Attorney's Fees, Costs and Expenses in the lemon law matter of *Soderstrom v. Mercedes-Benz USA, LLC* (San Francisco Super. Ct., Civil Case No.CGC15544475) attached as **Exhibit 14** to the Declaration of Payam Shahian.

15.     The Declaration of Bryan Kemnitzer filed in support of plaintiff's Motion for Attorney's Fees, Costs, and Expenses in the Song Beverly natter of *Soderstrom v Mercedes-Benz, USA, LLC* (San Francisco Super. Ct., Civil Case No. CGC15544475) attached as **Exhibit 15** to the Declaration of Payam Shahian.

16.     February 14, 2019, order in *Khomsone v BMW of North America, LLC* (Alameda Super. Ct., Civil Case No. RG17856686) attached as **Exhibit 16** to the Declaration of Payam Shahian.

17.     July 28, 2020, order granting plaintiff's Motion for Attorney's Fees, Costs, and Expenses in the matter of *Flores v. FCA US, LLC* (Sacramento Super. Ct., Case No. 34-2016-00192221-CU-BC-GDS) attached as **Exhibit 17** to the Declaration of Payam Shahian.

18.     August 25, 2020, order in the matter of *Jurosky v BMW of North America, LLC,* (United States District Court for the Southern District of California

Case No. 19cv706 JM (BGS)) attached as **Exhibit 18** to the Declaration of Payam Shahian.

19.     December 18, 2020 Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Gonzalez v. MBUSA, (*Los Angeles Co. Super. Ct. Civil Case No. SC128379) ) attached as **Exhibit 19** to the Declaration of Payam Shahian.

20.     Attached hereto as **Exhibit 20** is a true and correct conformed copy of an April 29, 2021 Minute Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Jose Medina v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. 19STCV02985).  As reflected, plaintiff's counsel sought rates between $335/hr to $595/hr. Such lemon law rates were approved by the Court.

21.     Attached hereto as **Exhibit 21** is a true and correct conformed copy of a May 12, 2021 Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Michelle Williams v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC722351).  As reflected, plaintiff's counsel sought rates between $335/hr and $595/hr. Such lemon law rates were approved by the Court in granting 100% the requested lodestar fees.

22.     Attached hereto as **Exhibit 22** is a true and correct conformed copy of a July 23, 2021 Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Scott Michael Feldman Gregory v. FCA US LLC*, (County of Marin Case No. CIV1901820). As reflected, plaintiff's counsel sought rates between $365/hr and $550/hr. Such lemon law rates were approved by the Court and granted over 95% the requested lodestar fees.

23.     Attached hereto as **Exhibit 23** is a true and correct conformed copy of a December 8, 2020 Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Covarrubias v. Ford Motor Company*, (N.D. Cal. Case No. 19-cv-01832-FMC). As reflected, plaintiff's counsel sought rates

between $385/hr to $550/hr. Such lemon law rates were approved by the Court and granted 100% the requested lodestar fees.

24. Attached hereto as **Exhibit 24** is a true and correct copy of a June 25, 2018 order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Hall vs. FCA US LLC,* (San Diego Superior Court Case No. 37-2016-00006383). Therein, the Hon. Judge Richard S. Whitney granted 100% of the requested fees, costs, and expenses and found "[that the hourly rates are consistent with the rates charged in the San Diego community based on this Court's familiarity with this issue."

25. Attached hereto as **Exhibit 25** is a true and correct copy of a conformed copy of the Declaration of Payam Shahian filed in support of plaintiff's Motion for Attorney's Fees, Costs, and Expenses in the Song Beverly matter of *Hall vs. FCA US LLC,* (San Diego Superior Court Case No. 37-2016-00006383). As reflected, plaintiff's counsel sought rates between $325/hr to $575/hr. Such lemon law rates were approved by the Court.

26. Order on attorneys' fees in *Oscar Millan vs. Kia Motors America, Inc.*, (Los Angeles Co. Super. Ct., Civil Case No. BC710535) attached as **Exhibit 26** to the Declaration of Payam Shahian.

27. March 14, 2022 order granting Plaintiff's' Motion for Attorney's Fees, Costs, and Expenses in the Song Beverly matter of *Jason J. Arnold, et al.. vs FCA US, LLC. Et al.* (Los Angeles Superior Court Case No. 19STCV26274) attached as **Exhibit 27** to the Declaration of Payam Shahian.

28. Order on Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses in the matter of *Mo Rahman v. FCA US, LLC et al.*, (United States District Court for the Central District of California Case No. 2:21-cv-02584), attached as **Exhibit 28** to the Declaration of Payam Shahian.

29. Order on attorneys' fees in *Holcomb v. BMW of N. Am., LLC*, Case No. 18CV475JM(BGS) 2020 WL 759285 (S.D. Cal. Feb. 14, 2020) attached as **Exhibit 29** to

the Declaration of Payam Shahian.

Both state and federal court cases have taken Judicial Notice of these state and federal court orders in connection with fee motions under the Song-Beverly Act:

> Defendant objects to the parts of Shahian's declaration that detail his background and experience with Song-Beverly cases, all 22 exhibits attached to Shahian's declaration, and all of the cases cited to in support of each attorney's hourly rate. *See generally* [Doc. #145.] To the extent Defendant objects to previous court orders on hearsay grounds, the Court **OVERRULES** Defendant's objections. The prior court orders and judgments referred to in Shahian's declaration are not offered "for the truth of the matters asserted in the judgment, but rather to establish the judgment's legal effect" which is a "nonhearsay purpose." *U.S. Boulware*, 384 F. 3d 794, 807 (9th Cir. 2004). **Previous court orders are also relevant because they shed light on what courts have recognized as the prevailing market rate for attorneys of comparable experience**. The Court does not rely on exhibit 9, making Defendant's evidentiary objections to that exhibit moot. The Court also **OVERRULES** Defendant's objections to parts of Shahian's declaration regarding his personal experience on relevance grounds. Just because Shahian is not submitting time for this matter does not make his experience irrelevant. *See* [Doc. #145.] Shahian's personal experience is relevant because it speaks to his knowledge of the prevailing market rate for attorneys of comparable experience.

*Forouzan v. BMW of N. Am., LLC*, No. CV173875DMGGJSX, 2019 WL 856395, at *4 (C.D. Cal. Jan. 11, 2019) (Emphasis added).

> [The]founder and most senior attorney of Strategic Legal Practices, Payam Shahian is "familiar with the experience and background of each attorney who has worked on this case at Strategic Legal Practices" and bases his determination that the hourly rates are reasonable on his "own experience and review of relevant court orders in the Los Angeles area." Shahian Decl. ¶ 20. Additionally, Shahian cites to several previous cases for each attorney in which hourly rates comparable to those requested in the instant Action were awarded to that specific attorney or to an attorney of similar experience in Los Angeles County. See Shahian Decl. ¶¶ 7, 22, 24, 26, 28, 30, 32, 34, 38, 37.

*Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1227 (C.D. Cal. 2020).

> These documents, with the exception of number nine, are all matters of public record not subject to reasonable dispute, and are therefore the proper subject of judicial notice. To the extent Defendant objects to the request for judicial notice of previous court orders on relevance grounds, the Court **OVERRULES** Defendant's objections. **The prior court orders and judgments referenced in Shahian's declaration are relevant because they shed light on what courts have recognized as the prevailing market rate for attorneys of comparable experience**. The Court declines to take judicial notice of the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter (number nine) because a declaration

is "subject to reasonable dispute." *See Lee*, 250 F.3d at 688-89. Thus, the Court **GRANTS** Plaintiff's Request for Judicial Notice with respect to all of the above-enumerated documents, but **DENIES** it as to number nine.

*Zomorodian v. BMW of N. Am., LLC*, No. CV175061DMGPLAX, 2019 WL 6534513, at *2 (C.D. Cal. July 23, 2019).

Defendant objects to essentially the entirety of the Shahian Declaration despite the Court overruling Defendant's almost identical objections to Mr. Shahian's similar declaration in support of MAF 1. *Compare* [Doc. #170-3 ("Objections") ] *with* [Doc. # 145] *and* MAF 1 Order. Once again, the Court **OVERRULES** Defendant's objections. To the extent Defendant objects to the admission of other court cases on hearsay grounds, those cases are not offered "for the truth of the matters asserted in the judgment, but rather to establish the judgment's legal effect" which is a "nonhearsay purpose." *United States v. Boulware*, 384 F. 3d 794, 807 (9th Cir. 2004). Defendant also raises many frivolous hearsay objections to passages of Mr. Shahian's Declaration that do not involve out of court statements. *See, e.g.*, Objections at Objection # 7 (objecting on hearsay grounds to Mr. Shahian's recitation of Mr. Yu's experience).

*Forouzan v. BMW of N. Am., LLC*, No. CV173875DMGGJSX, 2019 WL 4667998, at *2 (C.D. Cal. Sept. 18, 2019):

Plaintiff requests that the Court take judicial notice of the following: (1) a February 27, 2014 minute order granting Plaintiff's motion for fees and costs in the matter Khani v. Ford Motor Company; (2) a May 9, 2017 stipulation and signed order regarding judgment of jury verdict with a two times civil penalty and attorney fees, costs, and expenses in the matter Vanwaus v. FCA US, LLC; (3) a September 27, 2017 minute order concerning the court's fee order in the matter of Fuller v. FCA US, LLC; (4) a February 27, 2018 notice of ruling and tentative ruling in the matter of Kazaryan v. Mercedes-Benz USA, LLC; (5) a notice of ruling in the matter of Geredes v. Chrysler Group LLC; (6) a notice of ruling in the matter of Ahmed Al-Jiboury v. FCA; (7) a second amended judgment on jury verdict after entry of additur in the matter of Kadkhoda v. MBUSA; (8) a notice of ruling on Plaintiff's motion for attorney's fees, costs and expenses in the matter of Raul Galindo v. General Motors; (9) an order on attorney's fees and prejudgment interest in the lemon law matter of Abraham Forouzan v. BMW; (10) an order on attorney's fees, costs and expenses in the lemon law matter of Joshua Holeman v. FCA; (11) an order on attorney's fees, costs and expenses in the lemon law matter of Catherine Shepard v. BMW; and (12) a copy of *1224 order on attorney's fees and prejudgment interest in the lemon law matter of Jerry Zomorodian v. BMW.

These documents are all matters of public record not subject to reasonable dispute, and are therefore the proper subject of judicial notice. Therefore, the Court **GRANTS** Plaintiff's Request for Judicial Notice. Defendant objects on the basis that Plaintiff cites to no authority in support of his request, as well as that the contents of the documents are not subject to judicial notice. The Court **OVERRULES** Defendant's objections, as Plaintiff makes his request pursuant to

8

Request for Judicial Notice - Case No.: 2:21-cv-01063-RGK-AFMx

Federal Rule of Evidence 201 and the documents at issue here are not subject to reasonable dispute.

*Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1223–24 (C.D. Cal. 2020).

Dated: April 22, 2022

Respectfully submitted.
STRATEGIC LEGAL PRACTICES, APC
Attorneys for Plaintiff

By: /s/ Eliana Amirian
     Eliana Amirian

Request for Judicial Notice - CASE NO.: 2:21-CV-01063-RGK-AFMX